...

| | |
|---|---|
| Jeffrey Koncius, State Bar No. 189803<br>  *koncius@kiesel.law*<br>**KIESEL LAW LLP**<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211-2910<br>Tel: 310-854-4444<br>Fax: 310-854-0812<br><br>*Counsel for Plaintiffs and the Proposed Class in John Doe v. Google LLC*<br><br>Christian Levis (admitted *pro hac vice*)<br>  *clevis@lowey.com*<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Tel: (914) 997-0500<br>Fax: (914) 997-0035<br><br>*Counsel for Plaintiffs and the Proposed Class in Jane Doe v. Google LLC*<br>*Additional Counsel listed on signature page* | Benedict Hur, State Bar No. 224018<br>  *bhur@willkie.com*<br>Simona Agnolucci, State Bar No. 246943<br>  *sagnolucci@willkie.com*<br>Eduardo Santacana, State Bar No. 281668<br>  *esantacana@willkie.com*<br>Tiffany Lin, State Bar No. 321472<br>  *tlin@willkie.com*<br>**WILLKIE FARR & GALLAGHER LLP**<br>One Front Street, 34th Floor<br>San Francisco, California 94111<br>Telephone: (415) 858-7400<br>Facsimile: (415) 858-7599<br><br>*Attorneys for Defendant*<br>  GOOGLE LLC |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE I, et al. on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 5:23-cv-02431-VC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Honorable Vince Chhabria<br>Hearing Date: June 30, 2023<br>Time: 10:00 a.m.<br>Location: Courtroom 4, 17th Floor |
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:23-CV-02343-VC |

The parties in the above-captioned actions, Plaintiff Jane Doe in the action *Jane Doe v. Google LLC*, No. 3:23-cv-02343-VC, filed May 12, 2023 ("*Jane Doe*"), Plaintiff John Doe in the related action *John Doe I et al v. Google LLC*, No. 3:23-cv-02431-VC, filed May 17, 2023 ("*John Doe*"), and Defendant Google LLC. ("Google") in both *Jane Doe* and *John Doe*, (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement concerning scheduling and pending motions pursuant to this Court's order at Dkt. 42 in the *Jane Doe* action, and Dkt. 31 in the *John Doe* action, in advance of the Case Management Conference scheduled for June 30, 2023 at 10:00 A.M. before the Honorable Vince Chhabria.

The Parties agree:

(a) to consolidation of *Jane Doe* and *John Doe*;

(b) to proceed only on the Motion for Preliminary Injunction filed in the *John Doe* case;

(c) that all court-filings shall henceforth be entered under the *John Doe* action, No. 3:23-cv-02431-VC, and the amended *John Doe* complaint (Dkt. 16) shall serve as the operative Complaint for the determination of that preliminary injunction motion; and

(d) to withdraw the pending motion for interim class counsel filed in the *Jane Doe* action, and included in the Preliminary Injunction filed in the *John Doe* case, and for Plaintiffs' counsel in the consolidated cases to file a *joint* request for the appointment of interim class counsel within a week of the June 30 status conference.

**I.    Background:**

*Plaintiffs' Statement:*

**Jane Doe:** Two motions are currently pending in *Jane Doe*: a motion for preliminary injunction, filed May 25, 2023 (Dkt. 22) and a motion for consolidation and appointment of interim class counsel pursuant to Federal Rule of Civil Procedure 23(g), filed June 15, 2023 (Dkt. 37).

On June 21, 2023 this Court continued the briefing and hearing schedule on the motion for preliminary injunction filed in *Jane Doe* (Dkt. 42); the schedule for *Jane Doe's* motion for appointment of interim class counsel is currently set as follows: responses due by 6/29/2023, replies due by 7/6/2023, and motion hearing set for 7/27/2023 10:00 AM.

**John Doe:** One motion is pending in *John Doe*: a motion for preliminary injunction, provisional certification of the class for purposes of injunctive relief, and the provisional appointment of Plaintiff John Doe's counsel for those purposes under Federal Rule of Civil Procedure 23(g), filed June 13, 2023 (Dkt. 17).

On June 21, 2023, *John Doe* was assigned to this Court and all hearing dates were vacated. Pursuant to Civil Local Rule 7-3, the schedule for *John Doe's* motion for preliminary injunction, provisional class certification, and provisional appointment of class counsel is currently set as follows: responses due by 6/27/2023, and replies due by 7/5/2023.

**Response to Google's Statement on Background:** The Court requested a joint statement on scheduling and consolidation (*John Doe* Dkt. No. 31), not a preview of any party's arguments under Rule 12(b). Plaintiffs proposed a statement to Google solely addressing procedural issues that are the only issues the Court must address at this stage. At 8:00 p.m. on the filing deadline, Plaintiffs received Google's response immediately below. The seriousness of the privacy violations alleged in this case, and the strength of Plaintiffs' claims for relief, are set forth in detail in the operative complaint and in Plaintiffs' motion for preliminary injunction. Plaintiffs will therefore not compound Google's deviation from the Court's order here by responding at length to its merits arguments. Plaintiffs look forward to having the Court consider merits issues in connection with the pending motion for preliminary injunction where the parties will have a full and fair opportunity to present their positions on the merits of the case.

*Google's Statement:*[1]

Websites and apps, including those published by healthcare providers, use a variety of tools to study how well those publications are functioning and analyze how users' experiences on their websites and apps are faring. Their use is widely understood, dutifully disclosed, and regularly consented-to by Internet users. This District has repeatedly recognized that website and app developers have the right to employ analytics tools, given adequate disclosure, and that the providers of those analytics tools serve as vendors or service providers to the developer. The

---

[1] Google received Plaintiffs' portion of the joint CMC statement late in the afternoon on the date of filing and prepared its response as promptly as it could under the circumstances.

Department of Health & Human Services likewise acknowledges that healthcare website developers can use analytics tools as long as they comply with HIPAA.

Google Analytics (GA), one such tool, is used by millions of websites and apps across the world. It provides web and app developers with critical insights on web and app usage and user engagement so that developers can improve their products. Healthcare providers, like Planned Parenthood, use this important tool on their websites and apps and rely on GA to better understand how they can meet the needs of their users.

Plaintiffs in all of the above-captioned related cases allege that healthcare provider websites and apps disclosed users' sensitive health data to Google through the use of GA. Plaintiffs allege that the healthcare provider websites and apps implemented GA on their websites and apps using the GA software development kits ("SDKs") and pixels, and that, through these tools, Google intercepted Plaintiffs' sensitive health information.

Plaintiffs, in their complaints, have withheld basic facts about GA, which should conclusively end this case at the Rule 12 stage.

*First*, it is developers, not Google, who must intentionally incorporate GA code into their app or website.

*Second*, to use GA, developers must agree to the GA Terms of Service ("TOS") and the GA policies incorporated therein, which obligate Google to keep the developer's data safe and to provide analytics services, while obligating the developer to ensure it does not misuse GA to send Google personally identifiable information ("PII"), Protected Health Information ("PHI"), or any information that would violate HIPAA.

*Third*, the TOS requires developers to disclose their use of GA to users and to obtain consent for their use.

*Finally*, Google prohibits using health information to target advertising, does not personalize advertising based on health information, and makes no attempt to connect health information to the identity of any particular Google user.

Plaintiffs' claims are not sufficiently alleged and Google denies all of Plaintiffs' claims and allegations that Google disclosed, intercepted, and/or used Plaintiffs' sensitive health data in

1  violation of statutory and/or common laws. Google will present further views regarding the relevant
2  facts and disputed factual issues at a later date.

3  **II.    Consolidation**

4  The Parties have conferred and agree that the John Doe and Jane Doe actions should be
5  consolidated pursuant to Federal Rule of Civil Procedure 42. The Parties agree that any response
6  to the Consolidated Amended Complaint will occur following a ruling on the *John Doe* Motion for
7  Preliminary Injunction. The parties also agree that any response to either the *Jane Doe* or *John Doe*
8  complaints will be stayed in light of the forthcoming Consolidated Amended Complaint.

9  **III.   Appointment of Interim Class Counsel Plaintiffs' Statement:**

10 Counsel in *John Doe and Jane Doe* have conferred and agreed upon an interim class
11 counsel leadership structure. Plaintiffs propose to submit a stipulation regarding a structure for
12 interim class counsel for the Court's consideration within one week following the Case
13 Management Conference on June 30. In light of this agreement, and to streamline these
14 proceedings following consolidation, Plaintiffs further propose to withdraw the pending motion
15 for preliminary injunction and pending motion for appointment of class counsel in *Jane Doe,* and
16 vacate the Court's briefing schedule with respect thereto. This joint request will supersede and
17 moot both the request in *John Doe* for provisional appointment of Plaintiff John Doe's counsel as
18 interim class counsel (*John Doe* Dkt. 17) and Plaintiff Jane Doe's motion for appointment of
19 interim class counsel (*Jane Doe* Dkt. 37).

20 **IV.    Motion for Preliminary Injunction**

21 *Plaintiffs' Statement:*

22 There are currently two motions for preliminary injunction before the Court. Plaintiffs
23 jointly propose that the motion filed in *Jane Doe* (Dkt. no. 22, 3:23-cv-02343-VC) be withdrawn
24 and the Parties proceed with the motion filed on June 13, 2023 in *John Doe* (Dkt. No. 17, 3:23-cv-
25 02431-VC), based on the current complaint filed in that case.

26 *Google's Statement:*

27 Google does not object to the motion in Jane Doe being withdrawn and agreeing that the
28 Parties proceed with the motion filed in John Doe, provided that the Plaintiffs agree that no new

1  Motion for Preliminary Injunction will be filed on the forthcoming Consolidated Amended
2  Complaint. Google does, however, request 75 days to oppose the *John Doe* motion. Unlike the *Jane*
3  *Doe* motion for preliminary injunction–which included no declarations–the *John Doe* motion
4  contains seven plaintiff and class member declarations and three expert declarations (*John Doe*
5  Action, Dkts. 18-21). These declarations consist cumulatively of 483 pages. In addition, the *John*
6  *Doe* motion asks for provisional class certification, which will require Google to respond to the
7  complaint's class allegations. Google's Opposition to the motion for preliminary injunction may
8  also include a motion to disqualify one of Plaintiff's experts, who until March 2023 was employed
9  by Google as a Staff Privacy Engineer and Privacy Lead for Cookie and Web Storage, topics that
10 are central to this litigation.

11    Finally, there is no urgency here. As John Doe's experts concede, cookies are a normal part
12 of the operation of the Internet; the fact that websites use analytics cookies to study their website
13 usage is not surprising or novel, and it has been readily apparent in any standard web browser for
14 years. *See, e.g.*, *John Doe* Action, Dkt. 19 (Decl. of R. Smith) ("A feature of the HTTP protocol
15 called cookies is implemented in Web browsers and used by many Web properties."). Plaintiffs do
16 not cite any impending event, disclosure, or other type of acute privacy violation that would require
17 any urgency in resolving their motion. In fact, John Doe waited almost a month after filing its initial
18 complaint before filing his motion and then noticed it for November 2, 2023. For all of these reasons,
19 Google respectfully requests an extended briefing schedule, as described below.

20 **V.    Proposed Schedule**

21    The Parties have conferred regarding a schedule and were unable to reach agreement. As
22 such, Plaintiffs and Google each submit their respective proposals below:

| Event | Plaintiffs' Position | Google's Position |
|---|---|---|
| Deadline for Plaintiffs to file stipulation proposing and proposed order for interim class counsel leadership structure | July 7, 2023 | July 7, 2023 |

| Event | Plaintiffs' Position | Google's Position |
|---|---|---|
| Deadline for Google to file opposition to motion for preliminary injunction filed in *John Doe* | July 13, 2023 | September 21, 2023 |
| Deadline for Plaintiffs to file reply in support of motion for preliminary injunction filed in *John Doe* | July 27, 2023 | October 5, 2023 |
| Hearing on motion for preliminary injunction | August 11, 2023 | October 26, 2023 or at the convenience of the Court |
| Deadline for Parties to jointly submit proposed schedule for Google's response to the Complaint | Not more than five (5) days after Order on motion for preliminary injunction | Not more than five (5) days after Order on motion for preliminary injunction |

## VI.   Discovery

*Plaintiffs' Statement:*

The Court did not request a joint statement regarding discovery in this action, and Google did not confer with Plaintiffs regarding its proposal below to stay discovery. Google's procedurally improper request for a stay, like the luxurious schedule it proposes for responding to Plaintiffs' Motion for Preliminary Injunction, is "directly at odds with the need for expeditious resolution of litigation." *Serenium, Inc. v. Zhou*, No. 20-CV-02132-BLF (NC), 2021 WL 7541379, at *1 (N.D. Cal. Feb. 11, 2021) (citations omitted). Plaintiffs oppose the request, and will address the relevant legal standards for a stay, and why they are not met in this case, should Google make this request at the appropriate time, through appropriate means. *See generally Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002).

*Google's Statement:*

Google anticipates that, after the Court's Order on the motion for preliminary injunction, Google will file a motion to dismiss in response to the forthcoming Consolidated Amended Complaint. Discovery should be stayed until Google's anticipated motion to dismiss has been decided. The Court has broad discretion to stay discovery pending the disposition of a dispositive motion, such as Google's anticipated motion to dismiss. *See In re Nexus 6P Products Liability Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (noting that courts in this district may stay discovery pending resolution of a dispositive motion where the pending motion is potentially dispositive of the entire case, and the pending motion can be decided absent discovery). Here, Google's anticipated motion to dismiss will be potentially dispositive of the entire case. In addition, any discovery is unnecessary for resolution of the motion to dismiss because the motion will be based solely on allegations in the Consolidated Amended Complaint. *See, e.g.*, *Gibbs v. Carson*, 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014) (granting motion to stay discovery until disposition of the defendants' motion to dismiss). Even if the motion to dismiss does not dispose of the entirety of the case, the motion could substantially narrow the scope of discovery that, if conducted prior to the disposition of the motion to dismiss, could be resource-intensive, burdensome, and ultimately unnecessary. For efficiency and to conserve judicial and party resources, Google believes that a stay of discovery is appropriate.

Google is willing to meet and confer with Plaintiffs to discuss the timing and sequencing of discovery after the motion for preliminary injunction has been decided.

| | | |
|---|---|---|
| 1 | Dated: June 23, 2023 | KIESEL LAW LLP |
| 2 | | |
| 3 | | */s/ Jeffrey A. Koncius* |
| | | Jeffrey A. Koncius |

Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kiesel.law*
Paul R. Kiesel, State Bar No. 119854
  *kiesel@kiesel.law*
Nicole Ramirez, State Bar No. 279017
  *ramirez@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel: 310-854-4444
Fax: 310-854-0812

Dated: June 23, 2023                                    LOWEY DANNENBERG, P.C.

*/s/ Christian Levis*
  Christian Levis

Christian Levis (admitted *pro hac vice*)
  *clevis@lowey.com*
Amanda Fiorilla (admitted *pro hac vice*)
  *afiorilla@lowey.com*
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035

| | | |
|---|---|---|
| 1 | Dated: June 23, 2023 | SIMMONS HANLY CONROY LLC |

*/s/ Jay Barnes*
   Jason 'Jay' Barnes

Jason 'Jay' Barnes (admitted *pro hac vice*)
  *jaybarnes@simmonsfirm.com*
Eric Johnson (admitted *pro hac vice*)
  *ejohnson@simmonsfirm.com*
An Truong (admitted *pro hac vice*)
  *atruong@simmonsfirm.com*
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: 212-784-6400
Fax: 212-213-5949

Dated: June 23, 2023                         LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP

*/s/ Melissa Gardner*
Melissa Gardner

Michael W. Sobol (State Bar No. 194857)
  *msobol@lchb.com*
Melissa Gardner (State Bar No. 289096)
  *mgardner@lchb.com*
Jallé H. Dafa (State Bar No. 290637)
  *jdafa@lchb.com*
**LIEFF CABRASER HEIMANN**
  **& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: 415 956-1000
Fax: 415-956-1008

Douglas Cuthbertson (admitted *pro hac vice*)
  *dcuthbertson@lchb.com*
**LIEFF CABRASER HEIMANN**
  **& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: 212 355-9500
Fax: 212-355-9592

| | | |
|---|---|---|
| 1 | Dated: June 23, 2023 | SCOTT+SCOTT ATTORNEYS AT LAW LLP |
| 2 | | |
| | | */s/ Hal Cunningham* |
| 3 | | Hal Cunningham |
| 4 | | |
| | | Hal D. Cunningham (Bar No. 243048) |
| 5 | |   *hcunningham@scott-scott.com* |
| | | Sean Russell (Bar No. 308962) |
| 6 | |   *srussell@scott-scott.com* |
| | | SCOTT+SCOTT ATTORNEYS AT LAW LLP |
| 7 | | 600 W. Broadway, Suite 3300 |
| | | San Diego, CA 92101 |
| 8 | | Tel: (619) 233-4565 |
| | | Fax: (619) 233-0508 |
| 9 | | |
| 10 | | Joseph P. Guglielmo (admitted *pro hac vice*) |
| | |   *jguglielmo@scott-scott.com* |
| 11 | | Ethan Binder (admitted *pro hac vice*) |
| | |   *ebinder@scott-scott.com* |
| 12 | | SCOTT+SCOTT ATTORNEYS AT LAW LLP |
| | | 230 Park Ave., 17th Floor |
| 13 | | New York, NY 10169 |
| 14 | | Telephone: (212) 223-6444 |
| | | Facsimile: (212) 223-6334 |
| 15 | | |
| 16 | | *Attorneys for Plaintiffs and the Proposed Class* |
| 17 | Dated: June 23, 2023 | WILLKIE FARR & GALLAGHER LLP |
| 18 | | |
| | | */s/ Benedict Hur* |
| 19 | | Benedict Hur |
| 20 | | |
| | | Benedict Hur, State Bar No. 224018 |
| | |   *bhur@willkie.com* |
| 21 | | Simona Agnolucci, State Bar No. 246943 |
| 22 | |   *sagnolucci@willkie.com* |
| | | Eduardo Santacana, State Bar No. 281668 |
| 23 | |   *esantacana@willkie.com* |
| | | Tiffany Lin, State Bar No. 321472 |
| 24 | |   *tlin@willkie.com* |
| 25 | | **WILLKIE FARR & GALLAGHER LLP** |
| | | One Front Street, 34th Floor |
| 26 | | San Francisco, California 94111 |
| | | Telephone: (415) 858-7400 |
| 27 | | Facsimile: (415) 858-7599 |
| 28 | | *Attorneys for Defendant Google LLC* |

Case 3:23-cv-02431-VC   Document 33   Filed 06/23/23   Page 12 of 12

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 23, 2023  /s/  *Melissa Gardner*
Melissa Gardner

2813041.4

- 11 -  JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 5:23-CV-02431-VC, CASE NO. 3:23-CV-02343-VC