**WILLKIE FARR & GALLAGHER LLP**
BENEDICT HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
EDUARDO SANTACANA (SBN 281668)
  esantacana@willkie.com
TIFFANY LIN (SBN 321472)
  tlin@willkie.com
HARRIS MATEEN (SBN 335593)
  hmateen@willkie.com
NAIARA TOKER (SBN 346145)
  ntoker@willkie.com
ZOE PACKMAN (SBN 347453)
  zpackman@willkie.com
One Front Street, 34th Floor
San Francisco, California 94111
Telephone:   (415) 858-7400
Facsimile:   (415) 858-7599

Attorneys for Defendant
**GOOGLE LLC**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>   vs.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No. 3:23-cv-02431-VC<br>(Consol. w/ 3:32-cv-02343-VC)<br><br>**DEFENDANT GOOGLE LLC'S L.R. 7-3(d)(1) OBJECTION TO NEW EVIDENCE FILED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND REQUEST TO STRIKE OR FILE SUPPLEMENTAL DECLARATION AND SUR-REPLY**<br><br>Complaint Filed:   May 12, 2023<br><br>*District Judge Vince Chhabria*<br>*San Francisco Courthouse, Ctrm. 4* |

## I.     INTRODUCTION

Pursuant to Civil Local Rule 7-3(d)(1), Defendant Google LLC ("Google") hereby objects to Plaintiffs' improper attempt to introduce 636 pages of new evidence and new allegations in the Rebuttal Declaration of Dr. Zubair Shafiq and exhibits, ECF No. 61 ("Shafiq Rebuttal Declaration"), filed in support of Plaintiffs' Reply on Motion for Preliminary Injunction, ECF No. 60 ("Reply"), on August 24, 2023. For the reasons stated below, the Court should strike the Shafiq Rebuttal Declaration and exhibits, or, in the alternative, grant Google leave to file a supplemental declaration and sur-reply. *See Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006) (sustaining objection to new evidence and argument in reply and accepting supplemental declarations from objecting party).[1]

## II.    ARGUMENT

Plaintiffs filed their Motion for Preliminary Injunction, ECF No. 42 ("Motion"), with 250 pages of expert declarations from Richard Smith, Dr. Zubair Shafiq, and Dr. Timothy Libert. ECF Nos. 42-1–42-5. Google filed its Opposition, ECF No. 48, with expert declarations from Dr. Giorgos Zervas and Mark Teehan. ECF Nos. 48-39–48-49. Plaintiffs filed their Reply on August 24, 2023, with two "rebuttal" expert declarations from Dr. Smith and Dr. Shafiq. Dr. Shafiq's 41-page declaration includes new allegations and cites to and attaches 595 pages of new evidence, which include testimony and expert reports filed in three other cases, all of which were available to Plaintiffs when they filed their Motion: *Brown v. Google*, No. 4:20-cv-03664-YGR (N.D. Cal.); *Calhoun v. Google*, No. 4:20-cv-05146-YGR (N.D. Cal.); and A*rizona v. Google*, No. CV2020-006219 (Maricopa Cnty., AZ). ECF Nos. 61–61-8.

---

[1] Plaintiffs' counsel similarly attempted to submit new evidence through a new declaration submitted in support of their reply brief in their motion for preliminary injunction in *In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580-WHO (N.D. Cal.), at ECF No. 98. Following Meta's objection, Judge Orrick granted Meta leave to file a supplemental declaration responding to the new declaration. *Id.* at ECF Nos. 111, 133.

**A.      New reply evidence is impermissible, especially on a preliminary injunction.**

It is well established that new arguments and evidence presented for the first time in a reply brief are waived. *Acosta, Inc. v. Kerdman Enterprises*, *G.P.*, 2008 WL 11336210, at *8 (C.D. Cal. June 2, 2008) (citation omitted). In the context of a preliminary injunction, courts have similarly held that new arguments and new evidence presented in a reply brief may not be considered, unless the adverse party is given an opportunity to respond. *Iconix, Inc.*, 457 F. Supp. 2d at 975–76; *Semper/exeter Paper Co. LLC v. Henderson Specialty Paper LLC*, 2009 WL 10670619, at *3 (C.D. Cal. Sept. 21, 2009) (citation omitted). "[A]dhering to the sequential briefing process promotes fairness to the parties," and is "consistent with notions of efficiency, judicial economy, and timely resolution of disputes," which "is especially true in a motion for a preliminary injunction, where an opposing party faces the prospect of losing its rights without a full trial on the merits." *Semper/exeter Paper Co. LLC*, 2009 WL 10670619, at *3.

**B.      Rather than reply, Plaintiffs manufactured new evidence for their Motion.**

Rather than take discovery in this case, Plaintiffs seek a broad preliminary injunction, supported by nothing more than a mere (incorrect) guess of how Google's technology works on health-related websites. Plaintiffs' experts assume—incorrectly—that because Google sometimes uses some data from some websites to build marketing profiles, it must therefore do so with *all* data from *all* websites. Plaintiffs are not the first to make this leap and, like those before them, they are wrong. In opposition to the Motion, Google presented substantial evidence that it takes significant steps to prohibit and prevent the use of Google's services in violation of HIPAA and other applicable privacy laws. And, because it does not merely rely on trust to conjure compliance, Google also categorizes healthcare provider websites and apps as sensitive, thereby limiting the web and app developers from personalizing advertising to users of those websites.

Plaintiffs' Reply in support of their Motion implicitly abandons the surmisals of their opening Motion. Plaintiffs' Motion relied on the expert declaration of Richard Smith to establish that a list of health-related websites used Google's "tracking pixel," and to argue that Google's technology was being used to track the users of those websites. Smith Decl., ECF No. 42-1.

Plaintiffs relied on the expert declaration of Dr. Zubair Shafiq to (1) "conduct entropy analysis to determine whether the information obtained by Google source code . . . may be considered personally identifiable information (PII) about patients on health care related websites and apps," and (2) in an apparent hypothetical, to "analyze whether a data company, like Google, can readily identify health care related websites and apps." ECF No. 42-4 at 2. Google's expert, Dr. Zervas, rebutted both declarations. ECF No. 48-39. In reply, Plaintiffs filed two rebuttals to Dr. Zervas's opinions, one from Mr. Smith and one from Dr. Shafiq. The Shafiq Rebuttal Declaration puts forward four brand new opinions. As Dr. Shafiq concedes, he "was asked to review and respond to some issues raised in Google's response," namely (1) Google's role in how Google code is placed on websites (he opines Google' plays "a significant role"); (2) "[t]he technical operation of Google's Advertising and Analytics products" (a topic that was formerly covered by Smith); (3) "Google's ability to identify healthcare provider properties" (he says Google can); and (4) "Google's use of sensitive health information for personalized advertising" (he says Google does, based exclusively on public information). ECF No. 61 at 2–3.

The most egregious new opinions in the 41-page Shafiq Rebuttal Declaration filed with Plaintiffs' Reply are that Google takes steps to personally identify users through pseudonymous identifiers, and that it then engages in personalized advertising to those users. Both of these opinions are false, and they are incorrectly based on publicly available information about Google's general technology practices and portions of pleadings and testimony in other unrelated cases that have been made public—in other words, based on irrelevant, non-specific, and speculative evidence that was available to Plaintiffs when they filed their opening Motion, and which Plaintiffs could have relied upon then. Had they done so, Google would have had the full agreed-upon time before the hearing to prepare a response demonstrating Dr. Shafiq's myriad errors.

Dr. Shafiq's new opinions also play a significant role in Plaintiffs' Reply brief, which, rather than rely on their opening evidence, relentlessly relies on the Shafiq Rebuttal Declaration to argue in a rebuttal "statement of relevant facts" that "Google can and does tie the Health Information it collects across different services to specific individuals," Reply at 5, that "testing

reveals that Google uses Health Information in its advertising systems, including personalized and targeted advertising," *id.*, and that "Google's purported prohibitions do not stop Google from acquiring Health Information, or prevent the use of Health Information for purposes of advertising—personalized or otherwise," *id.* at 6; *see also id.* (newly accusing Google of using "dark patterns"); *id.* at 10 (accusing Google of "linking Google's GAIA ID . . . with device identifiers"). The new declaration also includes the new allegation that Google engages in a practice Dr. Shafiq calls "cookie ghostwriting," ECF No. 61 ¶¶ 41–48. These new accusations are all false, but they are also brought too late.

Plaintiffs also improperly try to taint the record by misconstruing snippets of evidence from other cases against Google, including an 80-page expert report from *Arizona*, a 216-page expert report from *Brown*, a 234-page expert report from *Brown*, and Dr. Shafiq's own expert report from *Calhoun*. ECF Nos. 61-1–61-8. The Court should reject Plaintiffs' heaving 636 pages of reply "evidence" at Google and the Court in an attempt to salvage its motion.  And while Google would prefer a sur-reply and supplemental declaration to leaving these new assertions unrebutted, the most appropriate remedy is to strike the Shafiq Rebuttal Declaration because Google has already responded to his original opinions and Plaintiffs' Motion.

### C.    The appropriate relief is to strike the Shafiq Rebuttal Declaration.

It is Plaintiffs' burden to provide sufficient evidence in their Motion to show their entitlement to a preliminary injunction, an "extraordinary and drastic remedy." *Doe v. Univ. of Wash.*, 695 F. App'x 265, 266 (9th Cir. 2017). Plaintiffs may not seek to retroactively supplement their evidentiary showing after receiving Google's opposition; it was their responsibility to meet that burden in their Motion. *See Acosta*, 2008 WL 11336210, at *8.

Here, Plaintiffs simply filed their new declaration without explanation. They do not—because they cannot—allege that any of the new evidence they submitted in their Reply was unavailable when their opening brief was submitted. *See Semper/exeter*, 2009 WL 10670619, at *2 (sustaining objection to supplemental declaration submitted with reply to motion for preliminary injunction, in part, because "Plaintiff does not argue that the evidence submitted with

its Reply was unavailable when it submitted its opening brief."). Indeed, most of the new "evidence" Plaintiffs submit consists of years-old filings from other cases.[2] Nor do Plaintiffs claim that Google raised any unanticipated issues in its Opposition that would require new evidence in response. *See id.* (sustaining objection and noting that "this is not a situation where the opposing party raised unanticipated issues."). "If [Google's] attacks disprove parts of Plaintiff's case, Plaintiff should not be able to be allowed to make a different case with different evidence in reply." *Id.* at *3.

Finally, Plaintiffs' attempt to introduce confidential information they learned from other Google litigation into this matter is improper. Dr. Shafiq admits that he "submitted several expert reports and declarations in *Calhoun* on behalf of the plaintiffs" and was "privy to confidential documents produced in that case." ECF No. 61 ¶ 9 n.7. Despite that fact, he claims "all of my analyses here, and the information relied on, are based on publicly available information." *Id.* However, the exhibits he attaches to and cites in his declaration are replete with redacted references to Google's confidential material produced in *Calhoun* and *Brown*. *See, e.g.*, *id.* ¶¶ 18, 28; ECF Nos. 61-2, 61-4, 61-5, 61-6, 61-7, 61-8. Dr. Shafiq's claim that he relied only on the *unredacted* portions of those materials that do not draw upon Google's confidential information defies credulity, and raises concerns about possible violations of the Protective Order in those litigations. *See Brown*, ECF No. 81; *Calhoun*, ECF No. 61.

## III.  CONCLUSION

For the reasons stated herein, this Court should strike the Shafiq Rebuttal Declaration and exhibits and decline to consider them in connection with Plaintiffs' Reply, or in the alternative, grant leave for Google to file a supplemental declaration and sur-reply in response.

---

[2] Plaintiffs also fail to establish that the testimony, documents, and filings from the unrelated maters of *Arizona*, *Calhoun*, and *Brown* have any bearing on the matters at issue in the Motion. And to the extent Plaintiffs attempt to argue issue preclusion, they fail to establish the necessary elements, including that the issues were actually litigated and decided in those proceedings. *Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 864 (9th Cir. 2021) (citation omitted).

Dated:  August 31, 2023

By:   */s/ Eduardo Santacana*
      WILLKIE FARR & GALLAGHER LLP
      Benedict Hur
      Simona Agnolucci
      Eduardo Santacana
      Tiffany Lin
      Harris Mateen
      Naiara Toker
      Zoe Packman

      Attorneys for Defendant
      GOOGLE LLC

DEFENDANT GOOGLE LLC'S OBJECTION TO NEW EVIDENCE FILED WITH PLAINTIFFS' REPLY IN
SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION
CASE NO. 3:23-cv-02431-VC