# EXHIBIT A

**SIMMONS HANLY CONROY, LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949
*jaybarnes@simmonsfirm.com*

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
Nicole Ramirez, State Bar No. 279017
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
*koncius@kiesel.law*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (admitted *pro hac vice*)
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
*jguglielmo@scott-scott.com*

**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
*clevis@lowey.com*

**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
Michael W. Sobol, State Bar. No. 194857
Melissa Gardner, State Bar No. 289096
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
*mgardner@lchb.com*

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE, *et al.*, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>GOOGLE LLC,<br><br>     Defendant.<br><br>**This document applies to: All Actions** | Case No. 3:23-cv-02431-VC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE SHAFIQ REBUTTAL DECLARATION**<br><br>Judge: Hon. Vince Chhabria<br>Date: September 21, 2023<br>Time: 10:00AM PT<br>Ctrm: 4, 17th Floor |

## I. INTRODUCTION

Google LLC's ("Google") L.R.7-3(d)(1) Objection to New Evidence Filed with Plaintiffs' Reply in Support of Motion for Preliminary Injunction and Request to Strike or File Supplemental Declaration and Sur-Reply ("Motion to Strike") (ECF No. 63) should be rejected for two reasons. *First*, the Rebuttal Declaration of Dr. Zubair Shafiq in Support of Plaintiffs' Motion for Preliminary Injunction (the "Shafiq Rebuttal Declaration") (ECF No. 61) is a proper rebuttal under L.R. 7-3(c) as it responds to the false and misleading statements and arguments that Google raises in its Opposition to Plaintiffs' Motion for Preliminary Injunction and Motion to Dismiss (the "Opposition" or "Google Opp") (ECF No. 48). *Second*, Dr. Shafiq relies entirely on public documents from other litigation, including testimony that *Google submitted* in those actions. Google should not be allowed to create a misleading record by ignoring these documents which, in any event, speak for themselves.

Plaintiffs do not object to Google's request to submit supplemental evidence so long as it is accompanied by immediate production of the documents relating to Google's internal systems and the ability to depose any witnesses put forth. After all, the best evidence of how Google's systems work is internal evidence of how they actually work, not self-serving declarations.

## II. ARGUMENT

### A. Rebuttal Evidence Is Permitted on Reply

There is no prohibition on the submission or admissibility of rebuttal evidence on reply. Just the opposite, a "reply to an opposition may include affidavits or declarations, as well as a supplemental brief or memorandum." L.R. 7-3(c); *Teradata Corp. v. SAP SE*, No. 18-CV-03670-WHO, 2021 WL 6498855, at *1 (N.D. Cal. June 24, 2021) (denying motion to strike expert reports submitted in rebuttal and labeling the motion to strike as a "case of wasted litigation energy"); *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 7642869, at *1 n.1 (N.D. Cal. Dec. 23, 2020) (exercising discretion to consider "new evidence presented on reply" because it "appears to be a reasonable response to the opposition"). This is consistent with the general rule that "rebuttal evidence is [permitted] to contradict, impeach or defuse the impact of

the evidence offered by an adverse party" even if it may be otherwise inadmissible. *Huawei Technologies, Co., Ltd. v. Samsung Elec. Co., Ltd.*, 340 F. Supp. 3d 934, 996 (N.D. Cal. 2018); *U.S. v. Mendoza-Prado*, 314 F.3d 1099, 1105 (9th Cir. 2022) (explaining a party may "introduce otherwise inadmissible evidence when the defendant 'opens the door' by introducing potentially misleading testimony" at trial) (internal quotation marks omitted).[1]

Expert testimony is no different. A party "may present expert rebuttal . . . by putting forth its own expert who either claims that: (1) [the other party's] expert's methodology was conducted improperly in some way; or (2) the ultimate conclusion the [other party's] expert makes is flawed because a superior methodology provides a different result." *Sumotext Corp. v. Zoove, Inc.*, No. 16-CV-01370-BLF, 2020 WL 264701, at *3 (N.D. Cal. Jan. 17, 2020). Courts in this district routinely allow such submissions where they are limited to a "true rebuttal, i.e. [that which does] not go beyond the scope of [the] testimony" offered by the opposing party. *In re HIV Antitrust Litig.*, No. 19-CV-02573-EMC, 2023 WL 4226757, at *2 (N.D. Cal. Jun. 26, 2023); *California Rifle & Pistol Ass'n, Inc. v. City of Glendale*, No. 2:22-CV-07346-SB-JC, 2022 WL 18142541, at *3 (C.D. Cal. Dec. 5, 2022) (overruling objections to evidence because "[p]laintiffs were permitted to submit rebuttal evidence in their reply" to respond to "[defendants' arguments] in their opposition.").

Here, the Shafiq Rebuttal Declaration is permissible rebuttal evidence, as it solely responds to Google's (1) introduction of misleading testimony, and (2) reliance on Dr. Zervas' opinions, which turn on a flawed methodology and did not consider how Google's systems actually work.

The Shafiq Rebuttal Declaration is limited to four specific factual issues that Google raised in its Opposition and reaches four opinions specific to Google's evidence (the "Shafiq Opinions"):

> Opinion #1: "Peer-reviewed research and public statements of Google employees refute the arguments in the Zervas and Ganem Declarations" regarding Google's "role in the placement and configuration of Google's

---

[1] Under Federal Rule of Civil Procedure 26(a)(2)(D)(ii), for expert witness testimony, the time to disclose an opinion "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), [is] within 30 days after the other party's disclosure." F.R.C.P. 26(a)(2)(D)(ii).

>Advertising and Analytics products on healthcare provider properties." Shafiq Rebuttal Declaration ¶ 7.
>
>Opinion #2: "The Zervas and Ganem Declarations misrepresent the underlying technology, seem unaware of public evidence that clearly refutes their claims, and apply faulty testing and methodology that result in skewed results that do not accurately reflect real-world data transmissions." *Id*.
>
>Opinion #3: "Public evidence and internal documents contradict the assertions in the Zervas, Ganem, and Takabvirwa Declarations" regarding Google's ability to "identify[] healthcare provider properties and detect[] sensitive health information." *Id*.
>
>Opinion #4: "It is my expert opinion that Google uses the information it collects from healthcare provider properties for personalized advertising, contradicting the assertions in the Zervas and Ganem Declarations." *Id*.

Each of the opinions in this list rebut a specific claim Google made in its Opposition by identifying a false or misleading statement and then explaining why it is wrong. That reasoning applies to the later sections in these "expert" reports as well as the arguments Google raises in its Opposition that rely on those opinions. *Compare* Shafiq Opinion #1 *with* Declaration of Georgios Zervas, PH.D. ("Zervas Decl."), ECF No. 48-39 ¶¶ 86, 87 (asserting it is "[d]evelopers . . . who voluntarily decide" to incorporate Google's Source Code and that Google "advises developers to err on the side of caution" when incorporating Google's Source Code); Declaration of Steve Ganem in Support of Google's Opposition ("Ganem Decl."), ECF No. 48-1 ¶ 9 (claiming "[d]evelopers who use Google Analytics choose whether and which data to collect, and whether and which data to provide to Google."); Google Opp. at 21 (arguing Google's role is equivalent to a "tape recorder"); *compare* Shafiq Opinion #2 *with* Zervas Decl. ¶ 25 (claiming the transmissions often "do not contain such identifiers"); Ganem Decl. ¶¶ 32, 33 (claiming the identifiers Google intercepts are "pseudonymized" and are "not tied to a user's identity or used to personally identify a user."); Google Opp. at 1 ("none of the information the websites allegedly sent to GA included any personally identifying information"); *compare* Shafiq Opinion #3 *with* Zervas Decl. ¶¶ 75-79 (claiming Google can "prevent the use of sensitive data, including health-related data, for remarketing and personalized advertising"); Google Opp. at 10-11 ("[h]ealth care providers are generally classified as Sensitive in the Google Ads system"); *compare* Shafiq Opinion #4 *with* Zervas Decl. ¶ 70 (claiming "Google does not allow personalizing ads based on 'sensitive interest

categories' like health, race, religion, or sexual orientation to personalize ads or target users based on those characteristics"); Ganem Decl. ¶¶ 17-22 (asserting Google prohibits use of medical information from personalized advertising); Google Opp. at 9-10 (arguing that "Google does not allow personalized advertising based on sensitive health information"). The Shafiq Rebuttal Declaration is "true rebuttal" evidence that responds to these points and should be considered.

Google's argument that the Shafiq Rebuttal Declaration offers a new opinion that "Google takes steps to personally identify users through pseudonymous identifiers, and that it then engages in personalized advertising to those users" is meritless. Motion to Strike at 3. As the briefing makes clear, *Google raised* these issues in its Opposition making the Shafiq Rebuttal Declaration for the limited purpose of addressing Google's claims entirely appropriate. *See California Rifle & Pistol Ass'n, Inc.*, 2022 WL 18142541, at *3 (overruling objections to evidence because "[p]laintiffs were permitted to submit rebuttal evidence in their reply" to respond to "[defendants' arguments] in their opposition."). Had Google not (falsely) claimed in its Opposition that the identifiers at-issue were merely pseudonymous, or that it did not use the at-issue data for personalized advertising purposes, there would have been no need for rebuttal.

Having put those claims at issue, Google opened the door to rebuttal evidence on these specific points.

### B. Dr. Shafiq Relies Entirely on Public Documents

Google also (falsely) argues that "Plaintiffs[] attempt to introduce confidential information they learned from other Google litigation" because Dr. Shafiq also served as an expert in those cases. Motion to Strike at 5. This argument has no basis in fact or law. Google cites no authority in support of its position that Dr. Shafiq cannot serve as an expert here because it "defies credulity" (Motion to Strike at 5) that, having worked on other matters against Google, his Rebuttal Declaration is limited to public information. But as demonstrated in the table below, Dr. Shafiq only cites and relies upon public documents from other cases, not confidential information like Google claims:

| Dkt. | Description |
|---|---|
| 61-2 | This document is the public version of an expert report from *State of Arizona v. Google LLC*, a case in which Dr. Shafiq was not an expert and never had access to any documents. |
| 61-4 | This document is the public version of a Google employee declaration from Srilakshmi Pothana (the "Pothana Declaration") that states, in plain English, "These tables contain mappings between Google Analytics User ID (UID) or client ID (CID) and Biscotti where relevant consents were present. They also contained mappings between UID or CID and device ID received from App events." This statement contradicts statements submitted by Google here—and the Shafiq Rebuttal Declaration relies only on these statements, not any redacted material. |
| 61-5 | This document is a public Court order that relies upon the Pothana Declaration to grant Google relief from portions of a preservation order. |
| 61-6 | This document is an expert report submitted by Google in *Brown v. Google LLC*. Dr. Shafiq was not an expert in that case and never had access to the unredacted document. |
| 61-7 | This document is an expert report submitted by the plaintiffs in *Brown v. Google LLC*. Dr. Shafiq was not an expert in that case and never had access to the unredacted document. |
| 61-8 | This document is a public report of Zubair Shafiq filed in November 2022. The Shafiq Rebuttal Declaration in this case relies only on clear statements in the public report, such as that "Google comingles signed-in and signed-out information" and has "'trifecta' proto files … that simultaneously store GAIA, Biscotti, and Zwieback IDs and associated information." |

Of these six documents, Exhibit Nos. 61-2, 61-6, and 61-7 come from *State of Arizona v. Google LLC*, CV2020-006219 (Ariz. Super.) and *Brown v. Google LLC*, 4:20-cv-03664 (N.D. Cal.) ("*Brown*") where Dr. Shafiq was not an expert. These exhibits could not implicate confidential information as Dr. Shafiq did not have access to the unredacted version of the documents attached to the Shafiq Rebuttal Declaration. Exhibit Nos. 61-4, 61-5 and 61-8 come from *Calhoun v. Google LLC*, 4:20-cv-05146 (N.D. Cal.) ("*Calhoun*") where Dr. Shafiq was an expert. However, the Shafiq Rebuttal Declaration only relies upon unredacted statements made in the public version. *See* Shafiq Rebuttal Declaration ¶¶ 27-29, 31. Google has not identified any confidential information any of the six exhibits above that Dr. Shafiq relied on in violation of any court order. Nor has it identified any prejudice from Plaintiffs' expert relying on public documents, including those where Google took the opposite position on certain facts that it asserts here. Shafiq Rebuttal Declaration ¶¶ 27-30.

To the extent that Google claims the public versions of these documents are misleading in any way, it is imperative for Google to produce the underlying documents on which the public documents rely and any documents Google contends demonstrate the public documents or

underlying documents are misleading. This is particularly critical here, where Google is making claims about complex systems that are exclusively within its control and contain data collected via Google's surveillance of millions of Americans on health web-properties.[2]

### C. Plaintiffs Do Not Oppose Additional Evidence from Google

In the alternative, Google asks the Court to "grant Google leave to file a supplemental declaration and sur-reply." Motion to Strike at 1. Plaintiffs object to the filing of a sur-reply. However, Plaintiffs do not oppose, and, in fact, request that the Court order Google to file supplemental declarations and evidence with the Court on the issues relating to the Shafiq Rebuttal Declaration. Specifically, Plaintiffs request that the Court order Google to produce at least the following documents:

1. Unredacted versions of all documents attached to the Shafiq Rebuttal Declaration.

2. The "proto files . . . produced on Oct. 28, 2022." *See* ECF No. 61-8 ¶ 6.

3. All documents referenced in ECF Nos. 61-4 (the Pothana Declaration); 61-5 (Order re Preservation of Certain Mapping and Linking Tables), and 61-8 (Report of Zubair Shafiq ISO Plaintiffs' Sur-reply).[3]

4. "[A]ll mapping and linking tables" including the identifiers that are "mapped" or "linked," as stated in the Order attached at ECF No. 61-5 (Order re Preservation of Certain Mapping and Linking Tables).

5. Documents produced and fields identified in response to the *Calhoun* court's order that Google "identify all field names for any data source from which data is to be preserved." *Calhoun*, ECF No. 839-3 at 14.

---

[2] Perhaps recognizing the significance of this evidence, Google argues in a footnote that the Shafiq Rebuttal Declaration is based on "irrelevant, non-specific, and speculative evidence" and that Plaintiffs "fail to establish that the testimony, documents, and filings from the unrelated maters [sic] of *Arizona*, *Calhoun*, and *Brown* have any bearing on the matters at issue in the Motion." Motion to Strike at 3, 5, n.2. While Plaintiffs believe the contradictions between Google's statements in these actions and the instant case demonstrate that this information is highly relevant, should the Court agree, then so too are the underlying opinions of Dr. Zervas and Steve Ganem that Shafiq rebuts. Thus, if the Court strikes any portion of the Shafiq Rebuttal Declaration as not relevant, it should also strike Dr. Zervas and Steve Ganem's declarations for the same reason.

[3] To the extent that any document includes identifiers of a named plaintiff from *Calhoun*, Plaintiffs request that Google redact all identifiers from the production.

6. Documents relating to the "decryption / re-encryption pipeline" referenced in *Calhoun*, ECF No. 839-3 at 8, including what the "decryption / re-encryption pipeline" is and how it works.

7. The documents referenced in ECF No. 61-2, the expert report filed in the *State of Arizona v. Google LLC* case, as GOOG-GLAZ-00312069 (WAA and sWAA "cause a bit of confusion"); GLAZ-00107030 ("no one know [sic] what is currently written to Footprints"); and GLAZ-00312075 ("The WAA and other controls imply we don't log the data, but obviously we do.")

8. The *Brown* documents referenced in ¶ 30 of the Shafiq Rebuttal Declaration showing:

    a. "Conversions are measured through mapping a GAIA ID to a Biscotti ID." *Brown*, ECF No. 666-21 ¶ 88 (citing CABR-03662096).

    b. "Google employs a 'User ID Relation Graph … [which] relates user-id with other identifiers (device-id physical, aaid, idfa, phone, email)." *Brown*, ECF No. 643-8 at 110, ¶ 253 (citing CABR-04782308).

    c. "Google employs a 'User Trust Graph" with quotes from Google internal documents that "show that Google links 'pseudonymous identifiers with GAIA ID or other forms of PII," including "the user id's are nodes of the graph. Aggregated information about user activity and information about the user is anchored on the node as an attribute;" and that the "AdSpam team already has event level logs access across id spaces." *Brown*, ECF No. 643-8 at 111, ¶ 254 (citing CABR-04782100 and CABR-04732430).

9. Original and current design and engineering documents for the systems described in Ganem Decl. ¶¶ 43-50, to include providing the Court with the original and any subsequent names for the system that "checks whether the user is signed into Google, and checks WAA, sWAA, GAP, and NAC status." Ganem Decl. ¶ 44.

10. Original and current design and engineering documents for systems above the "lowest level tier," including identification of all Google systems and processes with access to systems above the "lowest level tier."

11. Engineering, design, and explanatory documents for Biscotti and Zwieback cookies, including how their value is derived and what information can be stored within such cookies or identifiers.

12. Documents that identify the classifications in Google's "two main sensitivity classification lists in the Google Ads system" referenced in the Declaration of Oscar Takabvirwa in Support of Google's Opposition ¶ 5 ("I\*\*" and "V\*\*\*\*\*\*\*\*\*") and the statements regarding: (1) how those classifications compare with the "verticals" list that Google told the Court is "deprecated" (Google Opp. at 10, n. 4) and (2) whether Google uses either I\*\* or V\*\*\*\*\*\*\*\*\* to make assessments of individual web-pages, in addition to "websites" generally.

These specific documents go directly to how Google's systems work, and the issues they

claim are "misleading" in the Shafiq Rebuttal Declaration. While Plaintiffs disagree with Google's characterization, the best evidence on these issues will be found in Google's own internal documents and systems, not self-serving declarations of Google employees. Google should be required to produce whatever documents they believe support the factual position of their experts and their views regarding Dr. Shafiq's opinions. It will also help the Court avoid the "Named Plaintiff Data" issues that were present in *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 18-MD-02843-VC, 2023 WL 1871107, at *11-15 (N.D. Cal. Feb. 9, 2023).

Dated: September 6, 2023

**LOWEY DANNENBERG, P.C.**

*/s/ Christian Levis*
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
44 South Broadway, Suite 1100 White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: 212-784-6400
Fax: 212-213-5949
jaybarnes@simmonsfirm.com
ejohnson@simmonsfirm.com
atruong@simmonsfirm.com

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
Nicole Ramirez, State Bar No. 279017
Mahnam Ghorbani, State Bar No. 345360
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel.: 310-854-4444
Fax: 310-854-0812
koncius@kiesel.law
ramirez@kiesel.law
ghorbani@kiesel.law

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Michael W. Sobol, State Bar No. 194857
Melissa Gardner, State Bar No. 289096
Jallé H. Dafa, State Bar No. 290637
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: 415 956-1000
Fax: 415-956-1008
msobol@lchb.com
mgardner@lchb.com
jdafa@lchb.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Douglas Cuthbertson (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212 355-9500
Fax: 212-355-9592
dcuthbertson@lchb.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Hal D. Cunningham, State Bar No. 243048
Sean Russell, State Bar No. 308962
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565
Fax: (619) 233-0508
hcunningham@scott-scott.com
srussell@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (admitted *pro hac vice*)
Ethan Binder (admitted *pro hac vice*)
230 Park Ave., 17th Floor New York, NY 10169 Tel.: (212) 223-6444
Fax: (212) 223-6334
jguglielmo@scottscott.com
ebinder@scott-scott.com

*Attorneys for Plaintiffs and the Proposed Class*