**WILLKIE FARR & GALLAGHER LLP**
BENEDICT HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
EDUARDO SANTACANA (SBN 281668)
  esantacana@willkie.com
DAVID D. DOAK (SBN: 301319)
  ddoak@willkie.com
JOSHUA D. ANDERSON (SBN: 312836)
  jpanderson@willkie.com
TIFFANY LIN (SBN 321472)
  tlin@willkie.com
HARRIS MATEEN (SBN 335593)
  hmateen@willkie.com
NAIARA TOKER (SBN 346145)
  ntoker@willkie.com
ZOE PACKMAN (SBN 347453)
  zpackman@willkie.com
One Front Street, 34th Floor
San Francisco, California 94111
Telephone:  (415) 858-7400
Facsimile:  (415) 858-7599

Attorneys for Defendant
**GOOGLE LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:23-cv-02431-VC<br>(Consol. w/ 3:32-cv-02343-VC)<br><br>**DECLARATION OF DAVID DOAK IN SUPPORT OF DEFENDANT GOOGLE'S MOTION TO DISQUALIFY PLAINTIFFS' EXPERT WITNESS DR. TIMOTHY LIBERT**<br><br>Date:    September 21, 2023<br>Time:   10:00 a.m.<br>Ctrm.:   4, San Francisco<br><br>Complaint Filed:    May 17, 2023 |

I, David Doak, declare and state that:

1. I am an attorney licensed to practice law in the State of California and am an associate at Willkie Farr & Gallagher LLP, counsel for Defendant Google LLC ("Google," and together with Plaintiffs, "the Parties") in the above-captioned matter. I am duly admitted to practice law before this Court. I submit this declaration pursuant to Local Rule 7-5 and in support of Google's motion to disqualify Plaintiffs' expert witness Dr. Timothy Libert. I have personal knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2. On August 14, 2023, Plaintiffs' counsel contacted Google's counsel via email, stating, "[w]e request to meet and confer regarding whether it is actually necessary for the Court to rule on Google's motion to disqualify."

3. Counsel for the Parties met and conferred by telephone on August 17. During this conversation, Plaintiffs' counsel stated their view that the controversy regarding Dr. Libert's participation in this case no longer existed because Plaintiffs did not intend to offer any further testimony from Dr. Libert beyond the declaration he had already submitted. I reiterated Google's objection to Dr. Libert's participation in this case in any capacity because of the relevant confidential information he received from Google during his recent employment with the company. Further, I renewed Google's request that Plaintiffs withdraw Dr. Libert's declaration. Plaintiffs' counsel refused to do so.

4. Plaintiffs' counsel then suggested that their preliminary-injunction motion relied on Dr. Libert's testimony for only a few propositions. I then asked Plaintiffs' counsel whether it was their position that the preliminary-injunction motion could not succeed without support from Dr. Libert's declaration. Plaintiffs' counsel denied that this was their position.

5. Plaintiffs' counsel then suggested that perhaps the parties' dispute over Dr. Libert's participation could be resolved by stipulation. I responded that Google would consider a

stipulation if Plaintiffs wished to propose one, but that Google's position remained that Dr. Libert's declaration should be withdrawn.

6. Plaintiffs' counsel then stated their view that an impasse had been reached. I agreed, and the call ended.

7. On August 21, Plaintiffs' counsel emailed a proposed stipulation to Google's counsel. The proposal contemplated that Dr. Libert's declaration, as well as Google's motion to disqualify him, would be withdrawn pursuant to the Parties' stipulation to several "facts" for purposes of the preliminary-injunction motion.

8. On August 22, I responded to Plaintiffs' counsel with Google's proposed revisions to the stipulation, including to the facts to which the parties would stipulate. Google's counterproposal also included the following clarifying language: "Plaintiffs will not employ Dr. Libert as an expert or consultant in this action, and will not confer with Dr. Libert in any way about this action."

9. On August 24, Plaintiffs' counsel responded via email that they would not be entering into a stipulation. Plaintiffs filed their response to Google's motion to disqualify Dr. Libert later that day.

I declare under penalty of perjury under the laws of the United States and the State of California and the United States that the foregoing facts are true and correct.

Executed on September 7, 2023 at San Francisco, California.

By: */s/ David Doak*
David Doak