**WILLKIE FARR & GALLAGHER LLP**
BENEDICT HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
EDUARDO SANTACANA (SBN 281668)
  esantacana@willkie.com
DAVID D. DOAK (SBN: 301319)
  ddoak@willkie.com
JOSHUA D. ANDERSON (SBN: 312836)
  jpanderson@willkie.com
TIFFANY LIN (SBN 321472)
  tlin@willkie.com
HARRIS MATEEN (SBN 335593)
  hmateen@willkie.com
NAIARA TOKER (SBN 346145)
  ntoker@willkie.com
ZOE PACKMAN (SBN 347453)
  zpackman@willkie.com
One Front Street, 34th Floor
San Francisco, California 94111
Telephone:  (415) 858-7400

Attorneys for Defendant
**GOOGLE LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE I, et al., on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>                Defendant. | Case No. 3:23-cv-02431-VC<br>(Consol. w/ 3:32-cv-02343-VC)<br><br>**GOOGLE LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION; AND MOTION TO DISMISS**<br><br>**Date:    September 21, 2023**<br>**Time:   10:00 a.m.**<br>**Ctrm.:  4, San Francisco**<br><br>Consol. Complaint Filed: July 13, 2023 |

I.  **INTRODUCTION**

Plaintiffs concede that the Court may properly take judicial notice or otherwise consider 23 of the exhibits attached to the Packman Declaration (the "Exhibits"), ECF Nos. 49-2 through 49-21 and 49-40 through 49-43. The Court should therefore consider these exhibits for the reasons stated in Google's Request for Judicial Notice (the "RJN") [ECF No. 49].

Plaintiffs' objections to the remaining Exhibits (Packman Decl. Exs. 21–38 [ECF Nos. 49-22 through 49-39], the "Challenged Exhibits") are entirely unfounded. These exhibits consist of publicly available policies and homepages for healthcare-related websites referenced in Plaintiffs' Consolidated Class Action Complaint (the "Complaint," or "CAC") and Preliminary Injunction Motion ("PI Mot."). Plaintiffs do not question whether the Challenged Exhibits are publicly available or authentic, and offer no basis to challenge their accuracy. Instead, Plaintiffs invent relevance and "legal sufficiency" objections in an attempt to advance substantive arguments that are unrelated to the RJN and circumvent the page limit for opposing Google's Motion to Dismiss.

As discussed below, the Challenged Exhibits are properly before the court because they are (1) incorporated by reference in the Complaint; (2) relevant and Plaintiffs have not challenged their authenticity; and (3) offered to prove their existence and the existence of contents contained therein. In addition, the Court should strike Pages 4 through 6 of the Opposition as improper substantive argument.

II. **ARGUMENT**

   A.  **The Challenged Exhibits Are Incorporated by Reference in Plaintiffs' Complaint**

The Court may consider the Challenged Exhibits because they are incorporated by reference into the Complaint. RJN at 11–13. The incorporation-by-reference doctrine exists to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citations and quotations omitted).

This is precisely what Plaintiffs seek to do here. Plaintiffs not only name each of the 14 healthcare-related websites for which Google requests judicial notice of the corresponding terms (the "Websites,") but claim that Google "tracked, collected, and monetized" Plaintiffs' health information on these websites without their "knowledge or consent." CAC ¶¶ 19–32. The Challenged Exhibits are necessarily implicated by Plaintiffs' use of the websites to "exchange[] communications" about their care, and all directly inform whether Plaintiffs had knowledge of and consented to the Websites' use of Google products.[1] *Id.* ¶¶ 19–32. The incorporation-by-reference doctrine "extend[s]" to "situations in which the plaintiff's claims depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the documents, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Plaintiffs base their claims on their interactions with these Websites, but ask the Court to ignore the terms applicable to their activity. The incorporation-by-reference doctrine squarely prevents that result. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims"). Having adopted these Websites as the basis of their claims, Plaintiffs must also contend with the parts that doom their claims. *See Birdsong v. AT&T Corp.*, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013) (incorporating release agreement by reference because plaintiff "would have no valid claims unless the release agreement did not bar them"). Plaintiffs' allegations regarding notice and consent are critical to all of Plaintiffs' claims. Because the Challenged Exhibits contain the terms and policies that are central to Plaintiffs' Complaint, they are incorporated by reference and subject to judicial notice.

---

[1] Exhibit 38 is the Edward-Elmhurt Health homepage, which is directly named by URL in the Complaint. CAC ¶ 31 ("Edward-Elmhurt Health . . . owns and operates a web property, which includes https://www.eehealth.org/".) The corresponding terms applicable to Plaintiffs' use of the Edward-Elmhurt Health webpage are contained in Exhibit 37.

### B. The Challenged Exhibits Are Properly Subject to Judicial Notice Because They Are Relevant And Plaintiffs Offer No Basis to Challenge Their Accuracy

Instead of meaningfully addressing whether it is appropriate for the Court to take judicial notice of the Challenged Exhibits, Plaintiffs argue that the exhibits are "legally insufficient" to prove consent. Plaintiffs' Opposition to Google's RJN [ECF No. 60-7] (the "Opposition," or "RJN Opp.") at 4. This is a red herring: legal sufficiency has no bearing on judicial notice. Rather, the Court may review "matters properly subject to judicial notice" in determining whether **Plaintiffs' Complaint** is legally sufficient. *Zaghi v. State Farm Gen. Ins. Co.*, 77 F. Supp. 3d 974, 976 (N.D. Cal. 2015). Judicial notice is permissible if a fact is "not subject to reasonable dispute" because it can be "determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Challenged Exhibits satisfy that rule.

Setting aside Plaintiffs' "legal sufficiency" facade, Plaintiffs object to the judicial notice of the Challenged Exhibits on the grounds that the exhibits are irrelevant to Plaintiffs' claims, and that their accuracy can reasonably be questioned. RJN Opp. at 6–7. Both objections are meritless.

*First*, the Challenged Exhibits are not only relevant, but integral to Plaintiffs' claims. Plaintiffs repeatedly allege having a "reasonable expectation that Google would not track, collect, or monetize Health Information" in connection with their use of the Websites. CAC ¶¶ 19–31. The Challenged Exhibits contain the Websites' terms and policies which disclose the Websites' use of cookies and third-party software. The Challenged Exhibits are central to Plaintiffs' allegations regarding Plaintiffs' knowledge of and consent to the Websites' use of Google products, and whether the Websites abided by Google's Terms of Service. *See, e.g.*, CAC ¶¶ 231–32 (alleging Google contravenes its own Terms of Service and Privacy Policy); *id.* ¶¶ 238–39 (alleging Google does not require Health Care Providers to respect privacy rights); *id.* ¶¶ 247–48 (alleging Google does not take corrective action against publishers that violate its policies); *id.* ¶ 209(e) (emphasizing that health care providers are responsible for ensuring notice and consent for the disclosure of health information); *id.* ¶ 400 (alleging "Google's **placement of**

*Google Cookies* . . . on [the Websites] was done intentionally and *without Plaintiffs' and Class Members' knowledge or authorization"*) (emphasis added). The Challenged Exhibits thus underlie all of Plaintiffs' claims.

**Second**, Plaintiffs do not (and cannot) dispute the public availability or authenticity of the Challenged Exhibits. Nor do Plaintiffs actually argue that the Challenged Exhibits are inaccurate. The only arguments Plaintiffs raise regarding "accuracy" are (1) that not all documents appearing on public websites are judicially noticeable and (2) the Challenged Exhibits were not pulled on the date the Plaintiffs first accessed the Websites. RJN Opp. at 6–7. Both arguments are irrelevant.

Documents appearing on public websites are judicially noticeable unless the opposing party offers a basis to challenge their authenticity or accuracy. *See Lloyd v. Facebook, Inc.*, 2022 WL 4913347, at *4 (N.D. Cal. Oct. 3, 2022) (collecting cases finding website privacy policies and terms of service are subject to judicial notice); *see also Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) ("These documents appear on publicly available websites and are thus proper subjects for judicial notice."); *Hammerling v. Google LLC*, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) ("Because Plaintiffs do not dispute the accuracy of the contents of the Help Center webpage, and because webpages like this one are regularly the subject of judicial notice in this circuit, the Court takes judicial notice of [the] Exhibit."). Here, Plaintiffs do not question whether the healthcare-related Websites repeatedly cited in the Complaint are unreliable or inaccurate, nor do they offer any basis to challenge the authenticity or accuracy of the policy documents found within. CAC ¶¶ 19–32, 61, 65, 73, 82, 83, 93. *See Khoja.,* 899 F.3d at 999 (finding judicial notice appropriate where there can be no "reasonable dispute" about a fact and explaining that "a fact is not subject to reasonable dispute if it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned") (citation and quotation omitted).

Plaintiffs' argument that the accuracy of these exhibits can be questioned because they were pulled after the Plaintiffs first accessed them is equally misguided. The Challenged

Exhibits, which were accessed on August 2–3, 2023, represent the most current versions of the Websites' policies at the time of filing. Packman Decl. ¶¶ 11–37. The Complaint does not indicate the relevant time period in which Plaintiffs—or the class they aim to represent—allegedly visited the websites.[2] Plaintiffs cannot, on the one hand, withhold information about the relevant time period in which their alleged injuries occurred, and, on the other hand, complain that Google has failed to include websites from the relevant time period. And regardless, Plaintiffs specifically plead concern regarding *future* use of the Websites and allege a threat of *future* injuries.  CAC ¶¶ 389, 391. In any event, Plaintiffs fail to even suggest that there is any material difference between the Challenged Exhibits and the versions first accessed by Plaintiffs.

### C. The Existence and Contents of the Challenged Exhibits Are Properly Subject to Judicial Notice

Plaintiffs protest that the Court may not accept the truth of any reasonably disputed facts underlying the Challenged Exhibits, including "whether those versions of the terms and policies, or any other disclosures, would inform a reasonable consumer of Google's conduct."  RJN Opp. at 7. But Google does not request that the Court determine that the statements in the documents are true, only that the Court recognize the existence and contents of the policies that governed Plaintiffs' use of the websites. This is a well-established matter of judicial notice in the Northern District of California. *See In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 814 (N.D. Cal. 2020) (holding "the existence of [publicly available] documents is a judicially noticeable fact" and taking judicial notice of Google's warranty appearing on a publicly accessible website).

---

[2] Declarations supporting Plaintiffs' Motion for Preliminary Injunction broadly describe when Plaintiffs allegedly began using the websites. However, the declarations do not describe the duration of use; all merely state that Plaintiffs discontinued use "since learning" of the alleged conduct "unless necessary or at the instruction of my attorneys for purposes of litigation." Barnes Declaration Exs. F–L [ECF Nos. 42-12 through 42-18].  Regardless, Plaintiffs' Motion for Preliminary Injunction decidedly alleges future behavior. *See* PI Mot. at 20 ("Each day that goes by, more and more individuals unknowingly fall victim to Google's scheme, and the Class is thereby enlarged.").

For instance, Google cites Exhibits 38–40 to show that some of the websites upon which Plaintiffs base their claims have pop-ups inviting users to consent to cookies. Google's Preliminary Injunction Opposition and Motion to Dismiss [ECF No. 48] at 18. Google cites Exhibits 21–37 to show that the websites have publicly available policies disclosing their data collection and use. Plaintiffs do not "reasonably dispute" the existence of those policies, much less state any "reasonable" basis by which they could do so. And Google does not, for example, cite Exhibit 24 to prove whether, as stated on Mercy's website, Mercy "strive[s] to provide high quality content" or that Mercy "believe[s] protecting the security of online information is important." Packman Decl. Ex. 24 [ECF No. 49-25]. This Court can take judicial notice "of the fact that these documents exist" and "the existence of the contents therein." *Cal. Sportfishing Protection All. V. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038–39 (N.D. Cal. 2017); RJN 4–5; *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (same); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (same).

Here, because Google seeks to show that the documents "say[] what [they] say," and there is no reasonable dispute over the accuracy and substance of these terms, the Court can and should consider the Challenged Exhibits. *Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d 1131, 1143 (N.D. Cal. 2019) (granting judicial notice of an extrinsic contract on a pleadings challenge, either under judicial notice or the incorporation-by-reference doctrine).

**D.    The Court Should Strike Pages 4 through 6 of Plaintiffs' Opposition that Inappropriately Advance Substantive Argument Opposing Google's Motion to Dismiss**

Plaintiffs appear to have opposed the RJN in part to exceed the Court-ordered page limit and advance substantive arguments that could have been made within the confines of Plaintiffs' opposition to Google's Motion to Dismiss. Plaintiffs' attempt to evade page limits is improper and should not be considered by the Court. *See Dickey v. Advanced Micro Devices, Inc.*, 2016

WL 1375571, at *2 (N.D. Cal. Apr. 7, 2016) ("The court warns that the parties should not use judicial notice papers to make arguments that should have been made within the parties' opening, opposition, or reply briefs, for which the Civil Local Rules of this District set particular page limits.").

While Plaintiffs' entire Opposition is peppered with inappropriate substantive argument, *see, e.g.*, RJN Opp. at 3 (arguing how a reasonable person would interpret Google's Privacy Policy), the most egregious is the lengthy discussion of authorization requirements for healthcare providers under HIPAA. RJN Opp. at 4–6. Plaintiffs spend pages detailing HIPAA's statutory requirements and quoting—but not contesting the accuracy or authenticity of—two of the Exhibits to advance an argument they excluded from their opposition to Google's Motion to Dismiss. *Id.* (quoting Packman Decl. Exs. 15, 42). Plaintiffs also attempt to preemptively distinguish *Smith v. Facebook*, an opinion that does not concern or even mention judicial notice. 262 F. Supp. 3d 943 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018). The Court should strike pages 4 through 6 of Plaintiffs' Opposition as the arguments on those pages have no bearing on the RJN and function only to advance Plaintiffs' substantive arguments. *See* RJN Opp. at 4–6; *In Re Violin Memory Securities Litig.*, 2014 WL 5525946, at *17 n.8 (N.D. Cal. Oct. 31, 2014) ("The inclusion of such argument in a brief purporting to address only whether the Court should take judicial notice of certain documents is improper . . . [and] Plaintiffs' substantive argument . . . is stricken.").

/ /

III.    **CONCLUSION**

For the reasons stated above, Google respectfully requests that the Court grants Google's Request for Judicial Notice and strike Pages 4 through 6 of the Opposition.

Dated: September 7, 2023

WILLKIE FARR & GALLAGHER LLP
Benedict Hur
Simona Agnolucci
Eduardo Santacana
David Doak
Joshua Anderson
Tiffany Lin
Harris Mateen
Naiara Toker
Zoe Packman

By: */s/ Benedict Hur*
Benedict Hur

Attorneys for Defendant
GOOGLE LLC

- 8 -
GOOGLE LLC'S REPLY TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION
TO MOTION FOR PRELIMINARY INJUNCTION; AND MOTION TO DISMISS
CASE NO. 3:23-cv-02431-VC