**WILLKIE FARR & GALLAGHER LLP**
BENEDICT HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
EDUARDO SANTACANA (SBN 281668)
  esantacana@willkie.com
DAVID D. DOAK (SBN: 301319)
  ddoak@willkie.com
JOSHUA D. ANDERSON (SBN: 312836)
  jpanderson@willkie.com
TIFFANY LIN (SBN 321472)
  tlin@willkie.com
HARRIS MATEEN (SBN 335593)
  hmateen@willkie.com
NAIARA TOKER (SBN 346145)
  ntoker@willkie.com
ZOE PACKMAN (SBN 347453)
  zpackman@willkie.com
One Front Street, 34th Floor
San Francisco, California 94111
Telephone:  (415) 858-7400
Facsimile:  (415) 858-7599

Attorneys for Defendant
**GOOGLE LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE I, et al., individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No. 3:23-cv-02431-VC<br>(Consol. w/ 3:32-cv-02343-VC)<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE SHAFIQ REBUTTAL DECLARATION**<br><br>Consol. Complaint Filed: July 13, 2023<br><br>*District Judge Vince Chhabria*<br>*San Francisco Courthouse, Ctrm. 4* |

I.     **INTRODUCTION**

Why, two weeks shy of the hearing on their motion for a mandatory preliminary injunction, do Plaintiffs ask to file a brief demanding that Google file a supplemental expert declaration, produce documents, and make witnesses available for deposition so Plaintiffs can discover more information about their claims? If Plaintiffs did not have the evidence they needed to support their motion, they should never have filed it. It was Plaintiffs who chose to skip to the merits by seeking a preliminary injunction, rather than taking discovery in the normal course. Now, they seek to make their impatience and the evidentiary hole in their motion the Court's problem, and Google's.

Nor do Plaintiffs have any right to oppose Google's Objection to Reply Evidence under the local rules. *See* L.R. 7-3(d)(1). What's worse, the brief they propose to file makes the farcical argument that their reply evidence was appropriate because Google addressed the relevant subject matter in its opposition to Plaintiffs' Motion for Preliminary Injunction. Plaintiffs forget that it was their burden to show they are entitled to a preliminary injunction. If Plaintiffs had this information when they filed their opening Motion, that was the time to reveal it, rather than spring it on Google at reply, then demand that Google produce expansive discovery. And, revealing the true gamesmanship, Plaintiffs argue Google should *only* produce discovery while being disallowed from addressing all this new evidence in a short sur-reply.

At bottom, Plaintiffs' chief complaint here is that "the best evidence of how Google's systems work is internal evidence of how they actually work." ECF 65-2 at 2. Maybe Plaintiffs should have reminded themselves of that before they asked this Court to cut off hospitals' access to needed analytics services without, as they now implicitly concede, any of that "best evidence."

II.    **ARGUMENT**

Plaintiffs' Administrative Motion is nothing more than yet another last-minute attempt to supplement the record with new allegations and evidence that could have been included in their original Motion for Preliminary Injunction. Plaintiffs first sought to supplement the record by introducing 636 pages of new allegations and new evidence in the form of Dr. Shafiq's Rebuttal Declaration. Now, Plaintiffs seek to supplement the record yet again, first by filing an 8-page

Opposition to Google's 5-page Objection, and also by asking the Court to open the record to eleventh-hour discovery. ECF No. 65-2.

It is simply too late for Plaintiffs to introduce new allegations and new evidence into the record. The opposition Plaintiffs seek to file includes a wish list of 12 categories of documents that they would request that the Court order Google to produce from other litigation, and also demands a deposition of unnamed Google witnesses. *Id.* at 2, 7–8. Plaintiffs ignore the fact that they were required to meet their evidentiary burden when they filed their Motion for Preliminary Injunction on July 13, 2023. ECF No. 63. The Motion is now fully briefed, and is set for a hearing in less than two weeks. It is legally impermissible for Plaintiffs to supplement their record after filing their Motion, and it is also too late.

Further, despite claiming in his Rebuttal Declaration that "Dr. Shafiq only cites and relies upon public documents from other cases, not confidential information," ECF No. 65-2 at 5, Plaintiffs now request 12 categories of documents, 6 of which contain Google's protected material from *Calhoun v. Google*, the same case in which Dr. Shafiq served as an expert witness and Dr. Shafiq admits he "was privy to confidential documents produced." ECF No. 61 at 6. The eagerness of Dr. Shafiq and his counsel (who lost at summary judgment in *Calhoun*) to muddy the record with confidential information from an unrelated case could not be clearer.

Finally, Plaintiffs represent that they "do not oppose, and, in fact, request that the Court order Google to file supplemental declarations and evidence with the Court." ECF No. 65-2 at 7. Given Plaintiffs' representation, Google again respectfully submits that, if the Court does not strike the Shafiq Rebuttal Declaration, the Court should grant Google leave to file a supplemental declaration and sur-reply in response to the Shafiq Rebuttal Declaration. *See* ECF No. 63. The Shafiq Rebuttal Declaration is grossly inaccurate, manipulative as to its cherry-picked reliance on out-of-court statements in unrelated factual contexts, and at times outright false. Google should have the opportunity to explain why, if the Court is to consider it at all.

### III. CONCLUSION

For the reasons stated herein, the Court should deny Plaintiffs' Administrative Motion.

Dated: September 11, 2023

WILLKIE FARR & GALLAGHER LLP
Benedict Hur
Simona Agnolucci
Eduardo Santacana
David Doak
Joshua Anderson
Tiffany Lin
Harris Mateen
Naiara Toker
Zoe Packman


By: */s/ Eduardo Santacana*
    Eduardo Santacana

    Attorneys for Defendant
    GOOGLE LLC