**WILLKIE FARR & GALLAGHER LLP**
BENEDICT HUR (SBN 224018)
 bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
 sagnolucci@willkie.com
EDUARDO SANTACANA (SBN 281668)
 esantacana@willkie.com
DAVID D. DOAK (SBN: 301319)
 ddoak@willkie.com
JOSHUA D. ANDERSON (SBN: 312836)
 jpanderson@willkie.com
TIFFANY LIN (SBN 321472)
 tlin@willkie.com
HARRIS MATEEN (SBN 335593)
 hmateen@willkie.com
NAIARA TOKER (SBN 346145)
 ntoker@willkie.com
One Front Street, 34th Floor
San Francisco, California 94111
Telephone:  (415) 858-7400

Attorneys for Defendant
**GOOGLE LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE I, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:23-cv-02431-VC<br>(Consol. w/ 3:32-cv-02343-VC)<br><br>**DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**Date:** February 22, 2024<br>**Time:** 10 a.m.<br>**Location:** Courtroom 4, San Francisco<br>**Judge:** Hon. Vince Chhabria<br><br>First Am. Complaint Filed: November 16, 2023<br>Consol. Complaint Filed:  July 13, 2023 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Google LLC ("Google") hereby respectfully requests, pursuant to Federal Rule of Evidence 201 and applicable case law, that the Court consider Exhibits 1–21 under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in support of Google's concurrently filed Motion to Dismiss Plaintiffs' First Amended Consolidated Class Action Complaint ("FAC" or "Amended Complaint").

1. **Exhibit 1:** *Google Analytics Terms of Service*, Google Marketing Platform, available at https://marketingplatform.google.com/about/analytics/terms/us /

2. **Exhibit 2:** *HIPAA and Google Analytics*, Analytics Help, available at https://support.google.com/analytics/answer/13297105?hl=en

3. **Exhibit 3:** *Google Privacy Policy*, available at https://policies.google.com/privacy?hl=en

4. **Exhibit 4:** *Data Sharing Settings*, Analytics Help, available at https://support.google.com/analytics/answer/1011397?hl=en#zippy=%2Cin-this-article

5. **Exhibit 5:** *Terms of Service*, Google, available at https://policies.google.com/terms?hl=en-US

6. **Exhibit 6:** *Gundersen Health System Privacy Policy*, available at https://www.gundersenhealth.org/privacy

7. **Exhibit 7:** *Notice of Online Privacy Policy for Medstar Health*, available at https://www.medstarhealth.org/online-privacy-policy

8. **Exhibit 8:** *MD Mercy Website Terms of Use*, available at https://mdmercy.com/about-mercy/policies-and-documents/website-terms-of-use

9. **Exhibit 9:** *Kaiser Permanente Website and mobile application Privacy Statement*, available at https://healthy.kaiserpermanente.org/northern-california/privacy

10. **Exhibit 10:** *BJC HealthCare Privacy*, available at https://www.bjc.org/privacy

11. **Exhibit 11:** *OSF Healthcare Website Privacy Policy*, available at

https://www.osfhealthcare.org/legal/privacy/

12. **Exhibit 12:** *OSF Healthcare Terms & Conditions*, available at

https://x.osfhealthcare.org/patients-visitors/terms-conditions

13. **Exhibit 13:** *United Healthcare Online Services Privacy Policy*, available at

https://www.uhc.com/privacy

14. **Exhibit 14:** *United Healthcare Terms of Use*, available at

https://www.uhc.com/privacy/terms-of-use

15. **Exhibit 15:** *Mercy Website Terms & Privacy*, available at

https://www.mercy.net/about/legal-notices/

16. **Exhibit 16:** *Planned Parenthood Privacy Policy*, available at

https://www.plannedparenthood.org/privacy-policy?gclid=CjwKCAjw_aemBhBLEiwAT98FMkXezn2s4mLUb2j9xppH61enamiPKTB6oOL3lTp6NNlptkplKEOQVxoCq2oQAvD_BwE

17. **Exhibit 17:** *Rush University Medical Center, Web Privacy Statement*, available at

https://www.rush.edu/web-privacy-statement

18. **Exhibit 18:** *Tallahassee Memorial HealthCare Privacy Policy*, available at

https://www.tmh.org/privacy-policy/

19. **Exhibit 19:** *Shannon Health, Notice of Privacy Practices*, available at

https://www.shannonhealth.com/notice-of-privacy-practices/

20. **Exhibit 20**: *Alton Memorial Hospital, Our Policies*, available at

https://www.altonmemorialhospital.org/Our-Policies

21. **Exhibit 21**: *Edward Elmhurst Health, Website Privacy Practices*, available at

https://www.eehealth.org/privacy-practices/

## MEMORANDUM OF POINTS AND AUTHORITIES

Google respectfully requests that the Court consider Exhibits 1–21, as set forth in the Declaration of Naiara Toker submitted herewith, in support of Google's concurrently filed Motion to Dismiss.

Exhibits 1–5 are Google's publicly available privacy policies, terms of service, and user notices, several of which (as specified below) also are referenced or relied upon in Plaintiffs' Amended Complaint. Exhibits 6–21 are publicly available privacy policies, cookie policies, terms of service, and homepages of third-party healthcare-related websites referenced in Plaintiffs' Amended Complaint.

Exhibits 1–21 are publicly available documents not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). As such, they may be considered by the Court in conjunction with Google's Motion to Dismiss. Further, the Court also may consider Exhibits 1-3 and 5 for the additional reason that Plaintiffs' Amended Complaint references or relies on these documents, thereby incorporating them by reference.

### I.     LEGAL STANDARD

Federal Rule of Evidence 201(b) governs the taking of judicial notice in the motion-to-dismiss context. *See, e.g.*, *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (granting a request for judicial notice in ruling on a motion to dismiss). Rule 201(b) permits judicial notice of facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are considered to be not subject to reasonable dispute when they (1) are "generally known within the trial court's territorial jurisdiction" or (2) can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Id.*; *see also Minor v. FedEx Off.*, No. 14-CV-01117-LHK, 2014 WL 12570168, at *3–4 (N.D. Cal. Aug. 11, 2014) (reciting and applying these rules). It is well established that "court documents already in the public record and documents filed with other courts," as well as "publicly accessible websites," are "[p]roper subjects of judicial notice." *Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1222, 1241 (N.D. Cal. 2014) (citing

*Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002), and *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010)).

The doctrine of incorporation by reference, which is distinct from the doctrine of judicial notice, supplies an additional basis for considering documents beyond a complaint's four corners in the specific context of a Rule 12 motion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."). When a plaintiff's claim depends on the contents of a document attached to the defendant's motion to dismiss, and the document's authenticity is unquestioned, the court may deem the document "incorporated" into the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *accord United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (stating that a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"). In deciding a motion to dismiss, a court "must consider the complaint in its entirety," including "matters of which a court may take judicial notice" and "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Khoja*, 899 F.3d at 999.

## II.    ARGUMENT

### A.    Judicial Notice

Exhibits 1–21 are judicially noticeable as publicly available web pages and are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *Hammerling v. Google LLC*, No. 21-CV-09004-CRB, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) ("webpages . . . are regularly the subject of judicial notice in this circuit"); *Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006), *order clarified*, No. C 05-4166 PJH, 2006 WL 734405 (N.D. Cal. Mar. 20, 2006) ("The court agrees with the proposition that, as a general matter, websites and their contents may be proper subjects for judicial notice.").

Exhibits 1-5 consist of Google's publicly available terms of service and policies governing the use of Google products for analytics and online advertising. Exhibit 3 is Google's publicly

available privacy policy.[1] Exhibits 6–21 are publicly available privacy policies, cookie policies, terms of service, and home pages for healthcare providers, hospital networks, and clinic operators identified in Plaintiffs' Amended Complaint. *See* FAC ¶¶ 19–31.

"These documents appear on publicly available websites and are thus proper subjects for judicial notice." *Brown*, 525 F. Supp. 3d at 1061. Courts in this District often take judicial notice of publicly available privacy policies and terms of service in privacy-related litigation (including many of the very same documents Google asks the Court to notice here). *See, e.g.*, *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (noticing Google's terms of service and privacy policies); *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (same); *Calhoun v. Google*, 526 F. Supp. 3d 605, 617–18 (N.D. Cal. 2021) (same); *Brown*, 525 F. Supp. 3d at 1061 (same); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (same for Yahoo's); *Yuksel v. Twitter, Inc.*, No. 22-CV-05415-TSH, 2022 WL 16748612, at *2 (N.D. Cal Nov. 7, 2022) (same for Twitter's terms of service and rules); *Coffee v. Google LLC*, No. 20-CV-03901-BLF, 2021 WL 493387, at *3–4 (N.D. Cal. Feb. 10, 2021) (same for Google's terms of service); *In re Fibrogen, Inc.*, No. 21-CV-02623-EMC, 2022 WL 2793032, at *6 (N.D. Cal. July 15, 2022) (noticing "publicly available press releases" by nonparties); *Bos. Ret. Sys. v. Uber Techs.*, No. 19-CV-06361-RS, 2020 WL 4569846, at *3 (N.D. Cal. Aug. 7, 2020) (noticing 26 news articles in a securities class action to show "that particular information was available to the stock market").

B.   **Incorporation by Reference**

In deciding Google's Motion to Dismiss, the Court also may consider the materials in Exhibits 1-3 and 5 for the additional reason that Plaintiffs' Amended Complaint incorporates them by reference. Where, as here, important documents are "referenced in a complaint but not

---

[1] For information about the scope of Google's Privacy Policy, see Google, *About this policy*, Privacy Policy, https://policies.google.com/privacy?hl=en-US#about (last visited July 21, 2023).

explicitly incorporated therein," "the complaint relies on the document[s]," and their "authenticity is unquestioned," a court may consider them when deciding a motion to dismiss. *Id.* This serves to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal quotations and citation omitted).

Exhibits 1-3 and 5 are Google's privacy policies and terms of service that are referenced and relied on by the Complaint's allegations regarding Google's cookie-related policies and conduct. *See* FAC ¶¶ 515 (alleging that Google has violated its "own policies, including but not limited to. . .Google's Terms of Service and Google's Privacy Policy," attached hereto as Exhibits 3 and 5); FAC ¶¶ 303, 410 (referencing the document attached hereto as Exhibit 2). Exhibit 1 is the Google Analytics Terms of Service, which is referenced in the Complaint. FAC ¶ 331 (quoting the Google Analytics Terms of Service).

Similarly, the Amended Complaint's allegations that Google violated Plaintiffs' "reasonable expectations" of privacy while using healthcare-related websites reference and rely on those websites' privacy policies, cookie policies, terms of service, and homepages, attached hereto as Exhibits 6-21. *See* FAC ¶¶ 20–31 (repeatedly alleging that Plaintiffs had a "reasonable expectation that Google would not track, collect, or monetize [] Health Information" in connection with their use of the sites whose policies are contained in Exhibits 6-21).

All of these documents are "integral to the . . . complaint" because it references and relies on them for its allegations. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (capitalization altered). Accordingly, Plaintiffs' Amended Complaint incorporates these documents by reference, and the Court may consider them in deciding Google's Motion to Dismiss.

### III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court consider Exhibits 1–21 under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in connection with Google's concurrently filed Motion to Dismiss.

Dated: December 21, 2023

WILLKIE FARR & GALLAGHER LLP

By: */s/ Benedict Hur*
     Benedict Hur
     Simona Agnolucci
     Eduardo Santacana
     David Doak
     Joshua Anderson
     Tiffany Lin
     Harris Mateen
     Naiara Toker

Attorneys for Defendant
GOOGLE LLC