**SIMMONS HANLY CONROY, LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
Nicole Ramirez Jones, State Bar No. 279017
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
*koncius@kiesel.law*
*ramirezjones@kiesel.law*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (admitted *pro hac vice*)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
*jguglielmo@scott-scott.com*

*Attorneys for Plaintiffs and the Proposed Class*
*Additional Counsel Listed on Signature Page*

**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
*clevis@lowey.com*
*afiorilla@lowey.com*

**LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP**
Michael W. Sobol, State Bar. No. 194857
Melissa Gardner, State Bar No. 289096
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
*msobol@lchb.com*
*mgardner@lchb.com*

**LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP**
Douglas Cuthbertson (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-950
Facsimile: (212) 355-9592
*dcuthbertson@lchb.com*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE I, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC.<br><br>Defendant. | Case No.: 3:23-cv-02431-VC<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Judge:  Hon. Vince Chhabria<br>Date:   February 29, 2024<br>Time:   10:00 AM<br>Ctrm:   4, 17th Floor |
| **This document applies to: All Actions** | |

# <u>TABLE OF CONTENTS</u>

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.      INTRODUCTION ................................................................................................................. 1

II.     LEGAL STANDARD............................................................................................................ 2

        A.      Judicial Notice ......................................................................................................... 2

        B.      Incorporation by Reference...................................................................................... 3

III.    THE CHALLENGED EXHIBITS ARE NOT SUBJECT TO JUDICIAL NOTICE.......... 3

        A.      The Challenged Exhibits Are Not Judicially Noticeable Because They Are
                Not Relevant to the Claims in This Action............................................................. 3

                1.      The Third-Party Policies' Content Is Not Relevant.................................... 3

                2.      The Third-Party Policies Are Not Binding on Plaintiffs ........................... 5

        B.      The Challenged Exhibits Are Not Judicially Noticeable Because Their
                Accuracy Is Subject to Question.............................................................................. 7

        C.      Moreover, the Truthfulness of the "Facts" Contained in the Challenged
                Exhibits Are Not Subject to Judicial Notice .......................................................... 8

IV.     THE CHALLENGED EXHIBITS ARE NOT INCORPORATED BY
        REFERENCE by THE FCAC ............................................................................................. 8

V.      CONCLUSION..................................................................................................................... 9

# <u>TABLE OF AUTHORITIES</u>

Page

**Cases**

*Colombo v. YouTube, LLC*
  2023 WL 4240226 (N.D. Cal. June 28, 2023)............................................................ 2

*Cottle v. Plaid Inc.*
  536 F. Supp. 3d 461 (N.D. Cal. 2021) .................................................................... 4

*Hammerling v. Google LLC*
  2022 WL 17365255 (N.D. Cal. Dec. 1, 2022).......................................................... 7

*In re Easysaver Rewards Litig.*
  737 F. Supp. 2d 1159 (S.D. Cal. 2010)................................................................... 7

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*
  402 F. Supp. 3d 767 (N.D. Cal. 2019).................................................................... 4

*In re Juul Labs, Inc., Antitrust Litig.*
  555 F. Supp. 3d 932 (N.D. Cal. 2021).................................................................... 4

*In Re Samsung Galaxy Smartphone Mktg. and Sales Pracs. Litig.*
  2020 WL 7664461 (N.D. Cal. Dec. 24, 2020)........................................................ 4

*J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*
  626 F.3d 431 (9th Cir. 2010) .................................................................................. 2

*Khoja v. Orexigen Therapeutics, Inc.*
  899 F.3d 988 (9th Cir. 2018) ......................................................................... passim

*Lee v. City of Los Angeles*
  250 F.3d 668 (9th Cir. 2001) .................................................................................. 2

*Nguyen v. Stephens Inst.*
  529 F. Supp. 3d 1047 (N.D. Cal. 2021) .................................................................. 1

*Patel v. Parnes*
  253 F.R.D. 531 (C.D. Cal. 2008)............................................................................ 2

*Resolute Forest Prods., Inc. v. Greenpeace Int'l*
  2019 WL 281370 (N.D. Cal. Jan. 22, 2019)........................................................... 7

*Rollins v. Dignity Health*
  338 F. Supp. 3d 1025 (N.D. Cal. 2018) .................................................................. 7

*Ruiz v. City of Santa Maria*
  160 F.3d 543 (9th Cir. 1998) .................................................................................. 2

*Rutter v. Apple Inc.*
2022 WL 1443336 (N.D. Cal. May 6, 2022) ................................................................. 3

*Smith v. Facebook, Inc.*
262 F. Supp. 3d 943 (N.D. Cal. 2017) .................................................................... 6, 7

*Umeda v. Tesla Inc.*
2020 WL 5653496 (N.D. Cal. Sept. 23, 2020) ........................................................... 2

*Weston v. DocuSign, Inc.*
2023 WL 3000583 (N.D. Cal. Apr. 18, 2023) ............................................................ 3

*Zaragoza v. Apple Inc.*
2019 WL 1171161 (N.D. Cal. Mar. 13, 2019) ............................................................ 9

**Statutes**

Cal. Civ. Code Ann. §56.10 (d) ................................................................................. 5

**Rules**

Fed R. Evid. 201(b) .................................................................................................. 2

Fed. R. Evid. 201(b)(2) ............................................................................................ 7

**Regulations**

45 C.F.R. §164.508 ................................................................................................... 5

45 C.F.R. §164.508(a)(3) .......................................................................................... 5

45 C.F.R. §164.508(c) .............................................................................................. 5

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.    **INTRODUCTION**

Plaintiffs submit this Opposition to Defendant Google LLC's Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint (ECF No. 89, the "Request for Judicial Notice" or "RJN").

Google's RJN seeks to expand the record on which this Court will decide its Motion to Dismiss by adding 21 exhibits. Plaintiffs do not contest that RJN Exhibits 1-5 are judicially noticeable and considerable on this motion to dismiss for the limited purpose of noticing what Google publicly stated (and not for the truth of those statements.) However, Plaintiffs oppose notice of RJN Exhibits 6-21 (the "Challenged Exhibits"), which comprise non-party healthcare providers' privacy policies and terms of service that are each not relevant to this matter and not subject to judicial notice. The Challenged Exhibits are, as the Ninth Circuit has found, improper attempts to "pile on numerous" irrelevant "documents to [defendant's] motions [] to undermine the complaint, and hopefully dismiss the case at an early stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

As the Ninth Circuit has made clear, "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998. As such, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint" except in two limited circumstances: (i) "an adjudicative fact . . . is 'not subject to reasonable dispute'" and may be judicially noticed; or (ii) the material is incorporated by reference by the pleadings because "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim[.]" *Id*. at 998-99, 1002. With respect to (i), materials that are irrelevant and thus not necessary to resolve the motion to dismiss are not judicially noticeable. *See Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047, 1054 (N.D. Cal. 2021). As detailed below, the Challenged Exhibits meet neither the requirements for judicial notice nor were they incorporated by reference into Plaintiffs' First Consolidated Amended Complaint (ECF No. 86, "FCAC").

1

PLAINTIFFS' OPPOSITION TO GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT – CASE NO. 3:23-cv-02431-VC

## II.    LEGAL STANDARD

As a general rule, "'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). There are two exceptions: judicial notice under Federal Rule of Evidence 201 and the incorporation by reference doctrine. *Khoja*, 899 F.3d at 998. With respect to the Challenged Exhibits, Google argues, incorrectly, that both exceptions apply. *See* RJN at 5-7.

### A.    Judicial Notice

Federal Rule of Evidence 201 permits – but does not require – courts to take notice of facts that are not subject to reasonable dispute when the facts: (1) are generally known in the court's jurisdiction, or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b).

Judicial notice is appropriate ***only if*** the facts are relevant to the issues before the court. *See Colombo v. YouTube, LLC*, No. 3:22-CV-06987-JD, 2023 WL 4240226, at *3 (N.D. Cal. June 28, 2023) (denying request for judicial notice where material is not relevant to the motion to dismiss) (citing *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998)); *Umeda v. Tesla Inc.*, No. 20-CV-02926-SVK, 2020 WL 5653496, at *2 (N.D. Cal. Sept. 23, 2020) (noting "even if matters sought to be proved are not subject to reasonable dispute, judicial notice of those matters is not appropriate if those matters are not relevant to the issues in the case").

Moreover, judicial notice of documents is generally limited to the fact that the document exists. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999; *see also J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 440 (9th Cir. 2010) (noting that "'[a]lthough the ***existence*** of a document may be judicially noticeable, the truth of statements contained in the document and its ***proper interpretation are not subject to judicial notice'*"*) (emphasis in original, citation omitted); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (holding documents' "content[s], and the inferences properly drawn from them, . . . is not a proper subject of judicial notice under Rule 201"). Thus, courts "cannot take judicial notice of disputed

facts contained in [] public records." *Khoja*, 899 F.3d at 999.

> **B.      Incorporation by Reference**

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint" in two narrow scenarios. *Khoja*, 899 F.3d at 1002. *First*, when the complaint itself "extensively" quotes from or refers to a specific document. *Id*. *And second*, in "those rare instances when assessing the sufficiency of a claim requires that the document at issue be reviewed." *Id*. "'[T]he mere mention of the existence of a document is insufficient to incorporate the contents' of a document." *Rutter v. Apple Inc.*, No. 21-CV-04077-HSG, 2022 WL 1443336, at *3 (N.D. Cal. May 6, 2022) (quoting *Khoja*, 899 F.3d at 1002).

## III.     THE CHALLENGED EXHIBITS ARE NOT SUBJECT TO JUDICIAL NOTICE

The Challenged Exhibits comprise images of webpages containing healthcare provider privacy information and terms of service that were selected by Google and downloaded between August 2 and August 3, 2023. *See* Declaration of Naiara Toker in Support of RJN, ECF No. 89-1 at 2-4. Google argues that the Challenged Exhibits are judicially noticeable for two alternate reasons: the documents "appear on publicly available websites" and/or they are incorporated by reference in the FCAC because Plaintiffs allege that Google violated their reasonable expectation of privacy while using "healthcare-related websites." ECF No. 89 at 5-7. But both of Google's arguments misstate the respective standards. For the reasons below, the Challenged Exhibits are not subject to judicial notice.

> **A.      The Challenged Exhibits Are Not Judicially Noticeable Because They Are Not Relevant to the Claims in This Action**

> **1.      The Third-Party Policies' Content Is Not Relevant**

As an initial matter, each of the Challenged Exhibits concerning healthcare providers' data collection policies should not be judicially noticed because they are ***not relevant*** to claims asserted in the action. *See Weston v. DocuSign, Inc.*, No. 22-CV-00824-WHO, 2023 WL 3000583, at *11 (N.D. Cal. Apr. 18, 2023) (declining to judicially notice documents not relevant to the Court's analysis); *Rutter,* 2022 WL 1443336, at *3 (same); *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 477

(N.D. Cal. 2021) (same); *In re Juul Labs, Inc., Antitrust Litig.*, 555 F. Supp. 3d 932, 968 (N.D. Cal. 2021) (same); *In Re Samsung Galaxy Smartphone Mktg. and Sales Pracs. Litig.*, No. 16-CV-06391-BLF, 2020 WL 7664461, at *4 (N.D. Cal. Dec. 24, 2020) (same).

Plaintiffs' claims exclusively concern ***Google's*** unauthorized collection and interception of health information through, among other things, source code embedded in healthcare providers' websites. *See, e.g.*, FCAC, ¶¶52-94. The healthcare provider policies Google seeks to judicially notice do not relate to Google's conduct at all, but instead concern the healthcare providers' actions vis-à-vis their own website visitors. *See, e.g.*, ECF Nos. 89-7 at 3, 89-8 at 2-3, 89-9 at 3, 89-10 at 6-7 (describing collection of general "cookies" directly by Health Care Providers). While these policies may show, at best, that certain healthcare providers disclosed their ***own*** conduct to users, they do not – and cannot – establish whether Google itself made adequate disclosures to Plaintiffs regarding its actions.

In *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 789 (N.D. Cal. 2019), this Court correctly stated that, to analyze "consent," it "must analyze the relevant contractual language to assess whether the users 'agreed' to" allow the defendant to engage in the conduct at issue. "[T]he true legal question is whether, by 'agreeing' to" the defendant's contractual documents, the Plaintiffs "consented to the alleged misconduct." *Id*. at 791. And, in analyzing that question, "it's important to reiterate the precise conduct at issue." *Id*. at 791-2. Here, the precise conduct at issue is by Google and the collection of Health Information from HIPAA and CMIA-covered entities. Google's contracts expressly promise that it will "collect Health Information," but only "if you choose to provide it." No other inquiry is necessary. Documents from non-parties such as the Challenged Exhibits are not relevant to such analysis.

Google's attempt to use these third-party policies for this purpose is further undermined by contradictions between the Challenged Exhibits and Google's own privacy policy. Google's Privacy Policy expressly promises individuals that it may collect health information only "if you choose to provide it." *See* ECF No. 89-4 at 18. It does not reference or incorporate any of the Challenged Exhibits, nor does it provide a way for a healthcare provider to override Google's

4

PLAINTIFFS' OPPOSITION TO GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT – CASE NO. 3:23-cv-02431-VC

policy by making its own disclosures. A reasonable person who reads this policy would, therefore, expect Google to honor its promise and not collect health information unless they explicitly chose to disclose it to Google, regardless of what a healthcare provider's policy said. Thus, even if Google could find a third-party privacy policy that says: "We will send your health information to Google" (which it has not) that statement would be irrelevant as it cannot override the affirmative promise Google made to Plaintiffs and Class members not to collect health information.

### 2.      The Third-Party Policies Are Not Binding on Plaintiffs

The Challenged Exhibits are also irrelevant because they are not legally sufficient to establish consent for sending health information to Google (or for Google to collect it) under HIPAA. Pursuant to 45 C.F.R. §164.508, a healthcare provider may not share personal health information with a third party for any reason not associated with treatment, payment, or healthcare operations, unless it first obtains an "authorization" consistent with the HIPAA Privacy Rule. The general rules for authorizations require them to (1) be in writing; (2) describe the "information to be used or disclosed … in a specific and meaningful fashion;" (3) identify the persons, or class of persons who will use or disclose the information; (4) describe "each purpose of the requested use or disclosure;" (5) include an "expiration date"; (6) be signed and dated by the individual; (7) provide notice that (i) the authorization can be revoked; (ii) the consequences, if any, of failing to provide authorization; and (iii) the potential for information disclosed pursuant to the authorization to be subject to redisclosure; and (8) in plain language. 45 C.F.R. §164.508(c). For healthcare provider disclosures for marketing purposes, a separate authorization must be obtained, and, if it involves "financial remuneration" it "must state that such remuneration is involved." 45 C.F.R. §164.508(a)(3).[1]

The United States Department of Health and Human Services ("HHS") has made clear that a healthcare provider's website privacy policy is not sufficient to obtain any valid consent to

---

[1] Similar requirements exist under the California Confidentiality of Medical Information Act ("CMIA"). Cal. Civ. Code Ann. §56.10 (d).

disclosure of private health information ("PHI"). In its December 2022 Bulletin reminding healthcare providers of their obligations, HHS stated:

> Regulated entities may identify the use of tracking technologies in their website or mobile app's privacy policy, notice, or terms and conditions of use. However, the Privacy Rule does not permit disclosures of PHI to a tracking technology vendor based solely on a regulated entity informing individuals in its privacy policy, notice, or terms and conditions of use that it plans to make such disclosures. Regulated entities must ensure that all tracking technology vendors have signed a BAA and that there is an applicable permission prior to a disclosure of PHI.

U.S. Dep't. of Health & Human Services, *Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates,* (2022), https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html. Nor is a pop-up banner sufficient.

Moreover, HHS has made clear that the rules apply to Google. In the same Bulletin, HHS explained that the long-existing HIPAA Privacy Rule provides that "[a] tracking technology vendor is a business associate, regardless of whether the required [Business Associate Agreement] is in place" prior to the sharing of information. *Id*. The privacy policies Google seeks to judicially notice are exactly the kind of documents that HHS has already found insufficient to obtain consent for the disclosure of health information.[2] This confirms their lack of relevance and further supports denying Google's motion.

Any attempt by Google to cite *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 956 (N.D. Cal. 2017), *aff'd*, 745 F. App'x. 8 (9th Cir. 2018), should be rejected. In *Smith*, (1) the putative class was not limited to patients or non-patients communicating with healthcare providers about treatments, conditions, or doctors; (2) the "health" websites at issue were not limited to HIPAA- or CMIA-covered entities; (3) no patient portals were involved; (4) the plaintiffs did not specify or allege that the information at issue involved treatments, conditions, doctors, or any other HIPAA-covered information; and (5) Facebook had not expressly stated that it would "collect

---

[2] Google curiously ignores the Notice of Privacy Practices statements that are present on every healthcare provider's web-property.  These statements uniformly promise that a healthcare provider will never share a patient's PHI for marketing purposes without express authorization – because that is what is required by federal law.

Health Information," but "only if you choose to provide it." Here, the opposite is true in all respects.

Contrary to any reliance on *Smith*, Google has publicly acknowledged that HIPAA applies to the use of Google Analytics on healthcare provider web-properties – on both so-called "authenticated" webpages (*i.e.,* patient portals) and on "unauthenticated" webpages involving information described in the HIPAA Bulletin (*i.e.*, a patient portal log-in page or pages that address symptoms, health conditions, doctors, or appointments). *See* FCAC, ¶303 (referencing Google's *HIPAA and Google Analytics* document).

### B. The Challenged Exhibits Are Not Judicially Noticeable Because Their Accuracy Is Subject to Question

But even if Google could demonstrate their relevance (which it has not), privately maintained websites and applications do not automatically qualify as "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[A] document is not judicially noticeable 'simply because it appears on a publicly available website, regardless of who maintains the website or the purpose of the document.'" *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, No. 17-CV-02824-JST, 2019 WL 281370, at *1 (N.D. Cal. Jan. 22, 2019) (quoting *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018)). That is so because webpages are "changed, modified, and revised over time." *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010). Not only are the Challenged Exhibits from websites maintained by third parties to this matter, the documents also date from well after Plaintiffs allege Google first accessed Plaintiffs' information. As such, the Challenged Exhibits are not judicially noticeable. *See Hammerling v. Google LLC*, No. 21-CV-09004-CRB, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) ("While it may be true that these are the most recent privacy policy and data disclosure… they may not contain the same disclosures… [t]hey thus contain no facts that can be 'judicially noticeable for [their] truth[]'") (quoting *Khoja*, 899 F.3d at 999).

C.     **Moreover, the Truthfulness of the "Facts" Contained in the Challenged Exhibits Are Not Subject to Judicial Notice**

Google's request for judicial notice also fails because it seeks to obtain judicial notice of the truthfulness of facts outside of the FAC. *See Khoja*, 899 F.3d at 1000 ("It is improper to judicially notice a [document] when the substance of the [document] is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes[]"). Google, in its Motion to Dismiss, references the content of the Challenged Exhibits to argue that Plaintiffs consented to Google's privacy intrusions and other misconduct. *See, e.g.,* ECF No. 88 at 21. By doing so, Google improperly seeks to use judicial notice to establish purported "facts" that are subject to dispute. Whether any version of the Challenged Exhibits was disclosed to Plaintiffs, and (if so), whether those versions of the terms and policies, or any other disclosures, would inform a reasonable consumer of Google's conduct, are factual questions that cannot be resolved in Google's favor. They are ineligible for judicial notice. *Khoja*, 899 F.3d at 1000.

Judicial notice of a fact is appropriate only where the fact "is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)-(2)). Importantly, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*. As a consequence, judicial notice of the existence of a document is typically distinct from judicial notice of the contents of a document for the truth of the matters asserted therein. *See id*. 999-1000. At the very least, Google's RJN of the Challenged Documents for the truth of the matters asserted therein should be denied.

IV.     **THE CHALLENGED EXHIBITS ARE NOT INCORPORATED BY REFERENCE BY THE FCAC**

Plaintiffs' FCAC contains no references to the Challenged Exhibits. Rather, Google argues that the Challenged Exhibits are incorporated by reference because Plaintiffs allege that they had a reasonable expectation of privacy, specifically that Google would not track, collect, or monetize their health information. RJN, ECF No. 89 at 7. However, this falls short of the "rare instances" in

which assessing the sufficiency of a plaintiff's claim requires that the Challenged Exhibits be reviewed. *Khoja*, 899 F.3d at 1002 ("if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint").

Here, Google is seeking to use the Challenged Exhibits to establish a defense to Plaintiffs' claims. This is not a basis for incorporation by reference doctrine. *Id.* at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint"); *see also Zaragoza v. Apple Inc.*, No. 18-CV-06139-PJH, 2019 WL 1171161, at *11 (N.D. Cal. Mar. 13, 2019) (finding a contract that all consumers must enter into before making purchases not incorporated by reference). The Challenged Exhibits are neither incorporated nor relied upon in Plaintiffs' FCAC. While some of Google's defenses rely on them, that does not render the Challenged Exhibits incorporated by reference.

## V.     CONCLUSION

Google's RJN of Exhibits 6-21 should be denied.


Dated: January 25, 2024                          **LOWEY DANNENBERG, P.C.**

                                                 */s/ Christian Levis*
                                                 Christian Levis (admitted *pro hac vice*)
                                                 *clevis@lowey.com*
                                                 Amanda Fiorilla (admitted *pro hac vice*)
                                                 *afiorilla@lowey.com*
                                                 44 South Broadway, Suite 1100
                                                 White Plains, NY 10601
                                                 Tel.: (914) 997-0500
                                                 Fax: (914) 997-0035

                                                 **SIMMONS HANLY CONROY LLC**
                                                 Jason 'Jay' Barnes (admitted *pro hac vice*)
                                                 *jaybarnes@simmonsfirm.com*
                                                 An Truong (admitted *pro hac vice*)
                                                 *atruong@simmonsfirm.com*
                                                 112 Madison Avenue, 7th Floor
                                                 New York, NY 10016
                                                 Tel.: 212-784-6400
                                                 Fax: 212-213-5949

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
Nicole Ramirez Jones, State Bar No. 279017
*ramirez@kiesel.law*
Mahnam Ghorbani, State Bar No. 345360
*ghorbani@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel.: 310-854-4444
Fax: 310-854-0812

**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
Michael W. Sobol, State Bar No. 194857
*msobol@lchb.com*
Melissa Gardner, State Bar No. 289096
*mgardner@lchb.com*
Jallé H. Dafa, State Bar No. 290637
*jdafa@lchb.com*
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: 415 956-1000
Fax: 415-956-1008

Douglas Cuthbertson (admitted *pro hac vice*)
*dcuthbertson@lchb.com*
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212 355-9500
Fax: 212-355-9592

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Hal D. Cunningham, State Bar No. 243048
*hcunningham@scott-scott.com*
Sean Russell, State Bar No. 308962
*srussell@scott-scott.com*
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565
Fax: (619) 233-0508

Joseph P. Guglielmo (admitted *pro hac vice*)
*jguglielmo@scott-scott.com*
Ethan Binder (admitted *pro hac vice*)
*ebinder@scott-scott.com*

230 Park Ave., 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334

*Attorneys for Plaintiffs and the Proposed Class*

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: January 25, 2024                   */s/Jeffrey A. Koncius*
                                                Jeffrey A. Koncius