**WILLKIE FARR & GALLAGHER LLP**
BENEDICT HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
EDUARDO SANTACANA (SBN 281668)
  esantacana@willkie.com
DAVID D. DOAK (SBN: 301319)
  ddoak@willkie.com
JOSHUA D. ANDERSON (SBN: 312836)
  jpanderson@willkie.com
TIFFANY LIN (SBN 321472)
  tlin@willkie.com
HARRIS MATEEN (SBN 335593)
  hmateen@willkie.com
NAIARA TOKER (SBN 346145)
  ntoker@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:  (415) 858-7400
Facsimile:  (415) 858-7599

Attorneys for Defendant
**GOOGLE LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I, et al., individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>GOOGLE LLC,<br><br>                    Defendant. | Case No. 3:23-cv-02431-VC<br>(Consol. w/ 3:32-cv-02343-VC)<br><br>**DEFENDANT GOOGLE LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**Date:  March 14, 2024**<br>**Time:  10:00 a.m.**<br>**Ctrm.: 4**<br>Consol. Complaint Filed: July 13, 2023<br><br>*District Judge Vince Chhabria*<br>*San Francisco Courthouse, Ctrm. 4* |

## I.  INTRODUCTION

Plaintiffs concede that the Court may properly take judicial notice or otherwise consider five of the exhibits attached to the Toker Declaration (the "Exhibits"), Dkts. 89-2 through 89-6. The Court should therefore consider these exhibits for the reasons stated in Google's Request for Judicial Notice (the "RJN") [Dkt. 89].

Plaintiffs' objections to the remaining Exhibits (Toker Decl. Exs. 6-21 [Dkt. 89-7 through 89-22], the "Challenged Exhibits") are entirely unfounded. These exhibits consist of publicly available privacy policies, terms of service, and homepages for healthcare-related websites referenced in Plaintiffs' First Amended Consolidated Class Action Complaint (the "Complaint" or "FAC"). Plaintiffs do not question whether the Challenged Exhibits are publicly available or authentic, and offer no basis to challenge their accuracy. Instead, Plaintiffs invent relevance and "legal sufficiency" objections in an attempt to advance substantive arguments that are unrelated to the RJN and circumvent the page limit for opposing Google's Motion to Dismiss.

As discussed below, the Challenged Exhibits are properly before the court because they are (1) incorporated by reference in the Complaint; (2) relevant and Plaintiffs have not challenged their authenticity; and (3) offered to prove their existence and the existence of contents contained therein. In addition, the Court should strike Pages 5 through 6 of the Opposition as improper substantive argument.

## II.  ARGUMENT

### A.  The Challenged Exhibits Are Incorporated by Reference in Plaintiffs' Complaint

The Court may consider the Challenged Exhibits because they are incorporated by reference into the Complaint. RJN at 6-7. The incorporation-by-reference doctrine exists to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citations and quotations omitted).

This is precisely what Plaintiffs seek to do here. Plaintiffs not only name each of the 14 healthcare-related websites for which Google requests judicial notice of the corresponding terms (the "Websites,") but claim that Google "tracked, collected, and monetized" Plaintiffs' health information on

these websites without their "knowledge or consent." FAC ¶¶ 20–31. The Challenged Exhibits are necessarily implicated by Plaintiffs' use of the websites to "exchange[] communications" about their care, and all directly inform whether Plaintiffs had knowledge of and consented to the Websites' use of Google products. *Id.* ¶¶ 20-31. The incorporation-by-reference doctrine "extend[s]" to "situations in which the plaintiff's claims depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Plaintiffs base their claims on their interactions with these Websites, but ask the Court to ignore the terms applicable to their activity. The incorporation-by-reference doctrine squarely prevents that result. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims"). Having adopted these Websites as the basis of their claims, Plaintiffs must also contend with the parts that doom their claims. *See Birdsong v. AT&T Corp.*, No. C12–6175 TEH, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013) (incorporating release agreement by reference because plaintiff "would have no valid claims unless the release agreement did not bar them"). Plaintiffs' allegations regarding notice and consent are critical to all of Plaintiffs' claims. Because the Challenged Exhibits contain the terms and policies that are central to Plaintiffs' Complaint, they are incorporated by reference and subject to judicial notice.

### B. The Challenged Exhibits Are Properly Subject to Judicial Notice Because They Are Relevant And Plaintiffs Offer No Basis to Challenge Their Accuracy

Instead of meaningfully addressing whether it is appropriate for the Court to take judicial notice of the Challenged Exhibits, Plaintiffs argue that the exhibits are not "binding" or "legally sufficient" to prove consent. Plaintiffs' Opposition to Google's RJN [Dkt. 98] (the "Opposition," or "RJN Opp.") at 5. This is a red herring: legal sufficiency has no bearing on judicial notice. Rather, the Court may review "matters properly subject to judicial notice" in determining whether **Plaintiffs' Complaint** is legally sufficient. *Zaghi v. State Farm Gen. Ins. Co.*, 77 F. Supp. 3d 974, 976 (N.D. Cal. 2015). Judicial notice

is permissible if a fact is "not subject to reasonable dispute" because it can be "determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Challenged Exhibits satisfy that rule. Setting aside Plaintiffs' "legal sufficiency" facade, Plaintiffs object to the judicial notice of the Challenged Exhibits on the grounds that the exhibits are irrelevant to Plaintiffs' claims, and that their accuracy can reasonably be questioned. RJN Opp. at 5–7. Both objections are meritless.

*First*, the Challenged Exhibits are not only relevant, but integral to Plaintiffs' claims. Plaintiffs repeatedly allege having a "reasonable expectation that Google would not track, collect, or monetize Health Information" in connection with their use of the Websites. FAC ¶¶ 20–31. The Challenged Exhibits contain the Websites' terms and policies which disclose the Websites' use of cookies and third-party software. The Challenged Exhibits are central to Plaintiffs' allegations regarding Plaintiffs' knowledge of and consent to the Websites' use of Google products, and whether the Websites abided by Google's Terms of Service. *See, e.g.*, FAC ¶ 266–67 (alleging Google contravenes its own Terms of Service and Privacy Policy), ¶ 290 (alleging Google does not require Health Care Providers to respect privacy rights and does not take corrective action against publishers that violate its policies),¶ 238(e) (emphasizing that health care providers are responsible for ensuring notice and consent for the disclosure of health information), ¶ 486 (alleging "Google's **placement of Google Cookies** . . . on [the Websites] was done intentionally and **without Plaintiffs' and Class Members' knowledge or authorization**") (emphasis added). The Challenged Exhibits thus underlie all of Plaintiffs' claims.

*Second*, Plaintiffs do not (and cannot) dispute the public availability or authenticity of the Challenged Exhibits. Nor do Plaintiffs actually argue that the Challenged Exhibits are inaccurate. The only arguments Plaintiffs raise regarding "accuracy" are (1) that not all documents appearing on public websites are judicially noticeable and (2) the Challenged Exhibits were not pulled on the date the Plaintiffs first accessed the Websites. RJN Opp. at 7. Both arguments are irrelevant.

Documents appearing on public websites are judicially noticeable unless the opposing party offers a basis to challenge their authenticity or accuracy. *See Lloyd v. Facebook, Inc.*, No. 21-cv-10075-EMC, 2022 WL 4913347, at *4 (N.D. Cal. Oct. 3, 2022) (collecting cases finding website privacy policies and terms of service are subject to judicial notice); *see also Brown v. Google LLC*, 525 F. Supp.

3d 1049, 1061 (N.D. Cal. 2021) ("These documents appear on publicly available websites and are thus proper subjects for judicial notice."); *Hammerling v. Google LLC*, No. 21-cv-09004-CRB, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) ("Because Plaintiffs do not dispute the accuracy of the contents of the Help Center webpage, and because webpages like this one are regularly the subject of judicial notice in this circuit, the Court takes judicial notice of [the] Exhibit."). Here, Plaintiffs do not question whether the healthcare-related Websites repeatedly cited in the Complaint are unreliable or inaccurate, nor do they offer any basis to challenge the authenticity or accuracy of the policy documents found within. FAC ¶¶ 20-31, 62, 73, 82, 83, 93. *See Khoja.*, 899 F.3d at 999 (finding judicial notice appropriate where there can be no "reasonable dispute" about a fact and explaining that "a fact is not subject to reasonable dispute if it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned") (citation and quotation omitted).

Plaintiffs' argument that the accuracy of these exhibits can be questioned because they were pulled after the Plaintiffs first accessed them is similarly misguided. The Challenged Exhibits, which were accessed on August 2–3, 2023, represent the most current versions of the Websites' policies at the time of filing. Toker Decl. ¶¶ 7–22. The Complaint does not indicate the relevant time period in which Plaintiffs—or the class they aim to represent— allegedly visited the websites. Plaintiffs cannot, on the one hand, withhold information about the relevant time period in which their alleged injuries occurred, and, on the other hand, complain that Google has failed to include websites from the relevant time period. And regardless, Plaintiffs specifically plead concern regarding future use of the Websites and allege a threat of future injuries. FAC ¶¶ 474, 476. In any event, Plaintiffs fail to even suggest that there is any material difference between the Challenged Exhibits and the versions first accessed by Plaintiffs.

C. **The Existence and Contents of the Challenged Exhibits Are Properly Subject to Judicial Notice**

Plaintiffs protest that the Court may not accept the truth of any reasonably disputed facts underlying the Challenged Exhibits, including "whether those versions of the terms and policies, or any other disclosures, would inform a reasonable consumer of Google's conduct[.]" RJN Opp. at 8. But Google does not request that the Court determine that the statements in the documents are true, only that

the Court recognize the existence and contents of the policies that governed Plaintiffs' use of the websites. This is a well-established matter of judicial notice in the Northern District of California. *See In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 814 (N.D. Cal. 2020) (holding "the existence of [publicly available] documents is a judicially noticeable fact" and taking judicial notice of Google's warranty appearing on a publicly accessible website).

For instance, Google cites RJN Exhibits 6-21 to show that the websites upon which Plaintiffs base their claims disclose to their users the use of cookies to collect information and their use of third-party tools. Google's Motion to Dismiss Plaintiffs' First Amended Complaint [Dkt. 88] at 4. As these exhibits demonstrate, the websites have publicly available policies disclosing their data collection and use. Plaintiffs do not "reasonably dispute" the existence of those policies, much less state any "reasonable" basis by which they could do so. And Google does not, for example, cite Exhibit 8 to prove whether, as stated on Mercy's website, Mercy "strive[s] to provide high quality content" or that Mercy "believe[s] protecting the security of online information is important." Toker Decl. Ex. 8 [Dkt. 89-9]. This Court can take judicial notice "of the fact that these documents exist" and "the existence of the contents therein." *Cal. Sportfishing Prot. All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038–39 (N.D. Cal. 2017); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (same); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (same).

Here, because Google seeks to show that the documents "say[] what [they] say," and there is no reasonable dispute over the accuracy and substance of these terms, the Court can and should consider the Challenged Exhibits. *Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d 1131, 1143 (N.D. Cal. 2019) (granting judicial notice of an extrinsic contract on a pleadings challenge, either under judicial notice or the incorporation-by-reference doctrine).

    **D.**    **The Court Should Strike Pages 5 through 6 of Plaintiffs' Opposition that Inappropriately Advance Substantive Argument Opposing Google's Motion to Dismiss**

Plaintiffs appear to have opposed the RJN in part to exceed the Court-ordered page limit and advance substantive arguments that could have been made within the confines of Plaintiffs' opposition

to Google's Motion to Dismiss. Plaintiffs' attempt to evade page limits is improper and should not be considered by the Court. *See Dickey v. Advanced Micro Devices, Inc.*, 2016 WL 1375571, at *2 (N.D. Cal. Apr. 7, 2016) ("The court warns that the parties should not use judicial notice papers to make arguments that should have been made within the parties' opening, opposition, or reply briefs, for which the Civil Local Rules of this District set particular page limits.").

While Plaintiffs' entire Opposition is peppered with inappropriate substantive argument, *see, e.g.*, RJN Opp. at 5 (arguing how a reasonable person would interpret Google's Privacy Policy), the most egregious is the lengthy discussion of authorization requirements for healthcare providers under HIPAA. RJN Opp. at 5–6. Plaintiffs spend pages detailing HIPAA's statutory requirements and quoting—but not contesting the accuracy or authenticity of—one of Google's RJN Exhibits to advance an argument they excluded from their opposition to Google's Motion to Dismiss. *Id.* (referencing FAC ¶ 303, which reproduces Toker Decl. Ex. 2). Plaintiffs also attempt to preemptively distinguish *Smith v. Facebook*, an opinion that does not concern or even mention judicial notice. 262 F. Supp. 3d 943 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018). The Court should strike pages 5 through 6 of Plaintiffs' Opposition as the arguments on those pages have no bearing on the RJN and function only to advance Plaintiffs' substantive arguments. *See* RJN Opp. at 5–6; *In Re Violin Memory Secs. Litig.*, 2014 WL 5525946, at *17 n.8 (N.D. Cal. Oct. 31, 2014) ("The inclusion of such argument in a brief purporting to address only whether the Court should take judicial notice of certain documents is improper . . . [and] Plaintiffs' substantive argument . . . is stricken.").

### III.  CONCLUSION

For the reasons stated above, Google respectfully requests that the Court grants Google's Request for Judicial Notice and strike Pages 5 through 6 of the Opposition.

| | |
|---|---|
| Dated: February 8, 2024 | WILLKIE FARR & GALLAGHER LLP<br>Benedict Hur<br>Simona Agnolucci<br>Eduardo Santacana<br>David Doak<br>Joshua Anderson<br>Tiffany Lin<br>Harris Mateen<br>Naiara Toker<br><br>By:  */s/ Benedict Hur*<br>     Benedict Hur<br><br>Attorneys for Defendant<br>GOOGLE LLC |

GOOGLE LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 3:23-cv-02431-VC
- 7 -