**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur (SBN: 224018)
Simona Agnolucci (SBN: 246943)
Eduardo E. Santacana (SBN: 281668)
Tiffany Lin (SBN: 321472)
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:  (415) 858-7400
Facsimile:  (415) 858-7599
bhur@willkie.com
sagnolucci@willkie.com
esantacana@willkie.com
tlin@willkie.com

*Attorneys for Google LLC*

**SIMMONS HANLY CONROY, LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949
jaybarnes@simmonsfirm.com
ejohnson@simmonsfirm.com
atruong@simmonsfirm.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (admitted *pro hac vice*)
    jguglielmo@scott-scott.com
Ethan Binder (admitted *pro hac vice*)
    ebinder@scott-scott.com
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

*Attorneys for Plaintiffs and the Proposed Class*
*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE I, et al. on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>GOOGLE LLC,<br><br>          Defendant.<br><br>**This Order applies to: All Actions** | Case No. 3:23-cv-02431-VC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:       Hon. Vince Chhabria<br><br><br>Action Filed:  May 12, 2023<br>Trial Date:    Not Set |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. <u>DEFINITIONS</u>

2.1  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3  <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4  <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

2.6   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past (in the last 7 years) or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. The parties agree to meet and confer if a good-faith exception to this provision is needed.

2.7   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8   <u>House Counsel</u>: attorneys who are members in good standing of at least one state bar, who are employees of a Party, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11   <u>Party</u>: any Plaintiff or Defendant to this action.

2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its Counsel to provide litigation support services with respect to this action, (2) whose employees or subcontractors assigned to this action are not a past or current employee of a Party or of a Party's competitor, and

(3) whose employees or subcontractors assigned to this action, at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material in this action.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any production of Source Code or use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party should designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, and it is feasible and not unduly burdensome to do so, such as in the context of Interrogatory responses, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party when practical identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, feasible, and not unduly burdensome, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Parties shall jointly file and serve a motion and memorandum setting forth their respective positions regarding a motion to re-designate or de-designate under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable). Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Parties shall file any joint response within 21 days of the joint motion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

In this litigation, unless otherwise agreed to by the Parties, a Party may not use Protected Material that has been produced and/or provided in the past, current, or future litigation(s) involving the Designating Party, including information copied or extracted from such Protected Material, copies, excerpts, summaries, or compilations of such Protected Material, and any testimony, conversations, or presentations by Parties or their Counsel that might reveal such Protected Material. Similarly, Protected Material produced and/or provided in this litigation may not be used in other past, current, or future litigation involving the Designating Party. This provision does not apply to Protected Material that was initially designated as Protected Material but later de-designated or disclosed in the public record in another litigation.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material shall not be disseminated by a Receiving Party, except for transmission to persons authorized under this Order, without the written permission of the Producing Party or by further order of the Court.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

---

[1]      In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court, prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     stenographic reporters, videographers and/or their staff, professional jury or trial consultants (except that mock jurors and focus group participants may not be shown such information), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action who are not employees of Google's current competitors at the time of the examination, to whom disclosure is reasonably necessary, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. The parties agree that this paragraph shall not preclude the Receiving Party from disclosing CONFIDENTIAL materials to witnesses who are employees of Google and to whom it is reasonably necessary to disclose the information for this litigation. Before making such a disclosure, the Receiving Party must provide notice sufficient to allow the Designating Party to object.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information.

1    7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2    Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

3    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

4    CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

5    (a)   the Receiving Party's Outside Counsel of Record in this action, as well as

6    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

7    information for this litigation  and who have signed the "Acknowledgment and Agreement to Be

8    Bound" that is attached hereto as Exhibit A;

9    (b)   House Counsel of the Receiving Party to whom disclosure is reasonably

10   necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

11   Bound" (Exhibit A);

12   (c)   Experts of the Receiving Party (1) to whom disclosure is reasonably necessary

13   for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

14   A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

15   (d)   the Court and its personnel;

16   (e)   stenographic reporters, videographers and their respective staff, professional

17   jury or trial consultants (except that mock jurors and focus group participants may not be shown

18   such information), and Professional Vendors to whom disclosure is reasonably necessary for this

19   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20   and

21   (f)   the author or recipient of a document containing the information or a custodian

22   or other person who otherwise possessed or personally knows the information, unless the

23   Designating Party objects to the disclosure.

24   7.4   Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –

25   ATTORNEYS' EYES ONLY" Information or Items to Experts.

26   (a)   Unless otherwise ordered by the court or agreed to in writing by the

27   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

28   information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" pursuant to paragraphs 7.3(c) or 7.4(b) first must make a written request to the Designating Party[2] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[3] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[4]

(b)      A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)      A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance

---

[2]      For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[3]      If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[4]      It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d)     In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(e)     A party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

1    (c)    cooperate with respect to all reasonable procedures sought to be pursued by

2 the Designating Party whose Protected Material may be affected.[5]

3    If the Designating Party timely[6] seeks a protective order, the Party served with the subpoena

4 or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

5 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court

6 from which the subpoena or order issued, unless the Party has obtained the Designating Party's

7 permission. The Designating Party shall bear the burden and expense of seeking protection in that

8 court of its confidential material – and nothing in these provisions should be construed as

9 authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

10 another court.

11   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

12   LITIGATION

13   (a)    The terms of this Order are applicable to information produced by a Non-Party

14 in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15 ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this

16 litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions

17 should be construed as prohibiting a Non-Party from seeking additional protections.

18   (b)    In the event that a Party is required, by a valid discovery request, to produce a

19 Non-Party's confidential information in its possession, and the Party is subject to an agreement with

20 the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

21   1.    promptly notify in writing the Requesting Party and the Non-Party that

22 some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

23

24

25

---

26 [5]    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

27 [6]    The Designating Party shall have at least 14 days (unless the subpoena requires compliance earlier than 14 days and the Receiving Party has sought and failed to receive an extension) from the

28 service of the notification pursuant to Section 8(a) to seek a protective order.

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[7] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to the Designating Party of such breach, including information

---

[7]      The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

11.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.

Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any attorney-client privileged or work-product-protected documents (as defined by Fed. R. Civ. P. 34(a)(1)) and accompanying metadata ("Privileged Documents"), shall not result in the waiver of any claim of privilege or work product protection associated with such Privileged Documents as to the Receiving Party or any third parties in this or in any other state or federal proceeding, regardless of the circumstances of such production or disclosure. Except as otherwise described below, this Paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Privileged Documents. Except as otherwise set forth in Paragraph 11.3 below, the Producing Party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work product protection over disclosed communications, information, and documents. Notwithstanding the foregoing, this Stipulation does not preclude a party from voluntarily waiving a claim or privilege or other protection.

11.1 <u>Clawback Notice for Non-Used Documents.</u>  In the event that a Producing Party discovers that it produced Privileged Documents, it shall provide written notice of the claim to the Receiving Party (a "Clawback Notice") identifying the subject Privileged Documents within fourteen calendar days of its discovery by Outside Counsel of Record. The Clawback Notice shall include (i) the Bates range of each Privileged Document the Producing Party seeks to claw back,

(ii) a privilege log (in the format agreed by the parties) listing the item(s) produced, and (iii) a new copy of each Privileged Document (utilizing the same Bates number as the original). If the Producing Party claims that only a portion of the Privileged Document contains privileged or other Protected Material, the new copy will be redacted to protect only the portion(s) claimed to be privileged or work product. If the Producing Party claims that the entire document is privileged or protected, then the Producing Party shall provide a slip sheet noting that the document has been withheld. The privilege log accompanying the Clawback Notice shall provide the basis for the privilege claim. A Producing Party may not claw back documents that it has used in filings with the Court.

> 11.2   <u>Procedures Following Clawback Notice.</u>

(a)   <u>No Challenge:</u>  Within fourteen calendar days of receipt of a Clawback Notice (unless the Receiving Party challenges the Producing Party's claim of privilege as set forth below), or a Receiving Party's own determination that Privileged Document(s) were produced, or a determination by the Court that documents produced are Privileged Document(s), the Receiving Party must promptly return and/or destroy the Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed, and notify the Producing Party when this is complete.

(b)   <u>Challenge</u>: If a Receiving Party challenges a claim that a document specified in a Clawback Notice is privileged or work-product-protected:

(i)   the Receiving Party shall notify the Producing Party of its challenge (and the reasons therefor) within fourteen calendar days of receiving the Clawback Notice asserting the claim.[8] The Receiving Party shall sequester the challenged document, all copies thereof, and any notes that reproduce, copy, or otherwise disclose or use the substance of the information for which privilege is claimed, until the claim has been resolved.

(ii)   Within seven calendar days of the Producing Party's receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their

---

[8]   The Parties will agree to reasonable extensions of this time period in the event a Producing Party seeks to claw back more than twenty-five documents at the same time.

disagreement. If the parties are unable to reach agreement, within fourteen calendar days of the meet and confer, the parties shall submit a joint discovery letter to the Court consistent with the discovery dispute procedures outlines in Judge Chhabria's Standing Order for Civil Cases, submitting the issue for a determination and, upon the Court's request, an in camera review. The document(s) listed in the Clawback Notice shall not be used or disclosed by the Receiving Party during the time in which the parties are meeting and conferring about the privileged nature of the document(s) or during the time in which the challenge is before the Court for determination, unless otherwise agreed in writing by the parties or ordered by the Court. This includes a restriction against presenting the information to the court for a determination of the claim unless and until the Court orders in camera review of the documents at issue. The Producing Party shall bear the burden of establishing the privileged or protected nature of the document(s).

11.3   Clawback Procedures for Document Used in Depositions, Court Filings, Hearings, and Expert Reports.

(a)   If, during a deposition, a Producing Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected work product, the Producing Party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privileged or work-product-protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. If the Producing Party allows the examination concerning the document to proceed consistent with this paragraph, all parties shall sequester all copies of the document(s) in dispute. As to any testimony subject to a claim of privilege or work product, the producing party shall serve a Clawback Notice within 21 calendar days of the deposition, after which the parties shall follow the procedures set forth in Paragraph 11.2. Pending determination of the clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Paragraph 11.2. In the event the Court decides the clawback dispute in the

Receiving Party's favor and the receiving party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available within 14 days of the Court's decision.

(b)     If a Receiving Party uses discovery materials at a deposition or in a court filing, at a hearing, or in an expert report and the Producing Party has not served a Clawback Notice as to those materials in advance of the deposition, court filing, hearing, or service of expert report, the Producing Party shall serve a Clawback Notice within 21 calendar days of the deposition, court filing, hearing, or service of expert report if the Producing Party claims that any discovery materials used by the Receiving Party are attorney-client privileged or protected work product. Thereafter, the procedures set forth in Paragraph 11.2 shall apply. The Parties agree that any document used by any Party in a deposition, court filing, hearing or expert report, for which a Producing Party does not serve a Clawback Noticewithin 21 calendar days of its use ("Used Document"), shall be analyzed under FRE 502(b) as opposed to FRE 502(d); however, such Used Document shall not result in a subject matter waiver in this action or in any other state or federal proceeding.

(c)     The Producing Party shall be responsible for removing any privileged or Protected Material from the public record and, at the Receiving Party's option, for filing any necessary amended public and/or redacted filings that contain the privileged or Protected Material.

11.4 <u>Miscellaneous</u>.

(a)     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(b)     Nothing in this Stipulation is intended to create an obligation for a party to conduct a privilege review of another party's discovery material. It is the intent of the parties that each side conduct a privilege review prior to the production of documents to the other.

(c)     In no event may a Producing Party rely on its own production or disclosure of privileged or work product materials as a basis to seek disqualification of a Receiving Party's counsel.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    No Agreement Concerning Discoverability. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

12.4    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. *See, e.g.*, 15 CFR 734, *et seq*.  No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition,

Protected Material, to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

12.5   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.  The Parties will use reasonable efforts to minimize the filing of  Protected Material, including by avoiding the filing of extraneous exhibits and using excerpts where possible.

At any point, a Party may seek to designate and protect previously produced Protected Material as Highly Sensitive Documents/Information (HSD/HSI). The Parties will follow any applicable court orders regarding the procedures for HSD/HSI.

12.6   <u>Use of Protected Material at Hearing or Trial</u>. A Party shall provide a minimum of two business days' notice to the Producing Party in the event that a Party intends to use any Protected Material during any hearing or trial.  Subject to any challenges under Section 6, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

12.7   <u>No Limitation on Legal Representation</u>. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

12.8   <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

12.9   <u>Data Security</u>.   Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material. If Protected Material is to be used during a deposition, the Designating Party shall be permitted to specify the technology to be used to conduct the deposition with respect to that Protected Material (*e.g.*, for audio/video-conferencing and exhibits).

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material

that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.  <u>INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION</u>

The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

**IT IS SO STIPULATED**, through the Counsel of Record.

Dated: March 5, 2024

**WILLKIE FARR & GALLAGHER LLP**

*/s/ Benedict Hur*
Benedict Hur

Benedict Hur, State Bar No. 224018
*bhur@willkie.com*
Simona Agnolucci, State Bar No. 246943
*sagnolucci@willkie.com*
Eduardo Santacana, State Bar No. 281668
*esantacana@willkie.com*
Joshua D. Anderson, State Bar No. 312836
*jdanderson@willkie.com*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David D. Doak, State Bar No. 301319
*ddoak@willkie.com*
Tiffany Lin, State Bar No. 321472
*tlin@willkie.com*
Naiara Toker, State Bar No. 346145
*ntoker@willkie.com*
Harris Mateen, State Bar No. 335593
*hmateen@willkie.com*
One Front Street, 34th Floor
San Francisco, California 94111
Telephone: (415) 858-7400
Facsimile: (415) 858-7599

*Attorneys for Defendant Google LLC*

Dated: March 5, 2024           **SIMMONS HANLY CONROY LLC**

*/s/ Jay Barnes*
Jason 'Jay' Barnes

Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
Eric Johnson (admitted *pro hac vice*)
*ejohnson@simmonsfirm.com*
An Truong (admitted *pro hac vice*)
*atruong@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: 212-784-6400
Fax: 212-213-5949

Dated: March  5,  2024           **LOWEY DANNENBERG, P.C.**

*/s/ Christian Levis*
Christian Levis

Christian Levis (admitted *pro hac vice*)
*clevis@lowey.com*
Amanda Fiorilla (admitted *pro hac vice*)
*afiorilla@lowey.com*
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035

1    Dated: March 5,  2024                    **KIESEL LAW LLP**

2
                                             */s/ Jeffrey A. Koncius*
3                                                Jeffrey A. Koncius

4                                            Jeffrey A. Koncius, State Bar No. 189803
                                                *koncius@kiesel.law*
5                                            Paul R. Kiesel, State Bar No. 119854
                                                *kiesel@kiesel.law*
6                                            Nicole Ramirez, State Bar No. 279017
                                                *ramirez@kiesel.law*
7                                            8648 Wilshire Boulevard
8                                            Beverly Hills, CA 90211-2910
                                             Tel: 310-854-4444
9                                            Fax: 310-854-0812

10
     Dated: March 5,  2024                    **LIEFF CABRASER HEIMANN
11                                             & BERNSTEIN, LLP**

12                                           */s/ Melissa Gardner*
                                             Melissa Gardner
13

14                                           Michael W. Sobol (State Bar No. 194857)
                                                *msobol@lchb.com*
15                                           Melissa Gardner (State Bar No. 289096)
                                                *mgardner@lchb.com*
16                                           Jallé H. Dafa (State Bar No. 290637)
                                                *jdafa@lchb.com*
17                                           275 Battery Street, 29th Floor
18                                           San Francisco, CA 94111-3339
                                             Tel: 415 956-1000
19                                           Fax: 415-956-1008

20                                           Douglas Cuthbertson (admitted *pro hac vice*)
                                                *dcuthbertson@lchb.com*
21                                           250 Hudson Street, 8th Floor
22                                           New York, NY 10013
                                             Tel: 212 355-9500
23                                           Fax: 212-355-9592

24   Dated: March 5,  2024                    **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

25                                           */s/ Hal D. Cunningham*
                                             Hal D. Cunningham
26                                           Hal D. Cunningham (Bar No. 243048)
                                                *hcunningham@scott-scott.com*
27                                           Sean Russell (Bar No. 308962)
                                                *srussell@scott-scott.com*
28                                           600 W. Broadway, Suite 3300

San Diego, CA 92101
Tel: (619) 233-4565
Fax: (619) 233-0508

*/s/ Joseph P Guglielmo*
Joseph P. Guglielmo
Joseph P. Guglielmo (admitted *pro hac vice*)
    *jguglielmo@scott-scott.com*
Ethan Binder (admitted *pro hac vice*)
    *ebinder@scott-scott.com*
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

*Attorneys for Plaintiffs and the Proposed Class*

Pursuant to Stipulation, **IT IS SO ORDERED.**


Dated: _____          _____
                                        HON. VINCE CHHABRIA
                                        United State District Judge

1

2

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on ____ in the case of *Doe v. Google LLC*,

3:23-cv-02431-VC. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
                    [printed name]


Signature: _____
                         [signature]