**WILLKIE FARR & GALLAGHER LLP**
BENEDICT HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
EDUARDO SANTACANA (SBN 281668)
  esantacana@willkie.com
JOSHUA D. ANDERSON (SBN 312836)
  jdanderson@willkie.com
DAVID D. DOAK (SBN 301319)
  ddoak@willkie.com
TIFFANY LIN (SBN 321472)
  tlin@willkie.com
NAIARA TOKER (SBN 346145)
  ntoker@willkie.com
HARRIS MATEEN (SBN 335593)
  hmateen@willkie.com
333 Bush Street, 34th Floor
San Francisco, California 94104
Telephone:  (415) 858-7400
Facsimile:  (415) 858-7599

Attorneys for Defendant
**GOOGLE LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE I, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:23-cv-02431-VC (Consol. w/ 3:23-cv-02343-VC)<br><br>**DEFENDANT GOOGLE LLC'S <u>UNOPPOSED</u> ADMINISTRATIVE MOTION TO SEAL JOINT LETTER BRIEF RE: PRESERVATION**<br><br>First Amended Complaint Filed: November 16, 2023<br><br>*District Judge Vince Chhabria*<br>*San Francisco Courthouse, Ctrm. 4* |

## I.      INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully submits this Unopposed Administrative Motion to Seal the Parties' Joint Letter Brief Regarding Preservation, Declaration of Miju Han in support of the Joint Letter Brief, and accompanying exhibits (together, "Joint Letter Brief"). Plaintiffs do not oppose the relief requested in this Motion.

The Joint Letter Brief contains non-public, highly sensitive and confidential business information, the public disclosure of which could affect Google's competitive standing and may expose Google to increased security risks. *See* Declaration of Miju Han in support of Google's Unopposed Administrative Motion to Seal Joint Letter Brief Regarding Preservation ("Han Decl.") ¶ 3. This information is highly confidential and should be protected. Moreover, none of the information that Google seeks to keep under seal is necessary to the public's understanding of the underlying dispute, as the Joint Letter Brief pertains to only issues of preservation. In addition, another court in this district has found good cause exists to seal similar information in the matter of *Calhoun v. Google*, Case No. 20-cv-05146-YGR (SVK) ("*Calhoun*"), ECF No. 727 (N.D. Cal. June 21, 2022). Finally, the exhibits Plaintiffs attach to the Joint Letter Brief contain protected material that was sealed and/or designated as Confidential and Highly Confidential under the Protective Order in *Calhoun*.

## II.     LEGAL STANDARD

A party seeking to seal information in a non-dispositive motion must show only "good cause." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80. The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are

often unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-dispositive motions are not subject to the strong presumption of access.") (citation omitted).  Under the "good cause" standard, courts have granted motions to seal company information that is ordinarily kept secret for competitive purposes. *See Hanginout, Inc. v. Google, Inc.*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under the "good cause" standard).

## III.    DISCUSSION

As explained in this Motion and in the accompanying Han Declaration, the Parties' Joint Letter Brief contains confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Han Decl. ¶ 3. Specifically, the Joint Letter Brief describes internal mechanisms related to the management and protection of user identifiers, which are highly confidential and necessary to protect user privacy and system security. *Id.* These processes, including the specific names and functionalities of tables, projects, and keystores, are crucial to Google's efforts to prevent unauthorized access by external threats and internal policy violations. *Id.*

*First*, public disclosure of the information at issue would harm Google's competitive standing by revealing highly confidential aspects of Google's proprietary systems, strategies, and designs to Google's competitors. Han Decl. ¶ 3. Courts have found that the competitive harm

that results from disclosure of confidential and highly sensitive proprietary and commercial information meets even the higher "compelling reason" standard to warrant sealing. *See, e.g.*, *Kumadan v. Google LLC*, 2023 WL 2189498, at *2 (N.D. Cal. Feb. 22, 2023) (sealing "confidential and highly sensitive proprietary and commercial information about the [] operation of Google Assistant"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (sealing information about the "functionality of Google's systems"). Courts have also found the lower "good cause" standard to be met when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of Texas, LLC v. Adobe Sys.*, Inc., 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014); *see also Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting motion to seal sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, ECF No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have").

*Second*, public disclosure of the processes and internal names mentioned could increase the risk of outside hackers attempting to infiltrate Google's data systems. Han Decl. ¶ 3. Knowledge of the systems described in the Joint Letter Brief is strictly limited to essential personnel, and Google does not share this information publicly. *Id.* Disclosure of Google's data infrastructure would present security risks as malicious actors, armed with such a roadmap to Google's systems, could use this information to aid any attempt to improperly access such data. Google could be placed at an increased risk of cybersecurity attacks if this information was made

available to the public. *Id.*; *see, e.g., In re Google Inc. Gmail Litig., 2013 WL 5366963*, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"); *Synchronoss Techs., Inc. v. Dropbox, Inc.*, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (sealing "sensitive proprietary business information about the architecture of Synchronoss's technology"); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects); *Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *7 (N.D. Cal. Jan. 14, 2019) (sealing internal task names and other sensitive data regarding internal classification systems).

*Third*, a court in this district has recently held that good cause exists to seal the type of information Google seeks to seal here. In *Calhoun*, the court applied the "good cause" standard to Google's request to seal materials filed in connection with discovery-related motions that contained "details related to Google's internal systems, projects, identifiers, logs, and their proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors." *Calhoun*, ECF No. 727, at 2 (N.D. Cal. June 21, 2022). The court noted that good cause existed because the information at issue "reveals Google's internal strategies, system designs, and business practices," and that public disclosure of such information "could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products." *Id.*. The court also noted that disclosure of the information "may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products." *Id.* As such, the court found good cause existed to grant Google's sealing requests. *Id.* at 2-3.

*Finally*, the exhibits that Plaintiffs seek to attach to the Joint Letter Brief (Plaintiffs'
Exhibits 1 through 8) contain material that was sealed and/or designated Confidential or Highly
Confidential under the Protective Order in *Calhoun*. Exhibits 1, 6, and 8 are court orders
regarding preservation that were sealed, either in part or in whole, in *Calhoun*. Declaration of
Eduardo Santacana in support of Google's Unopposed Administrative Motion to Seal Joint
Letter Brief Regarding Preservation ("Santacana Decl.") ¶¶ 2, 7, 9. Exhibits 2, 3, and 5 contain
material that was produced in *Calhoun* and filed entirely under seal. *Id.* ¶¶ 3, 4, 6. Exhibit 4 is an
expert report that was also filed under seal in *Calhoun*. *Id.* ¶ 5. Exhibit 7 is a declaration that was
filed partly under seal in *Calhoun*. *Id.* ¶ 8. In the interests of efficiency, Google has allowed
Plaintiffs' counsel Simmons Hanly Conroy, who represented a named plaintiff in *Calhoun*, to
reference the otherwise protected material from *Calhoun* for the purposes of this preservation
dispute only. However, Google's agreement to allow Plaintiffs' counsel Simmons Hanly Conroy
to reference material otherwise protected under *Calhoun*'s Protective Order does not constitute
agreement to cross-use of discovery materials from *Calhoun* in this litigation.

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant its
unopposed Motion and seal the Joint Letter Brief, Declaration of Miju Han in support of the
Joint Letter Brief, and accompanying exhibits in their entirety.

Dated:  March 8, 2024                          By:    */s/ Eduardo Santacana*
                                                       Eduardo Santacana

                                               WILLKIE FARR & GALLAGHER LLP
                                               Benedict Hur
                                               Simona Agnolucci
                                               Eduardo Santacana
                                               Joshua Anderson

David Doak
Tiffany Lin
Naiara Toker
Harris Mateen

Attorneys for Defendant
GOOGLE LLC

GOOGLE'S UNOPPOSED ADMINISTRATIVE MOTION TO SEAL JOINT LETTER BRIEF
RE: PRESERVATION
CASE NO. 3:23-cv-02431-VC