# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER K. TOY, <br><br> Plaintiff, <br><br> v. <br><br> LIFE LINE SCREENING OF AMERICA LTD, <br><br> Defendant. | Case No. 23-cv-04651-RFL <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** <br> Re: Dkt. No. 9 |

Jennifer K. Toy brings this suit for violation of her privacy against Life Line Screening of America, Ltd. after Life Line allegedly disclosed her private information without her consent to third parties via trackers embedded in its website. Life Line moves to dismiss the complaint for lack of standing and failure to state a claim. The motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

*Article III standing.* Toy sufficiently alleges a concrete harm. The complaint alleges that Toy used Life Line's website to order at-home health tests and view her results, and that the URL of the webpage, which contains information about what tests she purchased, were shared without her permission with Facebook via the Facebook Pixel, an invisible tracker that Life Line had embedded in its website. (Compl. ¶¶ 88–90, 146, 149). The alleged unauthorized disclosure of sensitive medical information in this manner is akin to the harm of intrusion upon seclusion, which is an intangible harm traditionally recognized as a concrete harm. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021); *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1118 (9th Cir. 2020) (holding that the "substantive intrusion that occurs when private communications are

1

intercepted by someone who does not have the right to access them" is a concrete harm). Toy also alleges that she "has a continuing interest in ensuring that future communications with [Life Line] are protected and safeguarded from future unauthorized disclosure," which, taking all inferences in her favor, is sufficient to allege a threat of future harm for standing to seek injunctive relief. (Compl. ¶ 155.) The motion to dismiss for lack of standing is therefore denied.

*CIPA.* Life Line contends that the complaint fails to adequately allege (1) that Life Line aided a third party's violation of the California Invasion of Privacy Act and (2) that communications were intercepted in transit. (Mot. at 11–13.) Both elements are adequately pleaded. Regarding the latter, the complaint offers highly detailed allegations about how Pixel works and how the alleged interception occurs. (*See* Compl. ¶¶ 48–62, 72–103, 176.) As for the former, the complaint alleges that Life Line aided Google and Facebook in intercepting users' interactions with Life Line's website, including her private health information, by installing Pixel and Google Analytics on its website. (*Id.* ¶¶ 38, 100.) Life Line allegedly purposely installed these tracking technologies to optimize its advertising and marketing. (*Id.* ¶¶ 38, 63–65, 128–31.) These allegations plausibly plead that Life Line "aid[ed], agree[d] with, employ[ed], or conspire[d] with" Facebook and/or Google to intercept Toy's information. Cal. Pen. Code § 631(a). The motion to dismiss the CIPA claim is therefore denied.

*UCL.* Toy sufficiently alleges an economic injury to sue under California's Unfair Competition Law. The complaint alleges two theories of economic loss: (1) diminution in the value of Toy's private and personal information and (2) loss of benefit of the bargain. (Compl. ¶¶ 188–89.) The diminution-in-value theory of loss does not support UCL standing. At issue in this case is Toy's health information, which she expected to remain "solely between herself and [Life Line.]" (*Id.* ¶ 146.) Toy does not allege how Life Line's alleged disclosure of her health information has caused a loss in value of that information to her, which she presumably would not have sold to anyone. *See Doe v. Meta Platforms, Inc.*, No. 22-CV-03580-WHO, 2023 WL 5837443, at *17 (N.D. Cal. Sept. 7, 2023) (finding no economic injury based on diminution of value of disclosed information because "the crux of *this* case concerns Meta's receipt of

'individually identifiable health information,' that plaintiffs apparently do not want Meta or anyone other than their healthcare providers to have") (emphasis in original).

The benefit-of-the bargain theory, however, supports UCL standing. *See Kwikset Corp. v. Superior Ct.*, 246 P.3d 877, 885 (Cal. 2011) (plaintiff may establish economic injury by establishing that they "surrender[ed] in a transaction more, or acquire in a transaction less, than [they] otherwise would have"). The complaint's allegations support that Toy expected that maintaining the confidentiality of her health information was part of what she was paying Life Line for when she purchased an at-home health test through Life Line's website, and, had she known about Life Line's disclosure of her information via Pixel, she would not have used Life Line's services or would have paid less for them. (Compl. ¶¶ 119, 147, 149, 151, 188, 194.) Although Toy does not allege that Life Line affirmatively misrepresented its privacy practices, an omission of a material fact may also support a benefit-of-the-bargain injury. *See Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 921 (N.D. Cal. 2012) (applying *Kwikset* to find a benefit of the bargain injury where "Plaintiff alleges that knowledge of the undisclosed fact would have impacted his decision to purchase his iPhone"). California courts have recognized an actionable omission where the defendant had exclusive knowledge of material facts not known to the plaintiff, or the defendant actively concealed a material fact from the plaintiff. *See LiMandri v. Judkins*, 60 Cal. Rptr. 2d 539, 543 (Cal. Ct. App. 1997).

Both of those theories of omission are adequately pleaded here. Toy alleges that Life Line "purposely installed the Pixel on its Website" and that, when users access Life Line's website, their communications with the webpage are "instantaneously and surreptitiously duplicated and sent to Facebook's servers" via the Pixel (Compl. ¶¶ 38, 48.) Toy further alleges that, as installed by Life Line, the Pixel's presence is actively concealed from website visitors. The Pixel is allegedly "a tiny image file that is so small as to be invisible" and "is purposefully designed and camouflaged in this manner so that website users remain unaware of it." (*Id.* ¶ 58 n.21.) As described above, Toy also plausibly alleges that she was unaware that her orders for home health tests would be shared with Facebook rather than being kept confidential as she

3

expected, and that this information would have been material to her decision to use Life Line's website and to pay the amount that she did for the tests. These allegations are sufficient to plead that she was denied the full benefit of her bargain with Life Line. *See Moore v. Centrelake Med. Grp., Inc.*, 299 Cal. Rptr. 3d 544, 555 (Cal. Ct. App. 2022) (holding that benefit-of-the bargain theory supported UCL standing where the plaintiffs alleged that they "pa[id] more than they would have had they known the truth that [the defendant] had not implemented and would not maintain adequate data security practices," and citing with approval *In re Solara Medical Supplies, LLC Customer Data Security Breach Litigation* (S.D. Cal., May 7, 2020), No. 3:19-CV-2284-H-KSC, 2020 WL 2214152, at *9 ("Plaintiffs have all pled that 'they acquired less in their transactions with [medical supplier] than they would have if [supplier] had sufficiently protected their Personal Information.' [Citation.] These allegations are enough to establish standing for purposes of the UCL.")).

Life Line also challenges the sufficiency of the allegations to state a claim under each prong of the UCL. The complaint alleges violations of the UCL based on unlawful and unfair conduct. (Compl. ¶¶ 184–85.) Regarding the unlawful prong, Toy has plausibly alleged a violation of CIPA for the reasons described above. As for the unfair prong, Toy alleges that Life Line's intentional use of hidden and undisclosed tracking pixels "offended public policy (including the federal and state privacy statutes and state consumer protection statutes, such as CIPA) and constitute immoral unethical, oppressive, and unscrupulous activities that caused substantial injury[.]"[1] (*Id.* ¶ 185; *see also id.* ¶¶ 3, 38.) The complaint plausibly alleges

---

[1] California courts have articulated two tests—the *South Bay* test and the *Cel-Tech* test—for assessing what constitutes "unfair" conduct under the UCL. Under the test set forth in *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 85 Cal. Rptr. 2d 301 (Cal. Ct. App. 1999), "courts held that 'unfair' conduct occurs when that practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 866 (9th Cir. 2018) (citations and internal quotation marks omitted). Under the California Supreme Court's test in *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527 (Cal. 1999), "unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Id.* at 540. "The *Cel-Tech* test did not apply to actions by consumers, but some courts in California have extended the *Cel-Tech* definition to

4

violations of the unlawful and unfair prongs of the UCL.

The motion to dismiss the UCL claim is therefore denied.

***Breach of confidence.*** Life Line contends that the breach of confidence claim fails because Toy "is not alleging any breach of an implied or express contract to prevent the disclosure of private information." (Mot. at 14–15.) But no breach of contract claim is required to support a claim for breach of confidence. The cases Life Line cites, *Sawicky v. AMC Networks Inc.*, 753 F. App'x 501 (9th Cir. 2019) and *Berkla v. Corel Corp.*, 302 F.3d 909 (9th Cir. 2002), instead hold that a breach of confidence claim is grounded on quasi-contractual theory, and therefore that no such claim may lie where a valid express contract covering the same subject matter exists. *Sawicky*, 753 F. App'x at 502; *Berkla*, 302 F.3d at 918.

The elements of a breach of confidence claim are that "(1) the plaintiff conveyed 'confidential and novel information' to the defendant; (2) the defendant had knowledge that the information was being disclosed in confidence; (3) there was an understanding between the defendant and the plaintiff that the confidence be maintained; and (4) there was a disclosure or use in violation of the understanding." *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1227 (9th Cir. 1997) (citing *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 903 (9th Cir. 1987)). Toy's allegations that Life Line had obligations under federal and state law to keep her health information confidential but nonetheless disclosed that information to third parties (*see, e.g.*, Compl. ¶¶ 146–51) suffice to state a claim for breach of confidence. And, the complaint does not allege the existence of an express contract that would preclude a quasi-contract claim. The motion to dismiss the breach of confidence claim is therefore denied.

***Invasion of privacy and intrusion upon seclusion.*** Toy sufficiently pleads claims for invasion of privacy under the California Constitution and intrusion upon seclusion. These two claims have similar elements, and when considering them together, courts assess whether the plaintiff has pleaded (1) a reasonable expectation of privacy and (2) whether the intrusion was

---

consumer actions, while others have applied the [*South Bay* test]." *Hodson*, 891 F.3d at 866. Toy's allegations are sufficient under either test.

5

highly offensive. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020).

The complaint plausibly alleges that Toy had a reasonable expectation of privacy in her use of at-home health tests provided by Life Line, and whether Life Line's alleged intrusion by disclosing that sensitive information to Facebook and/or Google was highly offensive is an issue not suitable for decision on the pleadings. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 606 ("The ultimate question of whether Facebook's tracking and collection practices could highly offend a reasonable individual is an issue that cannot be resolved at the pleading stage."); *Katz-Lacabe v. Oracle Am., Inc.*, No. 22-cv-04792-RS, 2023 WL 2838118 at *7 (N.D. Cal. Apr. 6, 2023) (finding allegations that defendant collected vast amounts of data, including "sensitive health and personal safety information," from plaintiffs was sufficient to plead a "highly offensive" intrusion to withstand dismissal under Rule 12(b)(6)).

Citing to *Cousin v. Sharp Healthcare*, No. 22-CV-2040-MMA (DDL), 2023 WL 4484441, at *7 (S.D. Cal. July 12, 2023), Life Line also moves to dismiss the invasion of privacy claim under the California Constitution to the extent Toy is seeking damages. *Cousin* relies on the California Court of Appeal's opinion in *Clausing v. San Francisco Unified Sch. Dist.*, 271 Cal. Rptr. 72, 78 (Cal. Ct. App. 1990), for the proposition that only injunctive relief, not monetary damages, is available for an alleged violation of Article 1, Section 1 of the California Constitution. *Cousin*, 2023 WL 4484441, at *7. *Clausing*, however, involved a government entity and was decided before the California Supreme Court's decision in *Katzberg v. Regents of Univ. of Cal.*, 58 P.3d 339 (Cal. 2002).

The California Supreme Court in *Katzberg* suggested that whether damages were available for a privacy claim under the state constitution remained an open question and set forth the following framework for determining the availability of damages: a court should consider, first, "whether there is evidence [of] . . . an affirmative intent either to authorize or withhold a damages action to remedy a violation" based on the "language and history" of the constitutional provision at issue, and, second, if there is no such evidence, whether "the 'constitutional tort'

6

analysis adopted by *Bivens* and its progeny" suggests that damages should be available. *Id.* at 347 n.13, 350 (referring to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, (1971)). As the parties did not address the applicability of the *Katzberg* framework to Toy's constitutional privacy claim, the Court declines to rule on the complex and unsettled question of whether damages are available under California law at this time. *See Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 602 (N.D. Cal. 2021) ("The Court finds it prudent to decline ruling on the issue in the absence of briefing by the parties on how [the *Katzberg*] framework applies.").

The motion to dismiss the invasion of privacy and intrusion upon seclusion claims is therefore denied.

*Negligence.* The economic loss rule does not bar Toy's negligence claim. As described above, Toy plausibly alleges invasion of her reasonable expectation of privacy in her medical information in a highly offensive manner, which states a claim for intrusion upon seclusion. That is a non-economic injury. *See, e.g.*, *Doe v. N. California Fertility Med. Ctr.*, No. 22-CV-01861-DAD-JDP, 2024 WL 246178, at *5 (E.D. Cal. Jan. 23, 2024) (finding plaintiff's allegation—that she was harmed "because she was deprived of the right to keep" her medical information private when an unauthorized third party accessed that information—sufficient to plead both Article III standing and negligence injury as the alleged injury was "similar to the harm forming the basis of an intrusion upon seclusion"). To be clear, not every alleged instance in which an individual's personal information is disclosed to a third party will constitute a cognizable injury to support a negligence claim. As the Ninth Circuit has held, without more, "the mere misappropriation of personal information does not establish compensable damages." *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021) (citation and internal quotations marks omitted). Toy's harm is not a simple misappropriation of personal information, but is instead based on the alleged intentional unauthorized disclosure of her sensitive medical information in a manner so highly offensive that it is sufficient to state a claim for intrusion on seclusion. That reflects "a more 'egregious violation of social norms' than disclosure of other 'highly personal information' such as Social Security numbers," and therefore

7

alleges a non-economic privacy injury traditionally recognized under the law. *Doe*, 2024 WL 246178, at *5 (discussing holding in *Doe v. Beard*, 63 F. Supp. 3d 1159, 1170 (C.D. Cal. 2014)). The motion to dismiss the negligence claim is therefore denied.[2]

*Negligence per se.* To the extent Toy is asserting a negligence per se claim separate from her negligence claim, the motion to dismiss the negligence per se claim is granted without leave to amend. Under California law, "'[t]he doctrine of negligence per se is not a separate cause of action, but creates an evidentiary presumption that affects the standard of care in a cause of action for negligence.'" *Dent v. Nat'l Football League*, 968 F.3d 1126, 1130 (9th Cir. 2020) (quoting *Johnson v. Honeywell Int'l Inc.*, 101 Cal. Rptr. 3d 726, 731 (Cal. Ct. App. 2009)). The dismissal, however, "should not be construed as ruling on the viability of [Toy's] ability to employ the concept of negligence per se in establishing [her] negligence claim." *Medoff v. Minka Lighting, LLC*, No. 2:22-cv-08885-SVW-PVC, 2023 WL 4291973, at *10 n.11 (C.D. Cal. May 8, 2023).

**IT IS SO ORDERED.**

Dated: March 19, 2024

RITA F. LIN
United States District Judge

---

[2] Life Line moved to dismiss the negligence claim only on the basis that the claim was barred by the economic loss rule. As described above, Toy sufficiently alleges a non-economic injury such that the economic loss rule does not apply. This order therefore does not assess the legal sufficiency of any other elements of Toy's negligence claim.

8