UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE I, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 23-cv-02431-VC<br><br>**ORDER REQUESTING FURTHER BRIEFING** |

  The Court is tentatively inclined to dismiss the entire complaint with leave to amend. But given the complexity and importance of the case, the plaintiffs are invited to file a supplemental brief within seven days responding to the tentative reasoning set forth below, and addressing only the ECPA claim, the CIPA claim, the common law and constitutional privacy claims, and the breach of express contract claim. (There is no need for further briefing on the remaining claims, all of which will be dismissed.)

  Three sets of allegations appear to emerge from the complaint and the judicially noticeable materials: (i) Google has emphatically instructed health providers not to use its source code in a manner that would cause patients' private health information to be revealed to Google; (ii) Google also may have the ability to prevent the collection of private health information even when its source code is being employed; but (iii) Google knows that it is actually receiving private health information from providers and is happily allowing that information to be revealed and used in its advertising machinery.

  The third set of allegations does not appear to be adequately supported. The plaintiffs appear to rely exclusively on Google's descriptions of how its services work *generally*—that is,

outside the context of arrangements with providers that handle private health information. The plaintiffs seem to be asking the Court to assume that the services work as generally described when Google offers them to health providers. But given the first and second sets of allegations, it does not follow that Google's generic descriptions of its products apply similarly in the context of its relationships with health providers, and the plaintiffs have not offered a plausible reason to believe that the flow of information between Google and its health provider clients is the same as the flow of information between Google and other clients. Put differently, the plaintiffs do not appear to offer anything, beyond the generic descriptions of the services, to support the assertion that Google is knowingly, willfully, or intentionally acquiring private health information from the providers and allowing that information to be fed into its advertising systems.

Perhaps this deficiency could have been overcome (at least partly) with allegations about the specific experiences of individual plaintiffs—for example, a plaintiff went to Kaiser's website to research cancer treatments, that website used Google's source code, and the plaintiff started receiving targeted ads for cancer treatments shortly thereafter. But there are no such allegations in the complaint. The plaintiffs appear to simply describe their visits to the providers' webpages and then assume—based on Google's generic descriptions of how the products work—that the communications with those webpages must have been transmitted to Google and incorporated into its advertising machinery.

Relatedly, in their opposition brief, the plaintiffs appear to assert that Google intentionally deceived the providers into disclosing private health information. They contend that, regardless of what Google has said publicly or to the health providers, its "interception occurs for the illegitimate purposes of compiling protected information to which it has no right, and subsequently using that Health Information to profile users and ultimately feed its advertising machine." Opp. at 7. "What Google actually intends," the plaintiffs continue, "cannot be surmised by its own self-serving claims [contained in its privacy policies and communications to health providers]." *Id.* According to the plaintiffs, Google's policies "were plausibly intended to do no more than provide a modicum of deniability for Google. . . ." *Id.* at 7-8. But neither the

2

complaint nor the opposition brief explains how Google deceived its clients into believing that Google wouldn't obtain or use private health information. Nor do the complaint or opposition brief offer any plausible reason to believe that Google engaged in a plot to deceive providers into disclosing private health information. Against the backdrop of all the other allegations in the complaint (including the first two sets of allegations described above) these allegations of a secret plot by Google to steal and use private health information are inadequately pled, even under a Rule 8 standard.

Assuming this understanding of the plaintiffs' allegations is correct, the consequences appear to be as follows:

- The common law and constitutional privacy claims should be dismissed for failure to allege that Google invaded the plaintiffs' serious privacy interests (let alone did so in a manner highly offensive to a reasonable person).
- The breach of express contract claim should be dismissed for failure to adequately allege that Google violated a promise to the plaintiffs not to use their personal health information without consent.
- The CIPA claim should be dismissed because the plaintiffs have not adequately alleged that Google "read" or "used" their private health information.
- The ECPA claim should be dismissed because any of the plaintiffs' information that may have been "intercepted" by Google was the result of actions by the health providers (meaning the interception was with the consent of the health providers), and the plaintiffs have not plausibly alleged that Google fraudulently induced the providers' consent.

The plaintiffs' supplemental brief should not exceed 15 pages, double-spaced. The supplemental brief must refrain from paraphrasing/characterizing the allegations in the complaint and then citing to a long, meaningless string of paragraphs. Rather, if the plaintiffs wish to assert that the complaint alleges something contrary to what is described in this order, they should quote the relevant portions of the complaint verbatim. Google should not file a response unless

the Court requests one.

**IT IS SO ORDERED.**

Dated: May 31, 2024

_____
VINCE CHHABRIA
United States District Judge