**SIMMONS HANLY CONROY, LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
Nicole Ramirez, State Bar No. 279017
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
koncius@kiesel.law

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (admitted pro hac vice)
Ethan Binder (admitted pro hac vice)
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ebinder@scott-scott.com

**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted pro hac vice)
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

**LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP**
Michael W. Sobol, State Bar. No. 194857
Melissa Gardner, State Bar No. 289096
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
msobol@lchb.com
mgardner@lchb.com

**LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP**
Douglas Cuthbertson (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212 355-9500
Facsimile: 212-355-9592
dcuthbertson@lchb.com

*Attorneys for Plaintiffs and the Proposed Class*
*\*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant.<br><br>**This document applies to: All Actions** | Case No.: 3:23-cv-02431-VC<br>Consolidated with: 3:23-cv-02343-VC<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Judge:   Hon. Vince Chhabria |

## I. INTRODUCTION

This is a privacy case concerning Defendant Google LLC's ("Google") unlawful tracking, collection, and monetization of Americans' private health information from Health Care Provider web properties in the United States. Plaintiffs' Second Amended Consolidated Class Action Complaint ("SAC") and associated exhibits reveal personally identifiable information, as well as protected health information about each of the Plaintiffs (including their treating doctors, conditions, symptoms, and treatment options).

Plaintiffs hereby apply for leave of Court pursuant to Civil Local Rule 79-5 and the Court's Standing Order for Civil Cases to file under seal portions of the SAC, an unredacted version of which is attached to this Motion. Plaintiffs have reviewed and complied with this Court's Standing Order and Civil Local Rule 79-5. Google has advised Plaintiffs that it takes no position on whether the materials at issue in this Motion satisfy the requirements of a motion to seal.

## II. LEGAL ARGUMENT

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. *See also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178, 1180 (9th Cir. 2006) (good cause showing suffices to overcome the presumption under certain circumstances). Because the information sought to be sealed would reveal personally identifiable information and protected health information, compelling reasons exist to seal those portions of the SAC, as well as SAC Exhibits 1 and 2.

Courts permit sealing of "personal identifiers and confidential medical and health information." *Ennis v. Life Ins. Co.*, No. 3:18-cv-01617-WHO, 2018 U.S. Dist. LEXIS 163442, at *10 (N.D. Cal. Sept. 24, 2018) (finding information was protected by HIPAA and the California Constitution); *see also Turner v. United States*, No. 17-cv-02265-WHO, 2018 U.S. Dist. LEXIS 229612, at *13 (N.D. Cal. Oct. 9, 2018). Here, Plaintiffs seek to seal only personally identifiable

2

**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF SECOND AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:23-cv-02431-VC**

information, and information that details the Named Plaintiffs' conditions and symptoms for which they sought treatments and the names of their doctors and health care providers—in other words, information that constitutes personally identifiable and protected health information and is not already "readily available" to the public. *See Chadam v. Palo Alto Unified Sch. Dist.*, No. C 13–4129 CW, 2014 U.S. Dist. LEXIS 11236, at *17 (N.D. Cal. Jan. 29, 2014). Courts have found good cause to seal this type of information. *See, e.g., Vangieson v. Austin*, 2021 U.S. Dist. LEXIS 166040, at **3-4 (S.D. Cal. Aug. 16, 2021) (sealing narrative description revealing information about diagnoses, symptoms, and treatment); *Campbell v. Facebook Inc.*, 2015 U.S. Dist. LEXIS 140733, at **19-20 (N.D. Cal. Oct. 15, 2015) (sealing specific URLs intercepted by Meta). Moreover, Plaintiffs have narrowly tailored their sealing to try to maintain privacy without sacrificing any details that would inform the public about the nature of this lawsuit or the facts underlying Plaintiffs' claims. The redactions are limited to personally identifiable information and protected health information.

As to protected health information, courts across the country and within the Ninth Circuit have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing court records. *See, e.g., Steven City Broomfield v. Aranas*, No. 17-00683, 2020 U.S. Dist. LEXIS 87484, at *2 (D. Nev. May 19, 2020); *Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10-02258, 2011 U.S. Dist. LEXIS 4100, at *2 n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Emp'rs Mut. Ins. Co.*, No. 09-00545, 2010 U.S. Dist. LEXIS 120881, at *1-2 (D. Haw. Nov. 15, 2010); *G. v. Hawaii*, No. 08-551, 2010 U.S. Dist. LEXIS, at *1-2 (D. Haw. June 25, 2010); *Wilkins v. Ahern*, No. 08-1084, 2010 U.S. Dist. LEXIS 110927 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare All. Corp.*, No. 08-2381, 2009 U.S. Dist. LEXIS 41693, at *1 (D. Ariz. May 4, 2009).

As to personally identifiable information, both SAC Exhibits 1 and 2, and portions of the SAC, depict technical interceptions of personally identifiable information, including unique identifiers that are capable of being used to identify individuals. Courts in this District have likewise found compelling reasons to seal these types of personally identifiable information. *See*

3

**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF SECOND AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:23-cv-02431-VC**

*e.g., Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 U.S. Dist. LEXIS 190061, at *3 (N.D. Cal. May 3, 2016) (finding compelling reasons to seal "dates of birth, addresses, and other unique identifiers"); *Alkutkar v. Bumble Inc.*, No. 22-cv-00422-PJH, 2022 U.S. Dist. LEXIS 162287, at *4 (N.D. Cal. Sept. 8, 2022) (granting motion to seal, inter alia, "metadata excerpt that includes the 'internal encrypted user identification number associated with Plaintiff's unique login credentials'"); *Activision Publg, Inc. v. EngineOwning UG*, No. 2:22-cv-00051-MWF (JCx), 2023 U.S. Dist. LEXIS 37948, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal "account numbers, IP addresses, email addresses, and/or customer activities on certain platforms.").

If the Court finds that compelling reasons exist, it must still " 'balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Factors relevant to that balancing test include the public interest "in understanding the judicial process and whether disclosure of the material could result in improper use" of it, and the volume of material sought to be sealed. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010); *See Algarin v. Maybelline, LLC*, No. 12-cv-3000-AJB, 2014 U.S. Dist. LEXIS 23882, at *4 (S.D. Cal. Feb. 21, 2014).

Here, disclosure of the information at issue would not serve the public interest or aid the public in understanding the merits of the case. The meaning and import of the SAC in no way depends on enabling the reader to know the personally identifiable and protected health information at issue. Instead, disclosure in this instance could be obtained by bad actors to expose Plaintiffs' private personally identifiable and protected health information with no meaningful gain in the public's ability to understand these proceedings. The substantial consequences of such exposure would amplify the harm Plaintiffs seek to redress and prejudice the very privacy rights they seek to enforce in this action.

4

PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF SECOND AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:23-cv-02431-VC

For the foregoing reasons, Plaintiffs seek to seal the following portions of the SAC:

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| 158 | SAC | Highlighted portions of paragraphs 36, 38, 44-46, 53, 54, 59, 60, 66, 67, 73, 74 | Reveals personally identifiable and protected health information about each of the Plaintiffs, including their treating doctors, conditions, symptoms, and treatment options. |
| 158 | SAC | Highlighted portions of paragraph 90 (image). | Reveals personally identifiable information, including unique personal identifiers. |
| 158 | SAC, Exhibit 1 | Entire document. | Reveals personally identifiable information, including unique personal identifiers. |
| 158 | SAC, Exhibit 2 | Entire document. | Reveals personally identifiable information, including unique personal identifiers. |

### III.   CONCLUSION

Plaintiffs respectfully ask the Court to seal the information identified above.

Dated: August 12, 2024                    **SIMMONS HANLY CONROY LLC**

*/s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
jaybarnes@simmonsfirm.com
Eric Johnson (admitted *pro hac vice*)
ejohnson@simmonsfirm.com
An Truong (admitted *pro hac vice*)
atruong@simmonsfirm.com
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: 212-784-6400
Fax: 212-213-5949

**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted *pro hac vice*)
*clevis@lowey.com*
Amanda Fiorilla (admitted *pro hac vice*)
*afiorilla@lowey.com*
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
Nicole Ramirez, State Bar No. 279017
*ramirez@kiesel.law*
Kaitlyn Fry, State Bar No. 350768
*fry@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel.: 310-854-4444
Fax: 310-854-0812

**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
Michael W. Sobol, State Bar No. 194857
*msobol@lchb.com*
Melissa Gardner, State Bar No. 289096
*mgardner@lchb.com*
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: 415 956-1000
Fax: 415-956-1008

Douglas Cuthbertson (admitted *pro hac vice*)
*dcuthbertson@lchb.com*
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212 355-9500
Fax: 212-355-9592

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Hal D. Cunningham, State Bar No. 243048
*hcunningham@scott-scott.com*
Sean Russell, State Bar No. 308962
*srussell@scott-scott.com*
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565
Fax: (619) 233-0508

Joseph P. Guglielmo (admitted *pro hac vice*)
*jguglielmo@scott-scott.com*
Ethan Binder (admitted *pro hac vice*)
*ebinder@scott-scott.com*
230 Park Ave., 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334

*Attorneys for Plaintiffs and the Proposed Class*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 12, 2024                    */s/     Melissa Gardner*

                                                           Melissa Gardner

7

PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF SECOND AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:23-cv-02431-VC