**WILLKIE FARR & GALLAGHER LLP**
BENEDICT HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
EDUARDO SANTACANA (SBN 281668)
  esantacana@willkie.com
JOSHUA D. ANDERSON (SBN: 312836)
  jdanderson@willkie.com
DAVID D. DOAK (SBN: 301319)
  ddoak@willkie.com
TIFFANY LIN (SBN 321472)
  tlin@willkie.com
HARRIS MATEEN (SBN 335593)
  hmateen@willkie.com
NAIARA TOKER (SBN 346145)
  ntoker@willkie.com
NADIM HOUSSAIN (SBN 335556)
  nhoussain@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:  (415) 858-7400

Attorneys for Defendant
**GOOGLE LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE I, et al., individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>      Defendant. | Case No. 3:23-cv-02431-VC<br>(Consol. w/ 3:32-cv-02343-VC)<br><br>**DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:    November 7, 2024<br>Time:    10:00 a.m.<br>Ctrm.:   4 – 17th Floor (San Francisco)<br>Before:  District Judge Vince Chhabria<br><br>Consol. Complaint Filed: July 13, 2023<br>SAC filed: August 12, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Google LLC ("Google") hereby respectfully requests, pursuant to Federal Rule of Evidence 201 and applicable case law, that the Court consider Exhibits 1 through 10 under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in support of Google's concurrently filed Motion to Dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint ("SAC" or "Second Amended Complaint").

1. **Exhibit 1**: Google Analytics Terms of Service, Google Marketing Platform, available at https://marketingplatform.google.com/about/analytics/terms/us-20210331/

2. **Exhibit 2**: HIPAA and Google Analytics, Analytics Help, available at https://support.google.com/analytics/answer/13297105?hl=en

3. **Exhibit 3**: Data Sharing Settings, Analytics Help, available at https://support.google.com/analytics/answer/1011397?hl=en#zippy=%2Cin-this-articl

4. **Exhibit 4**: Best practices to avoid sending Personally Identifiable Information (PII), Analytics Help (July 28, 2018), available at https://web.archive.org/web/20180728163807/https:/support.google.com/analytics/answer/6366371

5. **Exhibit 5**: About audience segments, Google Ads Help, available at https://support.google.com/google-ads/answer/2497941?hl=en#zippy=%2Caffinity-segments%2Chealth-affinity-segments%2Caffinity-segment-name

6. **Exhibit 6**: EU-focused data and privacy, Analytics Help, available at https://support.google.com/analytics/answer/12017362?hl=en

7. **Exhibit 7**: IP masking in Universal Analytics, Analytics Help, available at https://support.google.com/analytics/answer/2763052?hl=en

8. **Exhibit 8**: Activate Google signals, Analytics Help, available at https://support.google.com/analytics/answer/7532985#zippy=%2Cin-this-article

9. **Exhibit 9**: Platforms program policies, Platforms Policies Help, https://support.google.com/platformspolicy/answer/3013851?sjid=13594298896323554818-NA

10. **Exhibit 10**: Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates, U.S. Department of Health and Human Services (June 26, 2024), available at https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html

## MEMORANDUM OF POINTS AND AUTHORITIES

Google respectfully requests that the Court consider Exhibits 1 through 10, as set forth in the Declaration of Nadim Houssain submitted herewith, in support of Google's concurrently filed Motion to Dismiss Second Amended Complaint ("Motion to Dismiss"). Exhibits 1 through 10 are publicly available documents not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). As such, they may be considered by the Court in conjunction with Google's Motion to Dismiss.

Exhibits 1 through 9 are Google's publicly available privacy policies, terms of service, and user notices, which are not subject to reasonable dispute.

Plaintiffs did not contest that Google's Exhibits 1 through 3 are judicially noticeable in their Opposition to Google's Request for Judicial Notice filed concurrently with its Motion to Dismiss Plaintiffs' First Amended Complaint, and the Court granted judicial notice as to these exhibits in its Order granting Google's Motion to Dismiss. The Court may consider Exhibits 1 through 5, 7 through 8, and 10 for the additional reason that Plaintiffs' Second Amended Complaint ("SAC") references or relies on these documents, thereby incorporating them by reference. Exhibit 10 is judicially noticeable as a publicly available web page that is not subject to reasonable dispute.

### I.   LEGAL STANDARD

Federal Rule of Evidence 201(b) governs judicial notice in the motion-to-dismiss context. *See, e.g., Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (granting a request for judicial notice in ruling on a motion to dismiss). Rule 201(b) permits judicial notice of facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are considered to be not subject to reasonable dispute when they (1) are "generally known within the trial court's territorial jurisdiction" or (2) can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Id.*; *see also Minor v. FedEx Off.*, No. 14-CV- 01117-LHK, 2014 WL 12570168, at *3–4 (N.D. Cal. Aug.

11, 2014) (reciting and applying these rules). It is well established that "court documents already in the public record and documents filed with other courts," as well as "publicly accessible websites," are "[p]roper subjects of judicial notice." *Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1222, 1241 (N.D. Cal. 2014) (citing *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002), and *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010)). Web pages available through the Internet Archive's "Wayback Machine" are also considered "facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Erickson v. Nebraska Mach. Co.*, No. 15-CV-01147-JD, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015).

The doctrine of incorporation by reference, which is distinct from the doctrine of judicial notice, supplies an additional basis for considering documents beyond a complaint's four corners in the specific context of a Rule 12 motion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."). When a plaintiff's claim depends on the contents of a document attached to the defendant's motion to dismiss, and the document's authenticity is unquestioned, the court may deem the document "incorporated" into the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *accord United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (stating that a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"). In deciding a motion to dismiss, a court "must consider the complaint in its entirety," including "matters of which a court may take judicial notice" and "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Khoja*, 899 F.3d at 999.

## II.     ARGUMENT

The Court previously granted Google's request for judicial notice for Exhibits 1 through 3 in its Order Granting Google's Motion to Dismiss Plaintiffs' First Amended Complaint. Dkt. 157 at n. 1.

### A.     Judicial Notice

Exhibits 1 through 10 are judicially noticeable as publicly available web pages and are not

subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *Hammerling v. Google LLC*, No. 21-CV-09004-CRB, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022), *aff'd*, No. 22-17024, 2024 WL 937247 (9th Cir. Mar. 5, 2024) ("webpages . . . are regularly the subject of judicial notice in this circuit"); *Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006), order clarified, No. C 05-4166 PJH, 2006 WL 734405 (N.D. Cal. Mar. 20, 2006) ("The court agrees with the proposition that, as a general matter, websites and their contents may be proper subjects for judicial notice."). Exhibits 1 through 9 consist of Google's publicly available terms of service and policies governing the use of Google products for analytics and online advertising. Exhibit 10 is publicly available guidance from the U.S. Department of Health and Human Services referenced in Plaintiffs' Second Amended Complaint. *See* SAC ¶¶ 131, 134, 155–56, 161.

"These documents appear on publicly available websites and are thus proper subjects for judicial notice." *Brown*, 525 F. Supp. 3d at 1061. Courts in this District often take judicial notice of publicly available privacy policies and terms of service in privacy-related litigation (including many of the very same documents Google asks the Court to notice here). *See, e.g., Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (noticing Google's terms of service and privacy policies); *In re Google Inc.*, No. 13-MD-02430- LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (same); *Calhoun v. Google*, 526 F. Supp. 3d 605, 617–18 (N.D. Cal. 2021) (same); *Brown*, 525 F. Supp. 3d at 1061 (same); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (same for Yahoo's); *Yuksel v. Twitter, Inc.*, No. 22-CV-05415-TSH, 2022 WL 16748612, at *2 (N.D. Cal Nov. 7, 2022) (same for Twitter's terms of service and rules); *Coffee v. Google LLC*, No. 20-CV-03901-BLF, 2021 WL 493387, at *3–4 (N.D. Cal. Feb. 10, 2021) (same for Google's terms of service); *In re Fibrogen, Inc.*, No. 21-CV-02623-EMC, 2022 WL 2793032, at *6 (N.D. Cal. July 15, 2022) (noticing "publicly available press releases" by nonparties); *Bos. Ret. Sys. v. Uber Techs.*, No. 19-CV-06361-RS, 2020 WL 4569846, at *3 (N.D. Cal. Aug. 7, 2020) (noticing 26 news articles in a securities class action to show "that particular information was available to the stock market").

B.    **Incorporation by Reference**

In deciding Google's Motion to Dismiss, the Court may consider the materials in Exhibits 1

through 5, 7 through 8, and 10 because Plaintiffs' Second Amended Complaint incorporates them by reference. Where, as here, important documents are "referenced in a complaint but not explicitly incorporated therein," "the complaint relies on the document[s]," and their "authenticity is unquestioned," a court may consider them when deciding a motion to dismiss. *Id.* This serves to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal quotations and citation omitted).

Exhibits 1 through 5 and 7 through 8 are Google's publicly available privacy policies, terms of service, and user notices, that are referenced and relied on by Plaintiffs in their Second Amended Complaint. *See* SAC ¶¶ 162, 164 (referencing the document attached hereto as Exhibit 2); SAC ¶ 135 n. 58 (referencing the document attached hereto as Exhibit 3); SAC ¶¶ 131, 134, 155-56, 161 (referencing the Google Analytics Terms of Service, attached hereto as Exhibit 1); SAC ¶¶ 152, 157 (referencing and quoting from the document attached hereto as Exhibit 4); SAC ¶ 128 n. 46 (referencing the document attached hereto as Exhibit 5); SAC ¶ 159 n. 84 (referencing and quoting from the document attached hereto as Exhibit 7); SAC ¶ 132 n. 52; ¶ 105 n. 30 (referencing and quoting from the document attached hereto as Exhibit 8). Exhibit 10 is an HHS guidance, which Plaintiffs also reference in the Second Amended Complaint. SAC ¶ 116 n. 40.

All of these documents are "integral to the . . . complaint" because it references and relies on them for its allegations. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (capitalization altered). Accordingly, Plaintiffs' Amended Complaint incorporates these documents by reference, and the Court may consider them in deciding Google's Motion to Dismiss.

### III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court consider Exhibits 1 through 10 under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in connection with Google's concurrently filed Motion to Dismiss.

Dated: September 3, 2024

**WILLKIE FARR & GALLAGHER LLP**
Benedict Hur
Simona Agnolucci
Eduardo Santacana
Joshua Anderson
David Doak
Tiffany Lin
Naiara Toker
Nadim Houssain
Harris Mateen


By: /s/ *Benedict Hur*
　　Benedict Hur

　　Attorneys for Defendant
　　GOOGLE LLC