**WILLKIE FARR & GALLAGHER LLP**
BENEDICT HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
EDUARDO SANTACANA (SBN 281668)
  esantacana@willkie.com
JOSHUA D. ANDERSON (SBN 312836)
  jdanderson@willkie.com
DAVID D. DOAK (SBN 301319)
  ddoak@willkie.com
TIFFANY LIN (SBN 321472)
  tlin@willkie.com
HARRIS MATEEN (SBN 335593)
  hmateen@willkie.com
NAIARA TOKER (SBN 346145)
  ntoker@willkie.com
NADIM HOUSSAIN (SBN 335556)
  nhoussain@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:  (415) 858-7400

Attorneys for Defendant
**GOOGLE LLC**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE I, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:23-cv-02431-VC<br>(Consol. w/ 3:32-cv-02343-VC)<br><br>**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE RE MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**Date:     November 7, 2024**<br>**Time:    10:00 a.m.**<br>**Ctrm.:  4 – 17th Floor, San Francisco**<br>**Before:  Hon. Vince Chhabria**<br><br>Consol. Complaint Filed: July 13, 2023<br>2nd Am. Complaint Filed: August 12, 2024 |

## I.     INTRODUCTION

Plaintiffs concede that the Court may properly take judicial notice or otherwise consider six of the exhibits attached to the Houssain Declaration (the "Exhibits"), Dkts. 165-2 through 165-6 and 165-11 (Exhibits 1 through 5 and 10). The Court should therefore consider these exhibits for the reasons stated in Google's Request for Judicial Notice (the "RJN") [Dkt. 165].

Plaintiffs' objections to the remaining Exhibits are unfounded. Houssain Decl. Exs. 6 through 9 [Dkt. 165-7 through 165-10], (the "Challenged Exhibits"). These exhibits consist of publicly available help pages, which are not subject to reasonable dispute. Moreover, two of these exhibits are directly quoted and relied upon in Plaintiffs' Second Amended Complaint (the "Complaint" or "SAC"). Plaintiffs do not question whether the Challenged Exhibits are publicly available or authentic. Instead, they invent relevance objections and offer a conclusory assertion, only in a header, that the policies' accuracy "is subject to question."

As discussed below, the Challenged Exhibits are properly before the court because they are (1) subject to judicial notice and incorporated by reference; (2) relevant and Plaintiffs have not challenged their authenticity; and (3) offered to prove their existence, and the existence of contents contained therein—not their truth.

## II.     ARGUMENT

### A.     The Challenged Exhibits are properly subject to judicial notice because they are relevant and Plaintiffs offer no legitimate basis to challenge their accuracy.

Judicial notice is permissible if a fact is "not subject to reasonable dispute" because it can be "determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Challenged Exhibits satisfy that rule. Plaintiffs object to the judicial notice of the Challenged Exhibits on the grounds that the exhibits are irrelevant to Plaintiffs' claims, because the supplied version post-dates the filing of this action. Pls.' Opp. to RJN [Dkt. 168] (the "Opposition," or "RJN Opp.") at 3–4. They also assert in a header that the accuracy of the Challenged Exhibits is "subject to question." *Id.* at 3.  Both objections are meritless.

*First*, the Challenged Exhibits are relevant because they are integral to Plaintiffs' claims. For example, Exhibit 6 is a Google Help Page that describes how Google Analytics 4 does not log or store IP addresses as a matter of policy. Although Plaintiffs do not directly reference this Help Page, this policy is integral to their allegation that Google knowingly misled Plaintiffs by "further[ing] the impression that it does not collect personally identifiable information." SAC ¶ 159. Plaintiffs rely on the webpage that comprises Exhibit 7 by directly quoting it to support their contention that Google knowingly misled Plaintiffs by "further[ing] the impression that it does not collect personally identifiable information." SAC ¶ 159. This contention is central to various of Plaintiffs' claims, including their claims for violation of the ECPA and breach of contract. *See, e.g.*, SAC ¶¶ 221, 222(g), 223(a), 285. Similarly, Plaintiffs quote language from and cite to the Help Page describing Google signals that comprises Exhibit 8. SAC ¶ 105. Plaintiffs rely on the language from this webpage to support their allegation that Health Care Providers "can target people [with personalized ads] on the basis that they visited the Health Care Provider's web property." *Id.* And although Plaintiffs do not cite the web page that comprises Exhibit 9, it is unquestionably relevant because it establishes the existence of a Google policy that prohibits advertisers from targeting ads based on health information. Google's Motion to Dismiss Plaintiffs' Second Amended Complaint [Dkt. 164] ("MTD SAC") at 11. The Challenged Exhibits are thus directly relevant to Plaintiffs' allegations and claims.

Plaintiffs raise a similarly unavailing argument that the Challenged Exhibits are irrelevant because they were "created or updated" after "Plaintiffs allege Google first accessed Plaintiffs' information." RJN Opp. at 4. To begin with, Plaintiffs protest that the Challenged Exhibits are "undated" (RJN Opp. at 3) while simultaneously claiming that three of them are dated August 2024 (RJN Opp. at 4). This is nonsensical. The reality is that the Challenged Exhibits were *accessed* by Google in August 2024 and represent the most current versions of the web pages at the time of filing. Houssain Decl. ¶¶ 7–10.

The Complaint does not allege a specific date when Google first accessed Plaintiffs' information, or that of the class they aim to represent. Nor do Plaintiffs provide the date in their

Opposition, even as they challenge the date of the policies. Despite this obfuscation, Plaintiffs cannot take issue with the fact that Google provides links to versions of the Challenged Exhibits that existed in August 2024—because Plaintiffs did *exactly the same thing* with respect to two of the same web pages when they filed the Complaint earlier in August 2024. *See* SAC nn. 30, 84 (citing to the same webpages that comprise Exhibits 7 and 8). Unsurprisingly, given their own reliance on Google policies from August 2024, Plaintiffs do not so much as assert that those supplied by Google differ in any relevant way from those that existed at the (undisclosed) time they accessed the relevant websites.

Further, even if any of the web pages associated with the Challenged Exhibits had been created or updated since Google first allegedly accessed Plaintiff's information, they would still be judicially noticeable because Plaintiffs specifically plead that Google's alleged conduct is ongoing—including in two amended complaints that followed the filing of this action. *See* SAC ¶¶ 139, 226; *Lloyd v. Facebook, Inc.*, 2022 WL 4913347 at *4 (N.D. Cal. Oct. 3, 2022) ("[B]ecause Plaintiff indicates that the alleged conduct occurred up until she filed her FAC, it is appropriate for the Court to take judicial notice of the Terms of Service effective when she filed her FAC.").

***Second***, Plaintiffs do not (and cannot) dispute the public availability or authenticity of the Challenged Exhibits. Nor do Plaintiffs actually argue that the Challenged Exhibits are inaccurate. Indeed, aside from offering the naked assertion that the Challenged Exhibits are "subject to question" in a header, the only arguments Plaintiffs raise under that header are (1) that not all documents appearing on public websites are judicially noticeable and (2) that the documents "were created or updated well after Plaintiffs allege Google first accessed Plaintiffs' information." RJN Opp. at 3-4. Plaintiffs merely rehash their relevance objection based on the date of the Challenged Exhibits and offer nothing to question the accuracy of those policies. *Hammerling v. Google LLC*, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) ("Because Plaintiffs do not dispute the accuracy of the contents of the Help Center webpage, and because webpages like this one are regularly the subject of judicial notice in this circuit, the Court takes judicial notice of [the] Exhibit."). Here, Plaintiffs do not question whether the Help Pages comprising the Challenged

Exhibits are unreliable or inaccurate. Nor do they offer any legitimate basis to challenge the authenticity or accuracy of the policies and notices found in those web pages. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (finding judicial notice appropriate where there can be no "reasonable dispute" about a fact and explaining that "a fact is not subject to reasonable dispute if it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned") (citation and quotation omitted).

**B.      Both the existence *and* the contents of the Challenged Exhibits are properly subject to judicial notice.**

Plaintiffs argue that even if the Court grants judicial notice as to the existence of the Challenged Exhibits, it should deny judicial notice as to the truth of the matters asserted in the Challenged Documents. RJN Opp. at 4–5. But Google does not request that the Court determine that every statement in the Challenged Exhibits is true, only that the Court recognize the existence and contents of the policies and notices contained therein. This is a well-established matter of judicial notice in the Northern District of California. *See In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 814 (N.D. Cal. 2020) (holding that "the existence of [publicly available] documents is a judicially noticeable fact" and taking judicial notice of Google's warranty appearing on a publicly accessible website). Here, judicial notice of the existence and contents of the Challenged Exhibits is enough for the purpose for which Google cites them, namely, to provide additional context and to address Plaintiffs' attempts at mischaracterization.

For instance, Google cites to Exhibit 7—which Plaintiffs initially cited in their Complaint—to address Plaintiffs' conflation of two different features: (i) the "IP address masking" feature in Universal Analytics (the older version of Google Analytics); and (ii) the dropping of IP address entirely in Google Analytics 4. MTD SAC at 15–16. Google seeks judicial notice of Exhibit 6 for the same reason—simply to clarify that Google's present policy with respect to Google Analytics 4 is that it does not log or store individual IP addresses. RJN Ex. 6. Contrary to Plaintiffs' assertion, it is unnecessary to consider the truth of any facts stated in the webpage beyond the existence of Google's stated policies, particularly since Plaintiffs fall far short of

pleading facts sufficient to establish a plausible claim that Google fails to enforce its policy. Google relies on Exhibit 8—another web page that Plaintiffs initially cited—to highlight the existence of Google's publicly available notice that "Google Analytics collects additional information about users who have consented to Ads Personalization[,]" and to point out that Plaintiffs do not allege any facts to support their contention that Google took actions inconsistent with its commitment not to collect such information without user consent. MTD SAC at 15. Similarly, Google references Exhibit 9 to highlight the existence of Google's policy prohibiting advertisers from targeting ads based on health information. *Id.* at 11. This Court can take judicial notice "of the fact that these documents exist" and "the existence of the contents therein." *Cal. Sportfishing Prot. All. v. Shiloh Grp.*, LLC, 268 F. Supp. 3d 1029, 1038–39 (N.D. Cal. 2017); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (same); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (same).

Here, because Google seeks to show that the documents "say[] what [they] say," and there is no reasonable dispute over the accuracy and substance of these terms, the Court can and should consider the Challenged Exhibits. *Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d 1131, 1143 (N.D. Cal. 2019) (taking judicial notice of an extrinsic contract on a pleadings challenge, either under judicial notice or the incorporation-by-reference doctrine).

### C.    Exhibits 6, 7, and 8 are incorporated by reference in Plaintiffs' Complaint.

In addition to being judicially noticeable, Exhibits 6, 7, and 8 are also incorporated by reference into the Complaint. The incorporation-by-reference doctrine permits courts "to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotes omitted). Even "materials that the complaint did not reference at all" can be incorporated "when assessing the sufficiency of a claim requires that the document at issue be reviewed." *Khoja*, 899 F.3d at 1002. The doctrine exists to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which

their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citations and quotations omitted).

This is precisely what Plaintiffs seek to do here. Plaintiffs base their claims on the publicly available web pages that comprise Exhibits 7 and 8 (*see, e.g.*, SAC nn. 84, 30), but ask the Court to ignore those same web pages when Google provides additional context about them. *See* MTD at 15–16. The incorporation-by-reference doctrine squarely prevents that result. *Khoja*, 899 F.3d at 1002 ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."). Having relied on these web pages to support their claims, Plaintiffs must also contend with the parts that doom their claims. *See Birdsong v. AT&T Corp.*, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013) (incorporating release agreement by reference because plaintiff "would have no valid claims unless the release agreement did not bar them").

Plaintiffs seek to avoid incorporation by reference as to Exhibits 7 and 8 by claiming that they are not the same Google pages that Plaintiffs cited in the Complaint. RJN Opp. at 5. Specifically, Plaintiffs contend that Exhibit 7 "is the same link to an updated August 2024 version of the document cited by Plaintiffs." *Id.* But Plaintiffs offer no evidence that the web page was "updated" during the nine-day period between when Plaintiffs cited it in the Complaint on August 12 and when Google downloaded it on August 21. In fact, all of the language Plaintiffs quoted from the web page in the Complaint (*see* SAC ¶ 159) appears exactly as quoted in Exhibit 7. RJN Ex. 7. As to Exhibit 8, Plaintiffs cite footnote 73 of the SAC to argue that Exhibit 8 is "not the Google page that Plaintiffs cited to in the Complaint." RJN Opp. at 5. But Google never claimed that the web page Plaintiffs cited at footnote 73 of the Complaint was the same as Exhibit 8. Rather, as Google explained, Exhibit 8 is the web page titled "Activate Google signals" that Plaintiffs cited at footnote 30 of the Complaint. *See* RJN at 5. And again, Plaintiffs fail to provide any reason to believe that this web page was updated during the nine-day period between when Plaintiffs linked to the web page and Google downloaded it.

As to Exhibit 6, although Plaintiffs argue this is not incorporated (RJN Opp. at 5), it contains similar content to Exhibit 7 that reinforces the fact that the policy of Google Analytics 4 is not to log or store individual IP addresses. RJN Ex. 6. Given Plaintiffs' heavy reliance on Google's alleged collection of IP addresses to support their contention that Google knowingly misled Plaintiffs by "further[ing] the impression that it does not collect personally identifiable information" (SAC ¶ 159), assessing the sufficiency of Plaintiffs' claim necessarily requires that Exhibit 6 be incorporated by reference. *Khoja*, 899 F.3d at 1002.

Because Exhibits 6, 7 and 8 are central to Plaintiffs' claims, they are incorporated by reference.

### III.    CONCLUSION

For the reasons stated above, Google respectfully requests that the Court grant Google's Request for Judicial Notice. Dkt. 165.

Dated: September 24, 2024

WILLKIE FARR & GALLAGHER LLP
Benedict Hur
Simona Agnolucci
Eduardo Santacana
Joshua Anderson
David Doak
Tiffany Lin
Harris Mateen
Naiara Toker
Nadim Houssain


By:   */s/ Benedict Hur*
      Benedict Hur

      Attorneys for Defendant
      GOOGLE LLC