COOLEY LLP
BEN HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
TIFFANY LIN (321472)
(tiffany.lin@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE I, et al., on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No. 3:23-cv-02431-VC<br>(Consol. w/ 3:23-cv-02343-VC)<br><br>**DEFENDANT GOOGLE LLC'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Ctrm: 4 – 17th Floor (San Francisco)<br>Before: District Judge Vince Chhabria<br><br>Consol. Complaint Filed: July 13, 2023<br>2nd Am. Complaint Filed: August 12, 2024 |

Defendant Google LLC ("Google") hereby answers the Second Amended Complaint ("SAC") filed on August 12, 2024, by Plaintiffs John Doe I, John Doe II, John Doe IV, John Doe V, Jane Doe I, Jane Doe VI, and Jane Doe VII ("Plaintiffs"), according to its numbered paragraphs as follows below. Except as expressly admitted herein, Google denies all allegations in the SAC. Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts.[1]

## I.       INTRODUCTION

The SAC purports to quote from and characterize several documents, including without context and in a misleading manner. To the extent Google admits that a document is quoted, Google only admits that the cited document contains the quoted language and does not admit that a paragraph quotes a document fairly or with appropriate context, nor does it admit any accompanying characterization.

1.       Paragraph 1 provides Plaintiffs' description of Plaintiffs' lawsuit and thus no answer is required. To the extent an answer is required, Google admits that it provides advertising services and analytics services that developers can choose to incorporate into their websites and apps. Google denies the remaining allegations in Paragraph 1.

2.       Google admits that it provides advertising services and analytics services that developers can choose to incorporate into their websites and apps. Google denies the remaining allegations in Paragraph 2.

3.       Google admits that it provides advertising services and analytics services that developers can choose to incorporate into their websites and apps. Furthermore, Plaintiffs' claims regarding Google's alleged use of Health Information for targeted advertising was dismissed with prejudice on June 6, 2025 (ECF No. 198). Thus, to the extent Paragraph 3 relates to this claim, no

---

[1] Google interprets any headings and the Table of Contents to provide a roadmap to the allegations and not as allegations themselves. Google therefore does not provide a specific response to the headers or the Table of Contents. To the extent a response is required, Google denies any allegations contained therein. The various headings and subheadings in the SAC are reproduced herein solely for convenience.

response is required. To the extent a response is required, Google denies the remaining allegations in Paragraph 3.

4.     Google admits that it provides advertising services and analytics services that developers can choose to incorporate into their websites and apps. Further, the Court held on June 6, 2025 that Plaintiffs inadequately alleged intent by Google to obtain communications containing private health information about identifiable patients after Google updated its help pages in 2023 (ECF No. 198). Thus, to the extent Plaintiffs' allegations regarding Google's intent apply to its claims for the time period after Google updated its help pages in 2023, those claims have been dismissed with prejudice. Google denies the remaining allegations in Paragraph 4.

5.     Paragraph 5 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 5.

## II.     THE PARTIES

6.     Google lacks sufficient information to admit or deny the allegation in Paragraph 6, and on that basis denies it.

7.     Google lacks sufficient information to admit or deny the allegation in Paragraph 7, and on that basis denies it.

8.     Google lacks sufficient information to admit or deny the allegation in Paragraph 8, and on that basis denies it.

9.     Google lacks sufficient information to admit or deny the allegation in Paragraph 9, and on that basis denies it.

10.     Google lacks sufficient information to admit or deny the allegation in Paragraph 10, and on that basis denies it.

11.     Google lacks sufficient information to admit or deny the allegation in Paragraph 11, and on that basis denies it

12.     Google lacks sufficient information to admit or deny the allegation in Paragraph 12, and on that basis denies it.

13.     Google admits that it is a Delaware limited liability company with its principal place of business in Mountain View, California. Otherwise, denied.

## III.     JURISDICTION, VENUE, AND ASSIGNMENT

14.     Paragraph 14 contains a legal conclusion to which no response is required; to the extent a response is required, Google admits that this Court has jurisdiction over this action.

15.     Paragraph 15 contains a legal conclusion to which no response is required; to the extent a response is required, Google admits that venue is proper in this Court.

16.     Paragraph 16 contains a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

17.     Paragraph 17 contains a legal conclusion to which no response is required; to the extent a response is required, Google admits that this Court has jurisdiction over this action.

18.     Paragraph 18 contains a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 18, except Google admits that Plaintiffs filed this case as a putative class action.

19.     Paragraph 19 contains a legal conclusion to which no response is required; to the extent a response is required, Google admits this Court has jurisdiction over this action.

20.     Paragraph 20 contains multiple legal conclusions to which no response is required; to the extent a response is required, Google admits this Court has jurisdiction over this action.

## IV.     DEFINITIONS

21.     Paragraph 21 merely provides Plaintiffs' definitions of key terms and thus no answer is required. To the extent an answer is required, Google states that the webpage referred to and cited by Paragraph 21 and footnote 2 speaks for itself, and therefore no response is required. Otherwise, denied.

## V.     FACTUAL ALLEGATIONS

### A.     Google's Business

22.     Google admits that it provides cloud services, analytics services, and advertising

services. Google states that the webpage referred to and cited by Paragraph 22 and footnote 3 speaks for itself, and therefore no response is required. Otherwise, denied.

**B.    Google's Third-Party Tracking Technologies**

23.    Google admits that it provides online advertising services, Google Search, YouTube, and Google Maps. Otherwise, denied.

24.    Google admits that it provides analytics services and analytics services that developers can choose to incorporate into their websites and apps. Google denies the remaining allegations in Paragraph 24.

25.    Google admits that it provides advertising services that developers can choose to incorporate into their websites and apps. Google admits that it provides advertising services on Google Search and the Google Display Network. Google denies the remaining allegations in Paragraph 25.

26.    Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google denies the remaining allegations in Paragraph 26.

27.    Google admits that it provides analytics services and advertising services that developers can choose to incorporate into their websites and apps. Google further states that the websites referred to and quoted in Paragraph 27 and cited in footnotes 4, 5, and 6 speak for themselves, and therefore no response is required. Google denies the remaining allegations in Paragraph 27.

28.    Google admits that it provides a product called Google Tag that developers can choose to incorporate into their websites. Google further states that the websites referred to and quoted in Paragraph 28 and cited in footnotes 7 and 8 speak for themselves, and therefore no response is required. Google denies the remaining allegations in Paragraph 28.

29.    Google admits that it provides a product called Google Tag Manager that developers can choose to incorporate into their websites. Google further states that the websites

referred to and quoted in Paragraph 29 and cited in footnotes 9 and 10 speak for themselves, and therefore no response is required. Google denies the remaining allegations in Paragraph 29.

30.     Paragraph 30 merely provides Plaintiffs' definition of a term in the SAC ("Google Source Code"), and thus no answer is required. To the extent an answer is required, Google denies the allegations in Paragraph 30.

31.     Google admits that it provides analytics services, advertising services, Google Tag, and Google Tag Manager. Google otherwise denies the allegations in Paragraph 31.

32.     Google admits that it provides analytics services, advertising services, Google Tag, and Google Tag Manager. Google otherwise denies the allegations in Paragraph 32.

**C.     Google's Acquisition of the Plaintiffs' Health Information**

33.     Google lacks sufficient knowledge and information to admit or deny the allegations in the first sentence of Paragraph 33, and on that basis denies them. Google denies the remaining allegations in Paragraph 33.

**1.     Google Source code is Extensively Integrated in Plaintiffs' Health Care Provider Websites**

34.     Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports. Google denies the remaining allegations in Paragraph 34.

**a.     Gunderson - John Doe I**

35.     Google lacks sufficient knowledge and information to admit or deny the allegation in Paragraph 35, and on that basis denies it.

36.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 36, and on that basis denies them.

37.     Google lacks sufficient knowledge and information to admit or deny the allegation in the first sentence of Paragraph 37, and on that basis denies it. Google further states that the website referred to and quoted in Paragraph 37 speaks for itself, and therefore no response is

required. Google lacks knowledge and information to admit or deny the allegation in the third sentence of Paragraph 37, and on that basis denies it.

38.     Google lacks sufficient knowledge and information to admit or deny the allegations in the first sentence of Paragraph 38, and on that basis denies them. The second sentence of Paragraph 38 further contains a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegation.

39.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 39, and on that basis denies them. Google denies the remaining allegations in Paragraph 39.

40.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 40, and on that basis denies them.

41.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 41, and on that basis denies them.

42.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 42, and on that basis denies them.

### b.     Kaiser - John Doe II and John Doe IV

43.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 43, and on that basis denies them.

44.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 44, and on that basis denies them.

45.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 45, and on that basis denies them. Google further states that the website referred to and quoted in Paragraph 45 speaks for itself, and therefore no response is required.

46.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 46, and on that basis denies them.

47.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 47, and on that basis denies them.

48.      Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 48, and on that basis denies them. Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

49.      Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 49, and on that basis denies them. Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

50.      Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 50, and on that basis denies them. Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

51.      Google states that the websites referred to and quoted in Paragraph 51, and cited in footnotes 12, 13, and 14, speak for themselves, and therefore no response is required.  Otherwise, denied.

### c.      Tallahassee Memorial HealthCare - John Doe V

52.      Google lacks sufficient knowledge and information to admit or deny the allegation in Paragraph 52, and on that basis denies it.

53.      Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 53, and on that basis denies them.

54.      Google states that the website referred to and quoted in Paragraph 54 speaks for itself, and therefore no response is required. Google further lacks sufficient knowledge and information to admit or deny the allegations in this paragraph, and on that basis denies them.

55.      Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 55, and on that basis denies them.

56.      Google lacks sufficient knowledge and information to admit or deny the allegation in Paragraph 56, and on that basis denies it.

57.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 57, and on that basis denies them.

### d.     MedStar - Jane Doe I

58.     Google lacks sufficient knowledge and information to admit or deny the allegation in Paragraph 58, and on that basis denies it.

59.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 59, and on that basis denies them.

60.     Google states that the website referred to and quoted in Paragraph 60 speaks for itself, and therefore no response is required. Google further lacks sufficient knowledge and information to admit or deny the allegations in this paragraph, and on that basis denies them.

61.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 61, and on that basis denies them.

62.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 62, and on that basis denies them. Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

63.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 63, and on that basis denies them. Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

64.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 64, and on that basis denies them. Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

### e.     Shannon Medical - Jane Doe VI

65.     Google lacks sufficient knowledge and information to admit or deny the allegation in Paragraph 65, and on that basis denies it.

66.    Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 66, and on that basis denies them.

67.    Google states that the website referred to and quoted in Paragraph 67 speaks for itself, and therefore no response is required. Google further lacks sufficient knowledge and information to admit or deny the allegations in this paragraph, and on that basis denies them.

68.    Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 68, and on that basis denies them.

69.    Google lacks sufficient knowledge and information to admit or deny the allegation in Paragraph 69, and on that basis denies it. Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

70.    Google states that the website referred to and quoted in Paragraph 70 speaks for itself, and therefore no response is required. Google further lacks sufficient knowledge and information to admit or deny the allegations in this paragraph, and on that basis denies them. Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

### f.    Edward-Elmhurst Health - Jane Doe VII

71.    Google lacks sufficient knowledge and information to admit or deny the allegation in Paragraph 71, and on that basis denies it.

72.    Google lacks sufficient knowledge and information to admit or deny the allegation in Paragraph 72, and on that basis denies it.

73.    Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 73, and on that basis denies them.

74.    Google states that the website referred to and quoted in Paragraph 74 speaks for itself, and therefore no response is required. Google further lacks sufficient knowledge and information to admit or deny the allegations in this paragraph, and on that basis denies them.

75.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 75, and on that basis denies them. Google denies any remaining allegations in Paragraph 75.

76.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 76, and on that basis denies them.  Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

77.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 77, and on that basis denies them.  Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

78.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 78, and on that basis denies them.  Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

79.     Paragraph 79 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 79.

80.     Google states that the website referred to in Paragraph 80, and cited in footnote 16, speaks for itself, and therefore no response is required.  Otherwise, denied.

81.     Paragraph 81 contains a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations in Paragraph 81.

**2.     The Plaintiffs' Information Google Obtained Is Health Information**

82.     Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 82 because footnote 16 does not exist, and on that basis denies them.

83.     Google states that the statute referred to and quoted in Paragraph 83 speaks for itself, and therefore no response is required.  Otherwise, denied.

84.     Google states that the website referred to in Paragraph 84, and cited in footnote 17, speaks for itself, and therefore no response is required.  Otherwise, denied.

85.     Google states that the websites referred to in Paragraph 85, and cited in footnote 18, speak for themselves, and therefore no response is required.  Otherwise, denied.  Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

86.     Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google further admits that it is up to the developer using Google Analytics to choose how to configure its Google Analytics settings. Otherwise, denied.

87.     Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google further admits that it is up to the developer using Google Analytics to choose how to configure its Google Analytics settings. Google states that Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports. Otherwise, denied.

88.     Google states that the document attached as Exhibit 8 speaks for itself, and therefore no response is required. Otherwise, denied.

89.     Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 89, and on that basis denies them. Exhibits 1 and 2 are also improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports.

### 3.     The Plaintiffs' Information Google Obtained Is Identifiable

90.     Google states that the statute referred to and quoted in Paragraph 90 speaks for itself, and therefore no response is required. Otherwise, denied.

91.     Google admits that a website that is using Google ads services or Google analytics services can transmit an IP address to Google. Google further states that Exhibits 1 and 2 are improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports. Google denies any remaining allegations in Paragraph 91.

### a.     IP Address and User-Agent

92.     Google admits that a website that is using Google ads services or Google analytics services can transmit an IP address to Google. Otherwise, denied.

### b.     Cookies

93.     Google admits that a website that is using Google ads services or Google analytics services can transmit cookies to Google. Otherwise, denied.

### c.     GET and POST Request Headers with Disguised Google Cookies

94.     Google admits that a website that is using Google ads services or Google analytics services can transmit cookies to Google. Otherwise, denied.

95.     Google states that the website referred to and quoted in Paragraph 95, and cited in footnote 26, speaks for itself, and therefore no response is required.  Otherwise, denied.

96.     Google admits that a website that is using Google ads services or Google analytics services can transmit cookies to Google. Otherwise, denied.

97.     Google admits that a website that is using Google ads services or Google analytics services can transmit cookies to Google.  Google further states that Exhibits 1 and 2 are improper under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports. Otherwise, denied.

98.     Google admits that a website that is using Google ads services or Google analytics services can transmit cookies to Google.  Otherwise, denied.

99.     Google admits that a website that is using Google ads services or Google analytics services can transmit cookies to Google.  Google further states that Exhibits 1 and 2 are improper

under Federal Rule of Civil Procedure 10(c) because they appear to be taken from expert-generated reports. Otherwise, denied.

100. The first sentence of Paragraph 100 contains a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations. Google lacks sufficient information to admit or deny the allegation contained in the second sentence of Paragraph 100, and therefore denies it.

101. The allegations in Paragraph 101 call for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations.

102. Google admits that a website that is using Google ads services or Google analytics services can transmit cookies and IP addresses to Google. The allegations in Paragraph 102 call for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations.

103. The allegations in Paragraph 103 call for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

104. The allegations in Paragraph 104 call for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations.

105. Google admits that it provides an analytics service through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interaction. Google further admits that it is up to the developer using Google Analytics to choose how to configure its Google Analytics settings. Google states that the website referred to and quoted in Paragraph 105, and cited in footnotes 30 through 32, speaks for itself, and therefore no response is required. Otherwise, denied.

106. Google denies the allegations in Paragraph 106.

107. The allegations in Paragraph 107 call for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations.

108. Google states that the document cited in this paragraph speaks for itself, and therefore no response is required. Google denies the remaining allegations in Paragraph 108.

109. The allegations in Paragraph 109 call for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

**D. Google's Acquisition of Class Members' Health Information**

110. Google denies the allegations in Paragraph 110.

**1. Google Source Code Is Extensively Integrated on Class Members' Health Care Provider Websites**

111. Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 111, and on that basis denies them.

112. Google states that the exhibit referred to and quoted in Paragraph 112, and cited in footnotes 35 through 37, speaks for itself, and therefore no response is required. Otherwise, Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 112, and on that basis denies them.

113. Google states that the webpages referred to and quoted in Paragraph 113, and cited in footnotes 38 and 39, speak for themselves, and therefore no response is required. Otherwise, Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 113, and on that basis denies them.

114. Google denies the allegations in Paragraph 114.

115. The second sentence of Paragraph 115 is a legal conclusion to which no response is required. To the extent a response is required, Google denies any factual allegations in the second sentence. Google lacks sufficient knowledge and information to admit or deny Plaintiffs' allegations in the third and fourth sentences of Paragraph 115, and on that basis denies them. Google denies the remaining allegations in Paragraph 115.

**2. HHS Recognized Google's Third-Party Tracking Technologies Are a Nationwide Privacy Problem**

116. Google states that the webpages referred to and quoted in Paragraph 116, and cited in footnotes 40 and 41, speak for themselves, and therefore no response is required. Otherwise,

Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 116, and on that basis denies them.

117.    Google states that the webpage and court order referred to and quoted in Paragraph 117, and cited in footnotes 42 and 43, speak for themselves, and therefore no response is required. Otherwise, Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 117, and on that basis denies them.

3.    **Plaintiffs' Investigation Confirms that Google's Third-Party Tracking Technologies Are a Nationwide Privacy Problem**

118.    Google denies the allegation in the first sentence of Paragraph 118. Google lacks sufficient information to admit or deny the allegations in the second sentence of Paragraph 118, and on that basis denies them.

119.    Paragraph 119 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 119.

120.    Paragraph 120 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 120.

121.    Paragraph 121 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 121.

122.    Paragraph 122 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 122.

E.      **Google's Use of Plaintiffs' and Class Members' Health Information**

123.      Paragraph 123 contains legal conclusions, characterizations, or arguments, to which no response is required.   To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 123.

124.      Google admits that it provides advertising services and analytics services, and developers can choose whether to link their advertising and analytics accounts. Google states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 124 and on that basis denies them. Google states that the website referred to in Paragraph 124 and cited in footnote 44 speaks for itself, and therefore no response is required. Google denies the remaining allegations in Paragraph 124.

125.      Google admits that it provides advertising services and analytics services, and developers can choose whether to enable certain features or link their advertising and analytics accounts. Google states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 125 and on that basis denies them. Google denies the remaining allegations in Paragraph 125.

126.      Google admits that it has policies that restrict certain types of advertising. Google denies the remaining allegations in Paragraph 126.

1.      **Google uses Health Information to Classify Individuals, Web Properties, and Internet Browsing Activities**

127.      Google states that the website referred to in Paragraph 127 and cited in footnote 45 speaks for itself, and therefore no response is required. Google denies the remaining allegations in Paragraph 127.

128.      Google states that the website referred to in Paragraph 128 and cited in footnote 46 speaks for itself, and therefore no response is required. To the extent any response is required, Google denies the remaining allegations in Paragraph 128.

### 2. Google Admits to Making Multiple Uses of Health Information

129. To the extent Paragraph 129 concerns Plaintiffs' claim that Google uses health information in personalized advertising, that claim was dismissed with prejudice by the Court on June 6, 2025 (see ECF No. 198). As such no response is required. To the extent a response is required, Google states that the website cited in Paragraph 129 and footnote 47 speaks for itself, and therefore no response is required. Google denies the remaining allegations in Paragraph 129.

130. Google admits that it has amended its Privacy Policy since February 25, 2015. Google states that the websites cited in Paragraph 130 and footnotes 48 and 49 speak for themselves, and therefore no response is required. Google denies the remaining allegations in Paragraph 130.

131. Google admits that Google has amended the Google Analytics Terms of Service since 2019. Google states that the website cited in Paragraph 131 and footnotes 50 and 51 speaks for itself and therefore no response is required. Google denies the remaining allegations in Paragraph 131.

### a. Google's Acquisition of Class Members' Health Information

132. Google admits that Google Analytics customers may create remarketing audiences. Google states that the websites cited in Paragraph 132 and footnotes 52 and 53 speak for themselves, and therefore no response is required. To the extent any response is required, Google denies the remaining allegations in Paragraph 132.

133. Paragraph 133 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google uses health information collected through Google Analytics for personalized advertising (see ECF No. 198). As such, no response is required. To the extent a response is required, Google lacks sufficient information to admit or deny the allegation in the first sentence of Paragraph 133, and on that basis denies it. Google states that the websites cited in Paragraph 133 and footnotes 54 and 55 speak for themselves, and therefore no response is required. Google denies any remaining allegations in Paragraph 133.

134. Paragraph 134 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google uses health information collected through Google Analytics for personalized advertising (see ECF No. 198). As such, no response is required. Google states that the webpages cited in footnotes 55 and 56 speak for themselves, and therefore no response is required. Google denies any remaining allegations in Paragraph 134.

135. Paragraph 135 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google uses health information collected through Google Analytics for personalized advertising (see ECF No. 198). As such, no response is required. Google further states that the Google webpage cited in footnote 58 speaks for itself, and therefore no response is required. Google denies any remaining allegations in Paragraph 135.

136. Paragraph 136 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google uses health information collected through Google Analytics for personalized advertising (see ECF No. 198). As such, no response is required. Google further states that the Google webpage cited in footnotes 60 and 61 speak for themselves, and therefore no response is required. Google denies any remaining allegations in Paragraph 136.

137. Paragraph 137 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google uses health information collected through Google Analytics for personalized advertising (see ECF No. 198). As such, no response is required. Google further states that the Google webpage cited in footnotes 62 and 63 speak for themselves, and therefore no response is required. To the extent a response is required, Google denies the allegations in Paragraph 137.

138. Paragraph 138 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google uses health information collected through Google Analytics for personalized advertising (see ECF No. 198). As such, no response is required. To the extent a response is required, Google denies the allegations in Paragraph 138.

139. Paragraph 139 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google uses health information collected through Google

Analytics for personalized advertising (see ECF No. 198). As such, no response is required. Google states that the webpage cited in Paragraph 139 and footnote 64 speaks for itself. Google denies the remaining allegations in Paragraph 139.

140.    Paragraph 140 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google uses health information collected through Google Analytics for personalized advertising (see ECF No. 198). As such, no response is required. Google states that the webpage cited in Paragraph 140 and footnote 65, and the document attached as Exhibit 10, speak for themselves. Google denies the remaining allegations in Paragraph 140.

141.    Paragraph 141 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google uses health information collected through Google Analytics for personalized advertising (see ECF No. 198). As such, no response is required. To the extent a response is required, Google denies the allegations in Paragraph 141.

    b.    **Google Uses Health Information to Develop New Products and Services, Including Health Services**

142.    The document cited in footnotes 67 and 68 speaks for itself, and therefore, no response is required. To the extent a response is required, Google denies the allegations in Paragraph 142.

    c.    **Google Uses Health Information to Personalize "Content"**

143.    Google admits that it has policies restricting certain types of personalized advertising. Google admits that it provides products such as Google Search, Google Maps, and the Google Play Store. Google otherwise denies the allegations in Paragraph 143.

144.    Google states that the webpage cited in Paragraph 144 and in footnotes 69 and 70 speaks for itself, and therefore, no response is required. Google denies the remaining allegations in Paragraph 144.

    F.    **At All Relevant Times, Google Acted with Full Knowledge and Intent**

145.    The Court held on June 6, 2025 that Plaintiffs inadequately alleged intent by Google to obtain communications containing private health information about identifiable patients after

Google updated its help pages in 2023 (ECF No. 198). Thus, to the extent Plaintiffs' allegations regarding Google's intent in Paragraph 145 apply to its claims for the time period after Google updated its help pages in 2023, those claims have been dismissed with prejudice. Paragraph 145 also contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 145.

### 1. Google Intended for Its Third-Party Tracking Technology to Transmit the Communications and Activities Of Patients.

146. Google states that the document attached as Exhibit 11 and referenced in Paragraph 146 and footnote 71 speaks for itself, and therefore no response is required. Paragraph 146 also contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 146.

147. Google states that the webpages referenced in Paragraph 147 and footnotes 72 and 73 speak for themselves, and therefore no response is required. Paragraph 147 also contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 147.

148. Google states that the webpage referenced in Paragraph 148 and footnote 74 speaks for itself, and therefore no response is required. Paragraph 148 also contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 148.

149. Google states that the webpage referenced in Paragraph 149 and footnote 75, as well as the document attached as Exhibit 11 and referenced in Paragraph 149 and footnote 76, speak for themselves, and therefore no response is required. Paragraph 149 also contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 149.

150. Google admits that it provides Google Ads and Google Analytics services to developers, who can choose to incorporate the products on their webpages and apps to measure certain user interactions. The Court held on June 6, 2025 that Plaintiffs inadequately alleged intent

by Google to obtain communications containing private health information about identifiable patients after Google updated its help pages in 2023 (ECF No. 198). Thus, to the extent Plaintiffs' allegations regarding Google's intent in Paragraph 150 apply to its claims for the time period after Google updated its help pages in 2023, those claims have been dismissed. Google denies any remaining allegations in Paragraph 150.

> **2.** **Google Knew that It Would Intercept and Collect Health Information but Downplayed and Obscured that Reality to Expand its Reach in the Healthcare Industry.**

151.    Paragraph 151 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 151.

152.    Paragraph 152 contains legal conclusions, characterizations, or arguments, to which no response is required.  Further, the webpage cited in Paragraph 152 and footnote 77 speaks for itself, and therefore, no response is required. The Court held on June 6, 2025 that Plaintiffs inadequately alleged intent by Google to obtain communications containing private health information about identifiable patients after Google updated its help pages in 2023 (ECF No. 198). Thus, to the extent Plaintiffs' allegations regarding Google's intent in Paragraph 152 apply to its claims for the time period after Google updated its help pages in 2023, those claims have been dismissed. To the extent a response is required, Google denies any legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 152.

153.    Paragraph 153 contains legal conclusions, characterizations, or arguments, to which no response is required.  The Court held on June 6, 2025 that Plaintiffs inadequately alleged intent by Google to obtain communications containing private health information about identifiable patients after Google updated its help pages in 2023 (ECF No. 198). Thus, to the extent Plaintiffs' allegations regarding Google's intent in Paragraph 153 apply to its claims for the time period after Google updated its help pages in 2023, those claims have been dismissed. To the extent a response

is required, Google denies any legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 153.

154.     Paragraph 154 contains legal conclusions, characterizations, or arguments, to which no response is required.  Further, the webpage cited in Paragraph 154 and footnote 79 speaks for itself, and therefore, no response is required. The Court held on June 6, 2025 that Plaintiffs inadequately alleged intent by Google to obtain communications containing private health information about identifiable patients after Google updated its help pages in 2023 (ECF No. 198). Thus, to the extent Plaintiffs' allegations regarding Google's intent in Paragraph 154 apply to its claims for the time period after Google updated its help pages in 2023, those claims have been dismissed. To the extent a response is required, Google denies any legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 154.

155.     Google admits that developers were required to agree to the Google Analytics Terms of Service, including in 2019, 2021, and 2023. Paragraph 155 contains legal conclusions, characterizations, or arguments, to which no response is required.  The Court held on June 6, 2025 that Plaintiffs inadequately alleged intent by Google to obtain communications containing private health information about identifiable patients after Google updated its help pages in 2023 (ECF No. 198). Thus, to the extent Plaintiffs' allegations regarding Google's intent in Paragraph 155 apply to its claims for the time period after Google updated its help pages in 2023, those claims have been dismissed. To the extent a response is required, Google denies any legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 155. Google otherwise denies the allegations in Paragraph 155.

156.     Google admits that developers were required to agree to the Google Analytics Terms of Service, including in 2019 and 2021. Paragraph 156 contains legal conclusions, characterizations, or arguments, to which no response is required.  The Court held on June 6, 2025 that Plaintiffs inadequately alleged intent by Google to obtain communications containing private health information about identifiable patients after Google updated its help pages in 2023 (ECF No. 198). Thus, to the extent Plaintiffs' allegations regarding Google's intent in Paragraph 156

apply to its claims for the time period after Google updated its help pages in 2023, those claims have been dismissed. To the extent a response is required, Google denies any legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 156. Google otherwise denies the allegations in Paragraph 156.

157. Google admits that a HIPAA Disclaimer was present in March 2023. Paragraph 157 also contains legal conclusions, characterizations, or arguments, to which no response is required. The Court held on June 6, 2025 that Plaintiffs inadequately alleged intent by Google to obtain communications containing private health information about identifiable patients after Google updated its help pages in 2023 (ECF No. 198). Thus, to the extent Plaintiffs' allegations regarding Google's intent in Paragraph 157 apply to its claims for the time period after Google updated its help pages in 2023, those claims have been dismissed. Google states that the webpage cited in footnotes 80 and 81 speaks for itself, and therefore no response is required. Otherwise, denied.

158. Google admits that publishers must follow Google's Ad Manager and Ad Exchange program policies. Google states that the webpages cited in footnotes 82 and 83 speak for themselves, and therefore, no response is required. Google otherwise denies the allegations in Paragraph 158.

159. Google admits that it provided an "IP address masking" feature in Universal Analytics. Google admits that it does not provide an "IP address masking" feature for Google Analytics 4. Google admits that it encouraged Universal Analytics customers to transition to Google Analytics 4, including around December 2022. Google states that the webpage cited in footnote 85 speaks for itself, and therefore, no response is required. Google otherwise denies the allegations in Paragraph 159.

160. Paragraph 160 contains multiple legal conclusions, to which no response is required. Further, the Court held on June 6, 2025 that Plaintiffs inadequately alleged intent by Google to obtain communications containing private health information about identifiable patients after Google updated its help pages in 2023 (ECF No. 198). Thus, to the extent Plaintiffs'

allegations regarding Google's intent in Paragraph 160 apply to its claims for the time period after Google updated its help pages in 2023, those claims have been dismissed. To the extent a response is required, Google denies the allegations.

161. The webpages cited in footnote 86 speak for themselves, and as such, no response is required. Paragraph 161 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies them. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 161 insofar as they pertain to the conduct or knowledge of Health Care Providers, and on that basis denies them.

### 3. Google's March 2023 Admonition About Transmitting Health Information Is Farcical.

162. Google admits that in or around March 2023, Google posted a "help" page titled, "HIPAA and Google Analytics." Google admits that it provides Google Analytics services, which developers can choose to incorporate into their webpages and apps. Google states that the webpage cited in Paragraph 162 and footnote 87 speaks for itself, and as such, no response is required. To the extent a response is required, Google denies the remaining allegations in Paragraph 162.

163. Google admits that it provided an AI service called Google Bard. Paragraph 163 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 163.

164. Google admits that in or around March 2023, Google posted a "help" page titled, "HIPAA and Google Analytics." Paragraph 164 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 164.

165. Google admits that it provides Google Ads and Google Analytics products, which developers can choose to incorporate into their websites and apps. Paragraph 165 also contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the remaining allegations in Paragraph 165.

166.     Google admits that it provides Google Ads and Google Analytics products, which developers can choose to incorporate into their websites and apps. Paragraph 166 also contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the remaining allegations in Paragraph 166.

### a.     Google Knows When Health Care Providers Transmit Information to It

167.     Google admits that it provides a service called Google Search, and that Google Search uses a "search index." Google states that the webpage quoted in Paragraph 167 and cited in footnote 88 speaks for itself, and therefore no response is required. Google states that the image in Paragraph 167 speaks for itself and no response is required. Google denies the remaining allegations in Paragraph 167.

168.     Google admits that developers must register for an account to use Google Ads or Google Analytics services. Google admits that, during the registration process for Google Analytics, developers are prompted to select an industry category from a drop-down menu. Google states that the image in Paragraph 168 speaks for itself and no response is required. To the extent a response is required, Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 168 as they pertain to the conduct of Health Care Providers, and on that basis denies them.

169.     Google states that the exhibit and webpage referenced in Paragraph 169 and cited in footnotes 90 and 91 speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that fields called "tid" and "gtm" may be transmitted to Google when a webpage uses Google Analytics and/or Google Tag Manager services. Google denies the remaining allegations in Paragraph 169.

### b.     Google Knows the Transmissions it Receives are Identifiable.

170.     Paragraph 170 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that websites may transmit cookies and pseudonymous identifiers to Google when they use Google technology.

Google otherwise denies the allegations in Paragraph 170.

### c. Google Knows When the Identifiable Transmissions Relate to Healthcare

171. Paragraph 171 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Google has a policy called "HIPAA and Google Analytics." Google otherwise denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 171.

172. Paragraph 172 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments in Paragraph 172. Further, the Court held on June 6, 2025 that Plaintiffs inadequately alleged intent by Google to obtain communications containing private health information about identifiable patients after Google updated its help pages in 2023 (ECF No. 198). Thus, to the extent Plaintiffs' allegations regarding Google's intent in Paragraph 172 apply to its claims for the time period after Google updated its help pages in 2023, those claims have been dismissed. Google admits that Plaintiffs' counsel provided Google's counsel with a list of URLs on or around July 2023. Otherwise, denied.

173. Paragraph 173 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 173.

### G. Plaintiffs and Class Members Reasonably Do Not Expect Google's Conduct and Did Not Consent

174. Google lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 174, and on that basis denies them. Google denies the allegation in the second sentence of Paragraph 174.

175. Paragraph 175 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the webpage cited in footnote 92 speaks for itself. Otherwise, denied.

176.     Paragraph 176 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the webpages cited in footnotes 93, 94, and 95 speak for themselves. Otherwise, denied.

177.     Paragraph 177 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 177.

178.     Google admits that it is a Delaware limited liability company with its principal place of business in Mountain View, California. Google admits that its Terms of Service cited in footnote 96 state that "California law will govern all disputes arising out of or relating to these terms." Paragraph 178 contains legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

179.     Paragraph 179 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 179.

180.     Paragraph 180 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 180.

181.     Paragraph 181 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 181. Google also states that the document attached as Exhibit 14 speaks for itself.

182.     To the extent Paragraph 182 concerns Plaintiffs' claim that Google breached its promise not to use health information in personalized advertising (i.e., the "second promise"), this claim was dismissed with prejudice by the Court on June 6, 2025 (see ECF No. 198). As such no

response is required. To the extent a response is required, Google states that the documents attached as Exhibits 14 and 15 to the SAC (Google's Privacy Policy and a Google webpage on "Personalized Advertising, respectively) speak for themselves. Otherwise, denied.

183. Paragraph 183 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 183.

184. Paragraph 184 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 184.

185. Paragraph 185 contains a legal conclusion, to which no response is required; to the extent a response is required, Google states that the webpage cited in footnote 100 speaks for itself. Google denies any remaining allegations in Paragraph 185.

**H. Google's Conduct Benefits Google and Harms Class Members**

186. Paragraph 186 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 186. To the extent Paragraph 186 concerns Plaintiffs' claim that Google breached its promise not to use health information in personalized advertising or that it acted with intent to collect patients' Health Information after Google updated its help pages in 2023, those claims were dismissed by the Court on June 6, 2025 (see ECF No. 198). As such no response is required.

187. Paragraph 187 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments. Google further states that the webpages cited in footnotes 101 and 102 speak for themselves, and therefore no response is required. Otherwise, denied.

188.     Paragraph 188 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google denies those legal conclusions, characterizations, or arguments. Google further states that the webpage cited in footnote 103 speaks for itself, and therefore no response is required. Google otherwise denies the remaining allegations in Paragraph 188.

189.     Paragraph 189 contains legal conclusions, characterizations, or arguments, to which no response is required.  To the extent a response is required, Google admits that it provides a Screenwise Meter mobile app and Screenwise Meter browser extension. Google otherwise denies those legal conclusions, characterizations, or arguments. Google further states that the webpages cited in footnotes 104 through 106 speak for themselves, and therefore no response is required. Google otherwise denies the remaining allegations in Paragraph 189.

190.     Paragraph 190 contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google admits that Google account holders are required to agree to Google's Terms of Service and Privacy Policy. Otherwise, denied.

## VI.     CLASS ACTION ALLEGATIONS

191.     Paragraph 191 sets forth Plaintiffs' proposed class definitions and does not require a response. To the extent a response is required, Google denies the allegations. Google reserves all rights to contend that other persons must be excluded from the class in the event that the Court grants certification in whole or in part.

192.     Paragraph 192 sets forth Plaintiffs' proposed class definitions and does not require a response. To the extent a response is required, Google denies the allegations. Google reserves all rights to contend that other persons must be excluded from the class in the event that the Court grants certification in whole or in part.

193.     Paragraph 193 contains a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegation.

194.     Paragraph 194 contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

195. Paragraph 195 contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

196. The first sentence of Paragraph 196 contains a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations. Google lacks sufficient information to admit or deny the allegations contained in the second sentence of Paragraph 196, and therefore denies them.

197. Paragraph 197 contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

## VII.  TOLLING

198. Paragraph 198 contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

199. Paragraph 199 contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

200. Paragraph 200 contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

201. Paragraph 201 contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

202. Paragraph 202 contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations. Google additionally lacks sufficient information to admit or deny the allegations concerning Plaintiffs' purported inability to discover the acts alleged on the SAC, and on that basis denies those allegations too.

203. Google lacks sufficient information to admit or deny the allegation in Paragraph 203, and on that basis denies it.

204. Paragraph 204 contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

## VIII.   CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT
### (ON BEHALF OF ALL CLASSES)

205.     Google incorporates by reference its responses in the preceding paragraphs of this Answer.

206.     Paragraph 206 contains a legal conclusion to which no response is required. To the extent a response is required, Google states that the statute cited in this paragraph speaks for itself.

207.     Paragraph 207 contains a legal conclusion to which no response is required. To the extent a response is required, Google states that the statute cited in this paragraph speaks for itself.

208.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 208 additionally contains a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegation.

209.     Paragraph 209 contains a legal conclusion to which no response is required. To the extent a response is required, Google states that the statute cited in this paragraph speaks for itself.

210.     Paragraph 210 contains a legal conclusion to which no response is required. To the extent a response is required, Google states that the statute cited in this paragraph speaks for itself.

211.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 211 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 211.

212.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 212 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 212.

213.     Paragraph 213 contains a legal conclusion to which no response is required. To the extent a response is required, Google states that the statute cited in this paragraph speaks for itself.

214.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 214 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 214.

215.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 215 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 215.

216.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 216 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 216.

217.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 217 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 217.

218.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 218 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 218.

219.    Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 219 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 219.

220.    Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 220 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 220.

221.    Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 221 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 221.

222.    Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 222 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 222.

223.    Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 223 additionally contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations. With respect to subpart "d" of Paragraph 223, Google lacks sufficient information to admit or deny the allegations, and on that basis denies them.

224.    Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 224 contains

legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the legal conclusions, characterizations, or arguments, and denies the remaining allegations in Paragraph 224.

225. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 225 additionally contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

226. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Google admits that it posted a policy called "HIPAA and Google Analytics" on or around March 2023. Paragraph 226 additionally contains multiple legal conclusions, characterizations, or arguments, to which no response is required; to the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations.

227. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 227 additionally contains multiple legal conclusions, characterizations, or arguments, to which no response is required; to the extent a response is required, Google denies those legal conclusions, characterizations, or arguments, and denies the remaining allegations.

228. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 228 additionally purports to describe the relief Plaintiffs seek and requires no response. To the extent a response is required, Google denies the allegations in Paragraph 228, including that Plaintiffs are entitled to any relief.

229. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 229 additionally contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations. Google also lacks sufficient

information to admit or deny the allegations in the second sentence of Paragraph 229 as to Plaintiffs and putative Class Members wants or knowledge, and on that basis denies them.

230.    Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 230 additionally purports to describe the relief Plaintiffs seek and requires no response. To the extent a response is required, Google denies the allegations in Paragraph 230, including that Plaintiffs are entitled to any relief.

## COUNT TWO
### VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT
### (ON BEHALF OF ALL CLASSES)

231.    Google incorporates by reference its responses in the preceding paragraphs of this Answer.

232.    Paragraph 232 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 232 speaks for itself.

233.    Paragraph 233 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 233 speaks for itself.

234.    Paragraph 234 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that Paragraph 234 purports to cite to and characterize California Penal Code Section 631; Google otherwise denies the allegations in Paragraph 234.

235.    Paragraph 235 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 235 speaks for itself.

236.    Paragraph 236 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 236 speaks for itself.

237.     Paragraph 237 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 237 speaks for itself.

238.     Paragraph 238 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 238 speaks for itself.

239.     Paragraph 239 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 239 speaks for itself.

240.     Paragraph 240 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 240 speaks for itself.

241.     Paragraph 241 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that it is a Delaware limited liability company with its principal place of business in Mountain View, California. Google admits that its Terms of Service state that California law governs disputes arising from the terms. Otherwise, denied.

242.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 242 additionally contains legal conclusions, to which no response is required; to the extent a response is required, Google denies the remaining allegations in Paragraph 242.

243.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 243 additionally contains multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

244.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. To the extent a response

is required, Google denies the allegations in Paragraph 244.

245.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 245 additionally contains a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegation.

246.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 246 additionally contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations. Google additionally lacks sufficient information to admit or deny the allegations in the second sentence of Paragraph 246, and on that basis denies them.

247.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 247 additionally purports to describe the relief Plaintiffs seek and requires no response. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

## COUNT THREE
## CALIFORNIA CONSTITUTIONAL INVASION OF PRIVACY
## (ON BEHALF OF ALL CLASSES)

248.     Google incorporates by reference its responses in the preceding paragraphs of this Answer.

249.     Paragraph 249 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 249 speaks for itself.

250.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 250 additionally contains legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

251.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 251 additionally contains legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

252.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 252 additionally contains a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegation.

253.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 253 additionally contains legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

254.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 254 additionally contains legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

255.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 255 additionally contains legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

256.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 256 additionally contains legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

257.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 257 additionally

purports to describe the relief Plaintiffs seek and requires no response. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

## COUNT FOUR
### INTRUSION UPON SECLUSION
### (ON BEHALF OF ALL CLASSES)

258.     Google incorporates by reference its responses in the preceding paragraphs of this Answer.

259.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 259 additionally contains legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

260.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 260 additionally contains legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

261.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 261 additionally contains legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

262.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 262 additionally contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 262.

263.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. To the extent a response is required, Google states that the webpage cited in footnote 108 speaks for itself.

264.     Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. To the extent a response

is required, Google denies the allegations in Paragraph 264.

265. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. To the extent a response is required, Google denies the allegations in Paragraph 265.

266. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 266 additionally contains a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

267. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. To the extent a response is required, Google denies the allegations in Paragraph 267.

268. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. To the extent a response is required, Google denies the allegations in Paragraph 268.

269. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. To the extent a response is required, Google denies the allegations in Paragraph 269.

270. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 270 additionally contains a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

271. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 271 additionally contains a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

272. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 272 additionally

purports to describe the relief Plaintiffs seek and requires no response. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

273. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 273 additionally contains a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

274. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed for communications occurring after Google updated its help pages in 2023. Paragraph 274 additionally purports to describe the relief Plaintiffs seek and requires no response. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

<u>COUNT FIVE</u>
**BREACH OF CONTRACT**
**(ON BEHALF OF THE SUBCLASS OF GOOGLE ACCOUNT HOLDERS)**

275. Google incorporates by reference its responses in the preceding paragraphs of this Answer.

276. Google lacks sufficient information to admit or deny the allegations in Paragraph 276, and on that basis denies them.

277. Google states that the document attached as Exhibit 9 speaks for itself, and therefore no response is required. To the extent a response is required, Google denies the allegations.

278. Paragraph 278 contains legal conclusions, characterizations, or arguments, to which no response is required. Google states that Exhibit 9 and the webpages referenced in this paragraph speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that users were required to agree to Google's Terms of Service, including on January 5, 2022. Google otherwise denies the allegations.

279. Paragraph 279 contains legal conclusions, characterizations, or arguments, to which no response is required. Google states that the web pages and policies described in Paragraph 279 and footnote 110 speak for themselves, and therefore no response is required. To the extent a

response is required, Google admits that users were required to agree to Google's Privacy Policy and Terms of Service. Google otherwise denies the allegations.

280.     Paragraph 280 contains legal conclusions, characterizations, or arguments, to which no response is required. Google states that the Terms of Service referenced in footnote 111 speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that users were required to agree to Google's Terms of Service. Google otherwise denies the allegations.

281.     Paragraph 281 contains legal conclusions, characterizations, or arguments, to which no response is required. Google states that the web pages and policies described in Paragraph 281 and footnote 112 speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that users were required to agree to Google's Privacy Policy and Terms of Service. Google otherwise denies the allegations.

282.     Paragraph 282 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google admits that users were required to agree to Google's Privacy Policy and Terms of Service, and that the terms are presented online and include hyperlinks. Google otherwise denies the allegations.

283.     Paragraph 283 contains a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

284.     Paragraph 284 contains a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

285.     Paragraph 285 contains a legal conclusion to which no response is required; to the extent a response is required, Google states that the Privacy Policy cited in footnote 113 speaks for itself.  Google denies any remaining allegations in Paragraph 285.

286.     Paragraph 286 contains a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

287.     Pursuant to the Court's June 6, 2025 Order, Plaintiffs' claim that Google breached an alleged promise not to use Health Information for personalized advertising (i.e., the "second

GOOGLE LLC'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO.3:23-CV-02431-VC

promise") has been dismissed and thus no response is required. To the extent a response is required, Google denies the allegations.

288. Pursuant to the Court's June 6, 2025 Order, Plaintiffs' claim that Google breached an alleged promise not to use Health Information for personalized advertising (i.e., the "second promise") has been dismissed and thus no response is required. To the extent a response is required, Google states that the Advertising Policies Help webpage referenced in Paragraph 288 speaks for itself.  Google otherwise denies any allegations in Paragraph 288.

289. Pursuant to the Court's June 6, 2025 Order, Plaintiffs' claim that Google breached an alleged promise not to use Health Information for personalized advertising (i.e., the "second promise") has been dismissed and thus no response is required. To the extent a response is required, Google states that the document included as Exhibit 15 to the SAC speaks for itself. Otherwise, denied.

290. Pursuant to the Court's June 6, 2025 Order, Plaintiffs' claim that Google breached an alleged promise not to use Health Information for personalized advertising (i.e., the "second promise") has been dismissed and thus no response is required. Paragraph 290 additionally contains multiple legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

291. Pursuant to the Court's June 6, 2025 Order, Plaintiffs' claim that Google breached an alleged promise not to use Health Information for personalized advertising (i.e., the "second promise") has been dismissed and thus no response is required. Paragraph 291 additionally contains multiple legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

292. Pursuant to the Court's June 6, 2025 Order, Plaintiffs' claim that Google breached an alleged promise not to use Health Information for personalized advertising (i.e., the "second promise") has been dismissed. Thus, to the extent Paragraph 292 relates to this claim, no response is required. Paragraph 292 additionally purports to describe the relief Plaintiffs seek and requires

no response. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief for either alleged breach of contract.

**COUNT SIX**
**GOOD FAITH AND FAIR DEALING**
**(ON BEHALF OF THE SUBCLASS OF GOOGLE ACCOUNT HOLDERS)**

293. Google incorporates by reference its responses in the preceding paragraphs of this Answer.

294. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed and thus no response is required. To the extent a response is required, Google denies the allegation in Paragraph 294.

295. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed and thus no response is required. To the extent a response is required, Google denies the allegation in Paragraph 295.

296. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed and thus no response is required. To the extent a response is required, Google denies the allegation in Paragraph 296.

297. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed and thus no response is required. To the extent a response is required, Google denies the allegations in Paragraph 297.

298. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed and thus no response is required. To the extent a response is required, Google denies the allegation in Paragraph 298.

299. Pursuant to the Court's June 6, 2025 Order, this claim has been dismissed and thus no response is required. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

## COUNT SEVEN
## UNJUST ENRICHMENT UNDER CALIFORNIA COMMON LAW
## (ON BEHALF OF ALL CLASSES)

300.     Google incorporates by reference its responses in the preceding paragraphs of this Answer.

301.     Paragraph 301 contains a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

302.     Paragraph 302 contains legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

303.     Paragraph 303 contains a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

304.     Paragraph 304 contains a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

305.     Paragraph 305 contains legal multiple conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

306.     Paragraph 306 contains multiple legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiffs' awareness or knowledge and on that basis denies them.

307.     Paragraph 307 contains a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

308.     Paragraph 308 contains multiple legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

309.     Paragraph 309 contains multiple legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

310.     Paragraph 310 contains multiple legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

311.    Paragraph 311 contains multiple legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations and denies that Plaintiffs are entitled to any relief.

## ANSWER TO PRAYER FOR RELIEF

Google denies that Plaintiffs are entitled to, or that the Court should order, any of the requested judgment and relief.

## JURY TRIAL DEMANDED

Google admits that Plaintiffs purport to demand a trial by jury of all issues so triable.

## DEFENSES

## FIRST DEFENSE

### (Failure to State a Claim)

The Second Amended Complaint, and each and every claim alleged therein, fails to state facts sufficient to state a cause of action against Google on which relief may be granted.

## SECOND DEFENSE

### (No Liability)

Google did not commit the alleged or any wrongful act against Plaintiffs and the members of the putative class and, thus, Google is not responsible for any alleged damages to Plaintiffs and the members of the putative class.

## THIRD DEFENSE

### (Lack of Harm or Damages)

Google is informed and believes, and on that basis alleges, that Plaintiffs and the members of the putative class have not suffered any harm or damages as a result of any action taken by Google and, as a result, Plaintiffs and the members of the putative class are barred from asserting any claims against Google.

## FOURTH DEFENSE

### (Unjust Enrichment)

The Plaintiffs' claims for damages—and each and every member of the putative class's claims for damages—are barred, in whole or in part, because they would be unjustly enriched if they recovered any monetary relief.

## FIFTH DEFENSE

### (Consent - Express or Implied)

The Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because they expressly or impliedly consented to and/or received disclosures of all of Google's complained-of acts and conduct; thus, the Second Amended Complaint, and each purported cause of action therein, is barred.

## SIXTH DEFENSE

### (Statute of Limitations)

The Second Amended Complaint, and each purported cause of action therein, is barred in whole or in part by one or more statute of limitations under applicable law.

## SEVENTH DEFENSE

### (Waiver)

Plaintiffs and the members of the putative class, by reason of their own acts, omissions, representations, and/or course of conduct, are estopped from asserting, and have waived any right to assert, each of their respective claims against Google.

## EIGHTH DEFENSE

### (Party to the Communication or Prior Consent)

Plaintiffs' claims are barred to the extent their communications were with Google or were communications to which a party to the communication had given consent to its acquisition. See 28 U.S.C. §2511(2)(d).

## NINTH DEFENSE

### (Laches)

The claims of Plaintiffs and the members of the putative class are barred by the doctrine of laches.

## TENTH DEFENSE

### (License)

Google had an implied or express license to utilize the information provided by users that is at issue in the SAC.

## ELEVENTH DEFENSE

### (No Irreparable Harm)

The SAC fails to state facts sufficient to state a claim for injunctive relief, including the existence of irreparable harm.

## TWELFTH DEFENSE

### (Equitable Estoppel)

The Second Amended Complaint, the claims alleged therein, and the elements of relief sought therein are barred; in whole or in part, including but not limited to the extent that Plaintiffs' and the members of the putative class's own conduct, and no acts or omissions of Google, caused Plaintiffs' and the members of the putative class's alleged damages and injuries, and/or because Plaintiffs and the members of the putative class observed, knew, were informed about, read, heard about, understood, and/or came to understand the details of the terms governing the service that they now challenge, yet nevertheless consented to the terms with that knowledge about which they now complain.

## THIRTEENTH DEFENSE

### (Lack of Causation)

Any damages to which Plaintiffs and the members of the putative class may be found entitled to in this action, if any, were not directly or proximately caused, in whole or in part, by Google, and must be decreased to the extent the acts or omissions of persons and entities other

than Google, such as Plaintiffs and the members of the putative class, or third parties, were a cause of those damages.

## FOURTEENTH DEFENSE

### (Indemnification)

Any damages to which Plaintiffs and the members of the putative class may be found entitled to in this action, if any, are subject to the agreements governing the relationship between Google and entities utilizing Google's analytics services such as the healthcare providers referred to in the SAC, including, but not limited to, the indemnification clauses in the Terms of Service for Google Analytics.

## FIFTEENTH DEFENSE

### (Mootness)

Plaintiffs' and the members of the putative class's claims are barred, in whole or in part, by the doctrine of mootness.

## SIXTEENTH DEFENSE

### (Contractual Defenses)

Plaintiffs' and the members of the putative class's claims and damages are barred, in whole or in part, by contracts and/or agreements they entered into with Google and/or third parties.

## SEVENTEENTH DEFENSE

### (Failure to Mitigate)

Plaintiffs' and the members of the putative class's claims for damages - are barred, in whole or in part, because they failed to mitigate the damages they suffered.

## EIGHTEENTH DEFENSE

### (Adequate Remedy at Law)

Plaintiffs and the members of the putative class are not entitled to equitable relief because they have an adequate remedy at law and the relief they request is not the proper subject of a judicial remedy.

## NINETEENTH DEFENSE

### (Statutory and Punitive Damages - Unconstitutional)

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be limited to the extent imposition of such damages would violate the Fifth, Eighth, or Fourteenth Amendments of the United States Constitution, Article 1 of the California Constitution, section 3294 of the California Civil Code, or any other provision of law.

## TWENTIETH DEFENSE

### (Unclean Hands)

Plaintiffs and the members of the putative class are barred from recovery, in whole or in part, by the doctrine of unclean hands.

## TWENTY-FIRST DEFENSE

### (Authorization)

The Complaint and the alleged claims in it are barred, in whole or in part, because at all relevant times, Google's alleged conduct was authorized by the websites and apps at issue in the SAC.

## TWENTY-SECOND DEFENSE

### (Release)

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent they have been released.

## TWENTY-THIRD DEFENSE

### (Necessary Incident to Rendition of Services)

The Plaintiffs' claims—and each and every member of the putative class's claims—are barred, in whole or in part, because Google's actions were a necessary incident to the rendition of services.

## TWENTY-FOURTH DEFENSE

### (Privilege/ Justification/ Excuse)

The Plaintiffs, and each and every member of the putative class, are barred from recovery

because Google's actions were, in whole or in part, privileged, justified and/or excused by operation of law.

## TWENTY-FIFTH DEFENSE

### (No Standing)

The Plaintiffs' claims—and each and every member of the putative class's claims—are barred, in whole or in part, because they have not suffered injury in fact because of the acts or practices complained of.

## TWENTY-SIXTH DEFENSE

### (Intervening or Superseding Cause)

Plaintiffs' claims—and each and every member of the putative class's claims—are barred, in whole or in part, because the damages alleged in the SAC, if any, were caused by persons and entities other than Google. Such intervening and superseding conduct of others bars and/or diminishes recovery, if any, by Plaintiffs and the putative class members against Google.

## TWENTY-SEVENTH DEFENSE

### (No Reliance)

The SAC and the alleged claims in it are barred, in whole or in part, because Plaintiffs cannot show they relied on Google's alleged misrepresentations and/or omissions.

## TWENTY-EIGHTH DEFENSE

### (No Deception)

The SAC and the alleged claims in it are barred, in whole or in part, because Plaintiffs cannot show they were deceived by Google's representations and/or omissions.

## TWENTY-NINTH DEFENSE

### (No Duty to Disclose)

The SAC and the alleged claims in it are barred, in whole or in part, because Google did not intentionally conceal or omit any material fact that it had a duty to disclose to Plaintiffs.

## THIRTIETH DEFENSE

### (Knowledge / Awareness of Alleged Deception)

The SAC and the alleged claims in it are barred, in whole or in part, because Plaintiffs and members of the putative class proceeded with knowledge and/or awareness of the occurrences that form the bases of their claims as alleged in the SAC and were not deceived.

## THIRTY-FIRST DEFENSE

### (Unauthorized Remedies)

The SAC and the alleged claims in it are barred in whole or in part because the remedies sought are unconstitutional, contrary to public policy, otherwise unauthorized, or not recognized by applicable state law.

## THIRTY-SECOND DEFENSE

### (Lack of Privity)

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because Google is not in privity with Plaintiffs or the putative class members.

## THIRTY-THIRD DEFENSE

### (Novation)

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the contract was substituted with a new and different contract.

## THIRTY-FOURTH DEFENSE

### (Modification)

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the parties agreed to modify the contract.

## THIRTY-FIFTH DEFENSE

### (Failure of Consideration/Failure of Performance)

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they failed to fulfill and/or perform their contractual obligations.

## THIRTY-SIXTH DEFENSE

### (Right to Assert Additional Defenses)

Google reserves the right to amend its answer and/or assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

Dated: July 21, 2025

COOLEY LLP

By:/s/ *Benedict Hur*
    Benedict Hur
    Simona Agnolucci
    Eduardo Santacana
    Joshua Anderson
    Tiffany Lin
    Harris Mateen

    Attorneys for Defendant
    GOOGLE LLC