UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, District Judge

| | |
|---|---|
| DOE I, et al., Plaintiffs, vs. GOOGLE, LLC, Defendant. | No. C 23-02431-VC |
| NEWTON, et al., Plaintiffs, vs. GOOGLE, LLC, Defendant. | No. C 25-00570-VC |

San Francisco, California
Friday, July 25, 2025

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING 10:06 - 10:29 = 23 MINUTES

APPEARANCES:

For the Doe Plaintiffs:

Simmons Hanly Conroy
112 Madison Avenue
Suite 7th Floor
New York, New York 10016
BY: JAY BARNES, ESQ.

(APPEARANCES CONTINUED ON NEXT PAGE)

For the Doe Plaintiffs:

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, New York 10601
BY: CHRISTIAN LEVIS, ESQ.

Lieff Cabraser Heimann Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
BY: MELISSA A. GARDNER, ESQ.

Kiesel Law, LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211
BY: NICOLE RAMIREZ JONES, ESQ.

For the Newton, et al. Plaintiffs:

Potter Handy
100 Pine Street, Suite 1250
San Francisco, California
BY: JAMES TREGLIO, ESQ.

For the Defendant:

Cooley, LLP
3 Embarcadero Center
Suite 20th Floor
San Francisco, California 94111
BY: BENEDICT Y. HUR, ESQ.
BY: SIMONA A. AGNOLUCCI, ESQ.
BY: TIFFANY M. LIN, ESQ.
BY: EDUARDO E. SANTACANA, ESQ.

Transcribed by:

Echo Reporting, Inc
Contracted Court Reporter/
Transcriber
echoreporting@yahoo.com

Friday, July 25, 2025 10:06 a.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK: Now calling Civil cases 23-2431, Doe, et al. versus Google, LLC, and 25-570, Newton, et al. versus Google, LLC.

Will counsel please state your appearances for the record, starting with the Plaintiff for Doe.

MR. BARNES (via Zoom): Good morning, your Honor. Jay Barnes, Simmons Hanly and Conroy, on behalf of the Plaintiffs in the putative class. I'm joined by my colleagues Christian Levis of Lowey Dannenberg, Melissa Gardner of Lieff Cabraser, and Nicole Ramirez of the Kiesel Firm.

THE COURT: Hi, everyone.

MR. TREGLIO (via Zoom): Good morning, your Honor. James Treglio appearing on behalf of the Plaintiffs in the Newton matter.

THE COURT: Hi.

MR. HUR (via Zoom): Good morning, your Honor. Ben Hur, Simona Agnolucci, Eduardo Santacana, and Tiffany Lin, for Google in both matters.

THE COURT: Hi, everyone.

Okay. First, let's talk about the issue of this Newton case. So, I -- I guess I'm -- I'm -- so, obviously, the Doe

case was filed first, much earlier. We've done a fair amount of work on the Doe case, painful amount of work, frankly. And we -- the pleadings are settled. We're -- you know, discovery is underway.

When was the Newton case filed?

MR. TREGLIO: Your Honor, it was -- it was filed in I believe -- it was initially filed in April of 2024, but we added in the -- Google as a Defendant in around June of 2024. It was subsequently severed from -- when the case was removed, Newton was -- the New -- sorry. The -- Google portion of the Newton case was severed and then was related into this case.

THE COURT: Got it. Okay. Now I remember. And -- and that -- so, the -- so, Newton has a case against -- I gather it's one of Google's clients in front of -- was it Judge Chen I think maybe or something?

MR. TREGLIO: That's correct, your Honor.

THE COURT: Okay. And, so, but -- but this case is basically the same as the Doe case. After having been severed, it's the -- it's basically the same? It's a proposed class action against Google for the stuff -- the same stuff that's alleged in the -- in the Doe case, is that right?

MR. TREGLIO: It is, your Honor, and -- and in reviewing the documentation for today and discussing with my

clients, I do think it -- it probably does make sense to stay Newton. I know we initially were opposed to it.

THE COURT: Why -- why should it be stayed as opposed to just consolidated into Doe? And then you have your client, Newton. Newton has their case in front of Judge Chen against Google's client, whoever that is. And then you -- you know, obviously it will be -- to the extent we get to class certification, if a class is certified, Newton can opt out of the class, but I just don't -- I -- I -- candidly, to be blunt, I don't know what value Newton adds to this endeavor. And I don't understand why, and it's a duplicative matter, and, you know, counsel for Doe is perfectly capable of, you know, moving this along and presumably representing the class. I just don't -- I don't see why it would even be helpful to stay the Newton case pending the outcome of the Doe case.

MR. TREGLIO: So, my only concern with consolidation, your Honor -- I'd be happy to consolidate, but the only -- and that -- that was certainly reflected in our papers. The only -- I think the only concern that I had heard from particularly counsel for the Doe Plaintiffs is that if -- if Newton, et al. are added into the -- or consolidated in, then -- then they may be behind in terms of finalizing the pleadings and getting that and moving their case forward, and I don't want to stand in their place.

My thought on the stay is because Newton -- the Newton case is fundamentally a much narrower class, that it -- it may make sense in terms of judicial resources that if, for instance, the parties move forward in Doe and they -- they've reached a point of class certification and the Court, for whatever reason, doesn't grant class certification for -- for whatever -- whatever grounds, that at that point in time, I think allowing Newton to move forward on a much narrower class, you know, might make sense. But at the same time, we're also open to consolidation, your Honor.

THE COURT: What about just doing a -- what about just doing a dismissal without prejudice, and you can -- maybe you can reach an agreement with Google about the tolling of the statute of limitations or something like that, and then the -- you know, if -- if Newton feels the need to sue Google again, Newton can, you know, either when -- either if class cert is denied or if the -- if class cert is granted and Newton opts out, you know, it can be done at the appropriate time?

MR. TREGLIO: So, your Honor, I would be -- I would need to discuss that with my clients, and then I'd obviously want to make sure that there was a tolling agreement in place with Google before I would agree to dismiss without prejudice, but, you know --

THE COURT: Okay. I mean, none of it is a big deal. I mean, maybe we could just stay it. I'm always thinking about ways -- like, I actually go through my civil docket, right, and I look -- I -- every -- twice a year I go through ever civil case on my docket to make sure that no action is needed and like the more extraneous cases there are on the docket, the harder it is to do that. So, I'm always looking for ways to -- you know, if there's not a reason for a case to be remaining on the docket, I'm always looking for ways to get it off, because it helps me manage my docket more efficiently, right. That's -- that's why I'm asking.

MR. TREGLIO: I appreciate that -- I appreciate that, your Honor. And, as I said, I -- you know, we would be -- at this stage, I think I would be open to a stay pending the Court's decision on class certification or consolidation and -- or, you know, again, I'm also open to the Court's suggestion provided that there is a -- an agreement -- a tolling agreement between my clients and -- and Google.

THE COURT: All right. What do -- what do other people think about that?

MR. BARNES: Your Honor, on behalf of the Doe Plaintiffs, I -- I think you're asking the right questions. Our concern is a stay would be fine, but it doesn't seem to

make sense to have the case hanging out there when, as I think everyone would agree, it's wholly subsumed within the Doe case.

Consolidation would be fine, but the problem with consolidation is if the Court -- our view -- our concern is if the Court consolidates before appointing leadership in the Doe case, then we don't have clear authority to act on behalf of the full class for all the consolidated cases. That's something that --

THE COURT: But why not? I mean, the case -- the cases would be consolidated and the -- I mean, the way we would do it I would think is the cases would be consolidated. Newton would become an unnamed Plaintiff, and the -- the -- and then we would just proceed.

MR. BARNES: If your Honor is fine with that and would issue an order accompanying the consolidation that says that counsel in the Doe case is -- has authority to act on behalf of the class they've alleged, I think that solves our issue with consolidating prior to leadership.

THE COURT: Okay. What -- what -- Mr. Hur, what do -- what do you think I should do?

MR. HUR: Your Honor, we are happy for -- if the Court consolidates the cases. We are fine with what Mr. Barnes has suggested. We -- we take no position on leadership of the case, but we do think consolidation is the

most appropriate mechanism here, and staying the case and leaving it hanging out there is not ideal, and -- and we would be concerned about that.

(Pause.)

MR. BARNES: Your Honor, may I add one other thought for the Court to consider? This is -- we've got a similar case against Meta where there were a lot of follow on cases that named Meta and a hospital or other healthcare provider, and the Court ordered a process for severance and consolidation of later add-on cases that was very efficient that we might -- might end up being necessary here, but obviously we only have one such case right now. So, I don't know if it would be necessary. I just want to throw that out there as a possibility for your Honor to consider.

THE COURT: Well, I don't think to the extent that the -- you're contemplating the process where follow-on cases are automatically consolidated into this one or automatically severed and then automatically consolidated into this one. I don't think that's appropriate. I mean, you got to give, you know, the -- the Plaintiff in the new case the -- an opportunity to explain why it shouldn't be consolidated. But -- but I -- I -- and, so, I think we can worry about -- we can cross that bridge when we get to it.

I think what I would just be inclined to do is consolidate the -- the two cases and specify that Newton is

an unnamed Plaintiff in the -- you know, in -- in the consolidated case, and, you know, I think that would be all that I would need to do, and then, you know, if Newton wants to opt out of -- you know, later on, Newton can do that and pursue their own case.

MR. BARNES: I think that if your Honor's good with that, we're good with that, your Honor.

THE COURT: Okay. Mr. Treglio, any issue with that?

MR. TREGLIO: No, your Honor. I think that's fine.

THE COURT: Okay. That's what I'll do then. The case -- the cases will be consolidated. The lead -- the -- in other words, the Newton case will be consolidated into the Doe case. Newton will become an unnamed Plaintiff or, you know, an unnamed proposed class member I guess is the right way to put it, an unnamed proposed class member, and we'll just proceed that way, and obviously Newton has the right to -- you know, to opt out at the appropriate time, and that's what we'll do.

And, so, then I think the -- and I'll issue an order on that just so it's clear, a written order on it. And then, other than that, I think the only thing to do probably is set a schedule, right?

(No audible response.)

THE COURT: And what I was going to propose is that I don't think that we can -- I don't think that we can say the discovery cutoff is before class certification. I think in these -- in these class cases, in these -- you know, in these cases where particular -- I guess everybody's contemplating that we're going to do class certification first rather than summary judgment first -- is that right, Mr. Hur?

MR. HUR: Your Honor, we would like to leave the option open of filing summary judgment first. That is in part why we proposed the schedule that we did, because it -- we think we could then file summary judgment depending on what transpires in discovery. So, that would be our preference, to -- to have the option to do so.

THE COURT: Well, I mean, we can -- you know, usually at these initial CMCs, I sort of ask the Defendant to make a decision about that then the Plaintiff can -- you know, whether they want to agree to do cross motions for summary judgment as to the named Plaintiffs before class cert or wait until after class cert -- I mean, you know, I guess there's nothing inherently wrong with setting a schedule that contemplates class cert first and then sort of revisiting the question of whether it would be appropriate to do summary judgment, you know, have a summary -- early summary judgment motion as to the named Plaintiffs. But

why? I mean, what are you -- what are you thinking you might unveil in discovery that -- or not unveil in discovery that would affect the decision whether to file a summary judgment motion?

MR. HUR: Your Honor, some of it is factual investigation on Google's end in light of the Court's order on the motion to dismiss. I think some of it is potentially dependent on what we learn in discovery from the Plaintiffs and, in particular, their interactions with these particular websites and with Google. So, your Honor, we -- we do think there is potential discovery that -- that would sway our client's inclination to file summary judgment early.

THE COURT: Okay. All right. Well, in any event, you know, we can talk about that. And if you think there's a basis for filing an early summary judgment motion, you can act -- schedule a CMC with us, and we can talk about it, but I don't think that it is -- I think in most of these class cases, there is going to be discovery after class certification. There's just inevitably some mop up discovery, almost inevitably. Of course, the Plaintiff is going to need to do the vast majority of the discovery before class certification because there's such overlap between the merits and -- and class certification, and if the Plaintiff doesn't accomplish that, then they've blown it for themselves, right. But I don't -- I -- I usually don't

impose a fact discovery cutoff or an expert discovery cutoff before class certification proceedings, and I wouldn't -- I wouldn't be inclined to do that here. Other than that, though, I mean, the schedule -- you know, so -- so, anyway, so -- so -- but -- but the idea of doing class certification in -- you know, having a hearing on class certification in February of '27 seems reasonable in a -- in a case like -- I mean, I know that this is more complicated than your typical case and discovery is going to take longer than your typical case. So that, you know, February of '27 for a hearing on a class certification sounds fine. July of '27 for a hearing on dispositive motions sounds fine. And then, you know, we can -- and then we'll schedule trial -- I think, you know, the other way I often do it is I'll schedule the hearing on class certification, and I'll schedule a case management conference for a few weeks after that, and then we'll sort of see what's left of the case and schedule the rest of the case at that time.

So, I guess what I'm saying is no fact discovery cutoff or expert discovery cutoff before class certification. Class certification hearing in February of '27 is fine. If you want to schedule a hearing on dispositive motions in -- in July of '27, that's also fine. And, with that guidance, I would -- and I think we could wait on scheduling a trial date until we -- certainly until we see how the dust settles

on summary judgment given the complexity of this case. And if you all want to go back and put together a stipulated schedule with those guideposts in mind, you could -- you could do that and submit it -- you know, submit it within seven days of today.

MR. HUR: Thank you, your Honor. I think we can do that. I think the one -- one outstanding issue on the schedule may be this issue of reply expert reports. The Plaintiffs' schedule includes a -- a proposal where they, with their reply brief on class certification would get to submit what appears to be an additional expert declaration, and I -- your Honor, Google objects to that. We think there should be an opening report and a rebuttal report and a reply and the motion ought to rely on the evidence that's already been presented on, you know, the motion or the opposition.

THE COURT: I understand what you're saying, and -- but, you know, it -- it kind of depends on what comes in in the rebuttal report, right. I mean, occasionally there is a basis for, you know, submitting a reply declaration from an expert, you know, based on what is in the rebuttal report. I mean, if it kind of brings in something new or, you know, something like that.

So, I guess I -- you know, I don't mind -- I don't mind reply declarations coming in, and if they're -- if they are

inappropriate, if they're -- you know, if it's sandbagging or whatever, which, by the way, happened one time in this case, if I recall, like 20 years ago -- you know, it will be -- it will be stricken, and I won't consider the argument, like I did 20 years ago in that -- in the preliminary injunction -- in the context of the preliminary injunction motion.

MR. HUR: Understood, your Honor.

THE COURT: Okay. So, you want to do that? You want to put together a schedule with those guideposts and submit it within seven days?

MR. BARNES: We can do that, your Honor. There's one other issue I'd like to just raise. I understand your Honor is unlikely to do anything today, but -- and I know we did something unorthodox in that we requested a substantial completion deadline for data architecture discovery. I just want to say on the record that this is far and away the most important discovery in this case, and if we get it early, we will be able to readily meet any deadline that the Court sets. And if we get it late, we are going to be substantially prejudiced by getting it late, and I think that's an issue we should probably bring up with Judge van Keulen, but I do want to say it on the record here today.

THE COURT: That's fine, and I'm -- that will be for Judge van Keulen to address, and I know that she has a

lot of expertise on these -- on discovery issues in cases like this, and she's better equipped to -- to deal with it than I am.

MR. BARNES: Thank you, your Honor.

MR. SANTACANA: Your Honor, that does, though, dovetail with one comment I wanted to make, which is that by not setting their fact cutoff before class cert, at least in our experience in cases like this, what -- what I think is very likely to happen is a whole lot of fighting about whether data discovery is done in time for class cert, and I know you made a comment to this effect already, but I just wanted to underline that, as you said, you know, if we do it this way, it really is on the Plaintiffs to get what they need before they file that motion. And when we oppose and we say, Here's all the holes in your arguments and your motion, that we're not in a situation where they say, Well, there's still discovery that we can take. Let's just redo it.

THE COURT: Yeah. I mean, I agree, and I'll add one thing to it, which is, you know, I -- my belief is that, you know, parties are too hesitant to go to the Magistrate Judge on a discovery dispute, probably for fear that they'll be given a hard time for not, you know, endlessly meeting and conferring or something like that. In my view, you know, especially in difficult, complicated cases like this,

you know, it's on the -- the parties and I think often particularly the Plaintiff, to tee it up in front of a Magistrate Judge sooner rather than later, and I'll say that on the record now so that you can use that as guidance as you deal with potential discovery disputes going forward.

MR. BARNES: Your Honor, that is music to my ears. It takes a willing dance party -- partner to be willing to brief an issue and -- and give a final position. So, we -- we believe -- I believe -- I a hundred percent agree with you that disputes should not linger. They should be briefed.

THE COURT: Okay. Anything else we can do for y'all right now?

MR. HUR: No, your Honor. Thank you.

THE COURT: All right. Thanks.

ALL: Thank you, your Honor.

(Proceedings adjourned at 10:29 p.m.)

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.



Echo Reporting, Inc., Transcriber

Tuesday, August 5, 2025