UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE I, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No.  23-cv-02431-VC (SVK)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 237 |

In this Joint Discovery Submission, the Parties race to characterize the dispute as a threat to the Electronic Stored Communications Act ("SCA") of the Electronic Communications Privacy Act ("ECPA").  Plaintiffs urge that, "[t]he Court should reject Google's attempt to use the SCA's consent exception to dictate Plaintiffs' ability to control their own data…." Dkt. 237 at 2.  Google dramatically suggests that Plaintiffs want the Court, "to accept a completely novel interpretation of the SCA" and "would have the Court create new law…."  *Id.* at 6.  In the Court's view, however, the Joint Submission, and helpfully Exhibit 1 thereto, merely reflect a fight over one term (the "Disputed Term") in the Parties' respective proposed consent forms.  Dkt. 237-1.  Navigating with care the Parties' hyperbolic flair, the Court has carefully considered the arguments of counsel and the relevant facts and law and determines that this matter may most certainly be resolved without oral argument.  Civ. L.R. 7(b)-1.  The Court also finds it unnecessary to examine each sides' extraneous arguments and mischaracterizations of the other's positions, of which there are many.  The Court similarly declines the Parties' invitation to issue advisory opinions on the scope of the SCA not implicated in this dispute.  In sum, for the following reasons, **the Court adopts Google's proposed form of consent.**

Exhibit 1 sets forth the relevant consent language used by both Parties.  A plaintiff consents to:

> the disclosure of any data contained in or relating to his/her Google Account(s) of whatever nature.

Dkt. 237. The Disputed Term, proffered by Plaintiffs and rejected by Google, provides that a named plaintiff:

> does not consent to the disclosure of any data to Google's counsel or internal Google employees that is not also produced to Plaintiffs' counsel.

From the outset and throughout their portion of the Joint Submission, Plaintiffs argue that the issue is the breadth of Google's consent language and that the Disputed Term is an appropriate response to limit the "scope" of consent. Dkt. 237, at 1-5. The Court finds Plaintiffs' framing of the dispute disingenuous. Although Plaintiffs correctly cite that "consent is not an all-or-nothing proposition," (Dkt. 237 at 5), the words used by Plaintiffs to grant consent are *identical* to Google's language. Dkt. 237-1. Tellingly, nowhere do Plaintiffs propose alternative language consenting to disclose *less* data. Instead, Plaintiffs repeatedly proffer the Disputed Term as a "limitation" on the breadth of disclosure. But the Disputed Term in no way alters what is disclosed; rather, it requires production of disclosed data to Plaintiffs' counsel. As such, the Disputed Term is not a limitation but a condition of consent. This distinction brings the true nature of the dispute into sharp focus: Plaintiffs do not oppose Google's request for consent to disclose "any data contained in or relating to his/her Google Account(s)" (indeed Plaintiffs adopt the identical language), rather Plaintiffs' counsel seek a guarantee that the vast universe of data covered by the consent grant is produced to them.

Google does not defend the vast reach of the mutually-proposed consent clause, which is unnecessary given Plaintiffs' objective as discerned above. Google, like Plaintiffs, invites the Court to engage in unnecessary analysis under the SCA; the Court declines. Google does respond with one helpful argument regarding the course of discovery pursuant to Rule 26, correctly asserting that, with access to the data pursuant to Plaintiffs' consent,
Google will review and assess the data for responsiveness to discovery requests. Dkt. 237 at 6-7. As night follows day, the Parties will, as they have already in this case, argue over which of Plaintiffs' data (*e.g.*, Cookies? Identifiers?) are relevant and proportional to the needs of this case.

There is nothing in this scenario that suggests preemption or circumvention of the protections of the SCA of the ECPA. **Named Plaintiffs are to execute Google's proposed form of consent promptly and return them to Google within 5 business days.**

In conclusion, the Court notes that had the Parties presented competing grants of disclosure, the Court could have evaluated them accordingly, but that is not the issue in this Joint Submission. Instead, this Joint Submission presents a dispute about the production of data to Plaintiffs' counsel, masquerading as a dispute about the scope of consent, wrapped in an illusory shawl of grave implications for the SCA. The clients and the Court would be better served by counsel working to find common ground to resolve discovery disputes within the parameters of Rule 26 without unnecessary Court intervention.

**SO ORDERED.**

Dated: December 8, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge