UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, District Judge

| | |
|---|---|
| DOE I, et al.,<br>Plaintiffs,<br>vs.<br>GOOGLE, LLC, et al.<br>Defendants. | No. C 23-02431-VC |
| MCENTYRE, et al.,<br>Plaintiffs,<br>vs.<br>GOOGLE, LLC, et al.,<br>Defendants. | No. C 25-10483-VC |

San Francisco, California
Friday, February 27, 2026

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING 10:23 - 10:51 = 28 MINUTES

APPEARANCES:

For Doe Plaintiffs:

Simmons Hanly Conroy
112 Madison Avenue
Suite 7th Floor
New York, New York 10016
BY: JAY BARNES, ESQ.

(APPEARANCES CONTINUED ON NEXT PAGE)

For Doe Plaintiffs:

Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, New York 10601
BY: CHRISTIAN LEVIS, ESQ.

Lieff Cabraser Heimann Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
BY: MELISSA A. GARDNER, ESQ.

Scott & Scott Attorneys at Law
The Helmsley Building
230 Park Avenue
Suite 24th Floor
New York, New York 10169
BY: JOSEPH P. GUGLIELMO, ESQ.

For Valetta McEntyre and Gayla Schnitzer:

Fitzgerald Monroe Flynn, PC
2341 Jefferson Street
Street 200
San Diego, California 92110
BY: TREVOR FLYNN, ESQ.

For Google Defendants:

Cooley, LLP
3 Embarcadero Center
Suite 20th Floor
San Francisco, California 94111
BY: BENEDICT Y. HUR, ESQ.
BY: SIMONA A. AGNOLUCCI, ESQ.
BY: TIFFANY M. LIN, ESQ.
BY: JOSHUA ANDERSON, ESQ.

For Albany Med Health System:

Baker & Hostetler, LLP
1900 Avenue of the Stars
Suite 2700
Los Angeles, California 90067
BY: RAYMOND O. AGHAIAN, ESQ.

Transcribed by:

Echo Reporting, Inc
Contracted Court Reporter/
Transcriber
echoreporting@yahoo.com

Friday, February 27, 2026 10:23 a.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK: Now calling Civil Cases 23-2431, Doe, et al. versus Google, LLC and 25-10483, McEntyre, et al. versus Google, LLC, et al.

Will counsel please state your appearances for the record, starting with the Plaintiff for Doe.

THE COURT: And let me just ask counsel for Doe, just whoever's speaking for Doe, make your appearance and introduce your colleagues and then same thing for McEntyre and same thing for Google, please.

MR. BARNES (via Zoom): Thank you, your Honor. Jay Barnes, Simmons Hanly Conroy on behalf of the Putative Class. Also with me today is Christian Levis, Melissa Gardner, Joe Guglielmo, and I believe that's the whole list, although I don't have the whole screen in front of me.

THE COURT: Okay. Thank you.

MR. HUR (via Zoom): Good morning, your Honor. Ben Hur from Google -- from Cooley for Google. I'm here with my colleagues, Simona Agnolucci, Josh Anderson, and Tiffany Lin.

THE COURT: Hi, everybody.

MR. FLYNN (via Zoom): Good morning, your Honor. Trevor Flynn for the Plaintiffs, Valetta McEntyre and Gayla

Schnitzer.

THE COURT: Hi. Okay.

MR. AGHAIAN (via Zoom): Good morning, your Honor. Raymond Aghaian on behalf of Albany Med.

THE COURT: Hi.

MR. HUR: Your Honor, Ben Hur and Josh Anderson. We're also appearing in the McEntyre matter on behalf of --

THE COURT: Got it.

MR. HUR: -- Google.

THE COURT: Okay. Okay. So, first of all, there's a motion to sever by Albany Med in the McEntyre matter, and Google doesn't oppose that. I -- I guess I'm -- apparently McEntyre does oppose it. I haven't read the briefs, but I guess I'm just wondering like why would it make sense to drag Albany Med into a case that otherwise is only against Google? Like, all the other claims by all the other Plaintiffs are only against Google. Why would we have -- why would we be dragging -- dragging Albany Med into that -- that behemoth of a litigation?

MR. FLYNN: Well, your Honor, Trevor Flynn for the -- the Plaintiffs in the McEntyre case. So, we weren't aware of the class action that was against Google. We brought this case against both Google and Albany Med.

We're not challenging Google's sort of data collection practices writ large. We're not challenging the behemoth,;

as the Court referred to it. We're -- we're challenging a very specific practice on Albany Med's website where the Google Analytics cookies were installed. Patients that used Albany's website were sharing protected health information and -- and personally identifiable information, and that information was being transmitted simultaneously to Google. So, I really --

THE COURT: So, it's the same thing that is being challenged in the -- in this whole thing?

MR. FLYNN: Right. But -- but with respect to our Plaintiffs, they're -- they're Albany Med patients. Their problem is with how Albany Med shared their information with Google. It's sort of a one-two punch. They're upset that Google received that information, but -- but for these two Plaintiffs --

THE COURT: And -- and the -- the -- granting the motion to sever would -- your clients are upset about the way Albany Med shared the information and they're apparently also upset about Google receiving the information, and they -- granting the motion to sever would not preclude them from pursuing their grievances in either instance. It would just be that you would be folded into the -- to the case -- the larger case against Google so that we wouldn't have duplicative litigation, and then Albany Med would not be dragged into that massive, even more expensive time

consuming process.

MR. FLYNN: Sure. We --

THE COURT: If your clients are particularly upset about what Albany Med did, you would be happy about that because you would -- presumably it would -- you know, the claims against Albany Med would not get caught up in this larger -- larger litigation.

MR. FLYNN: Sure, your Honor. And, really, our -- our concern is sort of, you know, making sure that this is expedited -- you know, litigated in a fair, inexpensive --

THE COURT: Okay. So, can you explain to me again what is the basis of your opposition to the motion to sever?

MR. FLYNN: Sure. Well, we feel that joinder was -- was appropriate in the first place. We've alleged the same transactions or series of transactions. It's the --

THE COURT: I mean, I don't think it was improper joinder, but what --

MR. FLYNN: Okay.

THE COURT: -- why -- why -- what's the basis for your opposition to sever?

MR. FLYNN: That judicial economy would not be promoted by severance. We would have two separate cases going. We would, you know, run the risk of having to need two separate experts testify about the same kind of data interception. We would need to -- to, you know --

THE COURT: Normally you have two -- two separate cases going against Google, this very big case and your little case. I mean, I -- it's hard to me -- it's hard to imagine that I would allow both of those cases to go forward at the same time. The larger Google case is so much farther along.

MR. FLYNN: Sure. And we do understand that, your Honor, and that does sort of complicate things a little bit.

The other issue that we're sort of facing is a sequencing issue. So, Albany Med has moved to dismiss now for lack of personal jurisdiction. So, if -- if the Court severs the two cases and then it finds that there's no personal jurisdiction over Albany Med and the Plaintiffs end up refiling in the Northern District of New York, now we're going to have, you know, additional problems with coordinating discovery in two separate courts, coordinating experts that are going to be testifying to the same thing. Google's going to be a -- a huge third party. You know, we may have to end up subpoenaing them for records, getting their witnesses who already testified in the Doe case to testify in that case in New York. It just seems to us that -- that keeping the cases together for now while the Court resolves the two motions to dismiss makes the most sense. Once we have sort of the parties set and -- and we know whether the Court has jurisdiction over Albany Med, then we

can sort of make decisions on case management.

THE COURT: So, Albany Med has moved to dismiss for lack of jurisdiction, and Google has also moved to dismiss or is planning to move to dismiss?

MR. HUR: Your Honor, we have moved to dismiss.

THE COURT: Okay. And what -- what's the basis of your motion?

MR. HUR: Several bases, your Honor. There's a statute of limitations problem. There are very thin allegations in this complaint, much thinner than what you saw even in the Doe case. There's also different arguments as it relates to one party consent under the -- under the Federal Wiretap Act. Having brought in Albany Med as a Defendant, the Plaintiffs, of course, have to allege that Albany Med knew what was going on. So, the Federal Wiretap claim should fail as well.

We have additional unjust enrich -- enrichment arguments relating to (Zoom glitch) preemptive complaint ought to fail and --

THE COURT: Okay. So, does it --

MR. HUR: -- should be (Zoom glitch).

THE COURT: Does it -- does it make sense to hold off on the motion to sever until I decide those motions to dismiss? You -- you pointed out in your -- I think it was you, Mr. Hur, who pointed out that we should hold off on

consolidation and on deciding whether to consolidate the cases until adjudicating the motions to dismiss, and that -- that certainly makes sense.

Should I hold off on the motion to sever as well?

MR. HUR: We have no objection to that, your Honor.

THE COURT: Okay. All right. I think that makes sense. So, when have -- when have you noticed these motions to dismiss for?

MR. HUR: It's noticed for April 16th. Google's motion is noticed for April 16th, and I believe it's been set for that date.

THE COURT: What about Albany Meds?

MR. FLYNN: I believe it's the same day, your Honor, at 10 a.m.

MR. AGHAIAN: That's correct, your Honor.

THE COURT: Okay. I think that sounds fine. Just one -- one flag for you is we're starting a complicated trial that week. So, we may need to move the hearing a little bit, but -- but let's keep it there for now, and I think it does make sense to adjudicate those two motions to dismiss before deciding how to proceed with consolidation and before deciding on the motion to sever.

MR. BARNES: Your Honor --

THE COURT: But assuming the cases stay here, I --

I have a very difficult time imagining that I'm not going to grant the motion to sever.

MR. BARNES: Your Honor --

THE COURT: -- figure out how, you know -- you know, the McEntyre case against Google sort of fits in with the existing case against Google.

MR. BARNES: Your Honor, may the Doe Plaintiffs be heard on this issue?

THE COURT: Sure.

MR. BARNES: I think, your Honor, what's going on here is -- is the parties in that case are asking the Court to redo three years of work that you already did on the motion to dismiss using a -- what I would say is a very poorly pleaded complaint in the McEntyre case, that Google wants to get a ruling in that case and turn around in our case and say, Oh, you should reconsider what you should do over here.

If your Honor were to make a ruling on the motion to dismiss, surely the Plaintiffs would have a right to amend. I would -- I would suggest that Plaintiff's counsel in that case should amend to allege just what we alleged for the case that we've had going for three years.

If dismissal briefing is going to proceed in that case, we'd like to be heard in that case because there are certain -- there are certain deficiencies in that complaint that we

-- that shouldn't be in the complaint, that just -- and there are certain things in the complaint that aren't true. You know, counsel for the Plaintiffs in that case indicated they didn't even know this case was here. It's been here for three years.

And, so, we have a very strong objection to proceeding with that. We think it is a tremendous waste of the Court's time to do so.

Plaintiffs' counsel talked about, Well, what are we going to do when we have two things? I personally have litigated over a dozen cases against hospitals relating to similar technology. Never -- and not a single one was Google or Facebook a Defendant. Here --

THE COURT: Can I -- can I just interrupt you and just ask -- I guess I'm confused. The Plaintiffs have -- in this McEntyre case have filed a lawsuit, right. The Defendants are moving to dismiss it, and are -- you're saying you're objecting to me ruling on the motions to dismiss? I -- I don't -- I don't understand what you're asking for.

MR. BARNES: I -- what I'm asking for is severance and consolidation of the claim against Google into this case because all you're going to be doing on ruling on the motion to dismiss with respect to Google in that case is redoing work that you've already done. Then you're going to give --

the Plaintiff's going to have leave to amend. If -- I believe if the Plaintiff is smart, the next complaint is going to be a carbon copy of our last complaint, and we're right back in the same situation.

So, I think it's a tremendous waste of your time to rule on that motion to dismiss for a complaint that we think is poorly pleaded in many ways, and I can go into detail if you want just so they can --

THE COURT: To find out --

MR. BARNES: -- begin, then we get right back to the same spot where you're not going to dismiss if they just do a carbon copy of what we alleged. I -- at least I don't think you are.

THE COURT: No. In other -- in other words, you -- what you're proposing is that -- I mean, I think I certainly need to rule on the motion to dismiss for lack of jurisdiction by -- by Albany Med, but it sounds like what you might be saying is assuming that you don't -- assuming that you deny the motion to dismiss Albany Med for lack of jurisdiction -- or maybe even if you grant the motion to dismiss Albany Med for lack of jurisdiction, the -- instead of bothering with, you know, going through the process of perfecting the pleadings in this McEntyre case, you should just go ahead and consolidate it into the -- the Doe case, and then Google thinks that I shouldn't do that because the

McEntyre Plaintiffs should be named Plaintiffs because conduct relating to Albany Med is not part of the case yet because not -- there are currently no Plaintiffs or I guess no part of the class that is included that was -- was -- had their information "stolen" from Albany Med's website or something like that.

Yeah. I mean, I -- and I'm happy to talk about all that stuff at the -- at the April hearing, but I think the best thing to do is to discuss it then, and I will have had a chance to read the McEntyre complaint and look at Google's arguments and look at the jurisdiction issue, and we can sort of figure out then how to proceed.

MR. BARNES: Well, let me -- a couple of --

THE COURT: And if you have anything you want to say about the McEntyre complaint, you're welcome to file something.

MR. BARNES: Okay. Well, that -- that's helpful. I think that there is a vigorous dispute over whether Albany Meds is already in our case. If you look at our operative complaint, we allege all healthcare providers in the United States where Google was collecting this source code. We did not attach it as an exhibit because it would have been hundreds and hundreds of pages long, but we provided to Google three years ago a spreadsheet with over 5,000 domains and every piece of Google source code that were on those

domains, Albany Med was on the list. We told Google, and it's alleged to be part of our case.

So, I think it's fair to say Albany Med has been on our case for three years. And, so, we feel like Albany Med -- the -- the absent class members for Albany Med already prevailed in our motion to dismiss briefing. They shouldn't be subject to getting dismissed in the McEntyre case filed three years later that is poorly pleaded.

THE COURT: I see. Okay. I understand what you're saying. And then, so, what -- you -- you were saying something about, Well, I think the reason Google is doing this is to try to get me to revisit some of the issues I already decided or something like that? Obviously, I -- I don't know whether that's true or not, and I don't know whether there's anything wrong with trying to get me to revisit issues that I've previously decided, but what -- are you referring maybe to this ruling that I issued a little while back where I invoked the rule of lenity and all that? Are they trying to -- is your theory that they're trying to sort of get me to apply that to this case or something?

MR. BARNES: No. They've got -- they've got a -- I think they have a consent argument that overlaps. They have a content argument that I think is practically identical. They have a parties -- a communication argument that I believe they raised in our case. They have all these

arguments that I -- that I think they've already raised in this case where it may be true that the Plaintiffs in that case -- in their complaint as in McEntyre didn't adequately allege it. And, so, all you're going to do is say, Oh, go plead it like they already pled it in the Doe versus Google case, which is a complete waste of your Honor's time.

THE COURT: Okay.

MR. BARNES: What I -- what I would ask is that before we even get to that step, we at least have the opportunity to brief whether it's worth your Honor's time to hear the motion to dismiss against Google.

THE COURT: So, you -- so, you -- has a motion to consolidate the McEntyre case into the Google case -- into the Doe case been filed?

MR. BARNES: It has not. My --

THE COURT: Maybe the way -- maybe the right vehicle is have you file a motion to consolidate, and I can hear that on the same day that I hear these other motions.

MR. BARNES: That would -- that would be a vehicle. You're -- you're right, your Honor. That would be -- that would be a way to essentially cut -- cut through it.

THE COURT: When do you want to file that motion?

MR. BARNES: Uh --

THE COURT: Seven days?

MR. BARNES: Yeah, that should be enough.

THE COURT: All right. So, that's due in -- so, that motion to consolidate is due on the 6th. Any opposition is due on the 20th, and any reply is due on the 27th, and I'll consider that along -- and we'll schedule it for hearing on the 16th for now, and I'll hear that alongside the other two motions that have been filed.

MR. BARNES: Was that April 16th, your Honor?

THE COURT: Yeah.

MR. BARNES: And is that going to be an in-person hearing or is Zoom going to be permissible?

THE COURT: In person.

MR. BARNES: Okay. Thank you, your Honor.

MR. AGHAIAN: Your Honor, if I may be heard for Albany Med?

THE COURT: Sure.

MR. AGHAIAN: I think this -- these -- some of these issues are overly complicating at least the issue on the severance, your Honor. And rather than having us now have to oppose a motion for consolidation and address that and address many of the issues that Plaintiffs' counsel have with one another's complaint, if the Court is inclined to -- to rule on the -- the motion to sever, we would like the Court to rule on that now rather than have to wait out and go through this process and file an opposition to a consolidation. So, it would -- it would, I think,

streamline things at least for Albany Med.

If the Court is inclined to then grant a -- a -- our motion to dismiss based on personal jurisdiction, great. If not, it doesn't change the issue on the motion for severance, your Honor.

So, instead of going through all this and waiting another two months to attend a hearing, if the Court could rule on the motion for severance now, that would be greatly appreciated, and I think it would streamline things tremendously for us.

This is -- you know, it seems like this case has -- the Doe case has been going on for three years. There may be some issues that are similar with the Doe case, with the McEntyre case, but at the end of the day, much of what we're dealing with here and what the Court has correctly pointed out is -- is a global tech giant's data practices aggregation of data over thousands of websites in --

THE COURT: You don't need to --

MR. AGHAIAN: Right. Right. So --

THE COURT: I'm painfully familiar with this --

MR. AGHAIAN: Yeah.

THE COURT: -- what this case is about.

MR. AGHAIAN: Right.

THE COURT: And I think what you're saying makes sense. Why don't I make a priority on my own to do list of

reading the briefs in the motion to sever, and if I can feel that I can rule on them on the papers, I'll rule on the papers.

MR. AGHAIAN: Thank you, your Honor.

MR. BARNES: Your Honor --

MR. HUR: Your Honor, may I be heard?

THE COURT: Yeah.

MR. HUR: Ben Hur for Google.

THE COURT: Yeah.

MR. HUR: A few things. One thing I do agree with Mr. Barnes on is that the McEntyre complaint is poorly pled. However, I -- I disagree with him that it can necessarily be cured by just copying the Doe complaint. There are different defects that --

THE COURT: Could I -- could I interrupt you --

MR. HUR: Yes.

THE COURT: -- you for a second just to ask, I mean, my plan was to tee this all up at this hearing. I mean, you're going to have a chance to pursue your motion to dismiss, and you can make whatever arguments that you want to make about that, and you're going to be able to respond to the motion to consolidate. So, do we need to be talking about this now?

MR. HUR: Your Honor, I -- I do think consolidate -- a motion to consolidate that is briefed contemporaneously

with the motion to dismiss will -- will then not be able to take into account what happens, of course, on the motion to dismiss. It does --

THE COURT: I understand. But if we're going to --

MR. HUR: -- seem like it makes sense for them to be sequenced.

THE COURT: Okay. I think it -- I think we can manage to do it all at the same time.

MR. BARNES: Briefly, your Honor?

MR. HUR: And --

MR. BARNES: Oh, I'm sorry, Mr. Hur.

MR. HUR: And, your Honor, I take it you are not making any decisions at this point about whether Albany Med is or is not pled in the Doe complaint. We -- we certainly disagree with that, and I didn't want --

THE COURT: Yeah, I --

MR. HUR: -- you to come away from this --

THE COURT: I'll look at all that --

(Simultaneous speaking.)

THE COURT: I'll look at all that when we look at these motions.

The only thing I'll do between now and then is, you know, look at it and potentially rule on the motion to sever if I -- if I think it's appropriate to do so.

MR. HUR: Understood, your Honor.

THE COURT: Because I think what Mr. -- is it Aghaian? I apologize.

MR. AGHAIAN: Close, your Honor. Aghaian.

THE COURT: Aghaian. I think what Mr. Aghaian said about that made -- made sense.

Yes?

MR. BARNES: Thank you, your Honor. On behalf of the Doe Plaintiffs, may we file by Monday our support for the motion to sever in that case?

THE COURT: Do -- do you think you -- you need to file anything?

MR. BARNES: It sounds -- it sounds like your Honor is telling me we don't need to file anything to -- to tell the Court that -- that we support the severance, but it relates to why consolidation is -- is -- is necessary. If I'm getting the hint that we don't need to file anything to say that Albany Med is absolutely right, then I guess we won't need to file anything.

THE COURT: I don't think you need to file anything about that. If I haven't ruled by the time you file something on the consolidation -- your opposition to the motion to consolidate, you can say something in that, but I don't -- I don't think you need to file something separate.

MR. BARNES: Thank you, your Honor.

THE COURT: Okay. All right. Does that do it for -- for the time being?

MR. BARNES: I think we have one other issue.

THE COURT: Okay.

MR. BARNES: We raised the idea that --

THE COURT: Well, I had one other issue too about discovery. Don't let me forget to say it, but go ahead.

MR. BARNES: Well, this is related. We -- we requested a recurring CMC because it's my experience that the recurring CMC does wonders to all parties to the litigation to give movement on discovery.

THE COURT: Well, and we can talk about that, but I -- you know, I wonder if you should be having a recurring CMC with Judge van Keulen to -- to get things going on discovery. I mean, my main comment about discovery -- I did read all the back and forth about discovery, right. And -- and, of course, I have no ability from reading the back and forth about discovery to develop a view one way or another as to who is at fault or how much -- you know, whether both parties are at fault or just one side and, if so, which side. I have no ability to discern that from what is written in that case management statement.

The one thing that, you know, concerns me in this case and often concerns me in these big cases is waiting too long

to take discovery disputes to the Magistrate, right, and the -- you know, Plaintiffs will often complain that, you know, we tried to meet and confer with the Defendant and, you know, the Defendant is stringing out the meet and confer process, and we're waiting to hear from them on this and we're waiting to hear from them on that.

We have deadlines in this case, and the deadlines in my cases mean something. And, you know, if there -- if you have any doubt about whether it's time to bring something before the Magistrate Judge or not, bring it before the Magistrate Judge. And, you know, you can quote me on that, right. You know, I do not believe that -- and I understand that lawyers are sometimes scared to bring discovery disputes to the judge too early and the judge is going to be mad that they didn't make enough of an effort to work it out on their own. I don't think that's the biggest problem in discovery. I think the much bigger problem in discovery is that parties wait too long to bring discovery disputes to -- to judges, maybe out of fear of getting scolded or something like that, and then the schedule slips, right.

And our job is to decide disputes between you. And, you know, if you're -- if you feel that you're getting jerked around in meet and confer, then that's the time to bring the discovery dispute promptly to the Magistrate Judge, and I think the most -- one of the most common

problems is, you know, parties not -- parties, particularly plaintiffs, not bringing discovery disputes quickly enough to the Magistrate Judge, and, you know, a lot of times they will blame the Defendant for stringing out meet and confer when the truth is that they didn't -- they weren't on top of -- the Plaintiffs weren't on top of their discovery requests quickly enough, and I do have some concern about that in this case.

And, so, you know, I think that you should probably have regular meetings with Judge van Keulen on discovery issues, and I think that you should -- you know, the marching orders from me are bring disputes to the Judge sooner rather than later, and don't -- you know, don't wait -- don't allow the meet and confer process to string out.

MR. BARNES: That is fantastic guidance from your Honor. Thank you. We -- we will do so, and we are -- we hope that we don't get moving the goalposts through five different meet and confers, which is kind of -- it took three months for Google to take a final position on -- on the scope of the case in terms of healthcare providers. So, we --

THE COURT: Maybe -- maybe that's true, and maybe that's not, and I have no ability to tell, but I have a lot of big cases where the plaintiffs are not on top of what they need, and they're not on top of making their discovery

requests, and they wait -- they wait too long to make them, and then they wait too long to bring them to the Magistrate Judge when they eventually realize there's a problem.

MR. BARNES: Sorry. I didn't mean to get argumentative, your Honor. I -- I -- counsel taken, and we will move with due speed.

THE COURT: Okay.

MR. HUR: Your Honor --

(Simultaneous speaking.)

MR. HUR: Yes, your Honor. I mean, related to your point there, there is -- there does appear to be a gating mechanism in discovery about the scope of the case. Whether it is about the six websites that are actually alleged or whether it's about the 6,000 that the Plaintiffs separately identified or whether it's about millions of websites, which is what is at issue in their -- in their latest discovery dispute, we do intend to appeal one of Magistrate Judge van Keulen's orders, specifically on that issue, and -- and I think that will actually help the parties really understand what the scope of discovery in this case ought to be.

THE COURT: Okay. Hurry up.

MR. HUR: We will do that next week, your Honor.

THE COURT: All right. Thank you.

(Proceedings adjourned at 10:51 a.m.)

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.



Echo Reporting, Inc., Transcriber

Monday, March 9, 2026