**SIMMONS HANLY CONROY, LLP**
Jason 'Jay' Barnes State Bar No. 362776
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
Nicole Ramirez Jones, State Bar No. 279017
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
*koncius@kiesel.law*
*ramirezjones@kiesel.law*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (admitted *pro hac vice*)
Ethan Binder (admitted *pro hac vice*)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
*jguglielmo@scott-scott.com*
*ebinder@scott-scott.com*

**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
*clevis@lowey.com*
*afiorilla@lowey.com*

**LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP**
Michael W. Sobol, State Bar No. 194857
Melissa Gardner, State Bar No. 289096
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
*msobol@lchb.com*
*mgardner@lchb.com*

**LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP**
Douglas Cuthbertson (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212 355-9500
Facsimile: 212-355-9592
*dcuthbertson@lchb.com*

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE, et al., on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br>   v.<br><br>GOOGLE LLC,<br><br>               Defendant.<br><br>**This document applies to: All Actions** | Case No. 3:23-cv-02431-VC<br>Consolidated with: 3:23-cv-02343-VC<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE RE: DKT. 266**<br><br>Honorable Vince Chhabria |

## I.      INTRODUCTION

The core of this case has always been the deployment of Google source code across Healthcare Provider ("HP") web properties. *See* Second Amended Complaint, Dkt. 159-3 ("SAC or "¶"). As Judge van Keulen correctly held, because the SAC is not limited to a narrow subset of HPs, neither should discovery. *See* Dkt. 266 ("Order"). That is why she (1) rejected Google's attempt to limit discovery and the scope of the case to only six HPs and (2) created a step-by-step process to determine the scope of relevant web properties. *See* Order, at 2-3.  Unsatisfied with this pragmatic ruling, Google seeks to overturn the Order, claiming that Ninth Circuit precedent requires Plaintiffs to prove class certification is proper *now* before it will hand over the evidence necessary to substantiate the SAC's allegations. This is not the law, and the Court should not endorse Google's attempt to artificially limit the scope of the case and allow Judge van Keulen's well-reasoned iterative process to move forward.

## II.     BACKGROUND

*Plaintiffs' Allegations.* The SAC alleges that Google intercepted Plaintiffs and Class Members' health information from "every page of every [HP] web property in the United States where Google Source Code is deployed." ¶ 98. This includes Plaintiffs' HPs' web properties, as well as approximately 6,000 additional properties Plaintiffs identified and provided to Google (and which can be provided to the Court if it wishes). *Id.* These are not bare allegations lacking a "factual predicate" (Mot. at 3), but technical findings supported by actual expert testing. The same expert testing supports Plaintiffs' allegation that this source code "proliferated across and within an estimated 91% of [HP] web properties." ¶¶ 4, 111; *see also* ¶¶ 33, 79, 124, 166.

Along with the six HPs the Plaintiffs used, the SAC provides several other examples of HP web properties where Google Source code was incorporated and intercepted Health Information. *See* ¶ 119 (listing 11 additional examples); ¶ 120 (listing 7 other examples); ¶ 121 (listing 11 other examples). While not an exhaustive list, the SAC clearly demonstrates that Google's tracking— and Plaintiffs' and Class Members' claims—extend well beyond the six web properties used by Plaintiffs. The Class allegations reflect this too, defining a nationwide class of "[a]ll persons in the United States and its territories whose Health Information was obtained by Google through Google

1

Source Code from their [HP]." ¶ 191.

*RFPs 16 & 17.* Consistent with these allegations, RFPs 16 and 17 seek to identify the full scope of HP web properties from which Google collected Health Information as part of Plaintiffs' multi-step proposal to identify those web properties. *See* Status Report, Dkt. 273 at 1-2 (detailing Plaintiffs' plan on this topic). The specific issue before Judge van Keulen was whether Google must identify which web properties it classifies as associated with a "Health Vertical," which would serve as a practical "first step" to identify the full scope of web properties at issue in this case. Order at 1-2. Putting aside that identifying Health Vertical web properties is just one step Plaintiffs intend to use to determine this scope, Google argued (like it does here in passing) that Plaintiffs' requests capture "hundreds of millions of websites and apps." Mot. at 2. But Google's argument omits that its count is inflated and the result of treating all pages under a single top-level domain as separate entries, such that a single healthcare provider would increase the total count by hundreds, if not thousands, of sub-domains.[1] *See* Status Report, Dkt. 273 at 6.

*Judge van Keulen's Order.* Judge van Keulen correctly found that identifying these properties was relevant "in light of the allegations in the SAC and the proposed class definitions" (Order at 2) and that the identification of Health Verticals "to identify responsive Web Properties" would be a "step in the right direction." *Id.* The court ordered the Parties to meet and confer, including providing examples of "steps" that can be taken to address "proportionality." *Id.*

## III.    LEGAL STANDARD

The standard of review of a magistrate judge's non-dispositive order "is highly deferential – the district judge may not simply substitute his or her judgment for that of the magistrate judge." *Frost v. LG Elecs. Inc.*, 2018 WL 11606311, at *1 (N.D. Cal. Mar. 29, 2018). The "magistrate's factual determinations are reviewed for clear error" and "legal conclusions are reviewed to determine whether they are contrary to law." *Id.*

## IV.    ARGUMENT

### A. Plaintiffs Are Entitled to Class Discovery.

---

[1] It makes little sense to treat sub-domains as separate web properties because, as alleged in the SAC, the source code is incorporated at the domain-level. ¶ 114

Despite never presenting this argument to Judge van Keulen, Google now argues that Plaintiffs must make a "prima facie showing that the Rule 23 requirements are satisfied before obtaining discovery on a class-wide basis." Mot. at 2-3 (citing *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)). This is wrong. *See Kaminske v. JP Morgan Chase Bank N.A.*, 2010 WL 5782995, at *2 (C.D. Cal. May 21, 2010) ("there is nothing in *Doninger* and *Mantolete* that suggests that a prima facie showing is mandatory in all cases . . . it is clear that a court has discretion to decide whether to require the prima facie showing that was approved of in *Doninger* and *Mantolete* before allowing [class] discovery"); *see also Wellens v. Daiichi Sankyo Inc*, 2014 WL 969692, at *3 (N.D. Cal. Mar. 5, 2014) (same); *Robinson v. Chefs' Warehouse*, 2017 WL 836943, at *2 (N.D. Cal. Mar. 3, 2017) (same); *Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 168 (E.D. Cal. 2022) (same); *see also* Order at 3 (explaining "the standard for discoverability is not [as] exacting" as "class certification" itself). Because this is not a requirement, Judge van Keulen's Order was not contrary to the law.

Even still, there is no question that Plaintiffs have made a prima facie showing that Rule 23 is satisfied or that the discovery sought by these RFPs will substantiate the class allegations. As described in Section II—and while not required—Plaintiffs have already demonstrated Google's Source Code is present on a majority of HP web properties, which resulted in the interception of millions of Class Members' Health Information. *See also* ¶¶ 4, 111-15. This includes allegations that Google collected "default and non-optional events" from every HP that incorporated its Source Code (¶ 85) that include full-string URLs of the page, the title of the page, the title of the prior page the individual viewed, the event, and an event used for conversion tracking. *Id.* Plaintiffs have also alleged Google collects the same, consistent identifiers from these web properties (¶¶ 99-104) and programmatically uses this data in the same manner. ¶¶ 123-44. Because all Class Members are treated alike, and were harmed in the same way, Plaintiffs have made a prima facie showing that Rule 23 will be satisfied and Google should be required to respond to the discovery.

While Google argues that Plaintiffs must allege they personally "visit[ed]" each and every one of these providers (Mot. at 3), that too is not the law. *See In re JUUL Labs, Inc., Mktg. Sales*

*Pracs. & Prod. Liab. Litig.*, 609 F. Supp. 3d 942, 967, 980 (N.D. Cal. 2022) (holding class members are not required to "have the same exact experience leading up to the harm[,]"). Nor must Plaintiffs identify each of these providers (in addition to the approximately 6,000 already identified) by name at the in the operative complaint. Mot. at 3. Google cites no authority for these claims, which is unsurprising. These are both arguments Google may make at class certification, but it cannot be used as a shield to deny Plaintiffs access to discovery they need to rebut them later. *See In re Google RTB Consumer Privacy Litig.*, 2024 WL 2242690, at *10 (N.D. Cal. Apr. 4, 2024) (rejecting Google's defense when "Google never produced this information and in fact objected to plaintiffs asking for it."). Google's separate argument that the Order should be overturned because it was based solely on the "proposed class definition" is also incorrect. Mot. 3 and 4. Judge van Keulen relied on the SAC as a whole—confirming that the scope of this case is broader than six HPs—not merely the proposed class. *See* Order at 2. But in any event, there is nothing improper with ordering discovery consistent with the class definition even if that were the sole basis for Judge van Keulen's ruling. *See Pattison v. HP Inc.*, 2025 WL 3459062, at *3 (N.D. Cal. Dec. 2, 2025) ("the discovery being requested is based on the class definition, and Plaintiff is entitled to such discovery to gather evidence and prepare for the class certification motion.").[2]

Google's remaining contentions must also be rejected. Its argument that Plaintiffs must show exactly how "Health Information is transmitted" from each HP is a merits argument (Mot. at 4), not one relevant to whether the requirements of Rule 23 may be satisfied. *See In re Yahoo*

---

[2] The cases Google relies on are distinguishable and resulted in the denial of class discovery for reasons not present here. *See* Mot. at 3-4 (citing *Mantolete*, 767 F.2d at 1416 (denying class discovery where plaintiff only offered "two other complaints filed elsewhere by epileptics against the Postal Service" to support existence of a class); *Doninger*, 564 F.2d at 1313 (finding "regardless of the discovery . . . the . . . requirements of section (a) of Rule 23 could never be met."); *Shushan v. Univ. of Colorado at Boulder*, 132 F.R.D. 263, 268 (D. Colo. 1990) (finding "there is no assertion or discussion of any of the normal class actions requirements" in the complaint); *Dittmar v. Costco Wholesale Corp.*, 2016 WL 7188231, at *4 (S.D. Cal. Dec. 12, 2016) (granting class discovery for a specific division of warehouses where evidence only supported plaintiffs' claims related to that division and not in other divisions); *Uschold v. Carriage Servs., Inc.*, 2019 WL 8298261, at *2 (N.D. Cal. Jan. 22, 2019) (denying discovery into other locations because "[p]laintiffs have acknowledged that [defendant] has or had a written policy to reimburse expenses and that their specific unit in the Richmond office was unique in not following that reimbursement policy.")).

*Mail Litig.*, 308 F.R.D. 577, 594 (N.D. Cal. 2015) ("Plaintiffs are not obligated to prove the merits of their claims at the class certification stage."). It also ignores Plaintiffs have already made this showing, as described above.

Google's contention that the Health Verticals it was ordered to disclose will not, in isolation, prove Plaintiffs' case (Mot. at 4) also fails. As Judge van Keulen correctly recognized, identifying the Health Verticals is only the "first step" to determine which HP web properties are within the scope of this case. Nothing in Rule 23—or general discovery principles— requires that each piece of discovery independently prove Plaintiffs' entire case in order to be discoverable. *See* Order at 3 ("the standard for discoverability is not so exacting."); *see Majors v. Warden*, 2010 WL 3341593, at *3 (E.D. Cal. Aug. 23, 2010) (a party "need not show this discovery alone will prove his claims" to be entitled to the discovery).

### B. Google's Proposal for Generalized Discovery Is Insufficient

Google notes that its position "is not that all discovery in this case be limited to six websites" and that it has agreed to provide discovery regarding the "general functionality of its products." Mot. at 5. But this is the problem with Google's argument. It is willing to provide high-level documents under the guise of cooperation, but refuses to provide the specific information that will actually show class certification is proper. Indeed, Google's motion makes clear that it will fight class certification on the grounds that all Class Members were not treated alike. Mot. at 4 (noting Plaintiffs must "tie[] any specific additional provider to the alleged interception of Health Information."). Because Google will not stipulate that Plaintiffs may use a subset of HPs as a representative sample for all HPs,[3] it must provide discovery necessary for Plaintiffs to make this showing for each one. As Judge van Keulen correctly recognized, the "first step" in this process is identifying the HPs, which can be done through the identification of entities associated with Google's Health Verticals, and proceed from there.

The Order should be upheld.

---

[3] *See* Status Report, Dkt. 273 ("[i]f instead the Court determines that the class consists of users of millions of websites, Google will not agree to limit itself to information it produced for a much smaller subset").

DATED: March 12, 2026

**LOWEY DANNENBERG, P.C.**

*/s/ Christian Levis*
Christian Levis (admitted *pro hac vice*)
*clevis@lowey.com*
Amanda Fiorilla (admitted *pro hac vice*)
*afiorilla@lowey.com*
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500

**SIMMONS HANLY CONROY, LLP**

Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
An Truong (admitted *pro hac vice*)
*atruong@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: 212-784-6400

**KIESEL LAW LLP**

Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
Nicole Ramirez Jones, State Bar No. 279017
*ramirezjones@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel: 310-854-4444

**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**

Michael W. Sobol (State Bar No. 194857)
*msobol@lchb.com*
Melissa Gardner (State Bar No. 289096)
*mgardner@lchb.com*
Jallé H. Dafa (State Bar No. 290637)
*jdafa@lchb.com*
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: 415 956-1000

Douglas Cuthbertson (admitted *pro hac vice*)
*dcuthbertson@lchb.com*
250 Hudson Street, 8th Floor

6

New York, NY 10013
Tel: 212 355-9500

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

Hal D. Cunningham (Bar No. 243048)
*hcunningham@scott-scott.com*
Sean Russell (Bar No. 308962)
*srussell@scott-scott.com*
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565

Joseph P. Guglielmo (admitted *pro hac vice*)
*jguglielmo@scott-scott.com*
Ethan Binder (admitted *pro hac vice*)
*ebinder@scott-scott.com*
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: (212) 223-6444

*Attorneys for Plaintiffs and the Proposed Class*

PLAINTIFFS' OPP. TO MOT. FOR RELIEF CASE NO. 3:23-cv-02431-VC