COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
TIFFANY LIN (321472)
(tiffany.lin@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
YONGBIN CHANG (347454)
(ychang@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE I, et al., on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>GOOGLE LLC,<br><br>          Defendant. | Case No. 3:23-cv-02431-VC-SVK<br>(Consol. w/ 3:23-cv-02343-VC)<br><br>**DEFENDANT GOOGLE LLC'S SEALING STATEMENT CONCERNING PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (DKT. 291)**<br><br>Ctrm: 6 – 4th Floor (San Jose)<br>Before: Magistrate Judge Susan van Keulen<br><br>Consol. Complaint Filed: July 13, 2023<br>2nd Am. Complaint Filed: August 12, 2024 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully submits this Sealing Statement Concerning Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. No. 291) relating to the Discovery Letter Brief re Identifiability ("JLB") and Exhibits A and B thereto (Dkts. 292, 292-1, 292-2).

In addition to 9 terms, this Court has already found good cause to seal, *see* Dkt. 275 at 1 (granting motion to seal Google's proposed redactions to terms in RFPs 6 and 20), Google seeks to seal only one additional term. That term is the name of an internal, non-public temporary access token used within Google's servers for internal security purposes, such as to validate and authenticate user credentials. As such, Google's sealing request is narrowly tailored: it seeks to seal only the names relating to internal systems, identifiers, and an authentication token, and no other portion of the JLB that describes other aspects of Google's internal systems. Also, none of the information that Google seeks to keep under seal is necessary to the public's understanding of the merits of the underlying cause of action. The limited material Google seeks to seal is further identified in Google's accompanying [Proposed] Order and Exhibits A through C to the Declaration of Tiffany Lin.

## II.    LEGAL STANDARD

The Ninth Circuit provides for a "strong presumption in favor of access" of court records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); Civil L.R. 79-5(a). Nevertheless, a party seeking to seal information in a non-dispositive motion must show only "good cause" for the material to be sealed. *See Kamakana*, 447 F.3d at 1179-80. The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action'" and that as a result "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id.*; *see also TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to nondispositive motions are

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**DEFENDANT GOOGLE LLC'S
SEALING STATEMENT
3:23-CV-02431-VC-SVK**

not subject to the strong presumption of access.") (citation omitted). Under the "good cause" standard, courts have granted requests to seal information that, if disclosed publicly, could expose the party to security risks. *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). Furthermore, a sealing request must be "narrowly tailored" and show "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1)(iii).

### III.    ARGUMENT

#### A.    This Court has Already Granted Google's Sealing Request as to Nine of the Terms at Issue

This Court previously granted Google's request to seal nine of the terms at issue, which arise in the text of Plaintiffs' RFP 20. *See* Dkt. 275 at 1 (granting motion to seal Google's proposed redactions to RFPs 6 and 20). Google respectfully requests that the Court grant Google's request to seal the same nine terms in the instant JLB.

#### B.    Google Seeks to Seal Only One Additional Term, which is the Name of an Internal Authentication Token

Google seeks to seal only one additional term, which is the name of an authentication token, and which this Court has not previously ruled on. The name is not public information and is confidential, sensitive, and proprietary.

As to the name of the authentication token, this Court has previously held that good cause exists to seal names used in Google's internal systems that are non-public, sensitive, and proprietary. *See* Dkt. 275 at 1 (finding good cause to seal proposed redactions to "names of identifiers, internal systems, verticals, … data sources, and associated descriptions," which are "non-public, sensitive, and proprietary," because "public disclosure of the highlighted information places 'Google at an increased risk of cyber security threats,' and also could cause competitive harm to Google"); Dkt. 193 at 2. *See also Calhoun v. Google*, Case No. 4:20-cv-05146-YGR (SVK), ECF No. 727 at 2 (N.D. Cal. June 21, 2022) (applying the "good cause" standard to Google's request to seal materials filed in connection with discovery-related motions that contained

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT GOOGLE LLC'S
SEALING STATEMENT
3:23-CV-02431-VC-SVK

"details related to Google's internal systems, projects, identifiers, logs, and their proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors"); *Frasco v. Flo Health, Inc.*, Case No. 3:21-cv-00757-JD, ECF No. 370 at 2 (N.D. Cal. Dec. 14, 2023) (sealing broadly "competitively sensitive" information relating to "Google's products and systems"); *Kumadan v. Google LLC*, 2023 WL 2189498, at \*2 (N.D. Cal. Feb. 22, 2023) (sealing "confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at \*2 (N.D. Cal. Mar. 24, 2020) (sealing information about the "functionality of Google's systems").

Because knowledge of the internal systems, products, and data referenced in the numerous joint letter briefs is strictly limited to essential personnel, and Google does not share this information publicly, disclosure would present security risks. Google could be placed at an increased risk of cybersecurity attacks if this information was made available to the public. *See, e.g.*, *Synchronoss Techs., Inc. v. Dropbox, Inc.*, 2017 WL 11527607, at \*2 (N.D. Cal. Dec. 27, 2017) (sealing "sensitive proprietary business information about the architecture of Synchronoss's technology"); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at \*2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects); *Bohannon v. Facebook, Inc.*, 2019 WL 188671, at \*7 (N.D. Cal. Jan. 14, 2019) (sealing internal task names and other sensitive data regarding internal classification systems).

**C.    Google's Sealing Request is Narrowly Tailored, and a Less Restrictive Alternative is Not Available**

Google has narrowly tailored its sealing request, only seeking to seal the names of ten of its internal systems, identifiers, and authenticators. Google is not seeking to seal any of the remaining material in the JLB. Rather, Google has thoroughly cross-checked its prior filings and public repositories to avoid over-redacting information that is already public. The material Google seeks to redact has not been disclosed publicly and should be redacted accordingly.

//

//

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT GOOGLE LLC'S
SEALING STATEMENT
3:23-CV-02431-VC-SVK

IV.    CONCLUSION

The Court should grant Google's sealing request for the reasons set forth above.

Dated: May 1, 2026                                COOLEY LLP


                                                  By: */s/ Tiffany Lin*
                                                       Tiffany Lin

                                                  Attorneys for Defendant
                                                  GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT GOOGLE LLC'S
SEALING STATEMENT
3:23-CV-02431-VC-SVK