COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
TIFFANY LIN (321472)
(tiffany.lin@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
YONGBIN CHANG (347454)
(ychang@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE I, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:23-cv-02431-VC-SVK<br>(Consol. w/ 3:23-cv-02343-VC)<br><br>**DEFENDANT GOOGLE LLC'S SEALING STATEMENT CONCERNING PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (DKT. 296)**<br><br>Ctrm: 6 – 4th Floor (San Jose)<br>Before: Magistrate Judge Susan van Keulen<br><br>Consol. Complaint Filed: July 13, 2023<br>2nd Am. Complaint Filed: August 12, 2024 |

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully submits this Sealing Statement Concerning Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. No. 296) relating to the Joint Status Report re Dkt. 256 ("Joint Status Report") (Dkt. 297).

Google seeks to seal only the names of seven logs in Plaintiffs' portion of the Joint Status Report that are highly confidential and non-public internal systems. This Court has previously granted Google's request to seal the name of another one of Google's logs. *See* Dkt. 275 at 2 (granting sealing of Joint Letter Brief re Identifier Mappings and Linkages). Google's sealing request is narrowly tailored: it seeks to seal only the names of these seven logs, and no other portions of the Joint Status Report that describes other aspects of Google's internal systems and architecture.  Also, none of the information that Google seeks to keep under seal is necessary to the public's understanding of the merits of the underlying cause of action.  The limited material Google seeks to seal is identified in Google's accompanying Proposed Order and Exhibit A to the Declaration of Tiffany Lin.

## II.    LEGAL STANDARD

The Ninth Circuit provides for a "strong presumption in favor of access" of court records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); Civil L.R. 79-5(a). Nevertheless, a party seeking to seal information in a non-dispositive motion must show only "good cause" for the material to be sealed. *See Kamakana*, 447 F.3d at 1179-80. The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action'" and that as a result "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id.*; *see also TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to nondispositive motions are not subject to the strong presumption of access.") (citation omitted). Under the "good cause" standard, courts have granted requests to seal information that, if disclosed publicly, could expose

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**DEFENDANT GOOGLE LLC'S
SEALING STATEMENT RE DKT. 296**
CASE NO. 3:23-CV-02431-VC-SVK

the party to security risks. *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). Furthermore, a sealing request must be "narrowly tailored" and show "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1)(iii).

**III.    ARGUMENT**

**A.    Google Seeks to Seal Only the Names of Seven Logs**

Google seeks to seal seven names in the Joint Status Report that are the names of Google's non-public logging systems that it uses to log data. These systems are highly sensitive, and Google does not share this information publicly.

This Court and other courts in this district have held that good cause exists to seal the type of information Google seeks to seal here. In the instant case, this Court previously granted Google's motion to seal the name of one of Google's logs. *See* Dkt. 275 at 2 (granting sealing of Joint Letter Brief re Identifier Mappings and Linkages). This Court has also previously held that good cause exists to seal names used in Google's internal systems that are non-public, sensitive, and proprietary. *See* Dkt. 275 at 1 (finding good cause to seal proposed redactions to "names of identifiers, internal systems, verticals, … data sources, and associated descriptions," which are "non-public, sensitive, and proprietary," because "public disclosure of the highlighted information places 'Google at an increased risk of cyber security threats,' and also could cause competitive harm to Google"); Dkt. 193 at 2. *See also Calhoun v. Google*, Case No. 4:20-cv-05146-YGR (SVK), ECF No. 727 at 2 (N.D. Cal. June 21, 2022) (applying the "good cause" standard to Google's request to seal materials filed in connection with discovery-related motions that contained "details related to Google's internal systems, projects, identifiers, logs, and their proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors"); *Frasco v. Flo Health, Inc.*, Case No. 3:21-cv-00757-JD, ECF No. 370 at 2 (N.D. Cal. Dec. 14, 2023) (sealing broadly "competitively sensitive" information relating to "Google's products and systems"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (sealing

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

**DEFENDANT GOOGLE LLC'S
SEALING STATEMENT RE DKT. 296**
CASE NO. 3:23-CV-02431-VC-SVK

information about the "functionality of Google's systems").

Because Google does not share the names of its internal systems referenced in the Joint Status Report publicly, disclosure would present security risks. Google could be placed at an increased risk of cybersecurity attacks if this information was made available to the public. *See, e.g.*, *Synchronoss Techs., Inc. v. Dropbox, Inc.*, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (sealing "sensitive proprietary business information about the architecture of Synchronoss's technology"); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects); *Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *7 (N.D. Cal. Jan. 14, 2019) (sealing internal task names and other sensitive data regarding internal classification systems).

**B.     Google's Sealing Request is Narrowly Tailored, and a Less Restrictive Alternative is Not Available**

Google has narrowly tailored its sealing request, only seeking to seal the names of seven logs. Google is not seeking to seal any of the remaining material in the Joint Status Report. Rather, Google has thoroughly cross-checked its prior filings and public repositories to avoid over-redacting information that is already public. The material Google seeks to redact has not been disclosed publicly and should be redacted accordingly. Google does not believe a less restrictive alternative exists, given it has intentionally narrowed the material it seeks to seal.

**IV.     CONCLUSION**

The Court should grant Google's sealing request for the reasons set forth above.

Dated: May 13, 2026                            COOLEY LLP


                                              By: */s/ Tiffany Lin*
                                                  Tiffany Lin

                                              Attorneys for Defendant
                                              GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

**DEFENDANT GOOGLE LLC'S
SEALING STATEMENT RE DKT. 296**
CASE NO. 3:23-CV-02431-VC-SVK