UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE I, et al., | Case No.  23-cv-02431-VC (SVK) |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER IN RE DKT. 297** |
| | Re: Dkt. No. 297 |
| GOOGLE LLC, | |
| Defendant. | |

Before the Court is the Parties' dispute arising out of a protocol established by the Court to facilitate production of data source information (the "Protocol").  *See* Dkt. 256.  In light the briefing and the hearing that lead to the Protocol, this issue may be resolved without further oral argument.  Civil L.R. 7-1(b).

The Protocol for production of data sources provides:

- Step 1. Within 14 days of the date of this Order, Google shall produce a list of data sources, e.g., a list of logs, tables or databases, along with any existing description of those data sources, in use with Google Ads, Google Display Ads and Google Analytics during the relevant time period;

- Step 2. Within 14 days of receipt of the list of data sources and existing descriptions, Plaintiffs shall identify a sub-set of data sources that they reasonably expect to be relevant and proportional to the litigation.

- Step 3. Within 21 days of receipt of the list in Step 2, Google shall produce a list of all fields within the sub-set of relevant data sources and, by querying or otherwise extracting, the engineers' comments for the fields, where such comments exist; and

////

////

- Step 4. Within 21 days, based upon the field names and descriptions/comments, Plaintiffs shall identify a relevant and proportional sub-set of event-level data for Named Plaintiffs.

Dkt. 256 at 2-3.  The present dispute arises at Step 2.

At Step 1, Google identified approximately 18,000 data sources from a handful of databases, reflected in columns 1 and 2 below.  Pursuant to Step 2, Plaintiffs then selected a subset of data sources, reflected in column 3.

| 1 Databases | 2 Number of data sources identified by Google per Step 1 | 3 Number of subsets of data sources identified by Plaintiffs' per Step 2 | 4 Google's proposal in re Step 2 |
|---|---|---|---|
| Kansas/Oz | 17 | 17 | Cap total data sources at 200 |
| Sawmill | 2,897 | 2,897 | |
| Spanner/Big Table/Napa | 15,174 | 4,351 | |
| Totals | 18,088 | 7,265[1] | |

*See* Dkt. 297 at 7-8.  Google has agreed to provide Step 3 information for the data sources from Kansas/Oz.  The dispute is centered on the number of data sources selected by Plaintiffs for the Sawmill and Spanner/Big Table/Napa databases.  Dkt. 297 at 1.  Plaintiffs state that for Sawmill, they will ask only for field names at Step 3, except for 7 Sawmill logs for which they will seek field descriptions as well.  *See id.* at 8.  Plaintiffs further argue that their request for field names only for 2,890 Sawmill logs is not burdensome, as the names can be extracted by query.  *Id.* at 2. In total, Plaintiffs seek production of additional data from 40% of the data sources identified by Google. Google urges that certain data sources "may have hundreds of thousands of fields each"

---

[1] Google identifies 7,266 identified data sources selected by Plaintiffs.  This discrepancy between Google's number and the Court's number is immaterial.

leading to production of millions of fields and descriptions pursuant to Step 3. *Id.* at 8-9. As a result, Google complains, Plaintiffs' subset of approximately 7,200 data sources for which Google would be obligated to provide field names and descriptions at Step 3 of the Protocol is disproportional to the needs of the case. *Id.* at 8-9.

Plaintiffs' argument for more than 7,000 subsets focuses on the potential relevance of detailed log data, without acknowledging the irrelevance of vast amounts of that data. *See id.* at 3-6. Conversely, Google points to the vastness of the data sources and the burden of managing those sources through Steps 3 and 4 of the Protocol. *Id.* at 8-9. The Court has sufficient history with this case and these data issues to recognize that the arguments of both sides have some merit: The universe of potentially relevant data is vast, as is the universe of potentially irrelevant data. This is the very issue addressed by the Protocol. *See* Dkt. 256 at 1-2. Plaintiffs will have to accept working with less than every byte of relevant data, and Google will have to manage production of far more data than it believes is proportional to the needs of the case.

The Parties have done little to set further, realistic, proportional guidelines, and so it falls to the Court to further modify the Protocol as set forth below. In doing so, at this stage of the Protocol, the Court is primarily guided proportionality parameter of Rule 26(b)(1) to meet the objectives of Rule 1.[2] Accordingly, in light of the information provided at Step 1, Plaintiffs' election of subsets at Step 2 are modified as follows:

////

////

////

////

////

////

////

_____

[2] References to "Rule" are to the Federal Rules of Civil Procedure, unless indicated otherwise. In pertinent part, Rule 1 provides: "[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

United States District Court
Northern District of California

United States District Court
Northern District of California

| 1 Databases | 2 Number of data sources identified by Google per Step 1 | 3 Number of subsets of data sources identified by Plaintiffs' per Step 2 | 4 Google's proposal in re Step 2 | COURT MODIFICATION TO STEP 2 TO THE PROTOCOL |
|---|---|---|---|---|
| Kansas/Oz | 17 | 17 | Google has agreed to provide Step 3 data for all 17 data sources. Dkt. 297 at 1, 5 | All 17 logs are an acceptable subset; proceed to Step 3. |
| Sawmill | 2,897 | 2,897 | Cap total data sources for Sawmill and Spanner, et al., at 200 | Plaintiff to identify the 7 "key" Sawmill logs for which it seeks field names and descriptions and comments. Dkt. 297 at 2. In addition, Plaintiff may select up to 700 Sawmill data sources for which it will only seek field names at Step 3. Plaintiff's updated selections are due **within 10 days from date of this Order**. |
| Spanner/Big Table/Napa | 15,174 | 4,351 | Cap total data sources for Sawmill and Spanner, et al., at 200 | Plaintiff to select up to 700 data sources from Spanner/Big Table/Napa **within 10 days from date of this Order**, then proceed to Step 3. |
| Totals: | 18,088 | 7,265[3] | | |
| Amended Totals: | 18,088 | 1,424 (17 + 707 + 700 = 1424) | | |

[3] Google identifies 7,266 identified data sources selected by Plaintiffs. This discrepancy between Google's number and the Court's number is immaterial.

4

As indicated above, Plaintiffs may have until **May 24, 2026** to further refine their subset selections in accordance with this Order.  The Parties may agree to a modest extension of this deadline.  The Parties will then continue with Steps 3 and 4 of the Protocol.

The Court declines to set a cap for Step 4 at this time, relying on the Parties' ability to move forward in accord with Rule 26(b)(1) and Rule 1.

**SO ORDERED.**

Dated: May 14, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California