COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
TIFFANY LIN (321472)
(tiffany.lin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE I, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:23-cv-02431-VC-SVK (Consol. w/ 3:23-cv-02343-VC)<br><br>**Defendant Google LLC's Statement in Support of Sealing Regarding Plaintiffs' Administrative Motion To Consider Whether Another Party's Material Should be Sealed (Dkt. 304)**<br><br>Ctrm: 4 – 17th Floor (San Francisco)<br>Before: District Judge Vince Chhabria<br><br>Consol. Complaint Filed: July 13, 2023<br>2nd Am. Complaint Filed: August 12, 2024 |

Cooley LLP
Attorneys at Law
San Francisco

Google's Statement re Administrative
Motion to Seal
3:23-cv-02431-VC-SVK

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(f)(3), Defendant Google LLC ("Google") submits this statement in support of sealing the highlighted portions of the Parties' Joint Statement of Discovery Dispute Regarding Plaintiffs' Request Nos. 6 and 23 (the "Joint Statement") and Exhibits A and B thereto (Dkts. 304-2, 304-3, 304-4). Plaintiffs have already filed redacted public versions of all three documents. (Dkts. 305, 305-1, 305-2.)

This Court has sealed nearly all of this material before. The highlighted text falls into two narrow categories. The first includes seven terms: the six internal identifier names listed in subparts (17) and (19) through (23) of the definition in RFP No. 6, and the name of the internal encryption key referenced in RFP No. 23. The Court sealed these same terms, in this same posture, when it granted Google's omnibus sealing motion covering the Parties' earlier joint statement about RFP Nos. 6 and 20. (Dkt. 275 at 1–2.) The second is limited excerpts from Google's internal engineering documents—produced under the Stipulated Protective Order (Dkt. 142)—describing how Google's identifier systems store, link, and encrypt data. The Court sealed information of the same kind at Dkt. 193 (internal identifier-management mechanisms) and Dkt. 275 (identifier names "and associated descriptions")

Everything else remains public: every argument, every authority, Google's responses and objections, and the identifiers the Parties debate by name throughout the public Joint Statement— Gaia, Zwieback, Biscotti, Client IDs, and UIS. Each redaction masks a name or a brief quotation, never a contention. Plaintiffs' only argument—that the material is not "traditionally kept secret" (Dkt. 304 at 2)—invokes the wrong standard for discovery materials and ignores that this Court sealed these very terms three months ago. The material Google seeks to seal is identified in the accompanying Declaration of Tiffany Lin ("Lin Decl.") and [Proposed] Order.

## II.    LEGAL STANDARD

The public enjoys a "strong presumption in favor of access" to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); Civil L.R. 79-5(a). But a party seeking to seal material attached to a non-dispositive motion—including a discovery dispute like this one—need show only "good cause." *Kamakana*, 447 F.3d at 1179–80. That is because

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S STATEMENT RE ADMINISTRATIVE
MOTION TO SEAL
3:23-CV-02431-VC-SVK

"discovery is largely 'conducted in private as a matter of modern practice', so the public is not presumed to have a right of access to it." *Concord Music Grp., Inc. v. Anthropic PBC*, No. 24-cv-03811, 2025 WL 1665754, at *2 (N.D. Cal. May 23, 2025) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016)); *see also TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to nondispositive motions are not subject to the strong presumption of access."). Good cause exists where public disclosure could expose a party to security risks. *In re Google Inc. Gmail Litig.*, No. 13-MD-02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "could lead to a breach in the security of the Gmail system"). The request must be narrowly tailored, and the designating party must explain "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1)(iii).

## III.    ARGUMENT

### A.    This court has already sealed each of the six terms at issue.

The six identifier names in subparts (17) and (19) through (23), highlighted in Exhibit A (Dkt. 304-3 at 4) and in footnote 1 of Exhibit B (Dkt. 304-4 at 1) repeat, word for word, names that this Court sealed in the Parties' prior joint statement regarding RFP Nos. 6 and 20 on March 4, 2026. *Compare* Dkt. 304-3 at 4, *with* Dkt. 223-1 at 4, 9, *and* Dkt. 223-2 at 1; *see* Dkt. 275 at 1–2 (sealing the highlighted portions of Omnibus Exhibits A and B). So does the name of the encryption key referenced in RFP No. 23, which appears in the highlighted portions of the Joint Statement (Dkt. 304-2 at 5–7, 10–11), Exhibit A (Dkt. 304-3 at 9, 11), and Exhibit B (Dkt. 304-4 at 2–3), and which the Court sealed in the same order. (Dkt. 275 at 1–2; *see* Dkt. 223-1 at 5, 11; Dkt. 223-2 at 2.)

The Court's reasoning applies with equal force today. These redactions are "limited to 'names of identifiers, internal systems, verticals, . . . data sources, and associated descriptions,' which are non-public, sensitive, and proprietary," and "public disclosure of the highlighted information places 'Google at an increased risk of cyber security threats,' and also could cause competitive harm to Google." (Dkt. 275 at 1.) Nothing has changed since the Court's March 4 order. The terms remain non-public; Google still restricts access to them within the company; and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S STATEMENT RE ADMINISTRATIVE
MOTION TO SEAL
3:23-CV-02431-VC-SVK

together they still map the internal identifier architecture that a malicious actor would need to target Google's systems—and that a competitor would prize. (Lin Decl. ¶¶ 4, 6–7.)

Nothing in the Local Rules asks the Court to start from scratch. A document sealed by court order "will remain under seal until further order of the Court[,]" Civil L.R. 79-5(g)(1), and the Rules attach continuing weight to prior sealing orders, *cf.* Civil L.R. 79-5(b) (no motion to seal is required at all where "a prior court order in the same case expressly authorizes the party to file certain documents (or portions of documents) under seal"). The six terms at issue remain under seal in the Parties' prior joint-statement exhibits by order of this Court. (Dkt. 275 at 1–2; *see* Civil L.R. 79-5(g)(1).) Denying sealing here would unseal that same information through the back door— leaving identical terms sealed at Dkts. 223-1 and 223-2 but public at Dkts. 305-1 and 305-2—and would undo the protection Dkt. 275 ordered. Granting this request simply preserves the status quo.

**B.    The excerpts from Google's internal engineering documents warrant sealing for the same reasons.**

The highlights not previously addressed by this Court cover short quotations from, and descriptions of, confidential design and engineering documents that Google produced under the Protective Order. They reveal what data particular Google cookies store and how they store it; how identifier tokens are designed, encrypted, and retired; internal file and system names; internal data-handling policies; and Google's practices for retaining decryption keys. (Dkt. 304-2 at 5–7, 10–11; Lin Decl. ¶ 5.)[1]

Disclosure would injure Google twice over. It would hand attackers a blueprint into how identifier values are set and stored, how tokens are encrypted, and where the keys live. And it would also give competitors design insight into Google's identity infrastructure without their having to invest anything to develop it. (Lin Decl. ¶¶ 6–7.) Courts in this District seal exactly this kind of material. *See* Dkt. 193 at 2 (sealing internal mechanisms for managing and protecting user identifiers); Dkt. 275 at 1; *Calhoun v. Google*, No. 20-cv-05146 (N.D. Cal. June 21, 2022), Dkt.

---

[1] One footnote containing a redaction requires no sealing at all. There, Plaintiffs quote the public version of an order in *Calhoun v. Google*, and the bracketed redactions are not Google's proposed redactions but the *Calhoun* court's own, reproduced exactly as they appear in that public order. (Dkt. 304-2 at 6 n.1.) That court's redactions only confirm that this category of information is sealable.

Cooley LLP
Attorneys at Law
San Francisco

4

Google's Statement re Administrative
Motion to Seal
3:23-cv-02431-VC-SVK

727 at 2 (sealing "details related to Google's internal systems, projects, identifiers, logs, and their proprietary functions" that "Google maintains as confidential in the ordinary course of its business"); *Frasco v. Flo Health, Inc.*, No. 21-cv-00757 (N.D. Cal. Dec. 14, 2023), Dkt. 370 at 2; *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3. Good cause exists here.

> **C.    The request is narrowly tailored, and no less restrictive alternative would protect the information.**

Google asks the Court to seal names and quotations—nothing more. Every argument in the fifteen-page public Joint Statement remains readable. Google's responses and objections appear on the public docket nearly in full, even though the underlying documents are designated Highly Confidential – Attorneys' Eyes Only; only the key's name is masked where it appears. The identifiers the Parties discuss by name—Gaia, Zwieback, Biscotti, Client IDs, and UIS—remain public, as do all Bates citations, so any reader can follow each step of the dispute. Nor does Google seek to seal the identifier names in subparts (9) through (16) or (18) of RFP No. 6's definition, which are public in the Court-approved versions of the prior joint-statement exhibits. (See Dkt. 270-1 at 5, 10.) Because targeted redaction is itself the least restrictive alternative to sealing, nothing short of these redactions would protect the information. Civil L.R. 79-5(a), (c)(1); (Lin Decl. ¶ 8.)

## IV.    CONCLUSION

The Court should seal the highlighted portions of Dkts. 304-2, 304-3, and 304-4, as set out in the accompanying [Proposed] Order, and maintain Dkts. 305, 305-1, and 305-2 as the public versions of record.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S STATEMENT RE ADMINISTRATIVE
MOTION TO SEAL
3:23-CV-02431-VC-SVK

Dated:  June 15, 2026                                    COOLEY LLP


By: */s/ Tiffany Lin*
　　Benedict Y. Hur
　　Simona Agnolucci
　　Eduardo Santacana
　　Joshua Anderson
　　Tiffany Lin


Attorneys for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S STATEMENT RE ADMINISTRATIVE
MOTION TO SEAL
3:23-CV-02431-VC-SVK