# EXHIBIT 3

AMENDED IN ASSEMBLY JULY 2, 2026

AMENDED IN SENATE MAY 29, 2025

AMENDED IN SENATE MAY 23, 2025

AMENDED IN SENATE MARCH 24, 2025

**SENATE BILL** **No. 690**

**Introduced by Senator Caballero**
**(Coauthors: Senators Niello and Valladares)**
(Coauthors: Assembly Members ~~Irwin~~ *Irwin, Macedo,* and Blanca Rubio)

February 21, 2025

An act to amend ~~Sections 631, 632, 632.7, 637.2, and 638.50~~ *Section 637.2* of the Penal Code, relating to crimes.

LEGISLATIVE COUNSEL'S DIGEST

SB 690, as amended, Caballero. Crimes: invasion of privacy.

*Existing law prohibits a person, other than a provider of electronic or wire communication service for specified purposes, from installing or using a pen register or a trap and trace device, as those terms are defined, without first obtaining a court order. Existing law authorizes a person who has been injured by a violation of that prohibition to bring an action against the person who committed the violation to enjoin and restrain the violation, as well as to bring an action for monetary damages, as specified.*

*This bill would instead authorize only the Attorney General to bring that action for a violation of the above-described provision if the action is alleged to arise from conduct occurring on an internet website, online application, or mobile application. The bill would provide that this limitation applies retroactively to any pending claim in an action*

*commenced within 2 years before the operative date of the bill. The bill would declare the severability of its provisions.*

~~(1) Existing law prohibits tapping a communication wire or intercepting or recording a telephone communication, as specified, without the consent of all parties. Existing law exempts specified communication intercepts, including those in a correctional institution and those required for utility maintenance purposes. A violation of these provisions is punishable as either a misdemeanor or a felony.~~

~~This bill would also exempt communication intercepts for a commercial business purpose from those prohibitions. The bill would define a commercial business purpose to mean the processing of personal information either performed to further a business purpose or subject to a consumer's opt-out rights.~~

~~(2) Existing law defines a "pen register" for these purposes to mean a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted but not the contents of a communication, with specified exceptions. Existing law defines a "trap and trace device" as a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication but not the contents of a communication.~~

~~The bill would specify that a pen register does not include a device or process used in a manner consistent with a commercial business purpose. This bill would also specify that a trap and trace device does not include a device or process that is used in a manner consistent with a commercial business purpose.~~

~~(3) Existing law authorizes a person who has been injured by a violation of those prohibitions to bring an action against the person who committed the violation to enjoin and restrain the violation, as well as to bring an action for monetary damages, as specified.~~

~~This bill would specify that this authorization does not apply to the processing of personal information for a commercial business purpose.~~

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: no.

*The people of the State of California do enact as follows:*

*SECTION 1. Section 637.2 of the Penal Code is amended to read:*

637.2. (a) ~~Any~~ *Except as provided in subdivision (d), a* person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:

(1) Five thousand dollars ($5,000) per violation.

(2) Three times the amount of actual damages, if any, sustained by the plaintiff.

(b) ~~Any~~ *Except as provided in subdivision (d), a* person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain ~~any~~ *a* violation of this ~~chapter, and may~~ *chapter and may,* in the same ~~action~~ *action,* seek damages as provided by subdivision (a).

(c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages.

*(d) (1) An action against a private actor for a violation of Section 638.51 alleged to arise from conduct occurring on an internet website, online application, or mobile application may be brought under this section only by the Attorney General.*

*(2) The amendments to this section by Senate Bill No. 690 of the 2025–26 Regular Session apply retroactively to any pending claim in an action commenced within two years before the operative date of that legislation.*

~~(d)~~

*(e)* This section shall not be construed to affect Title 4 (commencing with Section 3425.1) of Part 1 of Division 4 of the Civil Code.

*SEC. 2. The provisions of this act are severable. If any provision of this act or its application is held invalid, that invalidity shall not affect other provisions or applications that can be given effect without the invalid provision or application.*

~~SECTION 1. Section 631 of the Penal Code is amended to read:~~

~~631. (a) A person who, by means of a machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes~~

~~an unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with a telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of an internal telephonic communication system, or who willfully and without the consent of all parties to the communication, or in an unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of a message, report, or communication while the same is in transit or passing over a wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in the county jail not exceeding one year, or by imprisonment pursuant to subdivision (h) of Section 1170, or by both a fine and imprisonment in the county jail or pursuant to subdivision (h) of Section 1170. If the person has previously been convicted of a violation of this section or Section 632, 632.5, 632.6, 632.7, or 636, the offense is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the county jail not exceeding one year, or by imprisonment pursuant to subdivision (h) of Section 1170, or by both that fine and imprisonment.~~

~~(b) This section does not apply to any of the following:~~

~~(1) A public utility, or telephone company, engaged in the business of providing communications services and facilities, or to the officers, employees or agents thereof, where the acts otherwise prohibited herein are for the purpose of construction, maintenance, conduct, or operation of the services and facilities of the public utility or telephone company.~~

~~(2) The use of any instrument, equipment, facility, or service furnished and used pursuant to the tariffs of a public utility.~~

~~(3) A telephonic communication system used for communication exclusively within a state, county, city and county, or city correctional facility.~~

~~(4) A commercial business purpose.~~

~~(c) For purposes of this section, "telephone company" has the same meaning as defined in paragraph (3) of subdivision (c) of Section 638.~~

~~(d) Except as proof in an action or prosecution for violation of this section, evidence obtained in violation of this section is not admissible in a judicial, administrative, legislative, or other proceeding.~~

~~SEC. 2. Section 632 of the Penal Code is amended to read:~~

~~632. (a) A person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500) per violation, or imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment. If the person has previously been convicted of a violation of this section or Section 631, 632.5, 632.6, 632.7, or 636, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000) per violation, by imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.~~

~~(b) For the purposes of this section, "person" means an individual, business association, partnership, corporation, limited liability company, or other legal entity and an individual acting or purporting to act for or on behalf of a government or subdivision thereof, whether federal, state, or local, but excludes an individual known by all parties to a confidential communication to be overhearing or recording the communication.~~

~~(c) For the purposes of this section, "confidential communication" means a communication carried on in circumstances as may reasonably indicate that a party to the communication desires it to be confined to the parties thereto but excludes a communication made in a public gathering or in a legislative, judicial, executive, or administrative proceeding open to the public or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.~~

(d) Except as proof in an action or prosecution for violation of this section, evidence obtained as a result of eavesdropping upon or recording a confidential communication in violation of this section is not admissible in a judicial, administrative, legislative, or other proceeding.

(e) This section does not apply to any of the following:

(1) A public utility engaged in the business of providing communications services and facilities, or to the officers, employees, or agents thereof, if the acts otherwise prohibited by this section are for the purpose of construction, maintenance, conduct, or operation of the services and facilities of the public utility.

(2) The use of an instrument, equipment, facility, or service furnished and used pursuant to the tariffs of a public utility.

(3) A telephonic communication system used for communication exclusively within a state, county, city and county, or city correctional facility.

(4) The use of hearing aids and similar devices, by a person afflicted with impaired hearing, for the purpose of overcoming the impairment to permit the hearing of sounds ordinarily audible to the human ear.

(5) A commercial business purpose.

SEC. 3. Section 632.7 of the Penal Code is amended to read:

632.7. (a) A person who, without the consent of all of the parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment. If the person has been convicted previously of a violation of this section or of Section 631, 632, 632.5, 632.6, or 636, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000), by imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

(b) This section does not apply to any of the following:

~~(1) A public utility, or telephone company, engaged in the business of providing communications services and facilities, or to the officers, employees, or agents thereof, where the acts otherwise prohibited are for the purpose of construction, maintenance, conduct, or operation of the services and facilities of the public utility or telephone company.~~

~~(2) The use of an instrument, equipment, facility, or service furnished and used pursuant to the tariffs of the public utility.~~

~~(3) A telephonic communication system used for communication exclusively within a state, county, city and county, or city correctional facility.~~

~~(4) A commercial business purpose.~~

~~(c) For purposes of this section, “telephone company” has the same meaning as defined in paragraph (3) of subdivision (c) of Section 638.~~

~~(d) As used in this section, each of the following terms have the following meaning:~~

~~(1) “Cellular radio telephone” means a wireless telephone authorized by the Federal Communications Commission to operate in the frequency bandwidth reserved for cellular radio telephones.~~

~~(2) “Cordless telephone” means a two-way, low power communication system consisting of two parts, a “base” unit that connects to the public switched telephone network and a handset or “remote” unit, that are connected by a radio link and authorized by the Federal Communications Commission to operate in the frequency bandwidths reserved for cordless telephones.~~

~~(3) “Communication” includes, but is not limited to, communications transmitted by voice, data, or image, including facsimile.~~

~~SEC. 4. Section 637.2 of the Penal Code is amended to read:~~

~~637.2. (a) A person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:~~

~~(1) Five thousand dollars ($5,000) per violation.~~

~~(2) Three times the amount of actual damages, if any, sustained by the plaintiff.~~

~~(b) A person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain a violation of this~~

~~chapter and may, in the same action, seek damages as provided by subdivision (a).~~

~~(c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages.~~

~~(d) This section does not apply to the processing of personal information for a commercial business purpose.~~

~~(e) This section does not affect Title 4 (commencing with Section 3425.1) of Part 1 of Division 4 of the Civil Code.~~

~~SEC. 5. Section 638.50 of the Penal Code is amended to read:~~

~~638.50. For purposes of this chapter, the following terms have the following meanings:~~

~~(a) "Wire communication" and "electronic communication" have the meanings set forth in subdivision (a) of Section 629.51.~~

~~(b) (1) "Pen register" means a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted but not the contents of a communication.~~

~~(2) A pen register does not include a device or process used by a provider or customer of a wire or electronic communication service for billing, or recording as an incident to billing, for communications services provided by the provider, a device or process used by a provider or customer of a wire communication service for cost accounting or other similar purposes in the ordinary course of its business, or a device or process that is used in a manner consistent with a commercial business purpose.~~

~~(c) (1) "Trap and trace device" means a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication but not the contents of a communication.~~

~~(2) A trap and trace device does not include a device or process that is used in a manner consistent with a commercial business purpose.~~

~~(d) "Prohibited violation" has the same meaning as that term is defined in Section 629.51.~~

~~(e) "Commercial business purpose" means the processing of personal information that satisfies either of the following criteria:~~

(1) Is performed to further a business purpose as defined in subdivision (e) of Section 1798.140 of the Civil Code.

(2) Is subject to a consumer's opt-out rights under Sections 1798.120, 1798.121, and 1798.135 of the Civil Code.

(f) "Personal information" has the same meaning as that term is defined in subdivision (v) of Section 1798.140 of the Civil Code.

(g) "Processing" has the same meaning as that term is defined in subdivision (y) of Section 1798.140 of the Civil Code.

O