**BARNES LAW, LLC**
Jason 'Jay' Barnes, State Bar No. 362766
231 Madison Street, Third Floor
Jefferson City, MO 65101
Telephone: (573) 308-7658
Facsimile: (573) 635-7414
*jaybarnes@barnes.law*

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
Nicole Ramirez Jones, State Bar No. 279017
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
*koncius@kiesel.law*
*ramirezjones@kiesel.law*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (admitted *pro hac vice*)
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 233-6334
*jguglielmo@scott-scott.com*

*Attorneys for Plaintiffs and the Proposed Class*
*Additional Counsel Listed on Signature Page*

**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted *pro hac vice*)
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
*clevis@lowey.com*
*afiorilla@lowey.com*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Michael W. Sobol, State Bar No. 194857
Melissa Gardner, State Bar No. 289096
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
*msobol@lchb.com*
*mgardner@lchb.com*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Douglas Cuthbertson (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
*dcuthbertson@lchb.com*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JOHN DOE, *et al.*, individually and on behalf of all others similarly situated,

Plaintiffs,

GOOGLE LLC,

Defendant.

**This document applies to: All Actions**

Case No. 3:23-cv-02431-VC

****FILED UNDER SEAL****

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND PLEADINGS AND FOR RECONSIDERATION OF "WITH PREJUDICE" DISMISSAL BASED ON NEW EVIDENCE CONTRADICTING GOOGLE'S PRIOR LITIGATION POSITIONS**

Date: December 3, 2026, at 10:00 a.m.
Judge: Hon. Vince Chhabria
Ctrm: 4, 17th Floor

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on December 3, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, the undersigned will appear before the Honorable Judge Vince Chhabria of the United States District Court for the Northern District of California, Courtroom 3 – 17th Floor, San Francisco Courthouse.

Plaintiffs will and hereby do move the Court for an order pursuant to Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure granting Plaintiffs leave to file their proposed Third Amended Consolidated Class Action Complaint ("TAC"), and for an order pursuant to Civil Local Rule 7-9(a)-(b)(1) and Rule 54(b) of the Federal Rules of Civil Procedure granting Plaintiffs leave to file a Motion for Reconsideration of the Court's June 6, 2025 interlocutory order dismissing "with prejudice" claims for breach of contract, implied covenant of good faith and fair dealing, and other causes of action (Electronic Communications Privacy Act, California Invasion of Privacy Act, and intrusion upon seclusion) based on conduct post-dating March 2023.

This Motion is based upon this Notice and Motion, the following Memorandum of Points and Authorities, the pleadings, records, and other materials in the record, argument of counsel, and such other matters as the Court may consider.

## I. ISSUES PRESENTED

Whether Plaintiffs should be granted leave to file their proposed TAC, attached as Exhibit A (redlined against the Second Amended Consolidated Class Action Complaint and attached as Exhibit B); and

Whether Plaintiffs should be granted leave to file a Motion for Reconsideration of the "with prejudice" dismissal of claims asserted in their Second Amended Consolidated Class Action Complaint.

## II. RELIEF REQUESTED

Plaintiffs respectfully request an Order authorizing Plaintiffs to file their proposed TAC and allowing Plaintiffs to move for reconsideration of the dismissal "with prejudice" of Plaintiffs' claims for breach of contract based on advertising use of health information, implied covenant of good faith and fair dealing, and other causes of action post-dating March 2023 such that those claims may be re-asserted in the TAC.

**TABLE OF CONTENTS**


**Page**

I. INTRODUCTION ..... 1

II. PROCEDURAL HISTORY ..... 2

III. NEW FACTS ALLEGED IN THE PROPOSED TAC ..... 4

A. Google's Advertising Systems Use Patient Health Information for Targeting ..... 4

B. Google Intended to Collect Patient Health Information, Including after March 2023 ..... 7

IV. LEGAL STANDARD ..... 9

V. ARGUMENT ..... 9

A. There Is Good Cause to Permit the Amendments ..... 9

B. The Rule 15 Factors Favor Amendment ..... 10

C. The Court Should Permit a Motion to Reconsider Dismissal "With Prejudice" ..... 13

VI. CONCLUSION ..... 15

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Abels v. JBC Legal Grp., P.C.*
229 F.R.D. 152 (N.D. Cal. 2005)....................11

*Aguilar v. Boulder Brands, Inc.*
2014 WL 4352169 (S.D. Cal. Sept. 2, 2014)....................11

*Align Tech., Inc. v. Strauss Diamond Instruments, Inc.*
2019 WL 861422 (N.D. Cal. Feb. 22, 2019)....................12

*Allen v. Bayer Corp.*
460 F.3d 1217 (9th Cir. 2006)....................9

*Arce v. Valley Prune, LLC*
3 F. Supp. 3d 794 (E.D. Cal. 2014)....................10

*Bickerstaff v. Amazon.com Servs. LLC*
2024 WL 4994344 (S.D. Cal. Dec. 5, 2024)....................10

*Bowen v. Target Corp.*
2019 WL 9240985 (C.D. Cal. Nov. 12, 2019)....................11

*Brandon v. Holt*
469 U.S. 464 (1985)....................9

*DCD Programs, Ltd. v. Leighton*
833 F.2d 183 (9th Cir. 1987)....................11, 12

*Eminence Cap., LLC v. Aspeon, Inc.*
316 F.3d 1048 (9th Cir. 2003)....................9, 13

*Entangled Media, LLC v. Dropbox Inc.*
348 F.R.D. 649 (N.D. Cal. 2025)....................11, 12

*Flonnes v. Prop. & Cas. Ins. Co. of Hartford*
2013 WL 3109381 (D. Nev. June 17, 2013)....................13

*Fujifilm Corp. v. Motorola Mobility LLC*
2014 WL 2730724 (N.D. Cal. June 16, 2014)....................12

*Howey v. United States*
481 F.2d 1187 (9th Cir. 1973)....................12

*Johnson v. Mammoth Recs.*
975 F.2d 604 (9th Cir. 1992)....................10

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Keith v. Volpe*
858 F.2d 467 (9th Cir. 1988) ............................................................ 9

*Macias v. Cleaver*
2016 WL 8730687 (E.D. Cal. Apr. 8, 2016) ............................................................ 9, 12

*Nitsch v. Dreamworks Animation SKG Inc.*
315 F.R.D. 270 (N.D. Cal. 2016)............................................................ 13

*Richmond v. Reefer Sys., Inc.*
2021 WL 3623304 (C.D. Cal. Jan. 7, 2021) ............................................................ 12

*Salyer v. Salyer Am. Fresh Food*
2006 WL 8459759 (N.D. Cal. Oct. 24, 2006) ............................................................ 13

*Smith v. Google, LLC*
839 F. Supp. 3d 809 (N.D. Cal. 2026) ............................................................ 10

*Srigley v. Monterey Peninsula Yacht Club, Inc.*
748 F. Supp. 3d 801 (N.D. Cal. 2024) ............................................................ 11

*Terry v. Wasatch Advantage Grp., LLC*
2023 WL 8189747 (E.D. Cal. Nov. 27, 2023)............................................................ 11

*United States v. United Healthcare Ins. Co.*
848 F.3d 1161 (9th Cir. 2016) ............................................................ 12

*Waine-Golston v. Time Warner Ent.-Advance/New House P'ship*
2012 WL 6591610 (S.D. Cal. Dec. 18, 2012) ............................................................ 13

**Rules**

Civil L.R. 7-9(a)–(b)(1) ............................................................ 13

Fed. R. Civ. P. 15............................................................ 9, 12

Fed. R. Civ. P. 15(a)(2)............................................................ 9

Fed. R. Civ. P. 15(b) ............................................................ 11

Fed. R. Civ. P. 15(d) ............................................................ 9

Fed. R. Civ. P. 16............................................................ 9, 10, 12

Fed. R. Civ. P. 16(b)(4)............................................................ 9

Fed. R. Civ. P. 54(b) ............................................................ 13

# I. INTRODUCTION

Plaintiffs allege that Google tracks communications between patients and their Health Care Providers intentionally and without consent in violation of patient privacy rights. Recently produced evidence from Google supports the allegations and shows that Google's prior statements to the Court were false and misleading: Google deliberately collected patient health information for monetary gain through advertising.

In early motion practice, Google vigorously denied any wrongdoing. It claimed it was merely a vendor providing analytics services and that the data it collects is not identifiable—and thus not protected. It claimed to be unable to distinguish Health Care Providers from other users of its products. And it claimed that, even if Google collected identifiable health-related patient communications, it never wanted to, emphasizing that its public policies *prohibited* Google from using Health Information for advertising or for its own purposes . Google called Plaintiffs' allegations about its use of Health Information and its intent to collect it "offensive," "salacious" (Dkt. 67 at 4) and "filed on a guess" (Dkt. 170 at 1) that "turned out to be wrong" based on Google's characterization of "evidence" it submitted to oppose an early motion for injunctive relief. The Court issued a set of preliminary orders reflecting skepticism of the claims and dismissing some with prejudice.

In late August 2026, Google finally began to produce actual core data relating to the Named Plaintiffs and absent class members. Two of its 30(b)(6) witnesses were deposed around the same time, permitting Plaintiffs to ask questions about complex technical discovery produced on a rolling basis over the preceding few months. Google's productions are ongoing, and include internal documents reflecting use of Health Information for advertising produced in the past *few days*.

Discovery to date demonstrates that Google's litigation positions were false and misleading. Contrary to what it publicly promised and represented to this Court, Google [redacted] *See* Decl. of Jason "Jay" Barnes ("Barnes Decl.") at Ex. 36. But Google took no action to fix that problem while continuing to directly solicit [redacted] dollars in business from Healthcare Providers using the same targeted advertising.

The Federal Rules permit amendment of pleadings in the interests of justice, and to comport with the evidence through trial, so that claims may be adjudicated on their merits. Plaintiffs accordingly seek leave to amend their complaint to include the facts learned in discovery and, respectfully, seek leave to request that the Court reconsider its order dismissing certain claims "with prejudice," given that, with new evidence, it is possible to adequately plead those claims. Indeed, Plaintiffs believe that they will be able to obtain summary judgment on these claims on a class basis, and request that the Court grant certification of those claims in addition to those that have survived prior motion practice. Good cause exists because Google withheld critical information in dispositive motion practice and did not produce key discovery until August 2026 and later.

## II. PROCEDURAL HISTORY

This litigation began on May 17, 2023. Dkt. 1. Plaintiffs moved for a preliminary injunction. Google opposed, insisting, "Google prohibits the use of sensitive health information for advertising," and is a "mere vendor" to "only provide developers with information about how users use the developers' own properties." Dkt. 48 at 1, 13, 22. Google also denied being able to tell which data even came from Healthcare Providers. *Id.* at 6, 10 n.4. At the September 21, 2023 hearing, Google said it *could not* target or profile putative class members because the data was not identifiable, stating "we don't know who those people are. Google does not know who these people are." Hr'g Tr. 38:23-39:13, Sept. 21, 2023. When the Court asked Plaintiffs why they had not provided evidence regarding Google's internal use of the information, Plaintiffs stated, "In the absence of discovery inside Google's systems, we cannot prove what's happening inside Google's systems." *Id.* at 12:14-16. On October 18, 2023, the Court denied Plaintiffs' motion, citing Google's arguments that "it is merely a vendor" and the lack of "evidence that Google itself used the information[.]" Dkt. 72, 76 at 4.

Plaintiffs filed a Consolidated Amended Complaint ("CAC") on November 17, 2023. Dkt. 86. Google argued it is "merely serving as a vendor" and "prohibits all developers from targeting personalized advertising based on sensitive information." Dkt. 88 at 1, 4. On July 22, 2024, the Court dismissed the CAC, reasoning that even if "providers may sometimes use Google products in a way that causes Google to receive personal health information, the complaint does not adequately allege that Google intends to receive this information, or that Google intends to feed the information into its own advertising machinery." Dkt. 157 at 1-2.

Plaintiffs filed their Second Amended Complaint ("SAC") on August 12, 2024. Dkt. 158. Google

argued it "does not allow" the use of Health Information for targeted advertising and requested judicial notice of its policy that "Google will never use sensitive information like health, race, religion, or sexual orientation to tailor ads to users." Dkt. 165-6 at 3-4; Dkt. 164 at 13; RJN Ex. 9. On reply, Google argued Plaintiffs were "ask[ing] the Court to believe … that Google conspired to breach Google's contractual terms and federal healthcare privacy law so Google could take possession of health data it says it does not want and should not receive, in order to target advertising based on characteristics it says it will not use, so that it may make more money on advertising." Dkt. 170 at 1. Google then told the Court that the "case was filed on a guess" that "turned out to be wrong" because "Google proved at the preliminary injunction … it took affirmative steps … to *ensure* that … Google's ads infrastructure would *still* not use the data in an offending way." *Id*. Google faulted Plaintiffs for not alleging "any instance of failure by Google to enforce its prohibitions." *Id.* at 3. Finally, Google claimed there were "no competent allegations that Google did use or benefit from health information—not for targeted advertising, personalized advertising, or any other purpose." *Id.* at 7.

On June 6, 2025, the Court issued a mixed order. Dkt. 198. The Court found Plaintiffs adequately alleged Google collected identifiable health information and rejected Google's arguments it was a mere "vendor." *Id.* at 6. However, for advertising, the Court found Google's policy pages "tend to support Google's assertion that it does not use health information in its personalized advertising business." *Id.* at 8. The Court then held Plaintiffs had not plausibly alleged Google breached its contract promise not to use health information for targeted advertising, nor that Google had violated good faith and fair dealing by defining "identifiable" "health" and "tailor ads" in a way that denied consumers the benefit of their bargain. *Id.* at 8-9. The Court found Plaintiffs' allegations of intentional conduct by Google were "barely over the line" for ECPA, CIPA, and intrusion claims pre-March 2023 , but dismissed those claims post-March 2023 for failure to plead intent. The Court explained that Google's publication of a "HIPAA and Google Analytics" page attached as Ex. 2 to Google's RJN was the dividing line. The Court described it as a "help page[] to explain to providers … how they can and must avoid sending health information to Google," which the Court found "creates only one plausible inference: Google… took measures to prevent itself from receiving communications containing private health information by clearly instructing health providers not to put Google Analytics on the wrong webpages." *Id.* at 5. Discovery then proceeded after the order.

## III. NEW FACTS ALLEGED IN THE PROPOSED TAC

Google has made rolling productions of internal documents over the past year, with the vast majority made in the past six months, including productions of Doe Plaintiffs and sampled absent class member data starting in August 2026. Google produced additional data on October 9, 2026, which Plaintiffs have not yet had an opportunity to meaningfully review. Based on Plaintiffs' analysis of these materials so far, as well as deposition testimony cited herein, sufficient evidence has been produced to warrant amending the pleadings, because this evidence directly contradicts the core of Google's pleadings-stage defenses regarding its use of Health Information and its corresponding intent to collect it. A brief overview of the evidence that Plaintiffs propose to supplement the pleadings is below and is attached to this motion as Exhibit A.

### A. Google's Advertising Systems Use Patient Health Information for Targeting

On October 9, 2026, Google produced [redacted] Ex. 1, at -181579.

Google produced [redacted] associated with Plaintiffs' Health Care Providers which, together with deposition testimony from its 30(b)(6) witnesses and other technical discovery, confirm that Google [redacted] Ex. 4 at -169. For [redacted]

[redacted] According to Google, [redacted] Ex. 12, at 5132. These records also show that [redacted] *See* Ex. 12; Ex. 2 at 96:12–97:7;140:6–16 [redacted] Instead, discovery revealed that Google's use of health information [redacted] (Ex. 2, at 150:7-25); and Providers [redacted]

Once activated, [redacted] Google explained that these [redacted]

[redacted] Google revealed in discovery that [redacted] Google Answer to Interrog. No. 1., Ex. 17; *see also* Ex. 2, at 57:10–15 [redacted] *See also* Ex. 56 at -955. [redacted]

The design of Google's systems means that [redacted] *See* Barnes Decl. ¶ 24-26. To date, available evidence shows that Google [redacted]

[redacted] *Id.*

**B. Google Intended to Collect Patient Health Information, Including after March 2023**

Google's advertising use of patient communications on Health Care Provider properties [redacted] Indeed, in May 2023, Google [redacted] Ex. 18, at 1–2. As a result of [redacted] *Id.* at 3. [redacted] Ex. 36, at 1.

Other evidence also shows that Google collected Health Information [redacted] *See supra* § II.

*First*, Google continued to [redacted] Ex. 19, at -222. Similarly, on September 28, 2023 [redacted] Google's [redacted] Ex. 20, at -346. The document indicates the [redacted] *Id.* at 361–392.

*Second*, even putting aside that Google necessarily [redacted]

[redacted] In fact, Google [redacted] For example, in January 2021, [redacted] Ex. 31, at -200. Google's [redacted] *Id*. The answer was simple, [redacted] *Id*. at -199. An understanding that Google's policies were about [redacted] Ex. 32, at -33.

*Third*, the breadth and consistency of Google's [redacted] For example, despite arguing that the at-issue data is not "identifiable," Google [redacted] *See* Ex. 1 at 710–712 [redacted] In fact, Google stores [redacted] Ex. 20 at -177. And although [redacted] Ex. 33. Similarly, Google's suggestions that

it could not identify Health Care Providers are contradicted by [redacted] Ex. 35. For similar false and misleading statements, see Exhibit 59 to the Barnes Decl.

## IV. LEGAL STANDARD

Rule 15 permits amendment at all stages of a case. Before trial, a party may amend "with the opposing party's written consent or the court's leave… when justice so requires." Fed. R. Civ. P. 15(a)(2). At any time, the Court may permit "a supplemental pleading setting out any … event that happened after the date of the pleading to be supplemented… even [if] the original pleading [was] defective in stating a claim[.]" Fed. R. Civ. P. 15(d); *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). Rule 15 "promote[s] the objective of deciding cases on their merits," *Brandon v. Holt*, 469 U.S. 464, 471 n.19 (1985) (citations omitted), and should "be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Here, amendment is also subject to Rule 16 because on August 7, 2025, the Court approved a stipulation that "the deadline to amend shall be deemed to have passed" and "further amendments shall be made only upon a sufficient showing with leave of Court[.]" Dkt. 218. Rule 16(b)(4) allows schedule modification "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Similar to Rule 15, the purpose of Rule 16 "'is to get cases decided on the merits of issues that are truly meritorious and in dispute,' and 'to manage the cases ... efficiently and effectively,'" rather than to "enforce deadlines… for no good reason." *Macias v. Cleaver*, 2016 WL 8730687, at *6–7 (E.D. Cal. Apr. 8, 2016) (quoting *Allen v. Bayer Corp.*, 460 F.3d 1217, 1227 (9th Cir. 2006)).

## V. ARGUMENT

### A. There Is Good Cause to Permit the Amendments

"Allowing parties to amend based on information obtained through discovery is common and well established." *Macias*, 2016 WL 8730687, at *4. "[C]ourts routinely find good cause when a movant shows

that facts supporting new amendments were revealed for the first time in discovery." *Bickerstaff v. Amazon.com Servs. LLC*, 2024 WL 4994344, at *3 (S.D. Cal. Dec. 5, 2024) (collecting cases); *see also Smith v. Google, LLC*, 839 F. Supp. 3d 809, 814 (N.D. Cal. 2026) (citations omitted) ("[D]iscovery of new evidence supporting a claim provides good cause to amend.").

As the Court observed early on, "information that Google is misusing the information" makes Google's alleged conduct "[d]ramatically worse… [S]ituation A is that Google has the information on – you know, on its servers for use by the health providers. Situation B is that Google is stealing the information and misusing it for its own purposes, right, for targeted advertising purposes, selling the data, identifying the individuals who are visiting these websites, you know, massive difference it seems to me between those two things." Hr'g Tr. 32:9-33:3, Sept. 21, 2023. New evidence that Google's conduct fit "Situation B" is material here, where the Court previously found that Plaintiffs' claims were "barely" plausible as previously alleged.

Plaintiffs have been diligent because these amendments could not have been made before the deadline for amending the pleadings, which passed before discovery began. Dkt. 218. The motion also could not have been made materially sooner. In the past six months, Google has produced over 180,000 pages of documents including substantial technical discovery. Barnes Decl. ¶ 2. Plaintiffs only received information regarding Google's [redacted] and sampled class member data in August 2026. Google's 30(b)(6) testimony, which provided information necessary to understand and interpret documents, were completed in August and September 2026. Barnes Decl. ¶¶ 28-29. Plaintiffs moved promptly upon determining that sufficient evidence had been produced to justify seeking relief, which shows diligence. *See Johnson v. Mammoth Recs.*, 975 F.2d 604, 609 (9th Cir. 1992) (good cause to excuse noncompliance with scheduling order exists if it "cannot reasonably be met despite the diligence of the party seeking the extension," quoting Fed. R. Civ. P. 16 Advisory Committee's Note to 1983 Amendment); *Copart, Inc. v. Sparta Consulting, Inc.*, 2016 WL 3126108, at *4 (E.D. Cal. June 2, 2016) (finding good cause where "a large number of documents … needed to be reviewed in order for [plaintiff] to gather sufficient facts to support its new allegations.").

### B. The Rule 15 Factors Favor Amendment

Under Rule 15, the factors considered include prejudice to the opposing party, bad faith, undue delay, and futility of amendment. *Arce v. Valley Prune, LLC*, 3 F. Supp. 3d 794, 796 (E.D. Cal. 2014) (citing *DCD*

*Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Each factor favors the Plaintiffs.

### 1. **<u>Google Will Suffer No Undue Prejudice</u>**

Prejudice is "the most important factor" in the Rule 15 analysis in the Ninth Circuit. *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 656 (N.D. Cal. 2025). Undue prejudice means "substantial prejudice or substantial negative effect on the opposing party." *Id.* Even "unreasonable delay with an improper motive is insufficient to deny leave to amend absent a showing of prejudice." *Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801, 804 (N.D. Cal. 2024). Here, Plaintiffs seek to conform their complaint to evidence developed through discovery into conduct that has long been at issue. Google is familiar with both the conduct and evidence on which the amendments are based. Thus, it is not prejudicial. *See Terry v. Wasatch Advantage Grp., LLC*, 2023 WL 8189747, at *2 (E.D. Cal. Nov. 27, 2023) ("Defendants are not unduly prejudiced by permitting plaintiffs to conform their claims to the facts plaintiffs obtained during . . . discovery, of which defendants were already aware."). See Feb. 5, 2026 Hearing Tr. at 28:13-21 (Google describing it own view that that "the gravamen of Plaintiffs' complaint seems to be geared towards people later receiving ads based on their interactions with healthcare provider websites, or, you know, otherwise how Google might use that data to create user profiles or something like that and so that's what we understand the complaint to be about and that's what we focused on."); *Id*. at 37:3-11 (Plaintiffs' correcting view about scope of case).

The amendments will not expand discovery because Google has maintained it does not use Health Information for targeted advertising and told the Court that is what it has "focused on" in discovery. Thus, the new allegations concern an issue already within the parties' discovery. *Cf.* Fed. R. Civ. P. 15(b) (authorizing amendment to conform pleadings to issues "tried by the parties' express or implied consent"). The amendments will not disrupt the existing case schedule: Plaintiffs do not seek any extension of existing deadlines. *See Aguilar v. Boulder Brands, Inc.*, 2014 WL 4352169, at *5 (S.D. Cal. Sept. 2, 2014) (finding no prejudice where "[d]iscovery should not be substantially impacted"); *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005) (finding no undue delay where case remained "at the discovery stage"). In any event, additional discovery or resulting delay would not, standing alone, amount to undue prejudice. *Bowen v. Target Corp.*, 2019 WL 9240985, at *5 (C.D. Cal. Nov. 12, 2019).

**2. <u>Plaintiffs Have not Acted in Bad Faith or Unduly Delayed</u>**

"Bad faith" generally refers to "efforts to amend the pleadings late in the litigation in order to obtain an unfair tactical advantage." *Align Tech., Inc. v. Strauss Diamond Instruments, Inc.*, 2019 WL 861422, at *2 (N.D. Cal. Feb. 22, 2019). Plaintiffs seek no tactical advantage, but only to address deficiencies in the SAC and rebut Google's arguments which have resulted in judicial skepticism of Plaintiffs' claims. Further, undue delay "by itself is insufficient to justify denying leave to amend." *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1167 (9th Cir. 2016); *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) (stating refusing leave to amend only due to delay would hinder litigation's purpose of "vindicat[ing] meritorious claims"); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (no improper delay where plaintiffs "waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct"); *Richmond v. Reefer Sys., Inc.*, 2021 WL 3623304, at *3 (C.D. Cal. Jan. 7, 2021) (finding no undue delay where "Defendants did not produce much of the information relevant to this amendment until August…, and Plaintiff filed the action in October."). As set forth above, Plaintiffs have not unduly delayed bringing this motion and did so when sufficient evidence had been produced to justify the requested relief.

**3. <u>The Proposed Amendments Are Not Futile</u>**

"A proposed amended claim is futile if it would be immediately subject to dismissal." *Entangled Media*, 348 F.R.D. at 656 (internal quotations omitted). "Courts rarely deny a motion for leave to amend for reason of futility." *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 2730724, at *5 (N.D. Cal. June 16, 2014). The TAC will serve to ensure that claims the Court found were "barely over the line" in being sustained are litigated on their merits. Dkt. 198 at 1.

The TAC addresses pleading deficiencies that the Court identified with respect to dismissed claims. Plaintiffs recognize those claims cannot properly be re-asserted in the TAC, or at class certification, unless the Court reconsiders the "with prejudice" aspect of its dismissal order, which is why Plaintiffs also seek leave to move for reconsideration based on a material difference in fact, and the emergence of new material facts reflected in the TAC. Whether or not those claims are found to be adequately alleged, Rules 15 and 16 support permitting Plaintiffs to make their strongest case as new evidence develops. Indeed, if Plaintiffs are unable to present the new factual support, they could be barred in subsequent litigation based on the inferences from the prior pleadings. *See Macias*, 2016 WL 8730687, at *4 ("interests of justice are served" by amendment

where claim "could be barred if not filed in this litigation."). Plaintiffs would also lose the opportunity to show these claims can be litigated classwide. *See Nitsch v. Dreamworks Animation SKG Inc.*, 315 F.R.D. 270, 317 (N.D. Cal. 2016) ("[F]airness requires that Plaintiffs first seek leave to amend their complaint before the Court will permit Plaintiffs' proposed expansion of the claims."); *Waine-Golston v. Time Warner Ent.-Advance/New House P'ship*, 2012 WL 6591610, at *3 (S.D. Cal. Dec. 18, 2012) ("Plaintiffs may not certify a class based on claims not asserted in the complaint.").

### C. <u>The Court Should Permit a Motion to Reconsider Dismissal "With Prejudice"</u>

Plaintiffs recognize that they may not re-assert claims previously dismissed with prejudice in the TAC unless the Court reconsiders the "with prejudice" component of its dismissal, and thus request leave to seek reconsideration of that aspect of the Court's order. A party may seek such leave upon showing, among other things, that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order" that the moving party, despite reasonable diligence, did not know of at the time of the order. Civil L.R. 7-9(a)–(b)(1); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment.").

Dismissal with prejudice is inappropriate unless it is clear "the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Courts reconsider such dismissals where new facts provide a basis to cure deficiencies identified in the prior pleading. *See e.g.*, *Flonnes v. Prop. & Cas. Ins. Co. of Hartford*, 2013 WL 3109381, at *2 (D. Nev. June 17, 2013) (reconsidering dismissal "with prejudice" prematurely "barring claims that may be salvageable upon the discovery of relevant facts giving rise to such claims."); *Salyer v. Salyer Am. Fresh Food*, 2006 WL 8459759, at *2 (N.D. Cal. Oct. 24, 2006) (granting reconsideration of dismissal "with prejudice," and leave to file amended complaint where plaintiff pled "new facts which may substantiate the claims the Court previously dismissed with prejudice.").

Here, the Court implicitly found Plaintiffs' claims for breach of contract and implied covenant of good faith and fair dealing, as well as claims requiring a showing of intent, could not be cured by amendment because Google's policy documents supported contrary inferences. But now, new evidence materially rebuts those inferences. Because the information was internal to Google, Plaintiffs could not have known the facts they now seek to allege when the Court entered its June 6, 2025 Order. Specifically:

**Breach of Contract.** The Court dismissed the portion of Plaintiffs' breach of contract claim arising from Google's promise not to "use topics or show personalized ads based on sensitive categories like … health," explaining that Plaintiffs did not allege they received targeted ads, and documents cited by the Plaintiffs "support Google's assertion that it does not use health information in its personalized advertising business." Dkt. 198 at 8. Unlike the SAC, the TAC alleges, based on evidence produced by Google, that [redacted]

**Implied Covenant of Good Faith and Fair Dealing.** The Court dismissed Plaintiffs' good faith and fair dealing claim arising from Google's abuse of its power to interpret the terms "identifiable," "health information" and "tailor ads," explaining that Plaintiffs had "not adequately alleged that Google's interpretation… is objectively unreasonable." Dkt. 157 at 20. Google justified collecting patient health data, including to the Court, by interpreting "**health information**" and "**identifiable**" to exclude data received from Healthcare Provider properties. The Court already found that the sensitive information alleged "would be plenty to draw the communications under the umbrella of 'health information,'" as widely understood and enshrined in relevant regulations. Dkt. 198 at 2. The TAC specifies how Google's interpretations are unreasonable, with reference to its statements in this litigation, and provides new evidence-based allegations of what Google actually collected, better illustrating the gap between the reasonable meaning of Google's contractual terms, and what Google actually did in reliance on unreasonable interpretations. Google justified [redacted] The TAC provides new concrete allegations to show that Google [redacted]

[redacted] (TAC ¶¶ S-9-S-14).

**Intent after March 2023.** The Court dismissed Plaintiffs' claims under the ECPA, CIPA, and for common law intrusion after Google posted its "HIPAA and Google Analytics" page. *Id.* at 6–8. The Court found that Google's statement was a "measure[] to prevent itself from receiving communications containing private health information by clearly instructing health providers not to put Google Analytics on the wrong webpages." *Id.* at 5. Even as to Google's earlier conduct, the Court was "skeptical" that it was purposeful rather than negligent or reckless. *Id.* at 5–6.

With the benefit of discovery, the TAC alleges that Google [redacted] Evidence from Google's internal documents from May 2023 and later undermine Google's [redacted] Thus, the new allegations support Plaintiffs' claim and undermine Google's assertions based on policy documents to the contrary. The fact that Google took baseless positions with respect to a large number of central issues in this litigation—[redacted]—is itself indicative of a culpable state of mind, and good cause to grant the requested relief. The basis for permanently foreclosing amendment of these claims therefore no longer holds, and Plaintiffs should be permitted to seek reconsideration of the order.

## VI. CONCLUSION

Plaintiffs respectfully request leave to (1) move for reconsideration of the portion of the June 6, 2025 Order dismissing these claims with prejudice so that Plaintiffs may re-assert in the TAC claims supported by facts subsequently revealed through discovery and (2) file their TAC.

Dated: October 15, 2026

**BARNES LAW, LLC**

*/s/ Jason 'Jay' Barnes*
Jason 'Jay' Barnes, State Bar No. 362766
*jaybarnes@barnes.law*

231 Madison Street, Third Floor
Jefferson City, MO 65101
Telephone: (573) 308-7658
Facsimile: (573) 635-7414

**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted *pro hac vice*)
*clevis@lowey.com*
Amanda Fiorilla (admitted *pro hac vice*)
*afiorilla@lowey.com*
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
Nicole Ramirez Jones, State Bar No. 279017
*ramirezjones@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel.: 310-854-4444
Fax: 310-854-0812

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Michael W. Sobol, State Bar No. 194857
*msobol@lchb.com*
Melissa Gardner, State Bar No. 289096
*mgardner@lchb.com*
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: 415 956-1000
Fax: 415-956-1008

Douglas Cuthbertson (admitted *pro hac vice*)
*dcuthbertson@lchb.com*
Jahi Liburd (admitted *pro hac vice*)
jliburd@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212 355-9500
Fax: 212-355-9592

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Hal D. Cunningham, State Bar No. 243048
*hcunningham@scott-scott.com*

Sean Russell, State Bar No. 308962
*srussell@scott-scott.com*
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565
Fax: (619) 233-0508

Joseph P. Guglielmo (admitted *pro hac vice*)
*jguglielmo@scott-scott.com*
Ethan Binder (admitted *pro hac vice*)
*ebinder@scott-scott.com*
230 Park Ave., 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334

*Attorneys for Plaintiffs and the Proposed Class*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 15, 2026 /s/ *Jeffrey A. Koncius*
Jeffrey A. Koncius