**BARNES LAW, LLC**
Jason 'Jay' Barnes, State Bar No. 362766
231 Madison Street, Third Floor
Jefferson City, MO 65101
Telephone: (573) 308-7658
Facsimile: (573) 635-7414
*jaybarnes@barnes.law*

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
Nicole Ramirez Jones, State Bar No. 279017
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
*koncius@kiesel.law*
*ramirezjones@kiesel.law*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (admitted *pro hac vice*)
Ethan Binder (admitted *pro hac vice*)
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 233-6334
*jguglielmo@scott-scott.com*

**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
*clevis@lowey.com*
*afiorilla@lowey.com*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Michael W. Sobol, State Bar No. 194857
Melissa Gardner, State Bar No. 289096
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
*msobol@lchb.com*
*mgardner@lchb.com*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Douglas Cuthbertson (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
*dcuthbertson@lchb.com*

*Attorneys for Plaintiffs and the Proposed Class*
*Additional Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:23-cv-02431-VC<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND PLEADINGS**<br><br>Judge: Hon. Vince Chhabria |
| **This document applies to: All Actions** | |

## I. INTRODUCTION

This is a privacy case concerning Defendant Google LLC's ("Google") unlawful tracking, collection, and monetization of Americans' private health information from Health Care Provider web properties in the United States. Plaintiffs' Motion for Leave to Amend Pleadings and for Reconsideration of "With Prejudice" Dismissal Based on New Evidence Contradicting Google's Prior Litigation Positions ("Motion for Leave") and associated exhibits, includes the Third Amended Complaint ("TAC") which reveals both private personally identifiable information and protected health information about the Plaintiffs, including their treating doctors, conditions, symptoms, and treatment options. The information in the TAC sought to be sealed by way of this Motion is the same information that was sealed by this Court when it was included in what is currently the operative Complaint.

Plaintiffs hereby apply for leave of Court pursuant to Civil Local Rule 79-5 and the Court's Standing Order for Civil Cases to file under seal portions of the Motion for Leave, again, the TAC, an unredacted version of which is attached to this Motion. The Court has previously granted Plaintiffs' request that sealing portions of documents is necessary to protect Plaintiffs' personally identifiable information and protected health information. *See* ECF No. 79 (granting Plaintiffs' Administrative Motion to Seal Portions of Declaration of Richard M. Smith in Support of Plaintiffs' Motion for Preliminary Injunction and Provisional Class Certification); ECF No. 192 (granting Plaintiffs' Administrative Motion to Seal Portions of Second Amended Consolidated Class Complaint). As the same concerns apply, Plaintiffs request that the Court similarly order sealed the portions of the TAC identified below.

Plaintiffs have reviewed and complied with this Court's Standing Order and Civil Local Rule 79-5. When the same information that is sought to be sealed here was brought to Google's attention during the sealing of the operative Complaint, Google advised Plaintiffs that it took no position on whether the materials at issue in this Motion satisfy the requirements of a motion to seal.

## II. LEGAL ARGUMENT

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The right,

however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. *See also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178, 1180 (9th Cir. 2006) (good cause showing suffices to overcome the presumption under certain circumstances). Because the information sought to be sealed would reveal Plaintiffs' personally identifiable and protected health information, compelling reasons exist to seal those portions of the TAC.

Courts permit sealing of "personal identifiers and confidential medical and health information." *Ennis v. Life Ins. Co.*, No. 3:18-cv-01617-WHO, 2018 U.S. Dist. LEXIS 163442, at *10 (N.D. Cal. Sept. 24, 2018) (finding information was protected by HIPAA and the California Constitution); *see also Turner v. United States*, No. 17-cv-02265-WHO, 2018 U.S. Dist. LEXIS 229612, at *13 (N.D. Cal. Oct. 9, 2018). Here, Plaintiffs seek to seal only personally identifiable information, and information that details the Named Plaintiffs' conditions and symptoms for which they sought treatments and the names of their doctors and health care providers—in other words, information that constitutes personally identifiable and protected health information and is not already "readily available" to the public. *See Chadam v. Palo Alto Unified Sch. Dist.*, No. C 13–4129 CW, 2014 U.S. Dist. LEXIS 11236, at *17 (N.D. Cal. Jan. 29, 2014). Courts have found good cause to seal this type of information. *See, e.g., Vangieson v. Austin*, 2021 U.S. Dist. LEXIS 166040, at *3-4 (S.D. Cal. Aug. 16, 2021) (sealing narrative description revealing information about diagnoses, symptoms, and treatment); *Campbell v. Facebook Inc.*, 2015 U.S. Dist. LEXIS 140733, at * 19-20 (N.D. Cal. Oct. 15, 2015) (sealing specific URLs intercepted by Meta). Moreover, Plaintiffs have narrowly tailored their sealing to try to maintain privacy without sacrificing any details that would inform the public about the nature of this lawsuit or the facts underlying Plaintiffs' claims. The redactions are limited to personally identifiable information and protected health information. Finally, they do not encompass anything that is not already sealed from public view.

As to protected health information, courts across the country and within the Ninth Circuit have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing court records. *See, e.g., Steven City Broomfield v. Aranas*, No. 17-00683, 2020 U.S. Dist. LEXIS 87484, at *2 (D. Nev. May 19, 2020); *Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10-02258, 2011 U.S. Dist. LEXIS 4100, at *2 n.1 (N.D. Cal. Jan. 10,

2011); *Abbey v. Hawaii Emp'rs Mut. Ins. Co.*, No. 09-00545, 2010 U.S. Dist. LEXIS 120881, at *1-2 (D. Haw. Nov. 15, 2010); *G. v. Hawaii*, No. 08-551, 2010 U.S. Dist. LEXIS, at *1-2 (D. Haw. June 25, 2010); *Wilkins v. Ahern*, No. 08-1084, 2010 U.S. Dist. LEXIS 110927 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare All. Corp.*, No. 08-2381, 2009 U.S. Dist. LEXIS 41693, at * 1 (D. Ariz. May 4, 2009).

As to personally identifiable information, the TAC depicts technical interceptions of personally identifiable information, including unique identifiers that are capable of being used to identify individuals. Courts in this District have likewise found compelling reasons to seal these types of personally identifiable information. *See e.g., Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 U.S. Dist. LEXIS 190061, at *3 (N.D. Cal. May 3, 2016) (finding compelling reasons to seal "dates of birth, addresses, and other unique identifiers"); *Alkutkar v. Bumble Inc.*, No. 22-cv-00422-PJH, 2022 U.S. Dist. LEXIS 162287, at *4 (N.D. Cal. Sept. 8, 2022) (granting motion to seal, inter alia, "metadata excerpt that includes the 'internal encrypted user identification number associated with Plaintiff's unique login credentials'"); *Activision Publg, Inc. v. EngineOwning UG*, No. 2:22-cv-00051-MWF (JCx), 2023 U.S. Dist. LEXIS 37948, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal "account numbers, IP addresses, email addresses, and/or customer activities on certain platforms.").

If the Court finds that compelling reasons exist, it must still " 'balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Factors relevant to that balancing test include the public interest "in understanding the judicial process and whether disclosure of the material could result in improper use" of it, and the volume of material sought to be sealed. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010); *See Algarin v. Maybelline, LLC*, No. 12-cv-3000-AJB, 2014 U.S. Dist. LEXIS 23882, at *4 (S.D. Cal. Feb. 21, 2014).

Here, disclosure of the information at issue would not serve the public interest or aid the public in understanding the merits of the case. The meaning and import of the TAC in no way depends on enabling the reader to know the Named Plaintiffs' personally identifiable and protected health information. Instead, to the extent such information is of interest to members of the public at all, personally identifiable and

protected health information could be obtained by bad actors, and expose Plaintiffs' private personally identifiable and protected health information with no meaningful gain in the public's ability to understand these proceedings. The substantial consequences of such exposure would amplify the harm Plaintiffs seek to redress and prejudice the very privacy rights they seek to enforce in this action.

Further, the Court has already previously sealed portions of multiple documents filed in this action in order to prevent the revelation of Plaintiffs' personally identifiable and protected health information. *See* ECF No. 79 (granting Plaintiffs' Administrative Motion to Seal Portions of Declaration of Richard M. Smith in Support of Plaintiffs' Motion for Preliminary Injunction and Provisional Class Certification); ECF No. 192 (granting Plaintiffs' Administrative Motion to Seal Portions of Second Amended Consolidated Class Complaint). The TAC repeats the same sealed information in the SAC, and therefore the same medical concerns apply and there is no reason for this Court to change course.

For the foregoing reasons, Plaintiffs seek to seal the following portions of the TAC which is attached to the Motion for Leave:

| **Document** | **Portion(s) to Seal** | **Reason(s) for Sealing** |
| --- | --- | --- |
| TAC (Exhibit A to Motion for Leave) | Highlighted portions of paragraphs 36, 38, 44-46, 53, 54, 59, 60, 66, 67, 73, 74 | Reveals personally identifiable and protected health information about each of the Plaintiffs, including their treating doctors, conditions, symptoms, and treatment options. |
| TAC (Exhibit A to Motion for Leave) | Highlighted portions of paragraph 90 (image). | Reveals personally identifiable information, including unique personal identifiers. |
| TAC, Exhibit 1 | Entire document. | Reveals personally identifiable information, including unique personal identifiers. |
| TAC, Exhibit 2 | Entire document. | Reveals personally identifiable information, including unique personal identifiers. |
| Redline of TAC (Exhibit B to Motion for Leave) | Highlighted portions of paragraphs 36, 38, 44-46, 53, 54, 59, 60, 66, 67, 73, 74 | Reveals personally identifiable and protected health information about each of the Plaintiffs, including their treating doctors, conditions, symptoms, and treatment options. |
| Redline of TAC (Exhibit B to Motion for Leave) | Highlighted portions of paragraph 90 (image). | Reveals personally identifiable information, including unique personal identifiers. |

## III. CONCLUSION

Plaintiffs respectfully ask the Court to seal the information identified above.

Dated: October 15, 2026

**BARNES LAW, LLC**

*/s/ Jay Barnes*
Jason 'Jay' Barnes, State Bar No. 362766
*jaybarnes@barnes.law*
231 Madison Street, Third Floor
Jefferson City, MO 65101
Telephone: (573) 308-7658
Facsimile: (573) 635-7414

**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted *pro hac vice*)
*clevis@lowey.com*
Amanda Fiorilla (admitted *pro hac vice*)
*afiorilla@lowey.com*
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
Nicole Ramirez Jones, State Bar No. 279017
*ramirezjones@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel.: 310-854-4444
Fax: 310-854-0812

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Michael W. Sobol, State Bar No. 194857
*msobol@lchb.com*
Melissa Gardner, State Bar No. 289096
*mgardner@lchb.com*
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: 415 956-1000
Fax: 415-956-1008

Douglas Cuthbertson (admitted *pro hac vice*)
*dcuthbertson@lchb.com*
Jahi Liburd (admitted *pro hac vice*)

jliburd@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212 355-9500
Fax: 212-355-9592

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

Joseph P. Guglielmo (admitted *pro hac vice*)
*jguglielmo@scott-scott.com*
Ethan Binder (admitted *pro hac vice*)
*ebinder@scott-scott.com*
230 Park Ave., 24th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334

*Attorneys for Plaintiffs and the Proposed Class*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 15, 2026 /s/ *Jeffrey A. Koncius*____
Jeffrey A. Koncius