COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
TIFFANY LIN (321472)
(tiffany.lin@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
YONGBIN CHANG (347454)
(ychang@cooley.com)
MIRANDA LI (363417)
(mjli@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOHN DOE I, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 3:23-cv-02431-VC-SVK
(Consol. w/ 3:23-cv-02343-VC)

**GOOGLE'S ADMINISTRATIVE MOTION REGARDING CLASS CERTIFICATION BRIEFING**

Ctrm: 4 – 17th Floor (San Francisco)
Before: District Judge Vince Chhabria

Consol. Complaint Filed: July 13, 2023
2nd Am. Complaint Filed: August 12, 2024

Pursuant to Civil L.R. 7-11, Defendant Google LLC ("Google") respectfully submits this Administrative Motion to extend the briefing schedule on Plaintiffs' Motion for Class Certification in light of Plaintiffs' pending Motion for Leave to Amend Pleadings and for Reconsideration of "With Prejudice" Dismissal (the "Motion for Leave"). Because Plaintiffs do not join this Motion, it is accompanied by the Declaration of Isabella McKinley Corbo in Support of Google's Administrative Motion Regarding Class Certification Briefing ("Corbo Declaration") and accompanying exhibits, submitted pursuant to Civil L.R. 7-11(a) in lieu of a stipulation, explaining the Parties' meet-and-confer efforts and Plaintiffs' refusal to agree to the requested relief.

## I. INTRODUCTION

On October 15, 2026, Plaintiffs filed their Motion for Class Certification. Dkt. 351-1. Under the current case schedule, Google's deadline to oppose Plaintiffs' Motion for Class Certification is December 10, 2026, and Plaintiffs' deadline to file their reply in support of that motion is January 14, 2027. Dkt. 334. Also on October 15, 2026, Plaintiffs filed the Motion for Leave, seeking an order granting leave to file a proposed Third Amended Consolidated Class Action Complaint ("TAC") and leave to move for reconsideration of the Court's June 6, 2025 order dismissing with prejudice Plaintiffs' claims for breach of an alleged promise not to use health information in personalized advertising, breach of the implied covenant of good faith and fair dealing, and claims under the Electronic Communications Privacy Act, the California Invasion of Privacy Act, and for intrusion upon seclusion based on conduct post-dating March 2023. Dkt. 346. Google's opposition to the Motion for Leave is due on November 5, 2026, and Plaintiffs' reply on November 17. Dkt. 355. Plaintiffs' Motion for Leave is set for hearing on December 3, 2026. Dkt. 346. Google intends to substantively oppose the Motion for Leave, which attaches 59 exhibits. *Id.*

Plaintiffs themselves acknowledge that the dismissed claims "cannot properly be re-asserted in the TAC, or at class certification, unless the Court reconsiders the 'with prejudice' aspect of its dismissal order." *Id.* at 12. Despite this acknowledgement, Plaintiffs' Motion for Class Certification asks the Court to certify every proposed class and subclass—the Nationwide Class,

the Injunctive Relief Class, and each of the Gundersen, Kaiser, TMH, MedStar, Shannon, and Edward-Elmhurst Subclasses—based on many claims that were dismissed with prejudice over a year ago. Dkt. 351-1; *see also* Dkt. 198 (Order Granting in Part, Denying in Part, Motion to Dismiss Second Amended Complaint, June 6, 2025).

This concurrent filing was no accident. The Motion for Leave is based primarily on documents that Google produced nearly *six months* before Plaintiffs filed either Motion. Corbo Decl. ¶ 3 (of fifty-nine exhibits, forty-one were produced by Google to Plaintiffs by April 30, 2026; an additional seven were produced by Google between May 12, 2026 and June 12, 2026; that just ten post-date August 4, 2026, including two transcripts from depositions that occurred on dates mutually agreed-upon by the Parties, and that of these ten, six—Exhibits 6, 10, 42, 48, 52, and 55—are not even cited in the Motion; and one document is a chart, apparently created by Plaintiffs' counsel, compiling other exhibits and substantial single-spaced attorney argument that far exceeds the 15-page limit of the underlying motion[1]). The tactic is plain: Rather than proceed in an orderly and logical fashion by diligently seeking leave to amend first and allowing the Court to resolve the scope of the operative complaint before class certification briefing began, Plaintiffs instead sat on their hands and filed the Motion for Leave and the Motion for Class Certification on the same day, and now attempt to force Google to expend resources briefing an opposition to certification of dismissed claims (and rebutting related expert analysis) Plaintiffs themselves admit are not properly before the Court. Absent relief, Google would be greatly prejudiced.

Google instead proposes a straightforward and efficient alternative: That the Court reset Google's deadline to oppose Plaintiffs' Motion for Class Certification, and Google's deadline to file its opposition and rebuttal expert reports, to 30 days after the Court rules on Plaintiffs' Motion for Leave, but in no event earlier than January 15, 2027, with a commensurate extension of Plaintiffs' deadline to file their reply in support of class certification to 4 weeks after Google

[1] *See* Standing Order for Civil Cases Before Judge Vince Chhabria at 10 ¶ 35 ("Unless permitted by the Court, briefs in support of and in opposition to all substantive motions (except for preliminary injunction motions, summary judgment motions, class certification motions, motions for approval of class settlements, and summary judgment / claim construction motions in patent cases, as discussed below) may not exceed 15 pages").

files its opposition, and a commensurate continuance of the hearing on class certification. This proposal regarding the opposition and reply deadlines was previewed to Plaintiffs' counsel by telephone on Monday, October 19, and then confirmed in writing the following day. Corbo Decl. ¶ 4, Ex. 1. Plaintiffs refused, stating that they "do not agree to 'pushing out the class certification briefing' at all," and that "the parties can and should stick with the current schedule." *Id.* ¶ 5, Ex. 2. Plaintiffs identified no prejudice from the proposed extension and offered no response to Google's substantive concern that briefing certification of claims that may not survive the Motion for Leave would waste the Parties' and the Court's resources. *Id.*

Google respectfully submits that the Court should grant this Admin. Motion notwithstanding Plaintiffs' refusal to agree to Google's logical proposal. Proceeding with class certification briefing and Google's expert reports on the current schedule risks substantial, unnecessary expenditure of Party and judicial resources: The scope of the claims at issue in this litigation and of any class to be certified may change materially depending on the Court's rulings on the Motion for Leave. A short, targeted extension tied to the resolution of that threshold question avoids the risk of wasted briefing on claims that may or may not be operative, without prejudicing either side's substantive rights or unduly delaying the litigation. Plaintiffs' refusal to agree to an orderly resolution of their own motions suggests Plaintiffs would prefer to force briefing on an inflated set of claims now, at Google's expense, and defer any reckoning with the propriety of that approach until after the Parties and the Court have already expended the resources to brief it.

## II. ARGUMENT

### A. Civil Local Rule 7-11 Authorizes This Administrative Motion

Civil Local Rule 7-11 authorizes a party to seek "a Court order with respect to miscellaneous administrative matters" including where, as here, a stipulation could not be obtained. Civil L.R. 7-11(a) further provides that such a motion may be supported by "a declaration that explains why a stipulation could not be obtained." This Admin. Motion, and the accompanying Corbo Declaration, follow that procedure.

### B. Good Cause Supports a Short Extension of the Class Certification Briefing Schedule Pending Resolution of the Motion for Leave

Proceeding with class certification briefing while the operative complaint remains unsettled would force the Parties, their experts, and the Court to expend substantial resources addressing dismissed claims and issues that may be mooted, narrowed, or expanded depending on the outcome of the Motion for Leave. This is not a hypothetical concern. For example, Plaintiffs' Motion for Class Certification seeks to certify the personalized-advertising breach of contract theory that the Court dismissed with prejudice (Dkt. 351-1 at 12–13; Dkt. 198 at 8–9) and defines all proposed classes to run past March 2023, a period that includes conduct for which the Court already dismissed the ECPA, CIPA, and intrusion upon seclusion claims with prejudice. *See* Dkt. 351-1. If forced to oppose class certification with the claims unsettled, Google would need to address a dismissed contract theory and contend with assertions of Google's "intent" that postdate March 2023, when the Court has already dismissed these claims with prejudice and may not elect to reinstate them, and when Google has not fully investigated the dismissed claims. *See, e.g.*, Dkt. 351-1 at 19. Further, with an open question regarding whether approximately three additional years of conduct are at issue, Google's expert analysis would need to contend with different calculations under all of Plaintiffs' proposed damages models. Dkt. 351-1 at 19-22. Unlike Google's prior Rule 12(c) motion—which sought only to narrow one claim and was resolved more than five weeks before Plaintiffs moved for class certification (*see* Dkts. 318, 333)—Plaintiffs here affirmatively seek class certification and submit three expert reports on claims already dismissed with prejudice.

If the Court grants Plaintiffs leave to amend and to seek reconsideration of the dismissed claims, the scope of Google's opposition to the class certification motion could change significantly, potentially requiring supplemental briefing, additional expert analysis, and further motion practice regarding claims not currently at issue. If the Court denies leave, the Parties will have avoided briefing class certification with respect to claims never properly before the Court. Either way, efficiency counsels in favor of sequencing the briefing so that the Parties and the Court address class certification with a settled understanding of which claims remain in the case.

Google's proposed extension is narrowly tailored. It does not seek an open-ended delay: Google's deadline to oppose class certification would be fixed at 30 days after the Court rules on the Motion for Leave (with a floor of January 15, 2027), and Plaintiffs' reply deadline would follow 4 weeks later, mirroring the existing cadence between the Parties' briefs under the current schedule. Corbo Decl. ¶ 4. This structure allows briefing resumes promptly once the scope of the operative claims is settled, without requiring the Parties to return to the Court for further relief.

### C. No Party Will be Prejudiced by the Requested Extension

The requested extension would merely sequence the class certification briefing so that it follows resolution of a motion that may materially change what is being briefed. Plaintiffs have identified no prejudice from a short extension tied to a concrete triggering event, and their stated position—that the Parties should "stick with the current schedule"—does not address the inefficiency that briefing class certification on potentially non-operative claims would create. Corbo Decl. ¶ 5, Ex. 2. Indeed, having filed the Motion for Class Certification and the Motion for Leave on the same day, after being in possession of the vast majority of the documents relied upon for over six months, Plaintiffs are in no position to claim prejudice from a schedule that simply sequences briefing on their own motions in a logical order. *Id.* ¶ 3. A unilateral preference for proceeding regardless of the pending Motion for Leave does not outweigh the substantial and avoidable waste of Party and judicial resources that Google's proposal is designed to prevent.

## III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant this Motion and enter an order resetting Google's deadline to oppose Plaintiffs' Motion for Class Certification and file its opposition and rebuttal expert reports to 30 days after the Court rules on Plaintiffs' Motion for Leave, but in no event earlier than January 15, 2027, with Plaintiffs' deadline to file their reply in support of class certification extended to 4 weeks after the date Google files its opposition, and a commensurate continuance of the class certification hearing.

Dated: October 23, 2026

**COOLEY LLP**

By: */s/ Benedict Hur*

Benedict Hur
Simona Agnolucci
Eduardo Santacana
Joshua Anderson
Tiffany Lin

Attorneys for Defendant
GOOGLE LLC