# EXHIBIT A

COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
TIFFANY LIN (321472)
(tiffany.lin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOHN DOE I, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 3:23-cv-02431-VC-SVK
(Consol. w/ 3:23-cv-02343-VC)

**DEFENDANT GOOGLE LLC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE APPENDED TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FOR RECONSIDERATION**

Date: December 3, 2026
Time: 10:00 a.m.
Dept.: 4 - 17th Floor
Judge: Hon. Vince Chhabria

Consol. Complaint Filed: July 13, 2023
2nd Am. Complaint Filed: August 12, 2024

Pursuant to Civil Local Rule 7-3(a) and Federal Rules of Evidence 106, 402, 403, 602, 701, 702, 703, 802, 901, and 1002, Defendant Google LLC ("Google") hereby submits its Objections to Plaintiffs' Evidence in connection with Google's Opposition to Plaintiffs' Motion for Leave to Amend and for Reconsideration. Specifically, Google objects to Exhibit 59 to the Declaration of Jason Barnes ("Barnes Decl."), filed in support of Plaintiffs' Motion for Leave to Amend Pleadings and for Reconsideration of "With Prejudice" Dismissal (the "Motion"), which includes both improper argument and misstatements from documents, which the Declaration characterizes as "evidence." Google's objections are organized below by the same seven issues and numbering used in Exhibit 59. Based on its evidentiary objections, Google objects to the assertion that its "Statements to the Court" in Exhibit 59 were in any way inaccurate or misleading.

In addition to the specific objections below, Google generally objects to Plaintiffs' "Evidence" sections throughout Exhibit 59 to the extent each (a) offers lay characterizations of technical documents that require expert interpretation (FRE 701, 702); (b) relies on documents or deposition excerpts without accompanying foundation testimony (FRE 602, 901); (c) quotes isolated fragments of longer documents, declarations, or transcripts without the surrounding context necessary to avoid a misleading impression (FRE 106); (d) draws inferences about Google's general practices, intent, or corporate knowledge from isolated internal communications of individual, often junior, employees without any foundation that such communications reflect final decisions, approved policy, or company-wide practice; (e) is offered for a purpose substantially outweighed by the danger of unfair prejudice, confusion, or misleading the factfinder (FRE 403); and (f) cites to their own expert's (Dr. Shafiq) opinion, which not only lacks adequate foundation (FRE 702, 703), but also was not prepared for or submitted with this Motion.

Google reserves all rights to supplement these objections, to move to strike, and to respond substantively to Plaintiffs' characterizations of the cited evidence in further briefing. The absence of an objection to any statement attributed to Google in the "Google Statements to the Court" sections of Exhibit 59 is not an admission that such statement was false, incomplete, or misleading; Google's response to those statements is set forth in its concurrently filed opposition.

## ISSUE 1: WHETHER THE DATA IS PSEUDONYMOUS, NOT IDENTIFIABLE, AND/OR LINKED ACROSS DEVICES AND TO GOOGLE ACCOUNTS

**Evidence Item 1** (Ex. 38, GOOG-DOEVC-000003709 at 3710): Google objects to Exhibit 38 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre v. Legal Recovery Law Office*, 2013 WL 5462294, at *3 (S.D. Cal. Sep. 30, 2013) ("The Court is not required to read exhibits and infer arguments from them. Citations to exhibits must explain the significance of the cited evidence, and the parties cannot circumvent page limits by simply incorporating by reference other documents, such as attached or lodged exhibits."). Google further objects on grounds of incomplete/out-of-context (FRE 106) and lack of foundation (FRE 602, 901): Plaintiffs quote an isolated phrase from an internal classification glossary without the surrounding definitional context, and without any witness testimony laying the foundation for the document. Plaintiffs' out-of-context excerpt, any corresponding assertion of misstatements, and the exhibit itself—which, again, is not cited in the Motion—should be ignored. *See United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) ("The rule of completeness requires that a full document . . . be admitted when necessary to explain an already admitted portion, to place the admitted portion in context, to avoid misleading the trier of fact, or to insure a fair and impartial understanding."). Google further objects that the excerpt is being offered for the truth of a legal conclusion (whether data is "identifiable" within the meaning of Google's representations to the Court) that calls for improper lay opinion (FRE 701) rather than a fact a layperson may competently characterize from a glossary entry.

**Evidence Item 2** (alleged linking of Zwieback, Biscotti, and Client ID to Google Account IDs, IP addresses, street addresses, User-Agent, and device properties): Google objects that this item is not evidence at all but Plaintiffs' own argumentative summary of items that follow, lacks any independent citation, and is vague and ambiguous (FRE 403) as to what specific linkage, if any, is being asserted and under what conditions such linkage occurs.

**Evidence Item 3** (Ex. 41, GOOG-DOEVC-000002859 at -2931, -2944): Google objects to Exhibit 41 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of incomplete/out-of-context (FRE 106) and

lack of foundation (FRE 602) – the cited excerpt is drawn from an internal engineering overview describing a system's general design purpose, not its actual use with respect to any Plaintiff or any healthcare provider website, and Plaintiffs offer no custodian or percipient witness testimony establishing that the system was used to identify any person from data originating at a healthcare provider website.

**Evidence Item 4** (Ex. 42, Google Answer to Interrogatory No. 14): Google objects to Exhibit 42 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects that Plaintiffs' characterization misstates and is incomplete as to the actual interrogatory response (FRE 106). Google further objects that Plaintiffs selectively quote the enumerated use cases while omitting the clarifying language limiting how and when decryption occurs.

**Evidence Item 5** (Ex. 41, GOOG-DOEVC-000002859 at -2873, -2880): Google objects on grounds of incomplete/out-of-context (FRE 106) and lack of foundation (FRE 602) – Plaintiffs omit the full context of when and how identifiers are accessed, used, and stored.

**Evidence Item 6** (Shafiq Decl. ¶ 88): Google objects that this paragraph of the Shafiq Declaration is improper expert opinion lacking adequate foundation (FRE 702, 703) to the extent it purports to generalize from discrete testing observations to a conclusion about Google's systems as a whole, and that the underlying testing methodology and dataset have not been disclosed with sufficient specificity in the cited paragraph to permit Google to assess reliability under Daubert/FRE 702. Further, the Shafiq Declaration is a declaration from Plaintiffs' own expert, and is not evidence Google produced in this case. Finally, Plaintiffs did not attach the Shafiq Declaration to their Motion.

**Evidence Item 7** (Ex. 43, GOOG-DOEVC-000032049 at -2056): Google objects to Exhibit 43 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of incomplete/out-of-context (FRE 106) and lack of foundation (FRE 602, 901) – the cited single page is excerpted from a lengthy internal product proposal document without testimony establishing whether, when, or how the described

functionality was implemented in production, or whether it was ever applied to data originating from any healthcare provider website at issue.

**Evidence Item 8** (Ex. 44, GOOG-DOEVC-000128856 at -8864): Google objects to Exhibit 44 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of lack of foundation (FRE 602, 901) and relevance (FRE 402) – Plaintiffs do not establish through witness testimony what this document refers to, whether it is used in connection with any healthcare provider website, or whether it results in identification of any individual.

**Evidence Item 9** (Ex. 45, GOOG-DOEVC-000008067; Ex. 33, GOOG-DOEVC-000180095): Google objects to Exhibit 45 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of lack of foundation (FRE 602, 901) and incomplete/out-of-context (FRE 106) – Plaintiffs have not laid the foundation for GOOG-DOEVC-000008067 through any witness or established what it purports to show, and the spreadsheet (GOOG-DOEVC-000180095) is a generic schema listing possible logged fields, not evidence that any specific Plaintiff's IP address was retained, used, or linked to a Google Account in connection with any healthcare provider website.

**Evidence Item 10** (Shafiq Decl. ¶ 105 summarizing GOOG-DOEVC-000167081-169473): Google objects on grounds of best evidence (FRE 1002) and lack of foundation (FRE 602, 702) – Plaintiffs rely on their own expert's summary of underlying documents that are, by Plaintiffs' own admission, "too large to be attached as exhibits," depriving Google of the ability to test the accuracy of the summary against the source material in this format, and the paragraph does not establish that the existence of identifier fields in a table schema equates to actual linkage of any Plaintiff's identity to Health Information.

**Evidence Item 11** (Ex. 4, GOOG-DOEVC-000004167 at -4177, 4179-4183): Google objects on grounds of incomplete/out-of-context (FRE 106) and lack of foundation (FRE 602, 901) – the cited excerpt describes a named internal dataset without testimony establishing its actual operation, access controls, or application to any healthcare provider website, and Plaintiffs omit

any discussion of the access restrictions and consent-checking limitations that apply to cross-identifier linkage as described in Google's own interrogatory responses.

**ISSUE 2: WHETHER GOOGLE WANTS OR PROHIBITS THIRD PARTIES FROM SENDING IT PII**

**Evidence Item 1** ("It is not possible to use Google Source Code without sending Personally Identifiable Information to Google," citing Ex. 38 and "other exhibits identified above"): Google objects on grounds of vague and ambiguous incorporation by reference, lack of foundation (FRE 602), and that the statement is an unsupported legal and factual conclusion not tied to any specific testimony or document.

**Evidence Item 2** (Shafiq Decl. ¶ 216): Google objects that this is improper expert opinion lacking adequate foundation (FRE 702, 703) as to the complete universe of developer-facing settings and controls, and that it is an incomplete and out-of-context (FRE 106) characterization that does not address all of the relevant settings. Further, the Shafiq Declaration is a declaration from Plaintiffs' own expert, and is not evidence Google produced in this case. Finally, Plaintiffs did not attach the Shafiq Declaration to their Motion.

**ISSUE 3: WHETHER GOOGLE COLLECTS HEALTH INFORMATION**

**Evidence Item 1** (Ex. 19, GOOG-DOEVC-000117186-258 – Google "encourages" site-wide tagging): Google objects on grounds of incomplete/out-of-context (FRE 106) and lack of foundation (FRE 602) – the cited 73-page exhibit is a sales/best-practices presentation describing a measurement configuration option generally available to all website operators across all industries.

**Evidence Item 2** (Exs. 21-30 – volumes of collected URLs by Healthcare Provider): Google objects to Exhibits 27 and 28 on the ground that the exhibits are nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects to Exhibits 21-30 on grounds of lack of foundation (FRE 602, 901) and relevance (FRE 402) – raw URL counts, without more, do not establish that any URL transmitted contained Health Information, and Plaintiffs offer no witness testimony tying the aggregate volumes to the substance of any specific communication.

**Evidence Item 3** (Ex. 46, GOOG-DOEVC-000124872 – "Health Information events" collected through Analytics): Google objects to Exhibit 46 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects that Plaintiffs' characterization of the listed event names (e.g., "page_view," "click," "scroll," "user_engagement") as "Health Information events" is a mischaracterization not supported by the document itself (FRE 403), and lacks foundation (FRE 602) as to what, if any, substantive content each event actually transmitted.

**ISSUE 4: WHETHER GOOGLE CAN AND DOES IDENTIFY HEALTHCARE PROVIDERS**

**Evidence Item** (Ex. 47, GOOG-DOEVC-000005369; Ex. 34, GOOG-DOEVC-000124874 – classification of the six named properties): Google objects to Exhibit 47 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of incomplete/out-of-context (FRE 106) and relevance (FRE 402) – that Google's classification systems labeled the small number of websites specifically placed at issue in this litigation does not establish, and Plaintiffs offer no foundation for the proposition, that Google has any "realistic way of categorically determining" Healthcare Provider status across the millions of properties using Google Analytics.

**ISSUE 5: WHETHER GOOGLE CAN AND DOES IDENTIFY HEALTH INFORMATION**

**Evidence Item 1** (Ex. 47, GOOG-DOEVC-000005369 – internal taxonomies "decipher the meaning of events"): Google objects to Exhibit 47 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of incomplete/out-of-context (FRE 106) – Plaintiffs conflate Google's page- and site-level content classification systems, which categorize URLs and properties, with Google's statement that it does not decipher the meaning of developer-defined custom events, which is a distinct, narrower category of data that by design carries no inherent semantic content Google can interpret.

**Evidence Item 2** (comparison of Ex. 47 to the AdWords Verticals API appendix page): Google objects on grounds of lack of foundation (FRE 602, 901). Google objects to Exhibit 47 on

the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Plaintiffs' assertion that the two taxonomies are "identical" is an unsupported lay comparison (FRE 701) of two documents without any witness testimony establishing the relationship, lineage, or current operational status of either taxonomy, and does not address Google's statement that the cited AdWords API appendix page itself related to a deprecated, separate product.

**Evidence Item 3** (Ex. 35, GOOG-DOEVC-000167080; Ex. 48, GOOG-DOEVC-000181576 – sampled page-level classifications): Google objects to Exhibit 48 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of incomplete/out-of-context (FRE 106) and relevance (FRE 402) – Plaintiffs rely on a small sample of classified pages to draw a sweeping inference about Google's systems generally.

## ISSUE 6: WHETHER GOOGLE ACCURATELY CLASSIFIED HEALTHCARE PROVIDERS TO BLOCK ADVERTISING USE

**Evidence Item** (DOEVC-5367 excerpt; Ex. 40, GOOG-DOEVC-000005363; Ex. 37, Takabvirwa Dep. 169:24-170:2 – classification history): Google objects to Exhibit 40 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of incomplete/out-of-context (FRE 106) – Plaintiffs' description of the chart omits that several domains were never classified as "Mixed Content," but were always classified as "Sensitive" (e.g., gundersenhealth.org, tmh.org, as well as medstarhealth.org, which Plaintiffs entirely omitted from the chart). Finally, the Takabvirwa deposition excerpt is quoted without the surrounding question-and-answer context needed to assess the witness's full testimony about how the classifications operate, including that "there is a separate creative enforcement system that blocks all policy-violating creatives using audience targeting." Takabvirwa Dep. 182:19-184:15.

## ISSUE 7: WHETHER GOOGLE INTENDS TO COLLECT AND/OR USE HEALTH INFORMATION

**Evidence Item 1** (Shafiq Decl. ¶¶ 221-223; Ex. 6, GOOG-DOEVC-000173194; Shafiq Decl. ¶ 189): Google objects to Exhibit 6 on the ground that the exhibit is nowhere cited in

Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects that the Shafiq Declaration paragraphs constitute improper expert opinion lacking adequate foundation (FRE 702, 703) as to causation and characterization of "continued" collection, and that the characterization of Ex. 6 as showing Kaiser "could still be collecting data" is speculative and lacks foundation (FRE 602). Further, the Shafiq Declaration is a declaration from Plaintiffs' own expert, and is not evidence Google produced in this case. Finally, Plaintiffs did not attach the Shafiq Declaration to their Motion.

**Evidence Item 2** (Shafiq Decl. ¶¶ 225-227 – domain counts with Ads/Analytics as of September 2026): Google objects that this is improper expert opinion (FRE 702, 703), without any foundation establishing that those domains are Healthcare Provider properties as defined by Plaintiffs, or that any resulting data transmission involves Health Information, rendering the statistic irrelevant (FRE 402) to the proposition for which it is offered. Further, the Shafiq Declaration is a declaration from Plaintiffs' own expert, and is not evidence Google produced in this case. Finally, Plaintiffs did not attach the Shafiq Declaration to their Motion.

**Evidence Item 3** (Ex. 11, GOOG-DOEVC-000124875 – Property Configurations showing Enhanced Audiences, Data Sharing, Signals, Integrations, Goals/Key Events, and Export Audiences to Ads enabled for the six properties): Google objects on grounds of incomplete/out-of-context (FRE 106) – that a configuration setting is "enabled" establishes only that the Healthcare Provider itself, as the Google Analytics account administrator, affirmatively activated that setting; it does not establish that Google used, or intended to use, any Health Information collected under that configuration to target advertising, and Plaintiffs identify no resulting ad shown to any Plaintiff that was based on Health Information.

**Evidence Item 4** (Shafiq Decl. ¶¶ 109-112, 163-172): Google objects that this is improper expert opinion lacking adequate foundation (FRE 702, 703); Google further objects that Plaintiffs do not identify the specific advertisements, their targeting bases, or any causal link between the alleged Health Information and the specific ad shown to any specific Plaintiff. Further, the Shafiq Declaration is a declaration from Plaintiffs' own expert, and is not evidence Google produced in

this case. Finally, Plaintiffs did not attach the Shafiq Declaration to their Motion.

**Evidence Item 5** (Ex. 1, GOOG-DOEVC-000181579 – May 9, 2022 internal memo): Google objects on grounds of incomplete/out-of-context (FRE 106) – Plaintiffs offer no evidence that the specific "sensitive ad for cancer hospital" example involved any of the Healthcare Provider properties or any Plaintiff at issue in this case.

**Evidence Item 6** (Ex. 8, GOOG-DOEVC-000112527; Ex. 5, GOOG-DOEVC-000112490 (Rows 749, 1559) – remarketing campaign/audience names): Google objects to Exhibit 8 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of lack of foundation (FRE 602, 901) and relevance (FRE 402) – that an audience or campaign is given a descriptive internal name does not establish what underlying criteria were actually used to populate the audience, whether the audience was ever used to serve an ad to any Plaintiff, or that any resulting ad was shown based on Health Information as opposed to other, non-health criteria also captured by a generically descriptive label.

**Evidence Item 7** (Ex. 20, GOOG-DOEVC-000117342 – September 28, 2023 Kaiser presentation): Google objects on grounds of incomplete/out-of-context (FRE 106), lack of foundation (FRE 602, 901), and relevance (FRE 402) – a sales representative's proposed pitch describing a potential future integration is not evidence that Kaiser implemented the described integration or that any Health Information was in fact used to target advertising to any Plaintiff.

**Evidence Item 8** (Ex. 49, GOOG-DOEVC-000050141-154 – October 2019 "Healthcare 2020 Planning" meeting materials): Google objects to Exhibit 49 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of relevance (FRE 402) and lack of foundation (FRE 602) – ordinary sales-planning materials identifying a business vertical and planning categories do not, without more, establish that Google used or intended to use Health Information to target advertising to any Plaintiff, and predate the time period at issue for several of the claims addressed in Exhibit 59.

**Evidence Item 9** (Ex. 31, GOOG-DOEVC-000014197 – January 2021 internal HIPAA-exception discussion): Google objects on grounds of incomplete/out-of-context (FRE 106) – the

full exchange explains that it is the customer's contractual responsibility to assess its own compliance obligations and that Google's sales teams are instructed to explain the product's functionality and controls rather than offer legal interpretations – a contractual-liability-allocation point Plaintiffs omit entirely from their characterization.

**Evidence Item 10** (Ex. 50, GOOG-DOEVC-000009108 at -9110 – December 2022 email): Google objects to Exhibit 50 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of incomplete/out-of-context (FRE 106) and lack of foundation (FRE 602, 901) – an unidentified employee's email observation about HIPAA-covered clients generally is not evidence regarding any of the six Healthcare Providers specifically, and Plaintiffs' assertion that "Google never took such measures" has no record support cited and is an unsupported negative assertion.

**Evidence Item 11** (Ex. 18, GOOG-DOEVC-000026423 – May 2023 internal memo): Google objects on grounds of incomplete/out-of-context (FRE 106) – the memo's discussion of revenue exposure from customers' own compliance decisions does not constitute an admission that Google uses Health Information to target advertising.

**Evidence Item 12** (Ex. 51, GOOG-DOEVC-000124899 at -124909, -124913 – June 2023 "Healthcare Revenue Deep Dive" and "HHS Bulletin Impact Tracker"): Google objects to Exhibit 51 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of relevance (FRE 402) and lack of foundation (FRE 602) – an internal business-risk assessment discussing potential disruption to conversion tracking and measurement products generally does not establish that Google used Health Information to target advertising to any Plaintiff or at any Healthcare Provider property at issue.

**Evidence Item 13** (Ex. 36, GOOG-DOEVC-000124894 – July 2023 revenue-at-risk estimate): Google objects on grounds of relevance (FRE 402) – a revenue-impact estimate tied to measurement and conversion-tracking products broadly, across the entire healthcare vertical nationally, does not establish Google's use of Health Information for advertising targeting as to any specific Plaintiff or property, and Plaintiffs' own concession that they are unaware of evidence

of implementation of the proposed solutions cuts against any inference of continuing non-compliant conduct.

**Evidence Item 14** (Ex. 52, GOOG-DOEVC-000181566 – September 2023 sales talking points re: HIPAA non-compliance): Google objects to Exhibit 52 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of incomplete/out-of-context (FRE 106) – internal guidance instructing sales representatives how to accurately describe the product's compliance posture to customers is not evidence that Google uses Health Information to target advertising, and Plaintiffs' cross-reference to Shafiq Decl. ¶¶ 221-223 does not establish that any collection described there involved use of Health Information for ad targeting.

**Evidence Item 15** (Ex. 53, GOOG-DOEVC-000124896 – October 2023 PowerPoint): Google objects to Exhibit 53 on the ground that the exhibit is nowhere cited in Plaintiffs' Motion. *De La Torre*, 2013 WL 5462294, at *3. Google objects on grounds of relevance (FRE 402) – an internal proposal to explore a contractual alternative to a Business Associate Agreement, by Plaintiffs' own admission never shown to have been implemented, is not evidence of Google's actual use of Health Information for advertising and is not probative of any statement Google made to the Court regarding its advertising practices.

**Evidence Item 16** (Ex. 19, GOOG-DOEVC-000117186 – July 2024 presentation): Google objects on grounds of incomplete/out-of-context (FRE 106) and relevance (FRE 402) – generic descriptions of measurement features available to all Google Ads/Analytics customers across all industries do not establish that any Healthcare Provider implemented these features, that any Health Information was thereby transmitted, or that Google used any such information to target advertising to any Plaintiff.

**Evidence Item 17** (Ex. 32, GOOG-DOEVC-000028632 – May 2025 employee discussion): Google objects on grounds of incomplete/out-of-context (FRE 106) – an employee's internal discussion of potential process improvements to further strengthen existing safeguards is not

evidence of an admission that Google's existing safeguards were inadequate or that Google used Health Information to target advertising.

Dated: November 5, 2026

COOLEY LLP

By: ______________________________
Eduardo E. Santacana

Attorneys for Defendant
GOOGLE LLC