COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
GREGORY J. MERCHANT (341287)
(gmerchant@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
YONGBIN CHANG (347454)
(ychang@cooley.com)
MICHAEL MORIZONO (359395)
(mmorizono@cooley.com)
MIRANDA LI (363417)
(mjli@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE I, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:23-cv-02431-VC-SVK<br>(Consol. w/ 3:23-cv-02343-VC)<br><br>**DEFENDANT GOOGLE LLC'S OBJECTION TO REPLY EVIDENCE**<br><br>Ctrm: 4 – 17th Floor (San Francisco)<br>Before: District Judge Vince Chhabria<br><br>Consol. Complaint Filed: July 13, 2023<br>2nd Am. Complaint Filed: August 12, 2024 |

Pursuant to Northern District of California Local Civil Rule 7-3(d)(1), Defendant Google LLC ("Google") submits this Objection to Reply Evidence. Plaintiffs submitted 14 additional exhibits and a supplemental expert report with their Reply in Support of their Motion for Leave to Amend and Seek Reconsideration. These new materials span 300 pages and include significant substantive material, including a presentation deck that Google produced in discovery, Google's interrogatory responses, deposition testimony from the Named Plaintiffs and from one of Google's Rule 30(b)(6) witnesses, and the parties' meet and confer correspondence. Plaintiffs possessed the vast majority of this material prior to filing their opening brief.

The obvious implication of Plaintiffs filing this voluminous material on reply is that their Motion is deficient and should be denied. Setting that aside, Plaintiffs' submission of this reply evidence violates basic briefing rules, prejudicing Google. The Court should strike these new exhibits or, in the alternative, provide Google an opportunity to respond to the new reply material.

**LEGAL STANDARD**

Local Rule 7-3(d)(1) provides that "the opposing party may file and serve an Objection to Reply Evidence." The Ninth Circuit and courts within this District recognize "that new evidence submitted with a reply should not be considered." *Orshan v. Apple Inc.*, 2023 WL 3568079, at *5 (N.D. Cal. Mar. 31, 2023); *see also Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) ("To the extent that the [reply] brief presents new information, it is improper."). The rule "recognize[s] the potential inequities that might flow from the injection of new matter at the last round of briefing." *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172-73 (9th Cir. 2018). Under Local Rule 7-3(d)(1), the Court may strike the new material. *See id.*; *see also Citcon USA LLC v. RiverPay Inc.*, 2019 WL 2603219, at *3 (N.D. Cal. June 25, 2019) ("[T]he Court cannot consider his declaration because it is impermissible new evidence submitted on a reply brief[.]"); *BoomerangIt, Inc. v. ID Armor, Inc.*, 2012 WL 2368466, at *4 n.1 (N.D. Cal. June 21, 2012). Alternatively, the Court may permit the opposing party an opportunity to respond to the new material. *See Dutta*, 895 F.3d at 1172.

## ARGUMENT

Plaintiffs carry the burden on their Motion for Leave to Amend and Seek Reconsideration. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); L.R. 7-9(b). They therefore cannot withhold evidence from their Motion and wait to reveal it later in their Reply. Yet that is precisely what they have done.

***First***, Plaintiffs improperly included substantive evidence which could have been attached to their Motion. Exhibits 60, 61, and 72 all contain information Plaintiffs argue supports their affirmative arguments in their Motion and are not merely responsive to Google's Opposition. Plaintiffs use Exhibit 60, a 78-page slide deck on Google Analytics audiences produced in April 2026, to attempt to define (inaccurately) an internal Google term—which Plaintiffs could have done in their Motion had they not tried to initially conceal relevant columns in Google spreadsheets. *See* Reply at 5. Plaintiffs seek to use Exhibit 61, an internal guidance document on HIPAA, as another example of Google's instructions on HIPAA, *see* Reply at 6, which was a core part of their opening brief, *see, e.g.,* Mot. at 7. And Exhibit 72 is a 108-page attorney-compiled document excerpting deposition transcripts and written discovery available to Plaintiffs before they filed their Motion, which Plaintiffs seek to use to show that Google is not prejudiced by Plaintiffs' revival of their intent-based claims, *see* Reply at 13, which they could have included in their opening brief, *see* Mot. at 11 (arguing that Google will not suffer prejudice).

In addition to the exhibits, Plaintiffs submitted a Supplemental Expert Report of Dr. Zubair Shafiq, Dkt. 371-1, to bolster their arguments on reply. *See* Reply at 7. The Supplemental Report contains an additional 8 pages of expert opinion analyzing whether Plaintiffs or class members received ads based on their browsing activity. This is an issue at the heart of Plaintiffs' claims (and thus should have been part of Plaintiffs' experts' analysis from the start), and all of the event-level log data on which Dr. Shafiq relies for his Supplemental Report was available to Plaintiffs when they filed their Motion. Plaintiffs tried this same gambit in connection with their motion for a preliminary injunction, and the Court rightfully excluded Plaintiffs' rebuttal expert report filed in connection with their reply. *See* Order on PI, Dkt. 76, at 1-2. As was the case then, "[i]t should

have been obvious to the plaintiffs that this type of evidence would have made for a stronger case" for their opening brief. *See id*. at 2. Further, this Supplemental Report is not only improper under Local Rule 7-3(d)(1), but it is also an untimely expert report submitted after the deadline to disclose expert opinions, and should be excluded on that basis as well. *See* Order on Mot. to Extend Class Cert. Briefing, Dkt. 334.

Plaintiffs failed to attach any of these materials to their opening brief, despite being able to do so. Google is therefore deprived of an opportunity to respond to Plaintiffs' additional arguments and contextualize this additional evidence.

***Second***, Plaintiffs improperly included correspondence with Google that pre-dated the filing of their Motion. Exhibits 63 and 66-70 are all used by Plaintiffs to either: (1) attempt to show that Google is not prejudiced by amendment and reconsideration, or (2) attempt to contextualize Plaintiffs' delay in seeking amendment and reconsideration. *See* Reply at 8-10, 13. Again, Plaintiffs should have—or could have—made these showings at the outset. *See, e.g., Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1278 (9th Cir. 2023); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); Mot. at 11. Thus, Plaintiffs should have attached these additional documents to their Motion. They chose not to. They cannot now add this additional evidence to preclude Google from having a chance to respond.

## CONCLUSION

Google respectfully requests that the Court strike Exhibits 60, 61, 63, 66-70, 72, and the Supplemental Report, or permit Google to file a sur-reply.

Dated: November 20, 2026

COOLEY LLP

By: */s/ Eduardo Santacana*
Eduardo Santacana

Attorneys for Defendant
GOOGLE LLP